# 13-4711-cv

## United States Court of Appeals

*for the*

## Second Circuit

JEREMY LEVIN and DR. LUCILLE LEVIN,

*Plaintiffs-Appellees,*

— v. —

BANK OF NEW YORK, *et al.*,

*Defendants.*

———————————————

JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,

*Third-Party Plaintiffs,*

*(For Continuation of Caption See Inside Cover)*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOINT APPENDIX**
**Volume 1 of 2 (Pages A-1 to A-278)**
**(Public Version)**

BROWN GAVALAS & FROMM LLP
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

*Attorneys for Appellant*

*(For Continuation of Appearances See Inside Cover)*

— v. —

CENTRAL BANK OF NIGERIA,

*Third-Party Defendant-Appellant.*

JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,

*Third-Party Plaintiffs,*

— v. —

STEVEN M. GREENBAUM, *et al.*,

*Third-Party Defendants-Appellees.*

| | |
|---|---|
| DLA PIPER LLP (US) | HOWARTH & SMITH |
| 6225 Smith Avenue | 523 West Sixth Street, Suite 728 |
| Baltimore, Maryland 21209 | Los Angeles, California 90014 |
| (410) 580-3000 | (213) 955-9400 |
| | |
| DLA PIPER LLP (US) | STROOCK & STROOCK & LAVAN LLP |
| 1251 Avenue of the Americas | 180 Maiden Lane |
| New York, New York 10020 | New York, New York 10038 |
| (212) 335-4500 | (212) 806-5400 |

*Attorneys for Appellees*

i

# TABLE OF CONTENTS
## (Public Version)

Page

District Court Docket Entries ................................... A-1

Additional Amended and Supplemental Third-Party
    Complaint of JPMorgan Chase Parties against
    Wire Transfer and Account Parties, filed October
    6, 2011 (Redacted) .................................................. A-39

Exhibit A to Third-Party Complaint -
List of Creditors in *Peterson et al. v. Islamic
Republic of Iran, et al.*, District of Columbia
Case Nos. 01-2094 and 01-2684 ........................... A-88

Exhibit B to Third-Party Complaint -
List of Creditors in *Valore, et al. v. Islamic
Republic of Iran, et al.,* District of Columbia
Case Nos. 03-cv-1959, 06-cv-516, 06-cv-750
and 08-cv-1273 ....................................................... A-113

Exhibit C to Third-Party Complaint -
List of Third-Party Defendants in *Brown, et al. v.
Islamic Republic of Iran, et al.,* District of
Columbia Case No. 08-cv-00531 .......................... A-120

Exhibit D to Third-Party Complaint -
List of the Blocked Assets the Levins Initially
Sought to Seize in Satisfaction of the Levin
Judgment in *Bland, et al. v. Islamic Republic of
Iran, et al.,* District of Columbia Case No.
05-cv-2124 .............................................................. A-146

Exhibit E to Third-Party Complaint -
List of Third-Party Defendants in *Owens, et al. v.
Republic of Sudan, et al.*, District of Columbia
Case No. 01-cv-2244 ............................................. A-157

ii

**Page**

Exhibit F to Third-Party Complaint -
List of Third-Party Defendants in *Mwila et al. v.
The Islamic Republic of Iran, et al.*, District of
Columbia Case No 08-cv-1377 ............................ A-161

Exhibit G to Third-Party Complaint -
List of Blocked Assets (Redacted)........................ A-166

Attached to Third-Party Complaint -
Sealing Order, filed December 30, 2011................ A-168

Answer to Additional Amended and Supplemental
Third-Party Complaint of JPMorgan Chase
Parties against Wire Transfer and Account
Parties, with Counterclaims and Cross-Claims,
filed
February 16, 2012 (Redacted) .............................. A-170

Answer, by Plaintiffs and Crossclaim-Defendants
Jeremy Levin and Dr. Lucille Levin to
Third-Party Defendant's Crossclaim and
Counterclaim, filed
March 8, 2012 (Redacted) .................................... A-184

Greenbaum and Acosta Judgment Creditors' Joint
Answer to Third-Party Defendant and
Crossclaims, filed March 12, 2012 (Redacted) ..... A-200

Answer of the Estates of Michael Heiser, *et al.* to
Counterclaims and Crossclaims, filed
March 12, 2012 (Redacted) .................................. A-207

Answer of JPMorgan Chase & Co. and JPMorgan
Chase Bank, N.A. to Counterclaims of Third-
Party Defendant, filed March 19, 2012
(Redacted)............................................................. A-215

Answer, by Third-Party Defendants Valore, *et al.* to
Crossclaims of Third-Party Defendant, filed
March 23, 2012 (Redacted) .................................. A-223

iii

**Page**

Joint Notice of Motion, by Creditors, for an Order
    Granting Partial Summary Judgment on Claims
    for Turnover of Phase Two Blocked Assets, filed
    August 29, 2012 (Redacted) ..................................   A-232

Declaration of Curtis C. Mechling, for Creditors, in
    Support of Joint Motion, filed August 29, 2012
    (Redacted)................................................................   A-236

Exhibit 1 to Mechling Declaration -
    Amended Scheduling Order: (I) Authorizing
    Additional Pleadings and (II) Governing and
    Scheduling Further Proceedings in Connection
    with Phase Two, dated September 16, 2011
    (Redacted)................................................................   A-246

Exhibit 2 to Mechling Declaration -
    Order Directing the Clerk to Issue Writs of
    Execution in Satisfaction of 28 U.S.C. § 161(c),
    dated August 16, 2011, in *Levin, et al. v. Islamic
    Republic of Iran, et al.,* Southern District Case
    No. 11-mc-283 (Redacted) ....................................   A-260

Exhibit 3 to Mechling Declaration -
    Writ of Execution delivered by the Levins to the
    United States Marshals Service for the Southern
    District of New York (Redacted) ...........................   A-265

Exhibit 4 to Mechling Declaration -
    U.S. Marshals Returns Evidencing Levy of the
    Levins' Writ of Execution (Redacted) ...................   A-268

Exhibit 5 to Mechling Declaration -
    Order of the Honorable Barbara Jones, dated
    December 14, 2009 (Redacted) .............................   A-273

iv

**Page**

Exhibit 6 to Mechling Declaration -
Writ of Execution obtained by the Greenbaum
Judgment Creditors from the Clerk of the Court
on December 21, 2009 (Redacted) ........................ A-276

Exhibit 7 to Mechling Declaration -
Amended Writ of Execution obtained by the
Greenbaum Judgment Creditors from the Clerk
of the Court on April 5, 2010 (Redacted) .............. A-279

Exhibit 8 to Mechling Declaration -
Order of the Honorable Barbara Jones, dated
February 8, 2011 (Redacted).................................. A-284

Exhibit 9 to Mechling Declaration -
Writ of Execution obtained by the Greenbaum
Judgment Creditors from the Clerk of the Court
on February 9, 2011 (Redacted)............................. A-286

Exhibit 10 to Mechling Declaration -
U.S. Marshals Returns Evidencing Levies of the
Greenbaum Judgment Creditors' Writ of
Execution (Redacted)............................................. A-289

Exhibit 11 to Mechling Declaration -
Order of the Honorable Barbara Jones, dated
December 14, 2009 (Redacted) ............................. A-293

Exhibit 12 to Mechling Declaration -
Writs of Execution obtained by the Acosta
Judgment Creditors from the Clerk of the Court
on December 21, 2009 (Redacted) ........................ A-295

Exhibit 13 to Mechling Declaration -
Amended Writs of Execution obtained by the
Acosta Judgment Creditors from the Clerk of the
Court on April 5, 2010 (Redacted) ........................ A-298

v

**Page**

Exhibit 14 to Mechling Declaration -
Order of the Honorable Barbara Jones, dated
January 3, 2011 (Redacted)...................................  A-303

Exhibit 15 to Mechling Declaration -
Writs of Execution obtained by the Acosta
Judgment Creditors from the Clerk of the Court
on January 4, 2011 (Redacted)..............................  A-305

Exhibit 16 to Mechling Declaration -
U.S. Marshals Returns Evidencing Levies of the
Acosta Judgment Creditors' Writs of Execution
(Redacted).............................................................  A-308

Exhibit 17 to Mechling Declaration -
Order of the Honorable Royce C. Lamberth,
dated February 7, 2008, in *Heiser v. Islamic
Republic of Iran,* District of Columbia Case Nos.
00-2329 and 01-2104 (Redacted) .........................  A-311

Exhibit 18 to Mechling Declaration -
Order of the Honorable Royce C. Lamberth,
dated May 10, 2010, in *Heiser v. Islamic
Republic of Iran,* District of Columbia Case Nos.
00-2329 and 01-2104 (Redacted) .........................  A-313

Exhibit 19 to Mechling Declaration -
Order Granting *Ex Parte* Application Pursuant to
28 U.S.C. § 1610(c) for Issuance of Writs of
Execution, dated August 25, 2011, in *Estate of
Michael Heiser, et al. v. Islamic Republic of Iran,
et al.,* Southern District Case Nos. 18-misc-302
and 10-misc-5 (Redacted)......................................  A-315

Exhibit 20 to Mechling Declaration -
Writs of Execution, without Exhibits, that the
Heiser Judgment Creditors delivered to the U.S.
Marshals on December 10, 2010 (Redacted).........  A-319

vi

**Page**

Exhibit 21 to Mechling Declaration -
U.S. Marshals Returns Evidencing Levies of the
Heiser Judgment Creditors' Writs of Execution
(Redacted)................................................................ A-322

Exhibit 22 to Mechling Declaration -
Writ of Execution, without Exhibits, that the
Heiser Judgment Creditors delivered to the U.S.
Marshal on September 6, 2011 (Redacted)............ A-327

Exhibit 23 to Mechling Declaration -
U.S. Marshals Returns Evidencing Levies of the
Heiser Judgment Creditors' Writ of Execution
(Redacted)................................................................ A-332

Exhibit 24 to Mechling Declaration -
Summary Chart, prepared by Movants
(Redacted)................................................................ A-337

Exhibit 25 to Mechling Declaration -
Summary Chart, prepared by Movants
(Redacted)................................................................ A-339

Exhibit 26 to Mechling Declaration -
Summary Chart (Redacted) .................................... A-341

Exhibit 27 to Mechling Declaration -
Summary Chart, prepared by Movant (Redacted). A-343

Exhibit 28 to Mechling Declaration -
Letter from William P. Fritzlen to the Clerk of the
Court of the United States District Court for the
Southern District of New York, dated
July 6, 2012 (Redacted) ......................................... A-345

Exhibit 29 to Mechling Declaration -
Second Amended Interpleader Complaint, by
SoGen, dated March 28, 2012 (Redacted)............. A-365

vii

**Page**

Exhibit 30 to Mechling Declaration -
Supplemental Phase Two Scheduling Order
entered by the Court on October 5, 2011
(Redacted).............................................................. A-367

Affidavit of Dr. Patrick Clawson, for Creditors, in
Support of Joint Motion, filed August 29, 2012
((Redacted) ............................................................ A-373

Local Rule 56.1 Separate Statement of Undisputed
Facts, in Support of Joint Motion for Partial
Summary Judgment on Claims for Turnover of
Phase Two Blocked Assets, filed August 29, 2012
(Redacted).............................................................. A-394

Response and Counter-Statement Pursuant to Local
Civil Rule 56.1, filed October 15, 2012
(Redacted).............................................................. A-414

Declaration for Third-Party Defendants, in
Opposition to Joint Motion, filed
October 15, 2012 (Redacted)................................. A-425

Exhibit A to Declaration -
CBN Act (Redacted) ............................................. A-429

Declaration for Third-Party Defendants, in
Opposition to Joint Motion, filed
October 15, 2012 (Redacted)................................. A-430

Declaration of Richard L. Pollock, for Third-Party
Defendants, in Opposition to Joint Motion, filed
October 15, 2012 (Redacted)................................. A-433

Exhibit A to Pollock Declaration -
Various Documents maintained by JPMorgan
Chase Bank, N.A. (Redacted)................................ A-438

viii

**Page**

Declaration of J. Kelley Nevling, Jr., for
Defendants/Third-Party Plaintiffs/Counterclaim
Defendants JPMorgan Chase & Co. and
JPMorgan Chase Bank, N.A., in Support of
JPMorgan Chase Parties' Response to Phase 2
Turnover Motion, filed October 15, 2012.............. A-439

Response of Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A. to the Levins'
and the Greenbaum, Acosta and Heiser Third-
Party Defendants' Rule 56.1 Statement, filed
October 15, 2012 .................................................. A-446

Declaration of Professor Jimmy Gurule, for the
Greenbaum, Acosta, Heiser and Levin Judgment
Creditors, in Further Support of Joint Motion,
dated November 1, 2012........................................ A-465

Transcript of Proceedings held before the
Honorable Robert P. Patterson, filed
November 13, 2012 ............................................... A-489

Notice of Appeal, filed October 23, 2013 .................. A-560

A-1

APPEAL, CASREF, ECF

**U.S. District Court**
**Southern District of New York (Foley Square)**
**CIVIL DOCKET FOR CASE #: 1:09−cv−05900−RPP−MHD**

Levin et al v. Bank of New York et al
Assigned to: Judge Robert P. Patterson
Referred to: Magistrate Judge Michael H. Dolinger
Related Cases: 1:11−cv−00998−RPP −MHD
         1:12−cv−06479−RPP
Cause: 28:1602 Foreign Sovereign Immunities Act

Date Filed: 06/26/2009
Jury Demand: Defendant
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 12/30/2011 | 597 | (REDACTED) ADDITIONAL AMENDED AND SUPPLEMENTAL THIRD−PARTY COMPLAINT OF JP MORGAN CHASE PARTIES AGAINST THE WIRE TRANSFER AND ACCOUNT PARTIES amending 433 Amended Third Party Complaint, against Islamic Republic of Iran, Iranian Ministry of Information and Security, Iranian Islamic Revolutionary Guard Corps.Document filed by The Bank of New York Mellon. Related document: 433 Amended Third Party Complaint, filed by The Bank of New York Mellon, Bank of New York. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Unsealing Order)(tro) Modified on 1/18/2012 (ama). (Entered: 01/03/2012) |
| 01/03/2012 | 599 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/03/2012) |
| 01/03/2012 | 600 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/03/2012) |
| 01/04/2012 | 601 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/04/2012) |
| 01/04/2012 | 602 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/05/2012) |
| 01/05/2012 | 603 | ENDORSED LETTER: addressed to Judge Robert P. Patterson from Eric J. Snyder dated 12/19/2011 re: The AFC requests an extension of time to respond to the third party complaint until February 17, 2012. ENDORSEMENT: Application Granted. So Ordered (Signed by Judge Robert P. Patterson on 1/5/2012) (js) (Entered: 01/05/2012) |
| 01/05/2012 | 604 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/05/2012) |
| 01/05/2012 | 605 | RESPONSE re: 552 Response. Document filed by The Bank of New York Mellon. (Nevling, J.) (Entered: 01/05/2012) |
| 01/06/2012 | 606 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Redacted Third Party Defendant.(Snyder, Eric) (Entered: 01/06/2012) |
| 01/06/2012 | 607 | ENDORSED LETTER addressed to Judge Robert P. Patterson, Jr. from David H. Fromm dated 1/6/2012 re: CBN respectfully requests an extension of time to February 16, 2012 to respond to the third−party complaint. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 1/6/2012) (rjm) (Entered: 01/06/2012) |
| 01/09/2012 | 608 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/09/2012) |
| 01/09/2012 | 609 | SEALED DOCUMENT placed in vault.(jri) (Entered: 01/09/2012) |
| 01/09/2012 | 610 | RESPONSE re: 552 Response *Answer By Plaintiffs and Crossclaim Defendants Jeremy Levin and Dr. Lucille Levin To Third−Party Respondent's Crossclaim.* Document filed by Jeremy Levin, Lucille Levin. (Smith, Suzelle) (Entered: 01/09/2012) |
| 01/10/2012 | 611 | NOTICE OF APPEARANCE by Carolyn B. Lamm on behalf of Vestel Elektronik Sanayi Ve Ticaret A.S. (Lamm, Carolyn) (Entered: 01/10/2012) |

A-2

| 01/10/2012 | 612 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Vestel Elektronik Sanayi Ve Ticaret A.S..(Lamm, Carolyn) (Entered: 01/10/2012) |
|---|---|---|
| 01/10/2012 | 613 | RESPONSE / *Answer to the Interpleader Complaint of Societe Generale against Account Parties*. Document filed by Vestel Elektronik Sanayi Ve Ticaret A.S.. (Lamm, Carolyn) (Entered: 01/10/2012) |
| 01/10/2012 | 614 | NOTICE OF APPEARANCE by Kathy Dianne Bailey on behalf of Kathy Dianne Bailey (Bailey, Kathy) (Entered: 01/10/2012) |
| 01/10/2012 | 615 | NOTICE OF APPEARANCE by Kathy Dianne Bailey on behalf of Turkiye Is Bankasi A.S. (Bailey, Kathy) (Entered: 01/10/2012) |
| 01/11/2012 | 616 | ENDORSED LETTER addressed to Judge Robert P. Patterson, Jr. from Kathy Bailey dated 1/10/2012 re: We write to request additional time to answer or otherwise respond to the third−party complaint recently filed by J.P. Morgan Chase Bank N.A. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 1/10/2012) (rjm) (Entered: 01/11/2012) |
| 01/11/2012 | 617 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/11/2012) |
| 01/13/2012 | 618 | **DOCUMENT REFERRED TO JUDGE FOR APPROVAL** − NOTICE OF VOLUNTARY DISMISSAL Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above−captioned action is voluntarily dismissed, with prejudice against the defendant(s) Redacted Third Party Defendant. Document filed by JP Morgan Chase, JPMorgan Chase Bank, N.A.. (Nevling, J.) Modified on 1/17/2012 (dt). (Entered: 01/13/2012) |
| 01/13/2012 | 621 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/17/2012) |
| 01/16/2012 | 619 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by redacted third−party(Redacted Third−Party Defendant).(Metu, Chijioke) (Entered: 01/16/2012) |
| 01/16/2012 | 620 | ANSWER to 438 Third Party Complaint,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, ,,,,,,,,,,,,,,,,,,,,,,. Document filed by redacted third−party(Redacted Third−Party Defendant).(Metu, Chijioke) (Entered: 01/16/2012) |
| 01/17/2012 | 622 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Scott Herchman dated 1/13/2012 re: HSH Singapose respectfully request an extension of its time to move, answer or otherwise respond to the complaint until 1/27/12. ENDORSEMENT: Application granted. (Signed by Judge Robert P. Patterson on 1/13/2012) (jfe) (Entered: 01/17/2012) |
| 01/18/2012 | 623 | NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE: JPMorgan hereby provides notice of dismissal, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, of the third−party claims asserted against [redacted] in the Third−Party Complaint. Document filed by JP Morgan Chase, JPMorgan Chase Bank, N.A. (lmb) (Entered: 01/18/2012) |
| 01/18/2012 | 624 | STIPULATION ORDER AND JUDGMENT OF DISMISSAL With Respect to the Relevant Blocked Asset. (Signed by Judge Robert P. Patterson on 1/18/2012) (jnm) (Entered: 01/18/2012) |
| 01/18/2012 | 625 | Letter addressed to Judge Robert P. Patterson from J. Kelley Nevling, Jr. dated 1/12/2012 re: Counsel respectfully request that if these letters relate to third−party complaints served by JPMorgan or BNY Mellon (item 577 evidently does, judging from the portion of the letter that is reprinted in the docket sheet, and item 576 may as well), we be furnished with copies of these letters in whatever way is most convenient for the Court. Our fax number is (212) 308−8830 and my e−mail address is knevling@llf−law.com. (jfe) (Entered: 01/18/2012) |
| 01/20/2012 | 626 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/20/2012) |
| 01/20/2012 | 627 | ANSWER BY THIRD−PARTY DEFENDANT...To CITIBANK N.A.'S THIRD−PARTY COMPLAINT WITH RESPECT TO PHASE TWO ASSETS |

A-3

| | | AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S SEPTEMBER 16, 2011 ORDER AND COUNTERCLAIMS filed. (cd) (Entered: 01/20/2012) |
|---|---|---|
| 01/20/2012 | 630 | (REDACTED) ADDITIONAL AMENDED AND SUPPLEMENTAL THIRD−PARTY COMPLAINT OF THE BANK OF NEW YORK MELLON AGAINST WIRE TRANSFER PARTIES against Iranian Islamic Revolutionary Guard Corps., Iranian Ministry of Information and Security, Islamic Republic of Iran. Document filed by The Bank of New York Mellon. (pl) (Additional attachment(s) added on 1/26/2012: #1 Ex. A, #2 Ex. B, #3 Ex. C, #4 Ex. D, #5 Ex. E, #6 Ex. F, #7 Ex. G) (ama). (Entered: 01/25/2012) |
| 01/23/2012 | 628 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/23/2012) |
| 01/24/2012 | 629 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/24/2012) |
| 01/25/2012 | 631 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/25/2012) |
| 01/25/2012 | 632 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/25/2012) |
| 01/27/2012 | 634 | REDACTION *THIRD−PARTY DEFENDANT (REDACTED) ANSWER TO JEREMY LEVIN AND DR. LUCILLE LEVIN'S COUNTERCLAIM* by redacted third−party(Redacted Third−Party Defendant)(Venezia, Gina) (Entered: 01/27/2012) |
| 01/27/2012 | 635 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/27/2012) |
| 01/27/2012 | 636 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/27/2012) |
| 01/30/2012 | 637 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/30/2012) |
| 01/30/2012 | 638 | REDACTED STIPULATION, ORDER AND JUDGMENT OF DISMISSAL in favor of JPMorgan as to the Relevant Blocked Asset. (Signed by Judge Robert P. Patterson on 1/30/12) (Attachments: #1 NOTICE OF RIGHT TO APPEAL)(ml) (Entered: 01/30/2012) |
| 01/31/2012 | 639 | ENDORSED LETTER addressed to Judge Robert P. Patterson, Jr. from Eric J. Snyder dated 1/30/2012 re: The AFC respectfully requests a brief additional extension of time to respond to the third−party complaint through February 16, 2012. ENDORSEMENT: Application granted. This is a final extension. So ordered. (Signed by Judge Robert P. Patterson on 1/30/2012) (rjm) (Entered: 01/31/2012) |
| 01/31/2012 | 641 | SEALED DOCUMENT placed in vault.(nm) (Entered: 01/31/2012) |
| 02/02/2012 | 642 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Eric J. Snyder dated 1/31/2012 re: Please find enclosed redacted copies of the Asian Football Confederation's letters submitted to the Court requesting additional time to file a response to a third−party complaint. We respectfully request that a redacted version of these documents be electronically filed and replace the current versions on the Docket. ENDORSEMENT: APPLICATION GRANTED. So Ordered.. (Signed by Judge Robert P. Patterson on 2/1/2012) (rdz) Modified on 2/2/2012 (rdz). (Entered: 02/02/2012) |
| 02/02/2012 | 643 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Engareh (M) SDN. BDH..(Luz, Thomas) (Entered: 02/02/2012) |
| 02/02/2012 | 644 | NOTICE OF APPEARANCE by Thomas John Luz on behalf of redacted third−party(Redacted Third−Party Defendant) (Luz, Thomas) (Entered: 02/02/2012) |
| 02/02/2012 | 645 | ANSWER to 597 Amended Third Party Complaint,,. Document filed by Engareh (M) SDN. BDH..(Luz, Thomas) (Entered: 02/02/2012) |
| 02/03/2012 | 646 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/03/2012) |
| 02/06/2012 | 647 | STIPULATION, ORDER AND JUDGMENT OF DISMISSAL: Any and all claims, rights and/or interests that this party ever had, now has or may hereafter have in, to or with respect to the JPMorgan Phase 2 Assets arc hereby relinquished, |

A-4

| | | |
|---|---|---|
| | | surrendered, terminated and extinguished with prejudice. This Stipulation, Order and Judgment constitutes a final judgment, within the meaning of Rule 54(b) or the Federal Rules of Civil Procedure, with respect to the parties claims to and rights, if any, in the JPMorgan Phase 2 Assets, which are discrete and separate claims, and there is no just reason for delay in the entry of judgment with respect thereto. (Signed by Judge Robert P. Patterson on 2/5/2012) (ft) (Entered: 02/06/2012) |
| 02/06/2012 | 648 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/06/2012) |
| 02/09/2012 | 649 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/09/2012) |
| 02/14/2012 | 651 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/14/2012) |
| 02/16/2012 | 652 | TRANSCRIPT of Proceedings re: Conference held on 12/7/2011 before Judge Robert P. Patterson. Court Reporter/Transcriber: Pamela Utter, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/12/2012. Redacted Transcript Deadline set for 3/22/2012. Release of Transcript Restriction set for 5/21/2012.(McGuirk, Kelly) (Entered: 02/16/2012) |
| 02/16/2012 | 653 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 12/7/2011 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 02/16/2012) |
| 02/16/2012 | 654 | ANSWER to 438 Third Party Complaint,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Document filed by Redacted Third Party Defendant.(Snyder, Eric) (Entered: 02/16/2012) |
| 02/16/2012 | 655 | ANSWER to 597 Amended Third Party Complaint,,,., CROSSCLAIM against All Parties., COUNTERCLAIM against JP Morgan Chase, JPMorgan Chase Bank, N.A.. Document filed by Redacted Third−Party Defendant.(Fromm, David) (Entered: 02/16/2012) |
| 02/16/2012 | 656 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/17/2012) |
| 02/24/2012 | 657 | REDACTION *Stipulation, order and Judgment of Dismissal* by redacted third−party(Redacted Third−Party Defendant)(Metu, Chijioke) (Entered: 02/24/2012) |
| 02/24/2012 | 658 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/24/2012) |
| 02/29/2012 | 659 | ANSWER BY THIRD−PARTY DEFENDANT TO JP MORGAN CHASE PARTIES THIRD−PARTY COMPLAINT. Document filed by Redacted Third Party Defendant. (ama) (Entered: 02/29/2012) |
| 03/01/2012 | 660 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/01/2012) |
| 03/01/2012 | 661 | (REDACTED) STIPULATION AND ORDER OF DISMISSAL: Any and all claims, rights and/or interests that Bank ever had, now has or may hereafter have in, to or with respect to the Relevant Blocked Asset are hereby relinquished, surrendered, terminated and extinguished with prejudice, and as further set forth in this document re third party claims. (Signed by Judge Robert P. Patterson on 3/1/2012) (cd) (Main Document 661 replaced on 3/2/2012) (cd). (Main Document 661 replaced on 3/2/2012) (cd). (Entered: 03/01/2012) |
| 03/02/2012 | 662 | SEALED DOCUMENT placed in vault.(nm) (Entered: 03/02/2012) |
| 03/02/2012 | 663 | SEALED DOCUMENT placed in vault.(nm) (Entered: 03/02/2012) |
| 03/06/2012 | 664 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/06/2012) |
| 03/06/2012 | 665 | ENDORSED LETTER addressed to Judge Robert P. Patterson, Jr. from Curtis C. Mechling dated 3/5/2012 re: The Judgment Creditors respectfully propose that they provide another status update to the Court in 45 days (on April 19, 2012) or upon |

| | | receipt of confirmations regarding all outstanding Phase Two Process in these proceedings, whichever occurs sooner. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 3/6/2012) (rjm) (Entered: 03/06/2012) |
|---|---|---|
| 03/08/2012 | 666 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/08/2012) |
| 03/08/2012 | 667 | RESPONSE re: 655 Answer to Amended Third Party Complaint, Crossclaim, Counterclaim . *Answer By Plaintiffs and Crossclaim Defendants Jeremy Levin and Dr. Lucille Levin To Third−Party Defendant [Redacted] Crossclaim and Counterclaim.* Document filed by Jeremy Levin, Lucille Levin. (Smith, Suzelle) (Entered: 03/08/2012) |
| 03/12/2012 | 668 | ANSWER to 655 Crossclaim. Document filed by Maria Acosta, Estate of Binyamin Kahane, Estate of Irma Franklin, Estate of Meir Kahane, Tova Ettinger, Irving Franklin, Steven M. Greenbaum, Ethel J. Griffin, Alan D. Hayman, Alan Hayman, Shirlee Hayman, Baruch Kahane, Norman Kahane, Sonia Kahane, Ciporah Kaplan.(Mechling, Curtis) (Entered: 03/12/2012) |
| 03/12/2012 | 669 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/12/2012) |
| 03/12/2012 | 670 | ANSWER to 655 Crossclaim. Document filed by Catherine Adams(individually and as personal representative the Estate of Christopher Adams), Daniel Adams, William Adams, George M. Beekman, Bridget Brooks, Marie R. Campbell, Anthony W. Cartrette, Lewis W. Cartrette, Che G. Colson, Denise M. Eichstaedt, Estate of Brent E. Marthaler, Estate of Brian McVeigh, Estate of Christopher Adams, Estate of Christopher Lester, Estate of Earl F. Cartrette, Jr., Estate of Jeremy Taylor, Estate of Joseph E. Rimkus, Estate of Joshua E. Woody, Estate of Justin R. Wood, Estate of Kendall Kitson, Jr., Estate of Kevin J. Johnson, Estate of Leland Timothy Haun, Estate of Michael Heiser, Estate of Millard D. Campbell, Estate of Patrick Fennig, Estate of Peter J. Morgera, Estate of Thanh Van Nguyen, Thaddeus C. Fennig(individually and as personal representative of the Estate of Patrick Fennig), Ibis S. Haun, Senator Haun, Gary Heiser(individually and as personal representative of the Estate of Michael Heiser), Bruce Johnson, Shyrl L. Johnson, Steve K. Kitson, Cecil Lester, Jr, Judy Lester(individually and as personal representative of the Estate of Christopher Lester), Sharon Marthaler, Michael Morgera(individually and as personal representative of the Estate of Peter Morgera), Thomas Morgera, Christopher R. Nguyen, Milagritos Perez−Dalis, Anne M. Rimkus, James R. Rimkus, Tracey M. Smith, Vicki L Taylor, Sandra M. Wetmore, Elizabeth Wolf, Kathleen M. Wood, Shawn M. Wood, Dawn Woody(individually and as personal representative of the Estate of Joshua Woody), Timothy Woody.(Seniawski, Barbara) (Entered: 03/12/2012) |
| 03/13/2012 | 671 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/13/2012) |
| 03/14/2012 | 672 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/14/2012) |
| 03/16/2012 | 673 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/19/2012) |
| 03/19/2012 | 674 | ANSWER to 655 Crossclaim., ANSWER to 655 Counterclaim. Document filed by JPMorgan Chase Bank, N.A., JP Morgan Chase.(Nevling, J.) (Entered: 03/19/2012) |
| 03/19/2012 | 675 | DECLARATION of J. Kelley Nevling, Jr. re: 597 Amended Third Party Complaint,,. Document filed by JPMorgan Chase Bank, N.A., JP Morgan Chase. (Attachments: # 1 Exhibit 1)(Nevling, J.) (Entered: 03/19/2012) |
| 03/22/2012 | 676 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/22/2012) |
| 03/23/2012 | 677 | ANSWER to 655 Crossclaim. Document filed by Angel Alvarado, Minerva Alvarado, Pedro Alvarado, Jr, Yolanda Alvarado, Zoraida Alvarado, Dennis Jack Anderson, Estate of Moses Arnold, Jr, Lolita M. Arnold, Cheryl Bass, Estate of David L. Battle, Lisa Ann Beck, Betty J. Bolen, Keith Edwin Bolen, Neale Scott Bolen, Sheldon H. Bolen, Catherine Bonk, John Bonk, Sr, John Bonk, Kevin Bonk, Thomas Bonk, Catherine Bonk Hunt, Edward J. Brooks, Patricia A. Brooks, Timothy Brooks, Marion DiGiovanni, Sherry Lynn Fiedler, Marilou Fluegel, Robert Fluegel, Thomas A. Fluegel, Thomas A Fluegel, Wanda Ford, Evans Hairston, Felicia Hairston, Julia Bell Hairston, Bennie Harris, Michael Harris, |

A-6

| | | Michael Harris, Rose Harris, Estate of Matilde Hernandez, Jr, Henry Hukill, Henry Durban Hukill, Mark Andrew Hukill, Matthew Scott Hukill, Maurice Edward Hukill, Melissa Hukill, Meredith Ann Hukill, Mitchell Charles Hukill, Monte Hukill, Virginia Ellen Hukill, Cathrine Bonk Hunt, Storm Jones, Penni Joyce, Carl Kirkwood, Sr, Carl A. Kirkwood, Carl Kirkwood, Jeff Kirkwood, Shirley Kirkwood, Sharla M. Korz, Patricia Kronenbitter, Betty Laise, Bill Laise, Kris Laise, Bill Macgroglou, James Macgroglou, Lorraine Macgroglou, Kathy McDonald, Edward J McDonald, Edward W. McDonough, Sean McDonough, Estate of John Muffler, Marcy Lynn Parson, Donald R. Pontillo, Donald P. Pontillo, Douglas Pontillo, Deborah Rhosto, Estate of Rose Rotondo, Luis Rotondo, Phyllis Santoserra, Don Selbe, Eloise F. Selbe, James Selbe, John E. Selbe, Anna Marie Simpson, Larry Simpson, Larry Simpson, Sr, Larry H. Simpson, Jr, Renee Eileen Simpson, Robert Simpson, Belinda Skarka, Lynne Michol Spencer, The Estate of James Silvia, Allison Thompson, Ifaline Thompson, Johnny Thompson, Willy G. Thompson, Estate of John Jay Tishmack, Deborah True, Andres Alvarado Tull, Janice Valore, Orlando M. Valore, Jr, Orlando Michael Valore, Sr, Terance J. Valore, Estate of Leonard Warren Walker, Estate of Walter Emerson Wint, Jr, Sally Jo Wirick, Estate of James Yarber.(Fleischman, Keith) (Entered: 03/23/2012) |
|---|---|---|
| 03/26/2012 | 678 | ANSWER to a third−party complaint against "Account Holders and Wire Transfers Parties with respect to phase two assets in accordance with the Court's September 16, 2011 Order". Filed by Citibank, N.A. (ft) ***Modified on 3/28/2012, adding Citibank, N.A. as the filer pursuant to instructions from Chambers on 3/28/2012. (tro). (Entered: 03/26/2012) |
| 03/27/2012 | 679 | SEALED DOCUMENT placed in vault.(nm) (Entered: 03/27/2012) |
| 03/27/2012 | 680 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Christopher J. Houpt dated 3/26/2012 re: counsel for Defendant Societe Generale ("SG") writes to seek leave to file the attached amended interpleader complaint. ENDORSEMENT: So Ordered. (Signed by Judge Robert P. Patterson on 3/26/2012) (pl) (Entered: 03/27/2012) |
| 03/27/2012 | 681 | STIPULATION, ORDER, AND JUDGMENT in favor of SG with regard to the Blocked Wire. (Signed by Judge Robert P. Patterson on 3/26/12) (Attachments: # 1 NOTICE OF RIGHT TO APPEAL)(ml) (Entered: 03/27/2012) |
| 03/29/2012 | 682 | RESPONSE re: 667 Response, *To Counterclaim of Jeremy Levin and Dr. Lucille Levin.* Document filed by redacted third−party(Redacted Third−Party Defendant). (Fromm, David) (Entered: 03/29/2012) |
| 03/29/2012 | 683 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/29/2012) |
| 04/02/2012 | 684 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/02/2012) |
| 04/02/2012 | 685 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/02/2012) |
| 04/02/2012 | 686 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/02/2012) |
| 04/06/2012 | 687 | ENDORSED LETTER addressed to Judge Robert P Patterson from Matthew R Belz dated 4/2/2012 re: Request for Third Party Defedant (named blocked out) to extend time to respond to the Third Party complaint to 4/13/2012. ENDORSEMENT: Application granted. (Signed by Judge Robert P. Patterson on 4/2/2012) (cd) (Entered: 04/06/2012) |
| 04/09/2012 | 688 | SEALED DOCUMENT placed in vault.(nm) (Entered: 04/09/2012) |
| 04/09/2012 | 689 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/09/2012) |
| 04/10/2012 | 690 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/10/2012) |
| 04/12/2012 | 691 | STIPULATION, ORDER AND JUDGMENT OF DISMISSAL as to the BNY Mellon. (Signed by Judge Robert P. Patterson on 4/12/12) (Attachments: # 1 notice of right to appeal)(ml) (Entered: 04/12/2012) |
| 04/12/2012 | 692 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/12/2012) |

A-7

| 04/18/2012 | 693 | SEALED DOCUMENT placed in vault.(nm) (Entered: 04/18/2012) |
|---|---|---|
| 04/18/2012 | 694 | SEALED DOCUMENT placed in vault.(nm) (Entered: 04/18/2012) |
| 04/18/2012 | 695 | RESPONSE *Answer to Societe Generale's Second Amended Interpleader Complaint and Counterclaim Against Societe Generale*. Document filed by Jeremy Levin, Lucille Levin. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Smith, Suzelle) (Entered: 04/18/2012) |
| 04/20/2012 | 696 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Curtis C. Mechling dated 4/20/2012 re: In light of the above, the Judgment Creditors respectfully propose that they be permitted to provide another status update to the Court in 45 days (on June 3, 2012) or upon receipt of confirmations regarding all outstanding Phase Two Process in these proceedings, whichever occurs sooner. ENDORSEMENT: Application granted. (Signed by Judge Robert P. Patterson on 4/19/2012) (lmb) (Entered: 04/20/2012) |
| 05/09/2012 | 697 | REPLY re: 695 Response *ANSWER OF SOCIETE GENERALE TO COUNTERCLAIM OF LEVIN JUDGMENT CREDITORS*. Document filed by Societe Generale. (Hanchet, Mark) (Entered: 05/09/2012) |
| 05/10/2012 | 698 | STIPULATION, ORDER AND JUDGMENT OF DISMISSAL as to the Blocked Asset. (Signed by Judge Robert P. Patterson on 5/9/12) (Attachments: # 1 notice of right to appeal)(ml) (Entered: 05/10/2012) |
| 05/11/2012 | 699 | SEALED DOCUMENT placed in vault.(mps) (Entered: 05/11/2012) |
| 05/21/2012 | 700 | MOTION to Add Party(ies) JPMorgan Chase &Co., JPMorgan Chase Bank, N.A. and The Bank of New York Mellon. Document filed by JPMorgan Chase Bank, N.A.. Return Date set for 6/19/2012 at 10:00 AM.(Nevling, J.) (Entered: 05/21/2012) |
| 05/21/2012 | 701 | DECLARATION of J. Kelley Nevling, Jr. in Support re: 700 MOTION to Add Party(ies) JPMorgan Chase &Co., JPMorgan Chase Bank, N.A. and The Bank of New York Mellon.. Document filed by JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Nevling, J.) (Entered: 05/21/2012) |
| 05/21/2012 | 702 | MEMORANDUM OF LAW in Support re: 700 MOTION to Add Party(ies) JPMorgan Chase &Co., JPMorgan Chase Bank, N.A. and The Bank of New York Mellon.. Document filed by JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 05/21/2012) |
| 05/22/2012 | 703 | SEALED DOCUMENT placed in vault.(nm) (Entered: 05/22/2012) |
| 05/25/2012 | 704 | ENDORSED LETTER addressed to Judge Robert P. Patterson, Jr. from Christopher J. Robinson dated 5/25/2012 re: Citibank hereby joins the Motion tor leave to file additional third−party complaints on the terms set forth in the proposed order attached thereto, and as further specified in this letter. ENDORSEMENT: So ordered. (Signed by Judge Robert P. Patterson on 5/25/2012) (rjm) (Entered: 05/30/2012) |
| 06/08/2012 | 705 | ORDER GRANTING LEAVE TO FILE ADDITIONAL THIRD−PARTY COMPLAINT. Defendants JPMorgan Chase &Co., JPMorgan Chase Bank, N.A., The Bank of New York Mellon and Societe Generate ("Movants") are hereby authorized to file an additional third−party complaint in this action, on or before June 15, 2012, against the following third−party defendants: (a) The plaintiffs in the action entitled Elizabeth Murphy, et al. v. Islamic Republic of Iran, 06 CV 0596 (RCL) (D.D.C.) ("Murphy v. Iran"), who recovered a judgment in that action against the Islamic Republic of Iran (the "Murphy Parties"); and (b) The plaintiffs in the action entitled Michael Bennett et al. v. Islamic Republic of Iran, 03 CV 1486 (RCL) (D.D.C.) ("Bennett v.Iran"), to wit, Michael Bennett, Linda Bennett, Lisa Bennett and the Estate of Marla Bennett, who recovered a judgment in that action against the Islamic Republic of Iran (the "Bennett Parties"), and as further set forth. Granting 700 Motion to Add. (Signed by Judge Robert P. Patterson on 6/8/2012) (rjm) (Entered: 06/08/2012) |

| 06/15/2012 | 706 | SUPPLEMENTAL THIRD PARTY COMPLAINT against Lisa Bennett, Michael Bennett, Estate of Marla Ann Bennett, Estate of Terrence Rich, Bryan Harris, John E. L'Heureux, Kerry M. L'Heureux, Elizabeth Murphy, Armando J. Ybarra.Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: #_1 Exhibit A, #_2 Exhibit B, #_3 Exhibit C, #_4 Exhibit D, #_5 Exhibit E, #_6 Exhibit F)(pl) (Entered: 06/22/2012) |
|---|---|---|
| 06/22/2012 | 707 | CERTIFICATE OF SERVICE of Summons and Third Party Complaint,. Estate of Terrence Rich served on 6/15/2012, answer due 7/6/2012; Bryan Harris served on 6/15/2012, answer due 7/6/2012; John E. L'Heureux served on 6/15/2012, answer due 7/6/2012; Kerry M. L'Heureux served on 6/15/2012, answer due 7/6/2012; Elizabeth Murphy(Individually and as Administratrix of the Estate of Terrence Rich) served on 6/15/2012, answer due 7/6/2012; Mary E. Wells served on 6/15/2012, answer due 7/6/2012; Armando J. Ybarra served on 6/15/2012, answer due 7/6/2012. Service was accepted by L. Cage. Service was made by Overnight Mail. Document filed by JPMorgan Chase &Co.; JPMorgan Chase Bank, N.A.; The Bank of New York Mellon. (Attachments: #_1 Exhibit 1, #_2 Exhibit 2, #_3 Exhibit 3)(Nevling, J.) (Entered: 06/22/2012) |
| 06/22/2012 | 708 | CERTIFICATE OF SERVICE of Summons and Third Party Complaint,. Linda Bennett served on 6/15/2012, answer due 7/6/2012; Lisa Bennett served on 6/15/2012, answer due 7/6/2012; Michael Bennett(Individually and as Co−Administrator of the Estate of Marla Ann Bennett) served on 6/15/2012, answer due 7/6/2012; Estate of Marla Ann Bennett served on 6/15/2012, answer due 7/6/2012. Service was accepted by R. Ernst. Service was made by Overnight Mail. Document filed by JPMorgan Chase &Co.; JPMorgan Chase Bank, N.A.; The Bank of New York Mellon. (Attachments: #_1 Exhibit 1, #_2 Exhibit 2, #_3 Exhibit 3)(Nevling, J.) (Entered: 06/22/2012) |
| 06/26/2012 | 709 | NOTICE OF APPEARANCE by Andrew Michael Meehan on behalf of Redacted Third−Party Defendant (Meehan, Andrew) (Entered: 06/26/2012) |
| 06/26/2012 | 710 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/26/2012) |
| 06/26/2012 | 711 | SEALED DOCUMENT placed in vault.(nm) (Entered: 06/26/2012) |
| 06/26/2012 | 733 | CITIBANK N.A.'S SUPPLEMENTAL THIRD−PARTY COMPLAINT WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S MAY 25. 2012 ORDER (Duplicate Original) against Anna Beer, Harry Beer, Estelle Carrol, Estate of Alan Beer, Estate of Martin Kirschenbaum, Estate of Terrence Rich, Bryan Harris, David Kirschenbaum, Isabelle Kirschenbaum, Jason Kirschenbaum, Joshua Kirschenbaum, Jane L'Heureux, John L'Heureux, Kerry L'Heureux, Bill Macgroglou, Phyllis Maisel, Elizabeth Murphy, Danielle Teitlebaum, Mary Wells, Armando J. Ybarra.Document filed by Citibank, N.A..(pl) Modified on 7/18/2012 (jar). (Entered: 07/18/2012) |
| 06/27/2012 | 712 | MOTION for William L. Juska, Jr. to Withdraw as Attorney. Document filed by redacted third−party(Redacted Third−Party Defendant).(Juska, William) (Entered: 06/27/2012) |
| 06/27/2012 | 713 | AFFIDAVIT of William L. Juska, Jr. in Support re:_712 MOTION for William L. Juska, Jr. to Withdraw as Attorney.. Document filed by redacted third−party(Redacted Third−Party Defendant). (Juska, William) (Entered: 06/27/2012) |
| 06/27/2012 | 714 | SEALED DOCUMENT placed in vault.(mps) (Entered: 06/27/2012) |
| 07/03/2012 | 717 | MOTION for Ferris R. Bond to Appear Pro Hac Vice. Document filed by Linda Bennett, Michael Bennett.(pgu) (Entered: 07/06/2012) |
| 07/05/2012 | 715 | NOTICE OF APPEARANCE by Carl E. Person on behalf of Linda Bennett, Lisa Bennett, Michael Bennett(Individually and as Co−Administrator of the Estate of Marla Ann Bennett), Estate of Marla Ann Bennett (Person, Carl) (Entered: 07/05/2012) |

| 07/05/2012 | 716 | ANSWER to 706 Third Party Complaint,., COUNTERCLAIM against JP Morgan Chase. Document filed by Linda Bennett, Lisa Bennett, Michael Bennett(Individually and as Co−Administrator of the Estate of Marla Ann Bennett, Estate of Marla Ann Bennett.(Person, Carl) (Entered: 07/05/2012) |
|---|---|---|
| 07/08/2012 | 718 | NOTICE OF APPEARANCE by Steven Karl Barentzen on behalf of Bryan Harris, Jane L'Heureux, John E. L'Heureux, Kerrie L'Heureux, Elizabetth Murphy, Estate of Terrence Rich, Mary Wells, Armando J. Ybarra (Barentzen, Steven) (Entered: 07/08/2012) |
| 07/08/2012 | 719 | MOTION for Extension of Time to File Answer. Document filed by Bryan Harris, Thomas Adrian Julian, Jane L'Heureux, John E. L'Heureux, Kerrie L'Heureux, Estate of Terrence Rich, Mary Wells, Armando J. Ybarra. (Attachments: # 1 Text of Proposed Order)(Barentzen, Steven) (Entered: 07/08/2012) |
| 07/09/2012 | 720 | SEALED DOCUMENT placed in vault.(mps) (Entered: 07/10/2012) |
| 07/09/2012 | 721 | ORDER FOR ADMISSION PRO HAC VICE: granting 717 Motion for Ferris Ridgely Bond to Appear Pro Hac Vice. ENDORSEMENT: Upon paying the required fee to the Clerk of Court. (Signed by Judge Robert P. Patterson on 7/9/2012) (ago) (Entered: 07/10/2012) |
| 07/09/2012 | 726 | MEMO ENDORSEMENT on MOTION OF THIRD PARTY DEFENDANTS ELIZABETH MURPHY, ET AL., FOR ENLARGEMENT OF TIME TO PLEAD OR OTHERWISE RESPOND TO SUPPLEMENTAL THIRD PARTY COMPLAINT. ENDORSEMENT: Application granted. So ordered. Re: 719 MOTION for Extension of Time to File Answer filed by Mary Wells, Kerrie L'Heureux, Thomas Adrian Julian, Estate of Terrence Rich, Jane L'Heureux, Bryan Harris, John E. L'Heureux, Armando J. Ybarra (Signed by Judge Robert P. Patterson on 7/9/2012) (rjm) Modified on 7/13/2012 (rjm). (Entered: 07/13/2012) |
| 07/10/2012 | 722 | AFFIDAVIT OF SERVICE of Summons and Amended Third Party Complaint,,. Susan Weinstein served on 9/26/2011, answer due 10/17/2011. Service was made by MAIL. Document filed by JPMorgan Chase &Co.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/10/2012) |
| 07/11/2012 | 723 | CERTIFICATE OF SERVICE of Summons and Amended Third Party Complaint,,. Service was made by Mail. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/11/2012) |
| 07/11/2012 | 724 | CERTIFICATE OF SERVICE of Summons and Amended Third Party Complaint,,. Renay Frym served on 9/26/2011, answer due 10/17/2011; Stuart E. Hersh served on 9/26/2011, answer due 10/17/2011; Abraham Mendelson served on 9/26/2011, answer due 10/17/2011; Daniel Miller served on 9/26/2011, answer due 10/17/2011; Elena Rozenman served on 9/26/2011, answer due 10/17/2011; Noam Rozenman served on 9/26/2011, answer due 10/17/2011; Tzvi Rozenman served on 9/26/2011, answer due 10/17/2011; Deborah Rubin served on 9/26/2011, answer due 10/17/2011; Jenny Rubin served on 9/26/2011, answer due 10/17/2011. Service was made by Mail. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/11/2012) |
| 07/11/2012 | 725 | CERTIFICATE OF SERVICE of Summons and Amended Third Party Complaint,,. Jenny Rubin served on 9/26/2011, answer due 10/17/2011. Service was made by Mail. Document filed by JP Morgan Chase; JPMorgan Chase &Co.; JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/11/2012) |
| 07/13/2012 | 727 | ENDORSED LETTER: addressed to Magistrate Judge Michael H. Dolinger from Curtis C. Mechling dated 7/11/2012 re: Counsel for Greenbaum and Acosta requests an extension of the Beer and Kirschenbaum judgment Creditors' time to respond to Citibank's supplemental third party complaint to August 17, 2012. ENDORSEMENT: Application granted. So Ordered. (Signed by Judge Robert P. Patterson on 7/12/2012) (js) (Entered: 07/13/2012) |
| 07/13/2012 | 728 | CERTIFICATE OF SERVICE of Amended and Supplemental Third−Party Complaint served on Brown Parties and Bland Parties on 9/26/2011. Service was made by Mail. Document filed by The Bank of New York Mellon. (Attachments: # |

| | | |
|---|---|---|
| | | 1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/13/2012) |
| 07/13/2012 | 729 | CERTIFICATE OF SERVICE of Amended and Supplemental Third−Party Complaint served on Khaliq−Owens−Mwila Parties on 09/26/2011. Service was made by Mail. Document filed by The Bank of New York Mellon. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/13/2012) |
| 07/13/2012 | 730 | CERTIFICATE OF SERVICE of Amended and Supplemental Third−Party Complaint served on Brown Parties and Bland Parties on 09/26/2011. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: #1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/13/2012) |
| 07/13/2012 | 731 | CERTIFICATE OF SERVICE of Amended and Supplemental Third−Party Complaint served on Khaliq−Owens−Mwila Parties on 09/26/2011. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: #1 Exhibit 1, # 2 Exhibit 2)(Nevling, J.) (Entered: 07/13/2012) |
| 07/17/2012 | 732 | ANSWER to 706 Third Party Complaint,. Document filed by Elizabeth Adams, Estate of Terrance Rich, Bryan Harris, Jane L'Heureux, John E. L'Heureux, Kerry L'Heureux, Elizabeth Murphy, Mary Wells, Armando J. Ybarra.(Barentzen, Steven) (Entered: 07/17/2012) |
| 07/19/2012 | 734 | AFFIDAVIT OF SERVICE of Summons, Third Party Complaint, ECF Rules &Instructions and Judge's Rules served on Estate of Alan Beer on 6/27/12. Service was accepted by Joseph Dell'Aquila at Stroock &Stroock &Lavan, 180 Maiden Lane, New York. Document filed by Citibank, Citibank, N.A.. (Robinson, Christopher) (Entered: 07/19/2012) |
| 07/19/2012 | 735 | AFFIDAVIT OF SERVICE of Summons, Third Party Complaint, ECF Rules &Instructions and Judge's Rules served on Jason Kirschenbaum, et al. on 6/27/12. Service was accepted by Joseph Dell'Aquila of Stroock &Stroock &Lavan, 180 Maiden Lane, New York. Document filed by Citibank, Citibank, N.A.. (Robinson, Christopher) (Entered: 07/19/2012) |
| 07/19/2012 | 736 | AFFIDAVIT OF SERVICE of Summons, Third Party Complaint, ECF Rules &Instructions and Judge's Rules served on Elizabeth Murphy, et al. on 6/26/12. Service was made by Federal Express and email. Document filed by Citibank, Citibank, N.A.. (Robinson, Christopher) (Entered: 07/19/2012) |
| 07/20/2012 | 737 | ANSWER to 733 Third Party Complaint,,. Document filed by Bryan Harris, Jane L'Heureux, John L'Heureux, Kerry L'Heureux, Elizabeth Murphy, Estate of Terrance Rich, Mary Wells, Armando J. Ybarra.(Barentzen, Steven) (Entered: 07/20/2012) |
| 07/24/2012 | 738 | SEALED DOCUMENT placed in vault.(nm) (Entered: 07/24/2012) |
| 07/25/2012 | 739 | AFFIDAVIT OF SERVICE of Unredacted version of Affidavit of William L. Juska Jr. in Support of Motion to Withdraw as Counsel and unredacted version of Notice of Motion to Withdraw as Counsel served on All Parties of Record on June 27, 2012. Document filed by redacted third−party(Redacted Third−Party Defendant). (Juska, William) (Entered: 07/25/2012) |
| 07/30/2012 | 740 | SEALED DOCUMENT placed in vault.(nm) (Entered: 07/30/2012) |
| 07/30/2012 | 741 | ANSWER to 716 Counterclaim. Document filed by JP Morgan Chase.(Nevling, J.) (Entered: 07/30/2012) |
| 07/30/2012 | 742 | ENDORSED LETTER addressed to Judge Robert P. Patterson from J. Kelley Nevling, Jr. dated 7/29/2012 re: Counsel respectfully requests a 4 day extension of time from 7/30/12 until 8/3/12 for JPMorgan to respond to the counterclaims. ENDORSEMENT: Application granted. (Signed by Judge Robert P. Patterson on 7/30/2012) (jfe) (Entered: 07/30/2012) |
| 08/01/2012 | 743 | SEALED DOCUMENT placed in vault.(nm) (Entered: 08/01/2012) |

| 08/03/2012 | 744 | STIPULATION, ORDER AND JUDGMENT OF DISMISSAL pursuant to Fed. R. C. P. 54(b) as to the Relevant Blocked Assets. (Signed by Judge Robert P. Patterson on 8/3/12) (Attachments: #_1 notice of right to appeal)(ml) (Entered: 08/03/2012) |
|---|---|---|
| 08/03/2012 | 745 | MEMO ENDORSEMENT ON NOTICE OF MOTION TO WITHDRAW AS COUNSEL re: granting 712 Motion to Withdraw as Attorney. Attorney William Louis Juska, Jr terminated. ENDORSEMENT: Application granted. The Court, having received no opposition from any counsel of record, approves this motion by Freehill Hogan &Mahar LLP to withdraw as Counsel to... (Signed by Judge Robert P. Patterson on 8/3/2012) (djc) Modified on 8/6/2012 (djc). (Entered: 08/03/2012) |
| 08/03/2012 | 746 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/06/2012) |
| 08/07/2012 | 747 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/07/2012) |
| 08/10/2012 | 748 | CERTIFICATE OF SERVICE of Amended and Supplemental Third−Party Complaint served on Valore Parties on 09/26/2011. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: #_1 Exhibit 1, #_2 Exhibit 2, #_3 Exhibit 3, #_4 Exhibit 4, #_5 Exhibit 5, #_6 Exhibit 6, #_7 Exhibit 7)(Nevling, J.) (Entered: 08/10/2012) |
| 08/13/2012 | 749 | CERTIFICATE OF SERVICE of Amended and Supplemental Third−Party Complaint served on Valore Parties on 09/26/2011. Service was made by Mail. Document filed by The Bank of New York Mellon. (Attachments: #_1 Exhibit 1, #_2 Exhibit 2, #_3 Exhibit 3, #_4 Exhibit 4, #_5 Exhibit 5, #_6 Exhibit 6, #_7 Exhibit 7)(Nevling, J.) (Entered: 08/13/2012) |
| 08/14/2012 | 750 | Letter addressed to Judge Robert P. Patterson, Jr. from Richard M. Kremen, dated 8/9/2012, re: This office is counsel for the Estate of Michael Heiser, et al. (the "Heisers"). The Heisers seek permission from the Court pursuant to Federal Rule of Civil Procedure 15 ("Rule 15") to amend the counterclaims they asserted against the parties named herein. The Heisers have satisfied the liberal standard of Rule 15(a). Accordingly, the Heisers respectfully request that the Court permit them to file amended counterclaims against JPMorgan and Citibank in order to comply with N.Y.C.P.L.R. Sec. 5232(a). Document filed by Estate of Michael Heiser, et al.(ja) (Entered: 08/14/2012) |
| 08/14/2012 | 751 | NOTICE OF APPEARANCE by Anna Liza Robles Mercado on behalf of HSBC Bank USA, N.A. (Mercado, Anna Liza) (Entered: 08/14/2012) |
| 08/17/2012 | 752 | ANSWER to Complaint., COUNTERCLAIM against Citibank, N.A.. Document filed by Catherine Adams(individually and as personal representative of the Estate of Christopher Adams), Daniel Adams, John E. Adams, Michael T. Adams, Patrick D. Adams, William Adams, Bernadine R. Beekman, George W. Beekman, Bridget Brooks, Bessie A. Campbell, Marie R. Campbell, Anthony W. Cartrette, Lewis W. Cartrette, Che G. Colson, Denise M. Eichstaedt, Estate of Christopher Adams, Estate of Christopher Lester, Estate of Earl F. Cartrette, Jr., Estate of Jeremy Taylor, Estate of Joseph E. Rimkus, Estate of Joshua E. Woody, Estate of Justin R. Wood, Estate of Kendall Kitson, Jr., Estate of Kevin J. Johnson, Estate of Leland Timothy Haun, Estate of Michael Heiser, Estate of Millard D. Campbell, Estate of Patrick Fennig, Estate of Peter J. Morgera, Estate of Thanh Van Nguyen, Estate of Brent E. Marthaler, Estate of Brian McVeigh, Catherine Fennig(individually and as personal representative of the Estate of Patrick Fennig), Mark Fennig, Paul D. Fennig, Thaddeus C. Fennig(individually and as personal representative of the Estate of Patrick Fennig), Ibis S. Haun, Senator Haun, Francis Heiser, Gary Heiser, Bruce Johnson, Kevin Johnson, Laura E. Johnson, Nicholas A. Johnson(a minor), Shyrl L. Johnson, Kendall K. Kitson, Nancy R. Kitson(individually and as personal representative of the Estate of Kendall Kitson, Jr.), Nancy A. Kitson, Steve K. Kitson, Cecil Lester, Jr, Cecil H. Lester, Jessica Lester, Judy Lester(individually and as personal representative of the Estate of Christopher Lester), Herman C. Marthaler, III, Katie L. Marthaler, Kirk Marthaler, Matthew Marthaler, Sharon Marthaler, Michael Morgera(individually and as personal representative of the Estate of Peter Morgera), Thomas Morgera, Christopher Nguyen(individually and as personal representative of the Estate of Thanh "Gus" Nguyen), Milagritos Perez−Dalis, Anne M. Rimkus, James R. Rimkus, Tracey M. Smith, Lawrence Taylor, Starlina D. Taylor, Vicki L Taylor, James V. Wetmore, Sandra M. |

| | | |
|---|---|---|
| | | Wetmore, Elizabeth Wolf, Kathleen M. Wood, Richard W. Wood, Shawn M. Wood, Dawn Woody(individually and as personal representative of the Estate of Joshua Woody), Jonica L. Woody, Timothy Woody, Mary Young.(Seniawski, Barbara) (Entered: 08/17/2012) |
| 08/17/2012 | 753 | ANSWER to Complaint., COUNTERCLAIM against JPMorgan Chase Bank, N.A.. Document filed by Catherine Adams(individually and as personal representative of the Estate of Christopher Adams), Daniel Adams, John E. Adams, Michael T. Adams, Patrick D. Adams, William Adams, Bernadine R. Beekman, George M. Beekman, Bridget Brooks, Bessie A. Campbell, Marie R. Campbell, Anthony W. Cartrette, Lewis W. Cartrette, Che G. Colson, Denise M. Eichstaedt, Estate of Brian McVeigh, Estate of Christopher Adams, Estate of Christopher Lester, Estate of Earl F. Cartrette, Jr., Estate of Jeremy Taylor, Estate of Joseph E. Rimkus, Estate of Joshua E. Woody, Estate of Justin R. Wood, Estate of Kendall Kitson, Jr., Estate of Kevin J. Johnson, Estate of Leland Timothy Haun, Estate of Michael Heiser, Estate of Millard D. Campbell, Estate of Patrick Fennig, Estate of Peter J. Morgera, Estate of Thanh Van Nguyen, Estate of Brent E. Marthaler, Catherine Fennig(individually and as personal representative of the Estate of Patrick Fennig), Mark Fennig, Paul D. Fennig, Thaddeus C. Fennig(individually and as personal representative of the Estate of Patrick Fennig), Ibis S. Haun, Senator Haun, Francis Heiser, Gary Heiser(individually and as personal representative of the Estate of Michael Heiser), Bruce Johnson, Kevin Johnson, Laura E. Johnson, Nicholas A. Johnson(a minor), Shyrl L. Johnson, Kendall K. Kitson, Nancy R. Kitson(individually and as personal representative of the Estate of Kendall Kitson, Jr.), Nancy A. Kitson, Steve K. Kitson, Cecil Lester, Jr, Cecil H. Lester, Jessica Lester, Judy Lester(individually and as personal representative of the Estate of Christopher Lester), Herman C. Marthaler, III, Katie L. Marthaler, Kirk Marthaler, Matthew Marthaler, Sharon Marthaler, Michael Morgera(individually and as personal representative of the Estate of Peter Morgera), Thomas Morgera, Christopher R. Nguyen, Milagritos Perez−Dalis, Anne M. Rimkus, James R. Rimkus, Tracey M. Smith, Lawrence Taylor, Starlina D. Taylor, Vicki L Taylor, James V. Wetmore, Sandra M. Wetmore, Elizabeth Wolf, Kathleen M. Wood, Richard W. Wood, Shawn M. Wood, Dawn Woody(individually and as personal representative of the Estate of Joshua Woody), Jonica L. Woody, Timothy Woody, Mary Young.(Seniawski, Barbara) (Entered: 08/17/2012) |
| 08/17/2012 | 754 | STIPULATION, ORDER AND JUDGMENT OF DISMISSAL as to the Citbank Phase Two Blocked Asset. (Signed by Judge Robert P. Patterson on 8/17/12) (Attachments: # 1 notice of right to appeal)(ml) (Entered: 08/20/2012) |
| 08/22/2012 | 755 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/22/2012) |
| 08/22/2012 | 756 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/22/2012) |
| 08/23/2012 | 757 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/23/2012) |
| 08/23/2012 | 758 | DECLARATION of J. Kelley Nevling, Jr.. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit 1)(Nevling, J.) (Entered: 08/23/2012) |
| 08/23/2012 | 759 | DECLARATION of J. Kelley Nevling, Jr.. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit 1)(Nevling, J.) (Entered: 08/23/2012) |
| 08/23/2012 | 760 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Curtis C. Mechling dated 8/23/2012 re: Counsel request that they be permitted to submit a supporting memorandum of law exceeding the 35−page limit. ENDORSEMENT: Application granted. (Signed by Judge Robert P. Patterson on 8/23/2012) (jfe) (Entered: 08/23/2012) |
| 08/23/2012 | 761 | SEALED DOCUMENT placed in vault.(nm) (Entered: 08/24/2012) |
| 08/28/2012 | 762 | SEALED DOCUMENT placed in vault.(nm) (Entered: 08/28/2012) |
| 08/29/2012 | 763 | JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors*. Document filed by Carlos Acosta, Maria |

| | | |
|---|---|---|
| | | Acosta, Steven M. Greenbaum.(Mechling, Curtis) (Entered: 08/29/2012) |
| 08/29/2012 | 764 | DECLARATION of Curtis C. Mechling in Support re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30)(Mechling, Curtis) (Entered: 08/29/2012) |
| 08/29/2012 | 765 | DECLARATION of Dr. Patrick Clawson in Support re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Attachments: # 1 Part 2)(Mechling, Curtis) (Entered: 08/29/2012) |
| 08/29/2012 | 766 | **FILING ERROR − WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY** − MEMORANDUM OF LAW in Support re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Mechling, Curtis) Modified on 8/30/2012 (ldi). (Entered: 08/29/2012) |
| 08/29/2012 | 767 | RULE 56.1 STATEMENT. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Mechling, Curtis) (Entered: 08/29/2012) |
| 08/30/2012 | 768 | MEMORANDUM OF LAW in Support re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Mechling, Curtis) (Entered: 08/30/2012) |
| 08/31/2012 | 769 | ANSWER to 752 Counterclaim. Document filed by Citibank, Citibank, N.A..(Schneier, Sharon) (Entered: 08/31/2012) |
| 08/31/2012 | 770 | SEALED DOCUMENT placed in vault.(mps) (Entered: 08/31/2012) |
| 09/04/2012 | 771 | NOTICE OF APPEARANCE by Scott Kurtis McCulloch on behalf of Redacted Third Party Defendant (McCulloch, Scott) (Entered: 09/04/2012) |
| 09/04/2012 | 772 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Curtis C. Mechling dated 8/30/2012 re: the Judgment Creditors respectfully propose the following process (as described within this order) for serving un−redacted copies of the Motion on third−party defendants. ENDORSEMENT: Application granted. Your procedures are approved. (Signed by Judge Robert P. Patterson on 9/4/2012) (jar) (Entered: 09/04/2012) |
| 09/04/2012 | 773 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/05/2012) |
| 09/05/2012 | 774 | ENDORSED LETTER addressed to Judge Robert P. Patterson, Jr. from J. Kelley Nevling, Jr. dated 9/4/2012 re: JPMorgan's and BNY Mellon's responses are presently due on September 10, 2012, and we are requesting an extension of time to respond until September 17, 2012. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 9/5/2012) (rjm) (Entered: 09/05/2012) |
| 09/06/2012 | 775 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Howard B. Levi dated 8/31/2012 re: We respectfully request that the Court delay making any determination on Mr. Mechling's proposals until we have had a chance to develop our substantive response, which we will submit to the Court by Thursday, September 6, 2012. ENDORSEMENT: Application granted. (Signed by Judge Robert P. Patterson on 9/6/2012) (lmb) (Entered: 09/06/2012) |
| 09/12/2012 | 776 | **FILING ERROR − DEFICIENT DOCKET ENTRY** − MOTION for John W. Karr to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208−7807185. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Estate of Terrence Rich, Bryan Harris, Jane L'Heureux, John L'Heureux, Kerry L'Heureux, Elizabeth Murphy, Mary Wells, Armando J. Ybarra. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Cert of Good Standing)(Barentzen, Steven) Modified on 9/12/2012 (pgu). (Entered: 09/12/2012) |
| 09/13/2012 | 777 | TRANSCRIPT of Proceedings re: CONFERNCE held on 8/16/2012 before Judge Robert P. Patterson. Court Reporter/Transcriber: Tara Jones, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/9/2012. Redacted Transcript Deadline set for 10/18/2012. Release of Transcript Restriction set for 12/17/2012.(McGuirk, Kelly) (Entered: 09/13/2012) |
| 09/13/2012 | 778 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERNCE proceeding held on 8/16/12 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 09/13/2012) |
| 09/13/2012 | 779 | MOTION for John W. Karr to Appear Pro Hac Vice. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Estate of Terrance Rich, Estate of Terrence Rich, Bryan Harris, Jane L'Heureux, John E. L'Heureux, John L'Heureux, Kerrie L'Heureux, Kerry M. L'Heureux, Kerry L'Heureux, Elizabeth Murphy, Elizabeth Murphy(Individually and as Administratrix of the Estate of Terrence Rich), Elizabetth Murphy, Mary Wells, Mary E. Wells, Armando J. Ybarra. (Attachments: # 1 Exhibit Cert of Good Standing for John W. Karr, # 2 Text of Proposed Order)(Karr, John) (Entered: 09/13/2012) |
| 09/13/2012 | 780 | Letter addressed to Judge Robert P. Patterson from Curtis C. Mechling dated 9/10/2012 re: I respectfully submit that Mr. Levi's August 31 letter request should be deemed moot and that the Judgment Creditors should continue to serve third−party defendants in accordance with this Court's September 4 Memo Endorsement, and the "So Ordered" and approved procedures therein.(djc) (Entered: 09/13/2012) |
| 09/13/2012 | 781 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Christopher J. Robinson dated 9/11/2012 re: Because of intervening obligations, Citibank requests a brief extension to the September 27, 2012 deadline for submission of all opposition papers until October 15, 2012. The date for submitting Reply papers would be pushed back to November 5, 2012 and the hearing on the Motion would be scheduled for November 13, 2012 at 4.30pm. ENDORSEMENT: SO ORDERED. ( Responses due by 10/15/2012, Replies due by 11/5/2012.) (Signed by Judge Robert P. Patterson on 9/12/2012) (djc) (Entered: 09/13/2012) |
| 09/14/2012 | 782 | CERTIFICATE OF SERVICE. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Mechling, Curtis) (Entered: 09/14/2012) |
| 09/17/2012 | 783 | CERTIFICATE OF SERVICE. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Mechling, Curtis) (Entered: 09/17/2012) |
| 09/17/2012 | 784 | SEALED DOCUMENT placed in vault.(nm) (Entered: 09/17/2012) |
| 09/18/2012 | 785 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Curtis C. Mechling dated 9/17/2012 re: Counsel request that the certificate of service be formally sealed by the Court. ENDORSEMENT: So Ordered. The Clerks office should docket the Certificate of Service for Sealing. (Signed by Judge Robert P. Patterson on 9/18/2012) (jfe) (Entered: 09/18/2012) |
| 09/18/2012 | 786 | ENDORSED LETTER addressed to Judge Robert P. Patterson from J. Kelley Nevling, Jr. dated 9/17/2012 re: Counsel respectfully to request a two−day extension of time, from today until Wednesday, September 19, 2012, for JPMorgan to file its answer to the amended counterclaim. ENDORSEMENT: Application granted. (Signed by Judge Robert P. Patterson on 9/18/2012) (jfe) (Entered: 09/18/2012) |

| 09/19/2012 | 787 | ANSWER to 753 Counterclaim. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A..(Nevling, J.) (Entered: 09/19/2012) |
|---|---|---|
| 09/20/2012 | 788 | MEMO−ENDORSEMENT re: granting 779 Motion for John W. Karl to Appear Pro Hac Vice for admission pro hac vice to appear as counsel for third party defendants (judgment creditors) Elizabeth Murphy, the Estate of Terrence Rich, Bryan Harris, Armando Ybarra, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, and Mary Wells, in the above− captioned matter for enforcement of a judgment from another U.S. District Court. ENDORSEMENT: Application granted upon payment of the required fee to the Clerk of the Court. (Signed by Judge Robert P. Patterson on 9/19/2012) (pl) (Entered: 09/20/2012) |
| 10/10/2012 | 789 | SEALED DOCUMENT placed in vault.(nm) (Entered: 10/10/2012) |
| 10/10/2012 | 790 | Letter addressed to Judge Robert P. Patterson from Eric J. Snyder and Scott McCulloch dated 10/5/2012 re: Counsel for the third−party defendant requests an extension time to respond to the Motion for Partial Summary Judgment on Claims of Turnover of Phase Two Blocked Assets (the "Motion") filed by the Levin, Greenbaum, Acosta, and Heiser judgment creditors, and a continuance of the associated hearing. (ft) (Entered: 10/10/2012) |
| 10/11/2012 | 791 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/11/2012) |
| 10/11/2012 | 792 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Christopher J. Robinson dated 10/11/2012 re: Accordingly, we respectfully request a brief extension of Citibank's time to respond to the motion until Monday October 22,2012. We do not believe that the granting of this request would require any adjustment to the rest of the briefing schedule. ENDORSEMENT: Application Granted. SO ORDERED., ( Responses due by 10/22/2012) (Signed by Judge Robert P. Patterson on 10/11/2012) (ama) (Entered: 10/11/2012) |
| 10/12/2012 | 793 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/12/2012) |
| 10/12/2012 | 794 | CERTIFICATE OF SERVICE of Amended and Supplemental Third−Party Complaint served on Heiser Judgment Creditors, Levins, Greenbaum Judgment Creditors, Acosta Judgment Creditors, Brown Judgment Creditors, Bland Judgment Creditors, Valore Judgment Creditors, Bennett Judgment Creditors on October 10, 2012. Service was made by Mail. Document filed by JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 10/12/2012) |
| 10/12/2012 | 795 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/12/2012) |
| 10/12/2012 | 796 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Eric J. Snyder dated 10/11/2012 re: We write to respectfully request a four−day extension of time to respond to the Motion for Partial Summary Judgment on Claims of Turnover of Phase Two Blocked Assets (the "Motion") filed by the Levin, Greenbaum, Acosta, and Heiser judgment creditors. ENDORSEMENT: Application granted. Counsel will file their response to the motion for summary judgment by 10/19/12., ( Responses due by 10/19/2012) (Signed by Judge Robert P. Patterson on 10/11/2012) (lmb) (Entered: 10/12/2012) |
| 10/15/2012 | 797 | Letter addressed to Judge Robert P. Patterson from David H. Fromm dated 10/12/2012 re: We write to request a one week extension of time to file papers in opposition to the judgment creditors' motion for partial summary judgment. (lmb) (Entered: 10/15/2012) |
| 10/15/2012 | 798 | MEMORANDUM OF LAW in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors*.. Document filed by Redacted Third Party Defendant. (Fromm, David) (Entered: 10/15/2012) |
| 10/15/2012 | 799 | COUNTER STATEMENT TO 767 Rule 56.1 Statement. Document filed by Redacted Third Party Defendant. (Fromm, David) (Entered: 10/15/2012) |
| 10/15/2012 | 800 | DECLARATION of Redacted in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors*.. Document filed by Redacted Third Party Defendant. (Fromm, David) (Entered: 10/15/2012) |

| 10/15/2012 | 801 | DECLARATION of Redacted in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Redacted Third Party Defendant. (Fromm, David) (Entered: 10/15/2012) |
|---|---|---|
| 10/15/2012 | 802 | DECLARATION of Richard L.. Pollock in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Redacted Third Party Defendant. (Fromm, David) (Entered: 10/15/2012) |
| 10/15/2012 | 803 | RESPONSE to Motion re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Societe Generale. (Houpt, Christopher) (Entered: 10/15/2012) |
| 10/15/2012 | 804 | MEMORANDUM OF LAW in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 10/15/2012) |
| 10/15/2012 | 805 | DECLARATION of J. Kelley Nevling, Jr. in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 10/15/2012) |
| 10/15/2012 | 806 | DECLARATION of J. Kelley Nevling, Jr. in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by The Bank of New York Mellon. (Nevling, J.) (Entered: 10/15/2012) |
| 10/15/2012 | 807 | RESPONSE in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 10/16/2012) |
| 10/15/2012 | 812 | SEALED DOCUMENT placed in vault.(nm) (Entered: 10/17/2012) |
| 10/16/2012 | 808 | RESPONSE in Opposition re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by The Bank of New York Mellon. (Nevling, J.) (Entered: 10/16/2012) |
| 10/16/2012 | 809 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/16/2012) |
| 10/16/2012 | 810 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/16/2012) |
| 10/16/2012 | 811 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/16/2012) |
| 10/17/2012 | 813 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/17/2012) |
| 10/22/2012 | 814 | RESPONSE re: 767 Rule 56.1 Statement *in Response to Judgment Creditors' Local Rule 56.1 Separate Statement of Undisputed Facts with Respect to Phase Two assets*. Document filed by Citibank, N.A.. (Robinson, Christopher) (Entered: 10/22/2012) |
| 10/22/2012 | 815 | RESPONSE to Motion re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors.*. Document filed by Citibank, N.A.. (Robinson, Christopher) (Entered: 10/22/2012) |
| 10/22/2012 | 816 | Letter addressed to Judge Robert P. Patterson from Eric J. Snyder and Scott McCulloch dated 10/19/2012 re: Counsel for third party defendant writes On October 11, 2012, we requested by letter a brief extension of partial summary judgment opposition deadline in order to confer adequately with our overseas client. The Court granted application that same day, and extended deadline to October 19, 2012. Since October 11, in addition to conferring with our client, we have called the Office of Foreign Assets Control of the U.S. Department of Treasury (OPAC) on several occasions to discuss pending application. For a number of reasons is not in a position to file papers in opposition to partial summary judgment at this time. We note, though, that the key legal points compelling denial of summary judgment are already before the Court, via the |

| | | memoranda of law filed by a name−redacted third−party defendant, docket no. 798, and by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A. and The Bank of New York Mellon (together the "Banks"), docket no. 804: We are hopeful that OFAC will rule on our pending application in the near term, and we will promptly notify the Court of OFAC's decision once available. But, if summary judgment were to be granted against we may at a future date timely move for a stay of any turnover order or the execution thereof, to prevent funds released by or set to be released by OFAC from being erroneously turned over to the plaintiff judgment creditors, which would necessitate time−consuming Litigation to restore the funds.(js) (Entered: 10/22/2012) |
|---|---|---|
| 10/22/2012 | 818 | SEALED DOCUMENT placed in vault.(nm) (Entered: 10/23/2012) |
| 10/23/2012 | 817 | SEALED DOCUMENT placed in vault.(nm) (Entered: 10/23/2012) |
| 10/24/2012 | 819 | REDACTED STIPULATION, AND JUDGMENT OF DISMISSAL: IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED as follows: 1. Any and all claims, rights and/or interests that Company ever had, now has or may hereafter have in, to or with respect to the Relevant Blocked Asset are hereby relinquished, surrendered, terminated and extinguished with prejudice, Company covenants and agrees not to assert a claim against Citibank with respect to the Relevant Blocked Asset in any court or tribunal anywhere in the world, and Citibank is hereby discharged and released from any liability or obligation of any kind whatsoever to Company with respect to the Relevant Blocked Asset. 2. Company has no objection to the entry of an order by the Court awarding some or all of the Citibank Phase 2 Assets to another party or parties and discharging Citibank from liability with respect to the Citibank Phase 2 Assets and agrees not to contest the validity of any such order in any future proceedings. 3. In light of the provisions of the first two paragraphs of this Judgment, Company is dismissed without prejudice as a party to this proceeding, provided however that nothing in this paragraph shall limit, restrict or affect in any way the validity and effectiveness of paragraphs 1, 2, 5, 6 and 7 of this Judgment or the relief granted to Citibank in paragraphs 1 and 2 of this Judgment. Such dismissal shall also not release, discharge, terminate or limit Citibank rights, if any, against Company with respect to any money, property, funds or assets other than the Relevant Blocked Asset. 4. This Judgment constitutes a final judgment, within the meaning of Rule 54(b) of the Federal Rules (If Civil Procedure, with respect to Company's claims to and rights, if any, in the Relevant Blocked Asset, which are discrete and separate claims, and there is no just reason for delay in the entry of judgment with respect thereto and as further set forth herein. ENDORSEMENT: A redacted copy of this stipulation and order shall be filed ECF (Signed by Judge Robert P. Patterson on 10/15/2012) (djc) Modified on 10/25/2012 (djc). (Entered: 10/25/2012) |
| 11/02/2012 | 820 | ANSWER to Complaint. Document filed by Francis Heiser.(Birnbaum, Timothy) (Entered: 11/02/2012) |
| 11/05/2012 | 821 | ANSWER to Complaint., COUNTERCLAIM against JP Morgan Chase. Document filed by Michael Bennett(Individually and as Co−Administrator of the Estate of Marla Ann Bennett).(Bond, Ferris) (Entered: 11/05/2012) |
| 11/05/2012 | 824 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Richard M. Kremen dated 11/5/12 re: Counsel writes to request an extension until 11/8/12 for the Judgment Creditors to file their reply papers in connection with the judgment creditors' motion for summary judgment. In addition, counsel requests an enlargement of the page limits for their reply brief to 30 pages. ENDORSEMENT: Application granted. So ordered. In view of the consolidated brief, application granted. So ordered. ( Replies due by 11/8/2012.) (Signed by Judge Robert P. Patterson on 11/5/2012) (mro) (Entered: 11/07/2012) |
| 11/07/2012 | 822 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Suzelle M. Smith dated 11/5/12 re: Counsel for the Levin Judgment Creditors/Third Party Defendants writes to request an extension of 4 days, until 11/9/12, to file their response to the third party complaint. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 11/7/2012) (mro) Modified on 11/8/2012 (mro). (Entered: 11/07/2012) |

| | | |
|---|---|---|
| 11/07/2012 | 823 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Benjamin Weathers−Lowin dated 11/5/12 re: Counsel for the Greenbaum and Acosta Judgment Creditors/Third Party Defendants requests an extension of 4 days, until 11/9/12, to file their response to the Third party complaint. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 11/6/2012) (mro) (Entered: 11/07/2012) |
| 11/07/2012 | 825 | FIRST REPLY MEMORANDUM OF LAW in Support re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors*.. Document filed by Steven M. Greenbaum. (Attachments: # 1 Affidavit)(Birnbaum, Timothy) (Entered: 11/07/2012) |
| 11/07/2012 | 826 | FIRST MEMORANDUM OF LAW in Support re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors*.. Document filed by Steven M. Greenbaum. (Birnbaum, Timothy) (Entered: 11/07/2012) |
| 11/07/2012 | 827 | DECLARATION of Prof. Jimmy Gurule in Support re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors*.. Document filed by Steven M. Greenbaum. (Birnbaum, Timothy) (Entered: 11/07/2012) |
| 11/09/2012 | 828 | ANSWER to Complaint., COUNTERCLAIM against JPMorgan Chase Bank, N.A.. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum.(Mechling, Curtis) (Entered: 11/09/2012) |
| 11/09/2012 | 829 | ANSWER to Complaint., COUNTERCLAIM against JP Morgan Chase, JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. Document filed by Jeremy Levin, Lucille Levin.(Smith, Suzelle) (Entered: 11/09/2012) |
| 11/20/2012 | 830 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Keith Fleichsman, Esq. dated 11/19/2012 re: Due to an issue with the service of the JPMorgan Third−Party Complaint, however, we respectfully request an extension of time, until November 29, 2012, to file our clients response. Counsel for the JPMorgan Chase Parties has consented to this request, which is our client's first request for an extension with regard to the JPMorgan Third−Party Complaint. ENDORSEMENT: APPLICATION GRANTED. SO ORDERED. (Signed by Judge Robert P. Patterson on 11/19/2012) (mt) (Entered: 11/20/2012) |
| 11/26/2012 | 831 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Liviu Vogel dated 11/21/2012 re: Counsel for Peterson Judgment Creditors/Third−Party Defendants respectfully request an extension of time, until December 20, 2012, to file our clients response. Counsel for the JP Morgan Chase Parties has consented to this request, which is our clients' first request for an extension with regard to the JP Morgan Third−Party Complaint. ENDORSEMENT: Application granted. So Ordered. (Signed by Judge Robert P. Patterson on 11/26/2012) (pl) (Entered: 11/26/2012) |
| 11/26/2012 | 832 | SEALED DOCUMENT placed in vault.(nm) (Entered: 11/26/2012) |
| 11/26/2012 | 833 | ENDORSED LETTER addressed to Judge Robert P. Patterson from J. Kelley Nevling, Jr. dated 11/26/2012 re: Counsel for Defendants writes respectfully to request an extension of time from Thursday, November 29, 2012 to Thursday, December 20, 2012, for JPMorgan to answer or otherwise respond to the counterclaims (the "Bennett Counterclaims"). ENDORSEMENT: Application granted. So Ordered.., JP Morgan Chase answer due 12/20/2012; JPMorgan Chase &Co. answer due 12/20/2012; JPMorgan Chase Bank, N.A. answer due 12/20/2012. (Signed by Judge Robert P. Patterson on 11/26/2012) (pl) (Entered: 11/26/2012) |
| 11/26/2012 | 840 | (REDACTED) CITIBANK N.A.'S SUPPLEMENTAL THIRD PARTY COMPLAINT against Carlos Acosta, Maria Acosta, Michael T. Adams, Michael Adams, Patrick D. Adams, Patrick Adams, William Adams, William Adams, Eileen Prindeville Ahlquist, Monica Akili, Donte Akili Mwaipape, Donti Akili Mwaipape, Marvin Albright, Jamaal Muata Ali, Elaine Allen, Ellaine Allen, Anne Allman, DiAnne Margaret Allman, John Robert Allman, Angel Alvarado, Geraldo Alvarado, Marta Alvarado, Minerva Alvarado, Pedro Alvarado, Jr, Yolanda Alvarado, Zoraida Alvarado, Margaret E. Alvarez, Alan C. Anderson, Dennis Jack |

Anderson, Michael Anderson, Thelma Anderson, Margaret Angeloni, Kimberly F. Angus, Estate of Moses Arnold, Jr, Lolita M. Arnold, Jesus Arroyo, Milagros Arroyo, Pablo Arroyo, BNP Paribas, Kelly Bachlor, Anthony Banks, Angela E. Barile, Joseph A. Barile, Michael Barile, Patty Barnett, Cheryl Bass, Donnie Bates, Johnny Bates, Laura Bates, Margie Bates, Monty Bates, Ronny Kent Bates, Thomas C. Bates, Sr, Thomas Bates, Jr, Estate of David L. Battle, Mary E. Baumgartner, Anthony Baynard, Barry Baynard, Emerson Baynard, James Baynard, Philip Baynard, Stephen Baynard, Thomasine Baynard, Timothy Baynard, Wayne Baynard, Jess W. Beamon, Anna Beard, Lisa Ann Beck, Mary Ann Beck, John Becker, Bernadine Beekman, Bernadine R. Beekman, George M. Beekman, George Beekman, Alue Belrner, Alvin Burton Belrner, Annette Belrner, Clarence Belrner, Colby Keith Belrner, Denise Belrner, Donna Belrner, Faye Belrner, Kenneth Belrner, Luddie Belrner, Shawn Biellow, Mary Francis Black, James Bland, Ruth Ann Bland, Stephen Boyd Bland, Donald Blankenship, Jr, Donald Blankenship, Sr, Mary Blankenship, Richard D. Blankenship, Gaddo Blatter, Alice Blocker, Douglas Blocker, John R. Blocker, John W. Blocker, Robert Blocker, Cheryl L. Blood, James Boccia, Joseph Boccia, Joseph Boccia, Sr, Raymond Boccia, Richard Boccia, Ronnie Boccia, Leticia Boddie, Angela Bohannon, Anthony Bohannon, Carrie Bohannon, David Bohannon, Edna Bohannon, Leon Bohannon, Sr, Ricki Bohannon, Leon Bohannon, Betty J. Bolen, Keith Edwin Bolen, Neale Scott Bolen, Sheldon H. Bolen, Billie Jean Bolinger, Donald Bomer, Catherine Bonk, John Bonk, John Bonk, Jr, John Bonk, Sr, Kevin Bonk, Thomas Bonk, Catherine Bonk Hunt, Jeffrey Joseph Boulos, Joseph Boulos, Lydia Boulos, Marie Boulos, Montine Bowen, Rebecca Bowler, John Norman Boyett, Lavon Boyett, Norman E. Boyett, Jr, Theresa U. Roth Boyett, William A. Boyett, Susan Schnorf Breeden, Damion Briscoe, Robin Brock, Bridget Brooks, Edward J. Brooks, Patricia A. Brooks, Timothy Brooks, Christine Brown, Rowel Brown, Sulba Brown, Vara Brown, Rosanne Brunette, Mary Lynn Buckner, Claude Burley, Myra Burley, William Burley, William Douglas Burley, Rodney Darrell Burnette, David Burns, Eugene Burns, Rodney E. Burns, Serpil Buyuk, Sundus Buyuk, Tulay Buyuk, Bahar Buyuk, Kathleen Calabro, Rachel Caldera, Avenell Callahan, Michael Callahan, Paul Callahan, Patricia Calloway, Elisa Rock Camara, Bessie A. Campbell, Bessie Campbell, Candace Campbell, Marie Campbell, Marie R. Campbell, Bradley Campus, Clare Campus, Elaine Capobianco, Olympia Carletta, Floyd Carpenter, Floyd Martin Carpenter, Kimberly Carpenter, Florene Martin Carter, Tabitha Carter, Anthony Cartrette, Anthony W. Cartrette, Lewis W. Cartrette, Lewis Cartrette, Phyllis A. Cash, Theresa Catano, Bruce Ceasar, Franklin Ceasar, Fredrick Ceasar, Johnnie Ceasar, Robbie Nell Ceasar, Sybil Ceasar, Christine Devlin Cecca, Tammy Chapman, James Cherry, Sonia Cherry, Adele H. Chios, Jana M. Christian, Sharon Rose Christian, Andrea Ciarla, Susan Ciupaska, Leshune Stokes Clark, Rosemary Clark, Joyce Clifford, Mary Ann Cobble, Karen Shipp Collard, Jennifer Collier, Che G. Colson, Che Colson, Deborah M. Coltrane, Christopher Comes, Frank Comes, Jr, Frank Comes, Sr, Joan Comes, Patrick Comes, Commerzbank AG, James N. JR. Conley, Robert Allen Conley, Roberta Li Conley, Charles Dennis Cook, Charles F. Cook, Elizabeth A. Cook, Mary A. Cook, Alan Tracey Copeland, Betty Copeland, Donald Copeland, Johnny Len Copeland, Alexandra Rain Cormier, Andrew John William Cormier, Michael James Cormier, Blanche Corry, David Cosner, Harold Cosner, Jeffrey Cosner, Leanna Cosner, Marva Cosner, Cheryl Cossaboom, Bryan Thomas Coulman, Christopher J. Coulman, Dennis P. Coulman, Kevin Coulman, Lorraine M. Coulman, Robert D. Coulman, Robert Louis Coulman, Charlita Martin Covington, Deborah Crawford, Amanda Crouch, Marie Crudale, Rick Crudale, Barbara Cuddeback, Daniel Cuddeback, Jr, Daniel Cuddeback, Sr, John R. Cuddeback, Eugene Cyzick, Russell Cyzick, Lynn Dallachie, Barbara Davis, Sharon Davis, Anne Deal, Robert Dean, Dudley Decker, Ida Decker, Johnnie Decker, Sidney Decker, Lynn Smith Derbyshire, Theresa Desjardins, Christine Devlin, Daniel Devlin, Gabrielle Devlin, Michael Devlin, Richard Devlin, Sean Devlin, Danielle DiGiovanni, Lisa DiGiovanni, Marion DiGiovanni, Robert DiGiovanni, Glenn Dolphin, Rosalie Donahue (Milano), Debora Donti Mwaipape, Elisha Donti Mwaipape, Nko Donti Mwaipape, Victoria Donti Mwaipape, Ashley Doray, Nathaniel Dorsey, Rebecca Doss, Jeanette Dougherty, Jeanette Doughtry, Claudine Dunnigan, Elizabeth Ann Dunnigan, Michael Dunnigan, William Dunnigan, Chester Dunningan, Timothy Dunningan, Ronald Duplanity, Ronald Duplanty, Bryan Earle, Frederick Daniel Eaves, Anson Edmond, Hazel Edmond,

Wendy Edmond, Janice Thorstad Edquist, Denise M. Eichstaedt, Denise
Eichstaedt, Michael Episcopo, Mary Ruth Ervin, David A. Battle Estate of, James
Yarber Estate of, Estate of Benjamin E. Fuller, Estate of Billy San Pedro, Estate of
Binyamin Kahane, Estate of Brent Marthaler, Estate of Brian McVeigh, Estate of
Bruce Hollingshead, Estate of Christopher Adams, Estate of Christopher Lester,
Estate of Daniel Rogath Saidi, Estate of Dennis Lloyd West, Estate of Dotio
Rmadhani, Estate of Earl Cartrette, Jr., Estate of Earl F. Cartrette, Jr., Estate of Eric
Walker, Estate of Frank Bland, Estate of Idifonce Rogath Saidi, Estate of Irma
Franklin, Estate of James Surch, Estate of Jeremy Taylor, Estate of John
Hendrickson, Estate of John Rogath Saidi, Estate of John Weyl, Estate of Joseph E.
Rimkus, Estate of Joshua E. Woody, Estate of Juan C. Rodriguez, Estate of Juma
Yusuph Shamte Dnange, Estate of Justin R. Wood, Estate of Justin Wood, Estate
of Kendall Kitson, Jr., Estate of Kevin J. Johnson, Estate of Kevin Johnson, Sr.,
Estate of Laura Virginia Copeland, Estate of Leland "Tim" Haun, Estate of Leland
Timothy Haun, Estate of Louis Melendez, Estate of Majaliwa Ramadhani, Estate
of Meir Kahane, Estate of Michael Hastings, Estate of Michael Heiser, Estate of
Michael Mercer, Estate of Michael Robert Massman, Estate of Millard "Dee"
Campbell, Estate of Millard D. Campbell, Estate of Mtendeje Rajabu, Estate of
Mwajabu Yusuph Shamte Dnange, Estate of Obrian Weekes, Estate of Patrick
Fennig, Estate of Paul Hein, Estate of Peter J. Morgera, Estate of Peter Morgera,
Estate of Renema Ramadhani, Estate of Rogath Saidi Saidi, Estate of Saidi Shabani
Mtuyla, Estate of Sean F. Ester, Estate of Selina Rogath Saidi, Estate of Thanh
"Gus" Nguyen, Estate of Thanh Van Nguyen, Estate of Upemdo Ramadhani, Estate
of Veronica Alois Saidi, Estate of Virgel Hamilton, Estate of Wengo Ramadhani,
Estate of Yusuf Shamte Ndange, Barbara Estes, Charles Estes, Danny R. Estes,
Frank Estes, Keith Estler, Louis Estler, Jr, John Muffler Estate of, John Jay
Tishmack Estate of, Luis Rotondo Estate of, Matilde Hernandez Estate of, Phyllis
Santoserra Estate of, Rose Rotondo Estate of, Estate of Abdu Yusuph Shamte
Dnange, Estate of Abdul Shabani Mtuyla, Mary Ellen Estler, Tova Ettinger, Lori
Fansler, Angela Dawn Farthing, Patricia K. Fast, Angelina Mathew Felix,
Catherine Fennig(individually and as personal representative of the Estate of
Patrick Fennig), Paul D. Fennig, Thaddeus C. Fennig, Patricia Feore, Arlington
Ferguson, Hilton Ferguson, Sherry Lynn Fiedler, Linda Sandback Fish, Marilou
Fluegel, Thomas A. Fluegel, Richard Andrew Flugel, Wanda Ford, Nancy
Brocksbank Fox, Tia Fox, Alice Warren Franklin, Irving Franklin, Tammy
Freshour, Charles Frye, Renay Frym, Michael D. Fulcher, Ruby Fulcher, Ernest C.
Fuller, Peter Gaddo, Louise Gaddo Blatter, Michael A. Gaines, William R. Gaines,
Sr, Randy Gaddo, Timothy Gaddo, Barbara Gallagher, Brian Gallagher, James JR.
Gallagher, James Gallagher, Kevin Gallagher, Michael Gallagher, Sean Gallagher,
Dimitri Gangur, George Gangur, Mary Gangur, Jess Garcia, Randall Garcia,
Ronald Garcia, Russell Garcia, Violet Garcia, Truman Dale Garner, Suzanne
Perron Garza, Jeanne Gatlegno, Larry Gerlach, Megan Gerlach, Patricia Gerlach,
Travis Gerlach, Arlene Ghumm, Ashley Ghumm, Bill Ghumm, Edward Ghumm,
Harold Ghumm, Hildegard Ghumm, Jedaiah Ghumm, Jesse Ghumm, Leroy
Ghumm, Moronica Ghumm, Donald Giblin, Jeanne Giblin, Michael Giblin,
Tiffany Giblin, Timothy Giblin, Valerie Giblin, William Giblin, Holly Gibson,
Holy Gibson, John Gibson, Maurice Gibson, Thad Gilford−Smith, Rebecca
Gintonio, Jean Givens Owen, Barbara Goff, Dawn Goff, Juanita R. Goldfarb,
Nicole Gomez, Christina Gorchinski, Judy Gorchinski, Kevin Gorchinski, Michael
Gorchinski, Valerie Gorchinski, Alice Gordon, Joseph Gordon, Linda Gordon,
Norris Gordon, Richard Gordon, Andrea Grant, Deborah Graves, Davin M. Green,
Deborah Green, Steven M. Greenbaum, Liberty Quirante Gregg, Alex Griffin,
Ethel J. Griffin, Lorie Gulick, Teresa Gunterh, Lyda Woollett Guz, Darlene
Hairston, Felicia Hairston, Julia Bell Hairston, Thomas Hairston, Gloria Hamilton,
Tara Hanrahan, Bennie Harris, Michael Harris, Rose Harris, Mary Clyde Hart,
Jeffrey Haskell, Michael Haskell, Brenda Haskill, Bruce Hastings, Joyce Hastings,
Ibis S. Haun, Senator Haun, Alan D. Hayman, Alan Hayman, Shirlee Hayman,
Kathleen S. Hedge, Christopher Hein, Jo Ann Hein, Victor J. Hein, Karen
Hein−Sullivan, Fran Heiser, Francis Heiser, Gary Heiser, Gary Heiser(individually
and as personal representative of the Estate of Michael Heiser), Christopher Todd
Helms, Mark Anthony Helms, Marvin R. Helms, John Hendrickson, Tyson
Hendrickson, Arminda Hernandez, Mary V. Hernandez, Stuart E. Hersh, Doris
Hester, Stanley G. Hester, Clifton Hildreth, Donald Wayne Hildreth, Julia Hildreth,
Mary Ann Hildreth, Michael Wayne Hildreth, Sharon A. Hilton, Alice M. Hirm,

Clyde M. Hirn, Inez P. Hirn, John Hlywiak, Margaret Hlywiak, Joseph Hlywiak, Paul Hlywiak, Peter Hlywiak, Jr, Peter Hlywiak, Sr, Kathy Hodges, Mary Jean Hodges, Maynard Hodges, Donald Holberton, Patricia Lee Holberton, Thomas Holberton, Tangie Hollifield, Melinda Hollingshead, Cindy Holmes, Debra Homer, Elizabeth House, Joyce A. Houston, Tammy Camara Howell, John Hudson, Lisa H. Hudson, Lorenzo Hudson, Lucy Hudson, Ruth Hudson, Samuel Hudson, William J. Hudson, Susan Thorstad Hugis, Henry Durban Hukill, Mark Andrew Hukill, Matthew Scott Hukill, Meredith Ann Hukill, Mitchell Charles Hukill, Monte Hukill, Virginia Ellen Hukill, Cathrine Bonk Hunt, Cynthia Lou Hunt, Orval Hunt, Nancy Tingley Hurlburt, Cynthia Perron Hurston, Edward Iacovino, Sr, Rosa Ibarro, Deborah Innocenzi, Kristin Innocenzi, Mark Innocenzi, Paul Innocenzi, III, Paul Innocenzi, IV, Iranian Islamic Revolutionary Guard Corps., Iranian Ministry of Information and Security, Islamic Republic of Iran, JPMorgan Chase Bank, N.A., James Jackowski, John Jackowski, Sr, John Jackowski, Jr, Andrew Scott Jacobs, Daniel Joseph Jacobs, Danita Jacobs, Joseph P. Jacobs, Victoria Jacobus, Elaine James, Jeffrey Wilbur James, Nathalie C. Jenkins, Nathaniel Walter Jenkins, Stephen Jenkins, Rebecca Jewett, John Jr., Bruce Johnson, Jay Johnson, Laura Johnson, Linda Martin Johnson, Nicholas Johnson, Nicholas A. Johnson, Rennitta Stokes Johnson, Sherry Johnson, Shyrl L. Johnson, Charles Johnston, Edward Anthony Johnston, Edwin Johnston, Mary Ann Johnston, Alicia Jones, Corene Martin Jones, Kia Briscoe Jones, Mark Jones, Ollie Jones, Sandra D. Jones, Steven Jones, Storm Jones, Synovure Jones, Robin Copeland Jordan, Susan Scott Jordan, Daniel Joy, Penni Joyce, Karl Julian, Thomas Adrian Julian, Nada Jurist, Baruch Kahane, Libby Kahane, Norman Kahane, Sonia Kahane, Ciporah Kaplan, Abella Valentine Katunda, Desidery Valentine Mathe Katunda, Diana Valentine Katunda, Edwine Valentine Mathe Katunda, Valentine Mathew Katunda, Veidiana Valentine Katunda, Venant Valentine Mathe Katunda, Adam Keown, Bobby Keown, Sr, Bobby Keown, Jr, Darren Keown, Thomas Keown, William Keown, Mary Joe Kirker, Brian Kirkpatrick, Kathleen Kirkpatrick, Sean Kirkpatrick, Carl Kirkwood, Sr, Carl A. Kirkwood, Carl Kirkwood, Jeff Kirkwood, Shirley Kirkwood, Nancy R. Kitson, Steve K. Kitson, Daniel Kluck, Kelly Kluck, Michael Kluck, James C. Knipple, John R. Knipple, John D. Knipple, Pauline Knipple, Shirley L. Knox, Sharla M. Korz, Doreen Kreischer, Freas H. Kreischer, III, Freas H. Kreischer, Jr, Daniel Kremer, Joseph T. Kremer, Patricia Kronenbitter, Jacqueline M. Kunysz, Eugene LaRiviere, Janet LaRiviere, John M. LaRiviere, Lesley LaRiviere, Michael Scott LaRiviere, Michael LaRiviere, Nancy LaRiviere, Richard LaRiviere, Robert LaRiviere, Steven LaRiviere, William LaRiviere, Betty Laise, Keith Laise, Kris Laise, Cynthia D. Lake, Wendy L. Lange, James III Langon, James Langon, IV, Richard G. Lariviere, Zandra Lariviere, Cathy L. Lawton, Heidi Crudale LeGault, Clarence Lemnah, Etta Lemnah, Fay Lemnah, Harold Lemnah, Marlys Lemnah, Richard Lemnah, Robert Lemnah, Ronald Lemnah, Cecil Lester, Jr, Cecil Lester, Sr, Cecil H. Lester, Jessica Lester, Judy Lester, Jeremy Levin, Lucille Levin, Betty Lewis, Grace Lewis, Jerry L. Lewis, Scott M. Lewis, Annette R. Livingston, Joseph R. Livingston, IV, Joseph R. Livingston, III, Robin M. Lynch, Earl Lyon, Francisco Lyon, June Lyon, Maria Lyon, Paul D. Lyon, Sr, Paul D. Lyon, Jr, Valerie Lyon, Bill Macgroglou, James Macgroglou, Lorraine Macgroglou, Heather Macroglou, John Macroglou, Lisa Magnotti, Kathleen Devlin Mahoney, Kenty Maitland, Leysnal Maitland, Samuel Maitland, Sr, Samuel Maitland, Jr, Shirla Maitland, Renard Manley, Cecilia Samuel Marcus, Coronella Samuel Marcus, Samuel Thomas Marcus, Virginia Boccia Marshall, Herman Marthaler, Herman C. Marthaler, III, Kirk Marthaler, Matthew Marthaler, Sharon Marthaler, Charlie Robert Martin, John Martin, Pacita Martin, Renerio Martin, Ruby Martin, Shirley Martin, Alphonso Martinez, Daniel Martinez, Paul Martinez, Sr, Paul Martinez, Jr, Tomasita L. Martinez, Esther Martinez Parks, Mary Mason, Cristina Massa, David Massa, Edmund Massa, Joao Massa, Jose Massa, Manuel Massa, Jr, Ramiro Massa, Angela Massman, Kristopher Massman, Lydia Massman, Angelina Mathew−Ferix, Burnham Matthews, Marvine McBride, John McCall, Valerie McCall, Gail McDermott, Kathy McDonald, Edward J McDonough, Edward W. McDonough, James E. McDonough, Sean McDonough, Julia A. McFarlin, George McMahon, Michael McMahon, Timothy R. McMahon, Marie McMahon Russell, Patty McPhee, Douglas Jason Melendez, Johnny Melendez, Johnny Jr. Melendez, Zaida Melendez, Abraham Mendelson, Darren Menkins, Margaret Menkins, Richard Menkins, III, Sarah Mercer, Jay T. Meurer, John Meurer, Michael Meurer,

Ronald Meurer, John Thomas Meurer, Mary Lou Meurer, Penny Meyer, Angela
Milano, Joseph Peter Milano, Peter Milano, Jr, Daniel Miller, Earline Miller,
Henry Miller, Timothy Mitchell, Wendy Mitchell, Helen Montgomery, Alie Mae
Moore, Ann Marie Moore, Betty Moore, Harry Moore, James Otis Moore, Johnney
S. Moore, Joseph Moore, Kimberly Moore, Lovelle Darrell Moore, Marvin S.
Moore, Mary Moore, Melissa Lea Moore, Michael Moore, Jonnie Mae
Moore−Jones, Michael Morgera, Thomas Morgera, Elizabeth Phillips Moy,
Shabani Saidi Mtulya, Carolyn Mudd, Estate of John Muffler, Robert Muffler, Jr,
Akili Musupape, Debra Myers, Geneva Myers, Harry Douglas Myers, Harry A.
Myers, Alli Kindamba NG'Ombe, Billie Ann Nairn, Campbell J. Nairn, III,
Campbell J. Nairn, Jr, David Nairn, William P. Nairn, Adabeth Said Nang'Oko,
Alex W. Nashton, Jeffrey Nashton, Hanuni Ramadhani Ndange, Mohamed Alli
Ng'Ombe, Kindamba Alli Ng'Ombe, Christopher Nguyen, Christopher R. Nguyen,
Robin Nicely, Richard Norfleet, Deborah O'Connor, Pearl Olaniji, Ashley E.
Oliver, John Oliver, Kayley Oliver, Michael John Oliver, Patrick S. Oliver, Paul
Oliver, Riley Oliver, Bertha Olson, John Arne Olson, Roger S. Olson, Ronald L.
Olson, Sigurd Olson, John Opatovsky, Steven G. Owen, David Owens, Deanna
Owens, Frances Owens, Gary Robert Owens, James Owens, Joseph Albert Owens,
Steven Owens, Albert Page, Connie Ray Page, Janet Page, Judith K. Page, Lisa
Menkins Palmer, Samuel Palmer, Geraldine Paolozzi, Maureen Pare, Henry James
Parker, Sharon Parker, Ulysses Gregory Parker, Esther Martinez Parks, Marcy
Lynn Parson, Helen M. Pearson, John L. Pearson, John L. Pearson, Jr, Sonia
Pearson, David Penosky, Joseph Penosky, Milagritos Perez−Dalis, Milly
Perez−Dallis, Brett Perron, Deborah Jean Perron, Michelle Perron, Ronald R.
Perron, Thomas S. Perron, Muriel Persky, Deborah D. Peterson(personal
representative of the Estate of James C. Knipple, et al.), Marilyn Peterson, Sandra
Petrick, Sharon Conley Petry, Donna Vallone Phelps, Harold Phillips, John Arthur
Phillips, Sr, John Arthur Phillips, Jr, Donna Tingley Plickys, Margaret Aileen
Pollard, Stacey Yvonne Pollard, William Roy Pollard, Donald R. Pontillo, Douglas
Pontillo, Leonora Pontillo, Berk F. Pressley, David A. Pressley, Frank Pressley, Sr,
Jon B. Pressley, Marc Y. Pressley, Michael F. Pressley, Thomas C. Pressley,
Yasemin B. Pressley, Frank B. Pressley, Jr, Lee Hollan Prevatt, Victor Thornton
Prevatt, Victor Mark Prevatt, James Price, John Price, Joseph Price, Barbara D.
Prindeville, Kathleen Tara Prindeville, Michael Prindeville, Patrick Kerry
Prindeville, Paul Prindeville, Sean Prindeville, Louisa Punonet, Julita A. Qualico,
Belinda J. Quirante, Diomedes J. Quirante, Edgar Quirante, Godofredo Quirante,
Milton Quirante, Sabrina Quirante, Kulwa Ramadhani, Christian R. Rauch, Susan
Ray, Bret W. Reed, Joyce Reed, Worley Lee Reed, Laura M. Reininger, Deborah
Rhosto, Alan Richardson, Beatrice Richardson, Clarence Richardson, Eric
Richardson, Lynette Richardson, Vanessa Richardson, Warren Richardson,
Philiece Richardson−Mills, Melrose Ricks, Anne M. Rimkus, Anne Rimkus, James
Rimkus, James R. Rimkus, Belina Quirante Riva, Paul Rivers, Barbara Rockwell,
Linda Rooney, Estate of Rose Rotondo, Louis J. Rotondo, Luis Rotondo, Morgan
W. Rowan, Sharon J. Rowan, Elena Rozenman, Noam Rozenman, Tzvi Rozenman,
Edward Mathew Ruaheshelwa, Tammi Ruark, Deborah Rubin, Jenny Rubin,
Robert Rucker, Juliana Rudkowski, Jason Russell, Stephen Russell, Tanya Russell,
Wanda Russell, Angelina Mathew Rutaheshelwa, Elisabeth Mathew Rutaheshelwa,
Enoc Mathew Rutaheshelwa, Eric Mathew Rutaheshelwa, Happiness Mathew
Rutaheshelwa, Deborah Ryan, Cesar San Pedro, Guillermo San Pedro, Javier San
Pedro, Sila V. San Pedro, Alicia Lynn Sanchez, Phyllis Santoserra, Shana Saul,
Andrew Sauls, Henry Caleb Sauls, Michael Caleb Sauls, Riley A. Sauls, Jeannie
Scaggs, Charles Jeffrey Schnorf, Margaret Medler Schnorf, Richard Schnorf,
Beverly Schultz, Dennis Ray Schultz, Dennis James Schultz, Scott Lee Schultz,
Frank Scialabba, Jacqueline Scialabba, Peter Scialabba, Samuel Scott Scialabba,
Gary Randall Scott, John Christopher Scott, Kevin James Scott, Lany L. Scott,
Mary Ann Scott, Sheria Scott, Stephen Allen Scott, Eloise F. Selbe, James Selbe,
John E. Selbe, Senator Haun, Clydia Shaver, Thurnell Shields, Bryan Richard
Shipp, James David Shipp, Janice Shipp, Maurice Shipp, Pauline Shipp, Raymond
Dennis Shipp, Russell Shipp, Thomas Alan Shipp, Jerryl Shropshire, Emanuel
Simmons, Anna Marie Simpson, Larry H. Simpson, Jr, Larry Simpson, Sr, Larry
Simpson, Renee Eileen Simpson, Robert Simpson, Susan J. Sinsioco, Belinda
Skarka, Angela Josephine Smith, Bobbie Ann Smith, Cynthia Smith, Donna Marie
Smith, Erma Smith, Tara Smith Rose, Ann Smith−Ward, Terrence Smith, Thomas
Gerald Smith, Timothy B. Smith, Tracey M. Smith, Vincent Smith, Societe

| | | |
|---|---|---|
| | | Generale, Jocelyn J. Sommerhof, John Sommerhof, William Scott Sommerhof, William J. Sommerhof, Howard Sparks, Jr, Howard Sparks, Leslie Lydia Sparks, Michael Ray Sparks, Dana Spaulding, Scott Spaulding, Carolyn Spears, James S. Spears, Mark Spears, Evelyn Sue Spears Elliot, Douglas Spencer, Lynne Michol Spencer, Stephen Eugene Spencer, Gary O. Spiers, Victoria J. Spiers, Victoria Q. Spiers, Jacqueline Stahrr, Cecilia Stanley, Christy Williford Stelpflug, Joseph Stelpflug, Kathy Nathan Stelpflug, Laura Barfield Stelpflug, Peggy Stelpflug, William Stelpflug, Horace Renardo Stephens, Jr, Horace Stephens, Sr, Joyce Stephens, Keith Stephens, Mary Stilpen, Craig Stockton, Dona Stockton, Donald Stockton, Richard Stockton, Irene Stokes, Jeffrey Stokes, Nelson Stokes, Jr, Nelson Stokes, Sr, Robert Stokes, Gwenn Stokes−Graham, Eric D. Sturghill, Marcus L. Sturghill, Jr, Marcus D. Sturghill, NaKeisha Lynn Sturghill, Devon Sundar, Doreen Sundar, Will Surch, Kelly Swank, Craig Joseph Swinson, Dawn Swinson, Ingrid M. Swinson, Kenneth L. Swinson, Teresa Swinson, William Swinson, Lawrence Taylor, Starlina D. Taylor, Starlina Taylor, Vicki L Taylor, Vickie Taylor, Margaret Tella, Susan L. Terlson, The Bank of New York Mellon, The Estate of Anthony Brown, The Estate of Burton Wherland, The Estate of Christine Kremer, The Estate of David A. Lewis, The Estate of James Silvia, The Estate of Jeffrey Bruce Owen, The Estate of Michael Lee Page, The Estate of Thomas Kremer, The Estate of Virgel Hamilton, The Estate of William R. Gaines, Jr., Allison Thompson, Ifaline Thompson, Johnny Thompson, Mary Ellen Thompson, Willy G. Thompson, Adam Thorstad, Barbara Thorstad, James Thorstad, Jr, James Thorstad, Sr, John Thorstad, Thomas Paul Thorstad, Kathryn Thorstad Wallace, Betty Ann Thurman, Leonard Paul Tice, Barbara Tingley, Richard L. Tingley, Russell Tingley, Stephen Tingley, Estate of John Jay Tishmack, Ronald L. Tishmack, Keysha Tolliver, Michael Toma, Deborah True, Andres Alvarado Tull, Mary Ann Turek, Bradley Ulick, Karen Valenti, Anthony Vallone, Donald H. Vallone, Jr, Donald H. Vallone, Timothy Vallone, Janice Valore, Orlando M. Valore, Jr, Orlando Michael Valore, Sr, Terance J. Valore, Terrance Valore, Leona Mae Vargas, Flossie Varney, Denise Voyles, Celia Walker, Tena Walker−Jones, Lia Wallace, Richard J. Wallace, Bronzell Warren, Barbara Thorstad Warwick, Eric Glenn Washington, Ronald Walker, Jr, Ronald E. Walker, Linda Washington, Vancine Washington, Jessica Watson, Carol Weaver, Audrey Webb, Galen Weber, Faith Weekes, Ianthe Weekes, Keith Weekes, Meta Weekes, Edmond Wendy, Charles H. West, Kathy West, Rick West, James Wetmore, Sandra M. Wetmore, Nelson Weyl, Andrew Wheeler, Benjamin Wheeler, Brenda June Wheeler, Danny Wheeler, Jonathan Wheeler, Kerry Wheeler, Marlis Wheeler, Gregory Wherland, Kimmy Wherland, Sarah Wherland, Diane Whitener, Linda Jane Whiteside, Ruth Ann Whiteside, Darrin A. Wigglesworth, Daryl Wigglesworth, Dwayne Wigglesworth, Henry Wigglesworth, Mark Wigglesworth, Robyn Wigglesworth, Sandra Wigglesworth, Shawn Wigglesworth, Dorothy Willard, Dianne Stokes Williams, Gussie Martin Williams, Janet Williams, Johnny Williams, Pat Williams, Rhonda Williams, Rodney J. Williams, Ronald Williams, Ruth Williams, Scipio J. Williams, Scipio Williams, Jr, Wesley Williams, Delma Williams−Edwards, Jewelene Williamson, Johnny Adam Williamson, Tony Williamson, Dorothy Wint, Dorothy C Wint, Michael Winter, William Ellis Winter, Sally Jo Wirick, Barbara Wiseman, Jill Wold, Elizabeth Wolf, Kathleen Wood, Kathleen M. Wood, Richard W. Wood, Shawn Wood, Phyllis Woodford, Joyce Woodle, Dawn Woody(individually and as personal representative of the Estate of Joshua Woody), Jonica L. Woody, Timothy Woody, Beverly Woollett, Donald Elberan Woollett, Paul Woollett, Melvina Stokes Wright, Patricia Wright, Craig Wyche, Glenn Wyche, John Wyche, Jutta Yarber, Susanne Yeoman, Angela Yoak, James Young, Jeffrey D. Young, John W. Young, John F. Young, Judith Carol Young, Mary Young, Mary Young, Nora Young, Robert Young, Sandra Rhodes Young, Thomas D. Young, Joanne Zimmerman, Stephen Thomas Zone, Patricia Thorstad Zosso, rose rotondo.Document filed by Citibank, N.A.(lmb) (Entered: 12/10/2012) |
| 11/29/2012 | 834 | ANSWER to Complaint., COUNTERCLAIM against JP Morgan Chase, JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. Document filed by Timothy Brooks, Donald R. Pontillo, Wanda Ford, Orlando M. Valore, Jr, Minerva Alvarado, Allison Thompson, Angel Alvarado, Edward J McDonough, Willy G. Thompson, Julia Bell Hairston, Lisa Ann Beck, Marcy Lynn Parson, Mark Andrew Hukill, Anna Marie Simpson, Phyllis Santoserra, Michael Harris, Robert Simpson, Monte Hukill, Terrance Valore, Rose Rotondo Estate of, Kathy McDonald, Janice Valore, |

| | | |
|---|---|---|
| | | Felicia Hairston, Cheryl Bass, Henry Hukill, Shirley Kirkwood, Storm Jones, Evans Hairston, Thomas Bonk, Johnny Thompson, Phyllis Santoserra Estate of, Edward J. Brooks, Patricia Kronenbitter, Estate of Matilde Hernandez, Jr, The Estate of James Silvia and Lynne Michol Spencer, Douglas Pontillo, Luis Rotondo Estate of, Betty Laise, Kevin Bonk, John E. Selbe, David A. Battle Estate of, Virginia Ellen Hukill, Rose Harris, Luisa Alvarado, Meredith Ann Hukill, Belinda Skarka, Deborah True, Betty J. Bolen, John Jay Tishmack Estate of, Cathrine Bonk Hunt, Sherry Lynn Fiedler, Yolanda Alvarado, Renee Eileen Simpson, Kris Laise, Catherine Bonk, Terance J. Valore, Don Selbe, Matilde Hernandez Estate of, Marta Alvarado, Estate of Moses Arnold, Jr, Zoraida Alvarado, Thomas A. Fluegel, Mitchell Charles Hukill, Edward W. McDonough, Sally Jo Wirick, Estate of John Muffler, Bill Macgroglou, James Macgroglou, Carl Kirkwood, Sr, Deborah Rhosto, Pedro Alvarado, Jr, Bill Laise, Patricia A. Brooks, Estate of Leonard Warren Walker, Larry Simpson, Ifaline Thompson, Marion DiGiovanni, Melissa Hukill, Lolita M. Arnold, Henry Durban Hukill, Jeff Kirkwood, Lorraine Macgroglou, Sharla M. Korz, Thomas A Fluegel, Orlando Michael Valore, Sr, Keith Edwin Bolen, Penni Joyce, Eloise F. Selbe, Andres Alvarado Tull, Neale Scott Bolen, Luis Rotondo, Dennis Jack Anderson, John Bonk, Sr, Michael Harris, James Yarber Estate of, Maria Alvarado, John Muffler Estate of, Estate of David L. Battle, James Selbe, Carl A. Kirkwood, Carl Kirkwood, Estate of Walter Emerson Wint, Jr, Bennie Harris, Larry Simpson, Sr, Lynne Michol Spencer, Sean McDonough, John Bonk, Geraldo Alvarado, rose rotondo, Robert Fluegel, Sheldon H. Bolen, Marilou Fluegel, The Estate of James Silvia, Estate of Rose Rotondo, Luis Alvarado, Estate of James Yarber, Grisselle Alvarado, Matthew Scott Hukill.(Park, June) (Entered: 11/29/2012) |
| 11/30/2012 | 835 | TRANSCRIPT of Proceedings re: CONFERENCE held on 11/13/2012 before Judge Robert P. Patterson. Court Reporter/Transcriber: Carol Ganley, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/26/2012. Redacted Transcript Deadline set for 1/7/2013. Release of Transcript Restriction set for 3/4/2013.(Rodriguez, Somari) (Entered: 11/30/2012) |
| 11/30/2012 | 836 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 11/13/2012 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 11/30/2012) |
| 12/04/2012 | 837 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Noel J. Nudelman dated 11/30/12 re: Counsel writes to request an extension of time until 12/7/12 to file the Brown Judgment Creditors/Third Party defendants response to JP Morgan Chase's Third Party Complaint. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 12/3/2012) (mro) Modified on 12/5/2012 (mro). (Entered: 12/04/2012) |
| 12/04/2012 | 838 | ENDORSED LETTER addressed to Judge Robert P. Patterson from J. Kelley Nevling, Jr. dated 11/29/12 re: Counsel writes to request an extension of time from 12/3/12 to 12/20/12 for JPMorgan to answer or otherwise respond to the counterclaims set forth in the answers filed by third−party defendants Steven Greenbaum and related persons, Carlos Acosta and related persons and Jeremy and Lucille Levin. ENDORSEMENT: Application granted. So ordered. JP Morgan Chase answer due 12/20/2012; JPMorgan Chase Bank, N.A. answer due 12/20/2012. (Signed by Judge Robert P. Patterson on 12/3/2012) (mro) Modified on 12/5/2012 (mro). (Entered: 12/04/2012) |
| 12/06/2012 | 839 | ANSWER to 430 Amended Third Party Complaint,,,, COUNTERCLAIM against JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. Document filed by Estate of John Weyl, Sidney Decker, Lorreta Brown, Meta Weekes, Johnny Melendez, Nicole Gomez, Joseph T. Kremer, Karen Hein−Sullivan, William R. Gaines, Sr, Timothy Gaddo, The Estate of Thomas Kremer, Ida Decker, Randy Gaddo, Bradley Ulick, Samuel Palmer, Kelly Bachlor, Robin Nicely, Evelyn Sue Spears |

| | | |
|---|---|---|
| | | Elliot, Janet Page, Louise Gaddo Blatter, Tena Walker−Jones, Faith Weekes, Keith Weekes, Mary Ellen Estler, Thelma Anderson, David Penosky, Will Surch, Maurice Gibson, Jeannie Scaggs, Kristopher Massman, Rowel Brown, Morgan W. Rowan, Estate of Laura Virginia Copeland, Gloria Hamilton, Marilyn Peterson, Scott M. Lewis, Javier San Pedro, Patricia Lou Smith, Estate of Juan C. Rodriguez, Mark Spears, Elaine Allen, Estate of Michael Hastings, Holly Gibson, Tyson Hendrickson, Joseph Penosky, Robin Brock, Andrea Ciarla, John Gibson, Johnnie Decker, Kathy Hodges, Lydia Massman, Cindy Holmes, Estate of John Hendrickson, Louisa Punonet, Daniel Cuddeback, Jr, Thurnell Shields, Vara Brown, Robert Rucker, Estate of Bruce Hollingshead, Estate of Michael Robert Massman, Galen Weber, Sarah Wherland, Daniel Martinez, Patty Barnett, Dudley Decker, Joyce Hastings, Keith Estler, Douglas Jason Melendez, John R. Cuddeback, Marvine McBride, Stephen Boyd Bland, Guillermo San Pedro, Angela Yoak, Peter Gaddo, Estate of Benjamin E. Fuller, Estate of Dennis Lloyd West, Daniel Kremer, Rodney E. Burns, Louis Estler, Jr, Leonard Paul Tice, Jacqueline Stahrr, Michael Martinez, The Estate of Willim R. Gaines, Jr., Zaida Melendez, Albert Page, Arnold Edmond, Alan C. Anderson, Ronald Duplanity, Jeanette Doughtry, The Estate of Jeffrey Bruce Owen, Esther Martinez Parks, Bruce Hastings, The Estate of Burton Wherland, Estate of Louis Melendez, Maynard Hodges, Daniel Joy, John Opatovsky, The Estate of David A. Lewis, Michael Barile, Estate of Eric Walker, Anson Edmond, Michael Anderson, Jean Givens Owen, Estate of Paul Hein, Emanuel Simmons, Shana Saul, Estate of Frank Bland, Eugene Burns, Sarah Mercer, Barbara Cuddeback, Daniel Cuddeback, Sr, Paul Martinez, Jr, Kimmy Wherland, Ernest C. Fuller, Sharon J. Rowan, Estate of Michael Mercer, Johnny Jr. Melendez, Deborah Ryan, James Bland, Angela Massman, Sean Kirkpatrick, Renard Manley, The Estate of Virgel Hamilton, David Burns, Hazel Edmond, Charles F. West, Nelson Weyl, Tomasita L. Martinez, The Estate of Christine Kremer, Carolyn Spears, Jo Ann Hein, John Becker, Sharon Davis, Steven G. Owen, Paul Martinez, Sr, Kathy West, Ronald Walker, Jr, John Hendrickson, Jerry L. Lewis, Estate of James Surch, Ruth Ann Bland, Jacqueline M. Kunysz, Joyce Clifford, Cesar San Pedro, The Estate of Anthony Brown, Susanne Yeoman, Christian R. Rauch, Robert Dean, Estate of Billy San Pedro, John Brown, Estate of Sean F. Ester, Michael A. Gaines, Christopher Hein, Teresa Gunterh, Ann Marie Moore, Wendy Edmond, Joseph A. Barile, Melinda Hollingshead, The Estate of Michael Lee Page, Sila V. San Pedro, Gregory Wherland, Carol Weaver, Mary Jean Hodges, Sulba Brown, Ronald E. Walker, James S. Spears, Rick West, Alphonso Martinez, LaJuana Smith, Carolyn Mudd, Michael Episcopo, Ianthe Weekes, Victor J. Hein, Betty Lewis, Angela E. Barile.(Nudelman, Noel) (Entered: 12/06/2012) |
| 12/11/2012 | 841 | AFFIDAVIT OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran, and Account and Wire Transfer Parties (Phase 3) served on Brown &Bland Judgment Creditors on December 6, 2012. Service was made by Mail. Document filed by JP Morgan Chase. (Nevling, J.) (Entered: 12/11/2012) |
| 12/11/2012 | 842 | AFFIDAVIT OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran, and Account and Wire Transfer Parties (Phase 3) served on Rubin Judgment Creditors on December 6, 2012. Service was made by Mail. Document filed by JP Morgan Chase. (Nevling, J.) (Entered: 12/11/2012) |
| 12/18/2012 | 843 | ANSWER to Complaint., COUNTERCLAIM against Citibank, N.A.. Document filed by Jeremy Levin, Lucille Levin.(Smith, Suzelle) (Entered: 12/18/2012) |
| 12/19/2012 | 844 | ANSWER to 438 Third Party Complaint,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, ,,,,,,,,,,,,,,,,,,,,,, THIRD PARTY COMPLAINT against Fran Heiser(individually and as personal representative of the Estate of Michael Heiser). Document filed by Fran Heiser(individually and as personal representative of the Estate of Michael Heiser).(Birnbaum, Timothy) (Entered: 12/19/2012) |

| | | |
|---|---|---|
| 12/19/2012 | 845 | ANSWER to 840 Third Party Complaint,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, COUNTERCLAIM against Citibank, N.A.. Document filed by Steven M. Greenbaum, Carlos Acosta, Maria Acosta.(Mechling, Curtis) (Entered: 12/19/2012) |
| 12/19/2012 | 846 | ANSWER to Complaint., COUNTERCLAIM against Wanda Ford, Citibank, Citibank, N.A.. Document filed by Timothy Brooks, Donald R. Pontillo, Wanda Ford, Marta Alvarado, Orlando M. Valore, Jr, Minerva Alvarado, Allison Thompson, Angel Alvarado, Edward J McDonough, Willy G. Thompson, Zoraida Alvarado, Julia Bell Hairston, Lisa Ann Beck, Marcy Lynn Parson, Don Selbe, Mark Andrew Hukill, Anna Marie Simpson, Phyllis Santoserra, Michael Harris, Robert Simpson, Carl Kirkwood, Monte Hukill, Terrance Valore, Rose Rotondo Estate of, Kathy McDonald, Janice Valore, Felicia Hairston, Cheryl Bass, Virginia Ellen Hukill, Henry Hukill, Shirley Kirkwood, Storm Jones, Evans Hairston, Thomas Bonk, Johnny Thompson, Phyllis Santoserra Estate of, Edward J. Brooks, Patricia Kronenbitter, Estate of Matilde Hernandez, Jr, The Estate of James Silvia and Lynne Michol Spencer, Douglas Pontillo, Luis Rotondo Estate of, Betty Laise, Kevin Bonk, John E. Selbe, Luis Alvarado, Rose Harris, Luisa Alvarado, Meredith Ann Hukill, Belinda Skarka, Deborah True, Catherine Bonk Hunt, Betty J. Bolen, John Jay Tishmack Estate of, Cathrine Bonk Hunt, Robert Fluegel, Sherry Lynn Fiedler, Yolanda Alvarado, Renee Eileen Simpson, Kris Laise, Catherine Bonk, Terance J. Valore, Matilde Hernandez Estate of, Estate of Moses Arnold, Jr, Thomas A. Fluegel, Mitchell Charles Hukill, Edward W. McDonough, Sally Jo Wirick, Estate of John Muffler, Estate of John Jay Tishmack, Bill Macgroglou, James Macgroglou, Carl Kirkwood, Sr, Luis Rotondo, Deborah Rhosto, Pedro Alvarado, Jr, Larry Simpson, Sr, Bill Laise, Patricia A. Brooks, Estate of Leonard Warren Walker, Larry Simpson, Ifaline Thompson, Marion DiGiovanni, Melissa Hukill, Lolita M. Arnold, Henry Durban Hukill, Jeff Kirkwood, John Muffler Estate of, Lorraine Macgroglou, Sharla M. Korz, Thomas A Fluegel, Orlando Michael Valore, Sr, Keith Edwin Bolen, Penni Joyce, Eloise F. Selbe, Andres Alvarado Tull, Neale Scott Bolen, Dennis Jack Anderson, John Bonk, Sr, John Bonk, Michael Harris, James Yarber Estate of, Maria Alvarado, Estate of David L. Battle, James Selbe, Carl A. Kirkwood, John Bonk, Jr, Estate of Walter Emerson Wint, Jr, Bennie Harris, Lynne Michol Spencer, Sean McDonough, Geraldo Alvarado, rose rotondo, Matthew Scott Hukill, Sheldon H. Bolen, Marilou Fluegel, The Estate of James Silvia, Estate of Rose Rotondo, Estate of James Yarber, Grisselle Alvarado, Larry H. Simpson, Jr, Donald P. Pontillo.(Park, June) (Entered: 12/19/2012) |
| 12/19/2012 | 847 | ANSWER to Complaint., COUNTERCLAIM against Citibank, N.A.. Document filed by Estate of John Weyl, Sidney Decker, Patty Barnett, Sharon Davis, Estate of Sean F. Ester, Hazel Edmond, Johnny Melendez, Estate of Laura Virginia Copeland, Estate of Michael Robert Massman, Kristopher Massman, Estate of Frank Bland, Paul Martinez, Sr, Estate of Billy San Pedro, Zaida Melendez, Bradley Ulick, Christian R. Rauch, Jean Givens Owen, Karen Hein−Sullivan, Faith Weekes, Melinda Hollingshead, Samuel Palmer, Carolyn Mudd, Estate of Louis Melendez, Estate of Eric Walker, Keith Weekes, Estate of Dennis Lloyd West, Mary Ellen Estler, Daniel Martinez, Joyce Clifford, Will Surch, Tyson Hendrickson, Robin Nicely, Maurice Gibson, Paul Martinez, Jr, Christopher Hein, Anson Edmond, Morgan W. Rowan, Stephen Boyd Bland, Estate of Juan C. Rodriguez, Estate of Benjamin E. Fuller, Elaine Allen, Alphonso Martinez, Johnnie Decker, Thelma Anderson, Steven G. Owen, Joseph Penosky, Tomasita L. Martinez, Charles H. West, Jeanette Doughtry, Holly Gibson, Estate of John Hendrickson, The Estate of Michael Lee Page, Louisa Punonet, John Gibson, Michael Anderson, Alan C. Anderson, Estate of James Surch, Wendy Edmond, Galen Weber, Joyce Hastings, Leonard Paul Tice, Guillermo San Pedro, Estate of Obrian Weekes, John Hendrickson, Tena Walker−Jones, Patricia Lou Smith, Albert Page, Arnold Edmond, The Estate of Jeffrey Bruce Owen, Javier San Pedro, Susanne Yeoman, Janet Page, Esther Martinez Parks, Estate of Michael Hastings, Nelson Weyl, John Opatovsky, Angela Massman, Louis Estler, Jr, The Estate of Burton Wherland, Sharon J. Rowan, Estate of Paul Hein, Emanuel Simmons, Ida Decker, Sila V. San Pedro, Sarah Mercer, Keith Estler, Sarah Wherland, Kimmy Wherland, Ronald Duplanity, Johnny Jr. Melendez, Deborah Ryan, Meta Weekes, James Bland, Thurnell Shields, Renard Manley, Charles F. West, Jo Ann Hein, |

| | | Ianthe Weekes, Kathy West, Ronald Walker, Jr, Estate of Bruce Hollingshead, Ernest C. Fuller, Robin Brock, Marilyn Peterson, Nicole Gomez, Jacqueline M. Kunysz, David Penosky, Cesar San Pedro, Kelly Bachlor, Lydia Massman, Robert Rucker, Ruth Ann Bland, Teresa Gunterh, Dudley Decker, Douglas Jason Melendez, Gregory Wherland, Ronald E. Walker, Estate of Michael Mercer, Rick West, Victor J. Hein.(Nudelman, Noel) (Entered: 12/19/2012) |
|---|---|---|
| 12/19/2012 | 848 | ANSWER to Complaint., CROSSCLAIM against All Defendants., COUNTERCLAIM against All Plaintiffs. Document filed by Deborah D. Peterson(personal representative of the Estate of James C. Knipple, et al.).(Vogel, Liviu) (Entered: 12/19/2012) |
| 12/20/2012 | 849 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Deborah D. Peterson(personal representative of the Estate of James C. Knipple, et al.).(Vogel, Liviu) (Entered: 12/20/2012) |
| 12/20/2012 | 850 | ANSWER to Complaint., CROSSCLAIM against All Defendants., COUNTERCLAIM against All Plaintiffs. Document filed by Deborah D. Peterson(personal representative of the Estate of James C. Knipple, et al.).(Vogel, Liviu) (Entered: 12/20/2012) |
| 12/20/2012 | 851 | ANSWER to 828 Counterclaim. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A..(Nevling, J.) (Entered: 12/20/2012) |
| 12/20/2012 | 852 | ANSWER to 829 Counterclaim. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A..(Nevling, J.) (Entered: 12/20/2012) |
| 12/20/2012 | 853 | ANSWER to 821 Counterclaim. Document filed by JP Morgan Chase.(Nevling, J.) (Entered: 12/20/2012) |
| 12/26/2012 | 854 | ANSWER to 834 Counterclaim. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A..(Nevling, J.) (Entered: 12/26/2012) |
| 12/31/2012 | 855 | ANSWER to 839 Counterclaim. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A..(Nevling, J.) (Entered: 12/31/2012) |
| 01/08/2013 | 856 | ENDORSED LETTER addressed to Judge Robert P. Patterson, from Christopher J. Robinson, dated 1/7/2013, re: We represent defendant/third−party plaintiff Citibank, N.A. Citibank hereby seeks a brief extension of time to respond to the Counterclaims until January 16, 2013. ENDORSEMENT: Application granted. So ordered. Citibank, N.A. answer due 1/16/2013. (Signed by Judge Robert P. Patterson on 1/8/2013) (ja) (Entered: 01/08/2013) |
| 01/09/2013 | 857 | ANSWER to 850 Crossclaim. Document filed by Michael Bennett(Individually and as Co−Administrator of the Estate of Marla Ann Bennett).(Bond, Ferris) (Entered: 01/09/2013) |
| 01/09/2013 | 858 | ANSWER to 848 Counterclaim., COUNTERCLAIM against Deborah D. Peterson. Document filed by Jeremy Levin, Lucille Levin.(Smith, Suzelle) (Entered: 01/09/2013) |
| 01/09/2013 | 859 | ANSWER to 850 Counterclaim., COUNTERCLAIM against Deborah D. Peterson. Document filed by Jeremy Levin, Lucille Levin.(Smith, Suzelle) (Entered: 01/09/2013) |
| 01/10/2013 | 860 | ANSWER to 850 Crossclaim. Document filed by JP Morgan Chase, JPMorgan Chase &Co., JPMorgan Chase Bank, N.A..(Nevling, J.) (Entered: 01/10/2013) |
| 01/11/2013 | 861 | JOINT RESPONSE re: 850 Answer to Complaint, Crossclaim, Counterclaim : *Greenbaum And Acosta Judgment Creditors' Joint Answer To Peterson Judgment Creditors' Crssclaims Against Other Third−Party Defendants*. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Mechling, Curtis) (Entered: 01/11/2013) |
| 01/11/2013 | 862 | JOINT RESPONSE : *Greenbaum And Acosta Judgment Creditors' Joint Answer To Peterson Judgment Creditors' Crossclaims Against Other Third−Party Defendants*. Document filed by Carlos Acosta, Maria Acosta, Steven M. Greenbaum. (Mechling, Curtis) (Entered: 01/11/2013) |

| 01/11/2013 | 863 | RESPONSE *to 848 Crossclaims*. Document filed by Estate of Michael Heiser. (Birnbaum, Timothy) (Entered: 01/11/2013) |
| 01/11/2013 | 864 | RESPONSE *to 850 Crossclaims*. Document filed by Estate of Michael Heiser. (Birnbaum, Timothy) (Entered: 01/11/2013) |
| 01/16/2013 | 865 | ANSWER to 845 Counterclaim. Document filed by Citibank, Citibank, N.A..(Schneier, Sharon) (Entered: 01/16/2013) |
| 01/16/2013 | 866 | ANSWER to 847 Counterclaim. Document filed by Citibank, N.A..(Robinson, Christopher) (Entered: 01/16/2013) |
| 01/16/2013 | 867 | ANSWER to 843 Counterclaim. Document filed by Citibank, Citibank, N.A..(Robinson, Christopher) (Entered: 01/16/2013) |
| 01/16/2013 | 868 | ANSWER to 846 Counterclaim. Document filed by Citibank, N.A..(Robinson, Christopher) (Entered: 01/16/2013) |
| 01/16/2013 | 869 | ANSWER to 848 Crossclaim. Document filed by Citibank, Citibank, N.A..(Robinson, Christopher) (Entered: 01/16/2013) |
| 01/16/2013 | 870 | BRIEF re: 844 Answer to Third Party Complaint,,, *Answer by Third Party Plaintiff Citibank, N.A. to Counterclaims of Third−Party Defendants the Heiser Judgment Creditors with Respect to Supplemental Phase Two Assets*. Document filed by Citibank, Citibank, N.A..(Robinson, Christopher) (Entered: 01/16/2013) |
| 01/29/2013 | 871 | ENDORSED LETTER addressed to Judge Robert P. Patterson from J. Kelley Nevling, Jr. dated 1/15/2013 re: I write to request the Court's permission to file a redacted version of JPMorgan's Amended Answer to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint dated October 10,2012, without entering the names of each of the third−party defendants in the course of filing the redacted version electronically, as would otherwise be required. ENDORSEMENT: Application granted in part. Defendants should file the redacted version of JPMorgan's Amended Answer to Amended Counterclaim of Heiser Judgment Creditors and Amended and Supplemental Third Party Complaint dated October 10,2012. On January 31,2013, the Courts ECF shall reflect that all filings should be dated January 31, 2013 nunc pro tunc. SO ORDERED. (Signed by Judge Robert P. Patterson on 1/29/2013) (ama) (Entered: 01/29/2013) |
| 02/01/2013 | 872 | AMENDED ANSWER to 753 Answer to Complaint, Counterclaim,,,,,,,,,,,,,,,,,, THIRD PARTY COMPLAINT against Carlos Acosta, Maria Acosta, Donte Akili Mwaipape, Donti Akili Mwaipape, Alan C. Anderson, Estate of Moses Arnold, Jr, Lolita M. Arnold, Angela E. Barile, Joseph A. Barile, Thomasine Baynard, Linda Bennett, Lisa Bennett, Michael Bennett(Individually and as Co−Administrator of the Estate of Marla Ann Bennett), James Bland, Ruth Ann Bland, Catherine Bonk, John Bonk, Sr, John Brown, John Brown, Rowel Brown, Judy Gorchinski, Steven M. Greenbaum, Bryan Harris, Rose Harris, Alan D. Hayman, Shirlee Hayman, Jennifer Weinstein Hazi, Iranian Islamic Revolutionary Guard Corps., Iranian Ministry of Information and Security, Islamic Republic of Iran, Libby Kahane, Valentine Mathew Katunda, Rizwan Khaliq, John L'Heureux, Jeremy Levin, Lucille Levin, Jenny Christiana Lovblom, Jeffrey A. Miller, Elizabeth Murphy, Elizabetth Murphy(Individually and as Administratrix of the Estate of Terrence Rich), Elizabeth Murphy, Judith Abasi Mwila, James Owens, Deborah D. Peterson(personal representative of the Estate of James C. Knipple, et al.), Deborah D. Peterson, Frank Pressley, Sr, Frank B. Pressley, Jr, Noam Rozenman, Deborah Rubin, Jenny Rubin, Lynne Michol Spencer, The Estate of Anthony Brown, The Estate of James Silvia, Terance J. Valore, David Weinstein, Joseph Weinstein, Susan Weinstein., COUNTERCLAIM against Catherine Adams(individually and as personal representative of the Estate of Christopher Adams), Catherine Adams, Daniel Adams, John E. Adams, Michael T. Adams, Patrick D. Adams, William Adams, William Adams, Bernadine R. Beekman, George M. Beekman, Bridget Brooks, Bessie A. Campbell, Marie R. Campbell, Anthony W. Cartrette, Lewis W. Cartrette, Che G. Colson, Denise M. Eichstaedt, Estate of Brian McVeigh, Estate of Christopher Adams, Estate of Christopher Lester, Estate of Earl F. Cartrette, Jr., Estate of Jeremy Taylor, Estate of Joseph E. Rimkus, Estate of Joshua E. Woody, Estate of Justin R. Wood, Estate of Kendall Kitson, Jr., Estate of Kevin J. Johnson, |

| | | |
|---|---|---|
| | | Estate of Leland Timothy Haun, Estate of Michael Heiser, Estate of Millard D. Campbell, Estate of Patrick Fennig, Estate of Peter J. Morgera, Estate of Thanh Van Nguyen, Estate of Brent E. Marthaler, Catherine Fennig(individually and as personal representative of the Estate of Patrick Fennig), Catherine Fennig, Mark Fennig, Paul D. Fennig, Thaddeus C. Fennig(individually and as personal representative of the Estate of Patrick Fennig), Ibis S. Haun, Senator Haun, Francis Heiser, Gary Heiser, Gary Heiser(individually and as personal representative of the Estate of Michael Heiser), Bruce Johnson, Bruce Johnson, Kevin Johnson(a minor), Laura E. Johnson, Nicholas A. Johnson, Shyrl L. Johnson, Kendall K. Kitson, Nancy R. Kitson(individually and as personal representative of the Estate of Kendall Kitson, Jr.), Nancy A. Kitson, Steve K. Kitson, Cecil Lester, Jr, Cecil H. Lester, Jessica Lester, Judy Lester(individually and as personal representative of the Estate of Christopher Lester), Judy Lester, Herman C. Marthaler, III, Katie L. Marthaler, Kirk Marthaler, Matthew Marthaler, Sharon Marthaler, Michael Morgera(individually and as personal representative of the Estate of Peter Morgera), Thomas Morgera, Christopher R. Nguyen, Milagritos Perez−Dalis, Anne M. Rimkus, James R. Rimkus, Tracey M. Smith, Lawrence Taylor, Starlina D. Taylor, Vicki L Taylor, James V. Wetmore, Sandra M. Wetmore, Elizabeth Wolf, Kathleen M. Wood, Richard W. Wood, Shawn M. Wood, Dawn Woody(individually and as personal representative of the Estate of Joshua Woody), Dawn Woody, Jonica L. Woody, Timothy Woody, Mary Young, Mary Young. Document filed by JPMorgan Chase Bank, N.A.. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G, #8 Exhibit H, #9 Exhibit I (part1), #10 Exhibit I (part2))(Nevling, J.) (Entered: 02/01/2013) |
| 02/07/2013 | 873 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/07/2013) |
| 02/08/2013 | 874 | ENDORSED LETTER addressed to Judge Robert P. Patterson from John W. Karr dated 2/7/2013 re: Counsel requests a brief extension of time, to March l, 2013 to file a responsive pleading to JP Morgan's Amended Answer to Amended Counterclaim of Heiser Judgment Creditors with Counterclaims, and Amended and Supplemental Third−Party Complaint. ENDORSEMENT: So Ordered. Estate of Terrance Rich answer due 3/1/2013; Rose Harris answer due 3/1/2013; Jane L'Heureux answer due 3/1/2013; John E. L'Heureux answer due 3/1/2013; Kerry L'Heureux answer due 3/1/2013; Elizabeth Murphy answer due 3/1/2013; Mary Wells answer due 3/1/2013; Armando J. Ybarra answer due 3/1/2013. (Signed by Judge Robert P. Patterson on 2/8/2013) (ft) (Entered: 02/08/2013) |
| 02/13/2013 | 875 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** MOTION for Joseph B. Tompkins to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208−8229679. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Redacted Third−Party Defendant.. (Attachments: #1 Exhibit Certificates of good standing, #2 Text of Proposed Order)(Tompkins, Joseph) Modified on 2/13/2013 (bcu). (Entered: 02/13/2013) |
| 02/13/2013 | 876 | CERTIFICATE OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran and Account and Wire Transfer Parties (Phase 3) served on the Rubin Parties on February 2, 2013. Service was made by Mail. Document filed by JP Morgan Chase, JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C)(Nevling, J.) (Entered: 02/13/2013) |
| 02/13/2013 | 877 | AFFIDAVIT OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran and Account and Wire Transfer Parties (Phase 3) served on Jeffrey A. Miller on 01/28/2013. Service was accepted by Georgia Marques. Document filed by JP Morgan Chase, JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 02/13/2013) |
| 02/14/2013 | 878 | ENDORSED LETTER addressed to Judge Robert P. Patterson from John W. Karr and Steven Barentzen dated 2/7/2013 re: counsel for Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane |

| | | |
|---|---|---|
| | | L'Heureux, Mary Wells, and Bryan Harris (hereinafter the "Murphy Judgment Creditors") writes to request a brief extension of time, to March 1, 2013, to file a responsive pleading to JP Morgan's Amended Answer to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint. ENDORSEMENT: Application granted. So Orderd. (Signed by Judge Robert P. Patterson on 2/13/2013) (pl) (Entered: 02/14/2013) |
| 02/14/2013 | 879 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/14/2013) |
| 02/15/2013 | 880 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/15/2013) |
| 02/19/2013 | 881 | SEALED DOCUMENT placed in vault.(nm) (Entered: 02/19/2013) |
| 02/20/2013 | 882 | CERTIFICATE OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran and Account and Wire Transfer Parties (Phase 3) served on Susan Weinstein on 2/5/13. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Nevling, J.) (Entered: 02/20/2013) |
| 02/20/2013 | 883 | CERTIFICATE OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran and Account and Wire Transfer Parties (Phase 3) served on David Weinstein on 2/5/13. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Nevling, J.) (Entered: 02/20/2013) |
| 02/20/2013 | 884 | CERTIFICATE OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran and Account and Wire Transfer Parties (Phase 3) served on Joseph Weinstein on 2/5/13. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Nevling, J.) (Entered: 02/20/2013) |
| 02/20/2013 | 885 | CERTIFICATE OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran and Account and Wire Transfer Parties (Phase 3) served on Jennifer Weinstein Hazi on 2/5/13. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Nevling, J.) (Entered: 02/20/2013) |
| 02/21/2013 | 886 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/22/2013) |
| 02/21/2013 | 887 | STIPULATION, ORDER AND JUDGMENT OF DISMISSAL as to Relevant Blocked Assets. (Signed by Judge Robert P. Patterson on 2/20/13) (Attachments: # 1 Notice of Right to Appeal)(ml) (Entered: 02/22/2013) |
| 02/22/2013 | 888 | AFFIDAVIT OF SERVICE. Redacted Third Party Defendant served on 1/28/2013, answer due 2/19/2013. Service was accepted by A. Flores, Process Specialist. Document filed by JPMorgan Chase &Co.; JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 02/22/2013) |
| 03/01/2013 | 889 | AMENDED ANSWER to 872 Amended Answer to Counterclaim, Third Party Complaint,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Document filed by Bryan Harris, Jane L'Heureux, John E. L'Heureux, Kerrie L'Heureux, Elizabeth Murphy, Estate of Terrence Rich, Mary Wells, Armando J. Ybarra. (Karr, John) (Entered: 03/01/2013) |
| 03/07/2013 | 890 | MEMO ENDORSEMENT re: NOTICE OF WITHDRAWAL OF COUNSEL: TO THE CLERK AND ALL PARTIES OF RECORD: Please withdraw the appearance of David Misler, formerly of DLA Piper LLP (US), as counsel of record for Third Party−Defendants, Estate of Michael Heiser, et al., in the above−captioned case. PLEASE TAKE NOTICE that Third Paryt−Defendants, |

| | | Estate of Michael Heiser, et al., continue to be represented in this case by Richard Kremen, Dale Cathell, Cary Samowitz, and Timothy Birnbaum of DLA Piper LLP (US). ENDORSEMENT: Application granted Davide Misler Esq. no longer of counsel in this proceeding So Ordered (Signed by Judge Robert P. Patterson on 3/7/2013) (mt) (Entered: 03/07/2013) |
|---|---|---|
| 03/08/2013 | 891 | CERTIFICATE OF SERVICE of Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran and Account and Wire Transfer Parties (Phase 3) served on Peterson Judgment Creditors, Valore Judgment Creditors, Khaliq Plaintiffs, Owens Plaintiffs, Mwila Plaintiffs, Brown Judgment Creditors, Bland Judgment Creditors, Murphy Judgment Creditors, Bennett Judgment Creditors on 10/25/2012. Service was made by Mail. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 03/08/2013) |
| 03/15/2013 | 893 | CLERK CERTIFICATE OF MAILING of one copy of the SUMMONS ON A THIRD−PARTY COMPLAINT, TRANSLATION OF THE SUMMONS ON A THIRD−PARTY COMPLAINT INTO FARSI, NOTICE OF SUIT, TRANSLATION OF NOTICE OF SUIT INTO FARSI, THE AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED AND SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3) ("AMENDED ANSWER") AND THE EXHIBITS, TRANSLATION OF THE AMENDED ANSWER AND EXHIBITS H AND I THERETO INTO FARSI, STIPULATION AND ORDER REGARDING CONFIDENTIALITY AND FILING DOCUMENTS UNDER SEAL AND AMENDMENTS THERETO, THE ORDER REGARDING NOTICE AND SERVICE OF PROCESS, THE ORDER OF REFERENCE TO A MAGISTRATE JUDGE, THE ORDER REGARDING REDACTIONS, THE INDIVIDUAL PRACTICES OF JUDGE ROBERT P. PATTERSON, JR., ELECTRONIC CASE FILING RULES &INSTRUCTIONS, EACH TRANSLATION INTO FARSI INCLUDES AN ATTACHED CERTIFICATE OF TRANSLATION mailed to IRANIAN REVOLUTIONARY GUARD CORPS., C/O HON. ALI AKBAR SALEHI, IMAM KHOMEINI SQUARE TEHRAN, IRAN on 3/15/2013 by Registered Mail tracking # RE29603080US, to the head of the ministry of foreign affairs, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(3). (jvs) (Entered: 03/21/2013) |
| 03/15/2013 | 895 | CLERK CERTIFICATE OF MAILING of one copy of the SUMMONS ON A THIRD−PARTY COMPLAINT, TRANSLATION OF THE SUMMONS ON A THIRD−PARTY COMPLAINT INTO FARSI, NOTICE OF SUIT, TRANSLATION OF NOTICE OF SUIT INTO FARSI, THE AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED AND SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3) ("AMENDED ANSWER") AND THE EXHIBITS, TRANSLATION OF THE AMENDED ANSWER AND EXHIBITS H AND I THERETO INTO FARSI, STIPULATION AND ORDER REGARDING CONFIDENTIALITY AND FILING DOCUMENTS UNDER SEAL AND AMENDMENTS THERETO, THE ORDER REGARDING NOTICE AND SERVICE OF PROCESS, THE ORDER OF REFERENCE TO A MAGISTRATE JUDGE, THE ORDER REGARDING REDACTIONS, THE INDIVIDUAL PRACTICES OF JUDGE ROBERT P. PATTERSON, JR., ELECTRONIC CASE FILING RULES &INSTRUCTIONS, EACH TRANSLATION INTO FARSI INCLUDES AN ATTACHED CERTIFICATE OF TRANSLATION mailed to IRANIAN MINISTRY OF INFORMATION AND SECURITY C/O HO. ALI AKBAR SALEHI MINISTER OF FOREIGN AFFAIRS, ISLAMIC REPUBLIC OF IRAN, MINISTRY OF FOREIGN AFFAIRS BUILDING, IMAM KHOMEINI SQUARE on 3/15/2013 by Registered Mail tracking # RE296030815US, to the head of the ministry of foreign affairs, pursuant to the provisions of Foreign |

| | | |
|---|---|---|
| | | Services Immunities Act, 28 U.S.C. § 1608(a)(3). (jvs) (Entered: 03/22/2013) |
| 03/15/2013 | 896 | CLERK CERTIFICATE OF MAILING of one copy of the SUMMONS ON A THIRD−PARTY COMPLAINT, TRANSLATION OF THE SUMMONS ON A THIRD−PARTY COMPLAINT INTO FARSI, NOTICE OF SUIT, TRANSLATION OF NOTICE OF SUIT INTO FARSI, THE AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED AND SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3) ("AMENDED ANSWER") AND THE EXHIBITS, TRANSLATION OF THE AMENDED ANSWER AND EXHIBITS H AND I THERETO INTO FARSI, STIPULATION AND ORDER REGARDING CONFIDENTIALITY AND FILING DOCUMENTS UNDER SEAL AND AMENDMENTS THERETO, THE ORDER REGARDING NOTICE AND SERVICE OF PROCESS, THE ORDER OF REFERENCE TO A MAGISTRATE JUDGE, THE ORDER REGARDING REDACTIONS, THE INDIVIDUAL PRACTICES OF JUDGE ROBERT P. PATTERSON, JR., ELECTRONIC CASE FILING RULES &INSTRUCTIONS, EACH TRANSLATION INTO FARSI INCLUDES AN ATTACHED CERTIFICATE OF TRANSLATION mailed to IRANIAN MINISTRY OF INFORMATION AND SECURITY C/O HO. ALI AKBAR SALEHI MINISTER OF FOREIGN AFFAIRS, ISLAMIC REPUBLIC OF IRAN, MINISTRY OF FOREIGN AFFAIRS BUILDING, IMAM KHOMEINI SQUARE mailed to ISLAMIC REPUBLIC OF IRAN C/O HON. ALI AKBAR SALEHI IMAM KHOMEINI SQUARE TEHRAN IRAN on 3/15/2013 by Registered Mail tracking # RE296030792US, to the head of the ministry of foreign affairs, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(3). (jvs) (Entered: 03/22/2013) |
| 03/20/2013 | 892 | SEALED DOCUMENT placed in vault.(mps) (Entered: 03/20/2013) |
| 03/22/2013 | 894 | MOTION for Lauren Catherine Genvert to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208−8348605. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Estate of Michael Heiser. (Attachments: #1 Exhibit Certificates Of Good Standing, #2 Text of Proposed Order Proposed Order)(Genvert, Lauren) (Entered: 03/22/2013) |
| 04/03/2013 | 897 | ORDER FOR ADMISSION PRO HAC VICE granting 894 Motion for Lauren C. Genvert to Appear Pro Hac Vice. IT IS HEREBY ORDERED that upon payment of the required fee to the Clerk of the Court, Applicant is admitted to practice Pro Hac Vice in the above entitled action in the United States District Court for the Southern District of New York. (Signed by Judge Robert P. Patterson on 3/25/2013) (lmb) (Entered: 04/03/2013) |
| 04/16/2013 | 898 | Letter addressed to Judge Robert P. Patterson from Eric J. Synder dated 4/15/2013 re: We write regarding the application to the Office of Foreign Assets Control ("OFAC"), described in our October 19, 2012 letter (Docket No. 816).(lmb) (Entered: 04/16/2013) |
| 04/19/2013 | 899 | CLERK CERTIFICATE OF MAILING of two copies of the Summons on a Third Party complaint into Farsi, Notice of Suit, a translation of the Notice of suit into Farsi. The Amended Answer of JP Morgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran, and Account and Wire Transfer Parties (Phase 3) (Amended Answer) and the exhibits thereto, a translation of the Amended Answer and Exhibits H and I thereto into Farsi, the Stipulation and Order regarding confidentiality and filing documents under seal and amendments thereto, the Order Regarding Notice and Service of Process, the Order of Reference to A Magistrate Judge, the Order regarding redactions, the Individual Practices of Judge Robert P. Patterson, Jr. and the Electronic Case Filing Rules &Instructions. Each translation into Farsi includes an attached certificate of translation. Check for $2,275.00 made out to the U.S. Embassy mailed to UNITED STATES DEPARTMENT OF STATE, DIRECTOR, OVERSEA CITIZENS SERVICES, OFFICE OF LEGAL AFFAIRS (CA/OCS/L) U.S. DEPARTMENT OF STATE, SA−29, 4TH FL. 2201 |

| | | |
|---|---|---|
| | | C STREET NW, WASHINGTON D.C. 20520 on 4/19/2013 by Federal Express tracking # 8022 9743 2720, to the Secretary of State, Attn: Director of Consular Services, Office of Policy Review and Inter−Agency Liaison (CA/OCS/PRI), U.S. Department of State, SA−29, 4th Floor, 2201 C Street NW, Washington, DC 20520, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(4). (jvs) (Entered: 04/19/2013) |
| 04/19/2013 | 900 | CLERK CERTIFICATE OF MAILING of two copies of the Summons on a Third Party complaint into Farsi, Notice of Suit, a translation of the Notice of suit into Farsi. The Amended Answer of JP Morgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran, and Account and Wire Transfer Parties (Phase 3) (Amended Answer) and the exhibits thereto, a translation of the Amended Answer and Exhibits H and I thereto into Farsi, the Stipulation and Order regarding confidentiality and filing documents under seal and amendments thereto, the Order Regarding Notice and Service of Process, the Order of Reference to A Magistrate Judge, the Order regarding redactions, the Individual Practices of Judge Robert P. Patterson, Jr. and the Electronic Case Filing Rules &Instructions. Each translation into Farsi includes an attached certificate of translation. Check for $2,275.00 made out to the U.S. Embassy. mailed to United States Department of State,Director, Overseas Citizens Services,Office of Legal Affairs (CA/OCS/L),U.S. Department of State, SA−29, 4th Floor, 2201 C Street NW, Washington, DC 20520 on 4/19/2013 by Federal Express tracking # 8022 9743 2709, to the Secretary of State, Attn: Director of Consular Services, Office of Policy Review and Inter−Agency Liaison (CA/OCS/PRI), U.S. Department of State, SA−29, 4th Floor, 2201 C Street NW, Washington, DC 20520, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(4). (jvs) (Entered: 04/19/2013) |
| 04/19/2013 | 901 | CLERK CERTIFICATE OF MAILING of two copies of the Summons on a Third Party complaint into Farsi, Notice of Suit, a translation of the Notice of suit into Farsi. The Amended Answer of JP Morgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third−Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran, and Account and Wire Transfer Parties (Phase 3) (Amended Answer) and the exhibits thereto, a translation of the Amended Answer and Exhibits H and I thereto into Farsi, the Stipulation and Order regarding confidentiality and filing documents under seal and amendments thereto, the Order Regarding Notice and Service of Process, the Order of Reference to A Magistrate Judge, the Order regarding redactions, the Individual Practices of Judge Robert P. Patterson, Jr. and the Electronic Case Filing Rules &Instructions. Each translation into Farsi includes an attached certificate of translation. Check for $2,275.00 made out to the U.S. Embassy mailed to Director of Consular Services, Office of Policy Review and Inter−Agency Liaison (CA/OCS/PRI), U.S. Department of State, SA−29, 4th Floor, 2201 C Street NW, Washington, DC 20520 on 4/19/2013 by Federal Express tracking # 8022 9743 2710, to the Secretary of State, Attn: Director of Consular Services, Office of Policy Review and Inter−Agency Liaison (CA/OCS/PRI), U.S. Department of State, SA−29, 4th Floor, 2201 C Street NW, Washington, DC 20520, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(4). (jvs) (Entered: 04/19/2013) |
| 07/11/2013 | 902 | CLERK CERTIFICATE OF MAILING of one copy of the COPIES IN BOTH ENGLISH AND FARSI, OPERATIVE COMPLAINT, AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST THE JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3), NOTICE OF JUDGMENT DEBTOR, JUDGMENT AND AFFIDAVITS FROM THE TRANSLATORS STATING THEIR QUALIFICATIONS AND THAT THE TRANSLATIONS ARE ACCURATE. FARSI IS THE OFFICIAL LANGUAGE OF THE REPUBLIC OF IRAN. mailed to ISLAMIC REPUBLIC OF IRAN, ATTN: ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTERY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN on 7/9/2013 by DHL tracking # 842 3142 836, to the head of the ministry of foreign |

| | | |
|---|---|---|
| | | affairs, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(3). (jvs) (Entered: 07/11/2013) |
| 07/11/2013 | 903 | CLERK CERTIFICATE OF MAILING of one copy of the COPIES IN BOTH ENGLISH AND FARSI, OPERATIVE COMPLAINT, AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST THE JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3), NOTICE OF JUDGMENT DEBTOR, JUDGMENT AND AFFIDAVITS FROM THE TRANSLATORS STATING THEIR QUALIFICATIONS AND THAT THE TRANSLATIONS ARE ACCURATE. FARSI IS THE OFFICIAL LANGUAGE OF THE REPUBLIC OF IRAN mailed to ISLAMIC REPUBLIC OF IRAN, ATTN: ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN on 7/9/2013 by DHL tracking # 842 3142 836, to the head of the agency or instrumentality of the foreign state, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(b)(3)(B). (jvs) (Entered: 07/11/2013) |
| 07/11/2013 | 904 | CLERK CERTIFICATE OF MAILING of one copy of the COPIES IN BOTH ENGLISH AND FARSI, OPERATIVE COMPLAINT, AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST THE JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3), NOTICE OF JUDGMENT DEBTOR, JUDGMENT AND AFFIDAVITS FROM THE TRANSLATORS STATING THEIR QUALIFICATIONS AND THAT THE TRANSLATIONS ARE ACCURATE. FARSI IS THE OFFICIAL LANGUAGE OF THE REPUBLIC OF IRAN. mailed to ISLAMIC REPUBLIC OF IRAN, ATTN: ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN mailed to IRANIAN ISLAMIC REVOLUTIONARY GUARD CORP, ATTN: HON. ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN on 7/9/2013 by DHL tracking # 842 3142 851, to the head of the ministry of foreign affairs, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(3). (jvs) (Entered: 07/11/2013) |
| 07/11/2013 | 905 | CLERK CERTIFICATE OF MAILING of one copy of the COPIES IN BOTH ENGLISH AND FARSI, OPERATIVE COMPLAINT, AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST THE JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3), NOTICE OF JUDGMENT DEBTOR, JUDGMENT AND AFFIDAVITS FROM THE TRANSLATORS STATING THEIR QUALIFICATIONS AND THAT THE TRANSLATIONS ARE ACCURATE. FARSI IS THE OFFICIAL LANGUAGE OF THE REPUBLIC OF IRAN. mailed to ISLAMIC REPUBLIC OF IRAN, ATTN: ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN mailed to IRANIAN ISLAMIC REVOLUTIONARY GUARD CORP, ATTN: HON. ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN mailed to IRANIAN ISLAMIC REVOLUTIONATY GUARD CORP, ATTN: HON. ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN on 7/9/2013 by DHL tracking # 842 3142 851, to the head of the agency or instrumentality of the foreign state, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(b)(3)(B). (jvs) (Entered: 07/11/2013) |
| 07/11/2013 | 906 | CLERK CERTIFICATE OF MAILING of one copy of the COPIES IN BOTH ENGLISH AND FARSI, OPERATIVE COMPLAINT, AMENDED ANSWER OF |

| | | |
|---|---|---|
| | | JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST THE JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3), NOTICE OF JUDGMENT DEBTOR, JUDGMENT AND AFFIDAVITS FROM THE TRANSLATORS STATING THEIR QUALIFICATIONS AND THAT THE TRANSLATIONS ARE ACCURATE. FARSI IS THE OFFICIAL LANGUAGE OF THE REPUBLIC OF IRAN mailed to IRANIAN MINISTRY OF INFORMATION AND SECURITY, ATTN: HON. ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN on 7/9/2013 by DHL tracking # 842 3142 840, to the head of the agency or instrumentality of the foreign state, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(b)(3)(B). (jvs) (Entered: 07/11/2013) |
| 07/11/2013 | 907 | CLERK CERTIFICATE OF MAILING of one copy of the COPIES IN BOTH ENGLISH AND FARSI, OPERATIVE COMPLAINT, AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED SUPPLEMENTAL THIRD−PARTY COMPLAINT AGAINST THE JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3), NOTICE OF JUDGMENT DEBTOR, JUDGMENT AND AFFIDAVITS FROM THE TRANSLATORS STATING THEIR QUALIFICATIONS AND THAT THE TRANSLATIONS ARE ACCURATE. FARSI IS THE OFFICIAL LANGUAGE OF THE REPUBLIC OF IRAN mailed to IRANIAN MINISTRY OF INFORMATION AND SECURITY, ATTN: HON. ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN mailed to IRANIAN MINISTRY OF INFORMATION AND SECURITY, ATTN: HON. ALI AKBAR SALEHI, FOREIGN MINISTER, MINISTRY OF FOREIGN AFFAIRS, IMAM KHOMEINI SQUARE, TEHRAN, IRAN on 7/9/2013 by DHL tracking # 842 3142 840, to the head of the ministry of foreign affairs, pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(3). (jvs) (Entered: 07/11/2013) |
| 07/16/2013 | 908 | LETTER addressed to Ruby J. Krajick from William P. Fritzlen dated 7/9/2013 re: I am writing regarding the Court's request for summonses, complaints and notices of suit pursuant to 28 U.S.C. 1608(a)(4) upon defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Revolutionary Guard Corps in the above mentioned lawsuit. (lmb) (Entered: 07/16/2013) |
| 07/17/2013 | 909 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Petek Gunay dated 7/15/2012 re: As I am no longer associated with Salon Marrow and I do not otherwise represent the Peterson Parties, I respectfully request that Your Honor issue an order permitting me to withdraw from this action and to be removed from its docket by so−ordering this letter. ENDORSEMENT: So ordered., Attorney Petek Gunay terminated. (Signed by Judge Robert P. Patterson on 7/17/2013) (lmb) (Entered: 07/17/2013) |
| 07/23/2013 | 910 | ENDORSED LETTER addressed to Judge Robert P. Patterson, Jr. from Jeremy S. Rosof dated 7/22/2013 re: I respectfully request that the Court direct the Clerk of Court to remove the undersigned from the Court's docket and ECF distribution/service list in this matter by so−ordering this letter. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 7/22/2013) (rjm) (Entered: 07/23/2013) |
| 07/26/2013 | 911 | NOTICE OF CHANGE OF ADDRESS by Anna Liza Robles Mercado on behalf of HSBC Bank USA, N.A.. New Address: Phillips Lytle LLP, The New York Times Building, 620 Eighth Avenue, 23rd Floor, New York, New York, USA 10018, 212−759−4888. (Mercado, Anna Liza) (Entered: 07/26/2013) |
| 08/01/2013 | 912 | MOTION for Drew A. Harker to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208−8744866. **Motion and supporting papers to be reviewed by** |

| | | |
|---|---|---|
| | | **Clerk's Office staff.** Document filed by United Overseas Bank Limited. (Attachments: # 1 Exhibit District of Columbia certificate of good standing, # 2 Text of Proposed Order)(Harker, Drew) (Entered: 08/01/2013) |
| 08/05/2013 | 913 | ORDER FOR ADMISSION PRO HAC VICE granting 912 Motion for Drew A. Harker to Appear Pro Hac Vice. It is hereby Ordered that upon paying the required fee to the Clerk of the Court, Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court tor the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Robert P. Patterson on 8/2/2013) (rjm) (Entered: 08/06/2013) |
| 09/09/2013 | 914 | LETTER MOTION for Extension of Time addressed to Judge Robert P. Patterson from Gina Venezia dated 09/9/2013. Document filed by redacted third−party(Redacted Third−Party Defendant). Return Date set for 9/12/2013 at 05:00 PM.(Venezia, Gina) (Entered: 09/09/2013) |
| 09/11/2013 | 915 | SEALED DOCUMENT placed in vault.(nm) (Entered: 09/11/2013) |
| 09/12/2013 | 916 | LETTER MOTION for Extension of Time addressed to Judge Robert P. Patterson from Gina Venezia dated September 12, 2013. Document filed by Redacted Third Party Defendant. Return Date set for 9/20/2013 at 05:00 PM.(Venezia, Gina) (Entered: 09/12/2013) |
| 09/12/2013 | 917 | JOINT MOTION for Partial Summary Judgment. Document filed by Carlos Acosta, Estate of Michael Heiser, Steven M. Greenbaum, Jeremy Levin.(Mechling, Curtis) (Entered: 09/12/2013) |
| 09/12/2013 | 918 | DECLARATION of Curtis C. Mechling in Support re: 917 JOINT MOTION for Partial Summary Judgment.. Document filed by Carlos Acosta, Estate of Michael Heiser, Steven M. Greenbaum, Jeremy Levin. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18)(Mechling, Curtis) (Entered: 09/12/2013) |
| 09/12/2013 | 919 | MEMORANDUM OF LAW in Support re: 917 JOINT MOTION for Partial Summary Judgment.. Document filed by Carlos Acosta, Estate of Michael Heiser, Steven M. Greenbaum, Jeremy Levin. (Mechling, Curtis) (Entered: 09/12/2013) |
| 09/12/2013 | 920 | RULE 56.1 STATEMENT. Document filed by Carlos Acosta, Estate of Michael Heiser, Steven M. Greenbaum, Jeremy Levin. (Mechling, Curtis) (Entered: 09/12/2013) |
| 09/13/2013 | 921 | SEALED DOCUMENT placed in vault.(nm) (Entered: 09/13/2013) |
| 09/13/2013 | 922 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/13/2013) |
| 09/18/2013 | 923 | LETTER addressed to Judge Robert P. Patterson from Richard M. Kremen dated 09/18/13 re: Joint Motion for Partial Summary Judgment [Dkt. 917]. Document filed by Estate of Michael Heiser.(Kremen, Richard) (Entered: 09/18/2013) |
| 09/20/2013 | 924 | MEMO ENDORSEMENT on re: 923 Letter filed by Estate of Michael Heiser. ENDORSEMENT: Application granted. Answering papers due 9/27/13. Reply papers due 10/3/13. Argument 10/4/13. Set Deadlines/Hearing as to 923 Letter, 917 JOINT MOTION for Partial Summary Judgment: Responses due by 9/27/2013, Replies due by 10/3/2013. (Signed by Judge Robert P. Patterson on 9/20/2013) (tn) (Entered: 09/20/2013) |
| 09/23/2013 | 925 | OPINION AND ORDER. #103615 For the reasons stated in this Opinion and Order, the Judgment Creditors' motion for partial summary judgment with respect to the Phase Two Blocked Assets is granted. The Banks are hereby ordered to turn over the Phase Two Blocked Assets with accrued interest to the Judgment Creditors in accordance with the protocol designated by the Judgment Creditors. re: 763 JOINT MOTION for Partial Summary Judgment *By The Greenbaum, Acosta, Heiser And Levin Judgment Creditors* filed by Maria Acosta, Steven M. Greenbaum, Carlos Acosta. (Signed by Judge Robert P. Patterson on 9/19/2013) Copies Sent By Chambers via email. All other counsel of record notified by ECF. |

**A-37**

| | | |
|---|---|---|
| | | (rjm) Modified on 9/24/2013 (ca). (Entered: 09/23/2013) |
| 09/23/2013 | 926 | LETTER addressed to Sean M. Thornton, Chief Counsel from Judge Robert P. Patterson, Jr. dated 12/11/2009 re: This Court has before it a collection execution and garnishment action (against blocked assets of Iran) filed in this Court on June 22, 2009 based on a judgment against the Islamic Republic of Iran ("Iran") and Iranian−related entities under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(7) and § 1610, and the Terrorism Risk Insurance Act of 2002, Public Law No. 107−297, 116 Stat. 2322, § 201(a) ("TRIA"), entered by the United States District Court for the District of Columbia for compensatory damages of $28,807,719, after what appears to be an undefended hearing. See Levin v. Republic of Iran, 529 F. Supp. 2d 1 (D.D.C. 2007). (rjm) Modified on 9/26/2013 (rjm). Modified on 9/30/2013 (rjm). (Entered: 09/23/2013) |
| 09/23/2013 | 927 | LETTER addressed to Harold Hongju Koh Office of the Legal Advisor from Judge Robert P. Patterson, Jr. dated 12/11/2009 re: This Court has before it a collection execution and garnishment action (against blocked assets of Iran) filed in this Court on June 22, 2009 based on a judgment against the Islamic Republic of Iran ("Iran") and Iranian−related entities under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C § 1605(a)(7) and § 1610, and the Terrorism Risk Insurance Act of 2002, Public Law No. 107−297, 116 Stat. 2322, § 201(a) ("TRIA"), entered by the United States District Court for the District of Columbia for compensatory damages of $28,807,719, after what appears to be an undefended hearing. See Levin v. Republic of Iran, 529 F. Supp. 2d 1 (D.D.C 2007). (rjm) Modified on 9/26/2013 (rjm). Modified on 9/30/2013 (rjm). (Entered: 09/23/2013) |
| 09/23/2013 | 932 | LETTER addressed to Sean M. Thornton from Judge Robert P. Patterson, Jr. dated 12/11/2009 re: At the request of counsel for the defendant banks, the Court invites OFAC to submit a statement of interest in this matter advising the Court as to whether the United States Government currently maintains an interest in the blocked assets in question and whether OFAC should be joined as a party in this action. (tn) (Entered: 09/30/2013) |
| 09/24/2013 | 928 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/24/2013) |
| 09/24/2013 | 929 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/24/2013) |
| 09/27/2013 | 930 | SEALED DOCUMENT placed in vault.(mps) (Entered: 09/27/2013) |
| 09/27/2013 | 931 | RESPONSE to Motion re: 917 JOINT MOTION for Partial Summary Judgment.. Document filed by JPMorgan Chase &Co., JPMorgan Chase Bank, N.A.. (Nevling, J.) (Entered: 09/27/2013) |
| 10/01/2013 | 933 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Suzelle M. Smith dated 9/30/2013 re: I write to respectfully request that the Court allow myself and my associate, Jessica Rankin, to appear telephonically at the October 4, 2013 hearing. ENDORSEMENT: Just give my Chambers a contact number for 10/4/13. Application granted. So ordered. (Signed by Judge Robert P. Patterson on 10/1/2013) (rjm) (Entered: 10/01/2013) |
| 10/02/2013 | 934 | LETTER addressed to Judge Robert P. Patterson from David H. Fromm dated October 2, 2013 re: Phase II Judgment. Document filed by Redacted Third Party Defendant.(Fromm, David) (Entered: 10/02/2013) |
| 10/04/2013 | 935 | LETTER addressed to Judge Robert P. Patterson from Richard M. Kremen dated October 4, 2013 re: Letter from counsel for the Central Bank of Nigeria and the Court's Memorandum Opinion and Order dated September 19, 2013. Document filed by Estate of Michael Heiser.(Kremen, Richard) (Entered: 10/04/2013) |
| 10/10/2013 | 936 | JUDGMENT AND ORDER DIRECTING TURNOVER OF FUNDS AND DISCHARGE that summary judgment is entered in favor of the Judgment Creditors and against BNYM, SoGen, Citibank, JPMorgan, and.... with respect to the Phase Two Assets. (Signed by Judge Robert P. Patterson on 10/09/13) (Attachments: # 1 Notice of Right to Appeal)(ml) (Entered: 10/11/2013) |
| 10/11/2013 | 937 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/11/2013) |

| 10/15/2013 | 938 | LETTER addressed to Judge Robert P. Patterson from Richard M. Kremen dated October 15, 2013 re: Letter dated October 11, 2013 (Dkt. Entry No. 937). Document filed by Estate of Michael Heiser.(Kremen, Richard) (Entered: 10/15/2013) |
| --- | --- | --- |
| 10/15/2013 | 939 | ENDORSED LETTER addressed to Judge Robert P. Patterson from Eric J. Snyder and Scott K. McCulloch dated 10/11/2013 re: In light of the above, we respectfully request that the Court clarify that, per the Summary Judgment Order, the release of all blocked funds remains stayed unless or until OFAC may deny the pending license application. ENDORSEMENT: Application granted. The Summary Judgment order as regards the blocked funds in question is stayed pending OFAC's determination of the pending claim to such funds. SO ORDERED. (Signed by Judge Robert P. Patterson on 10/15/2013) (ama) (Entered: 10/15/2013) |
| 10/16/2013 | 940 | MEMO ENDORSEMENT on re: 938 Letter filed by Estate of Michael Heiser. ENDORSEMENT: Application granted. So ordered. (Signed by Judge Robert P. Patterson on 10/15/2013) (rjm) (Entered: 10/16/2013) |
| 10/17/2013 | 941 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/17/2013) |
| 10/17/2013 | 942 | SEALED DOCUMENT placed in vault.(mps) (Entered: 10/17/2013) |
| 10/23/2013 | 943 | NOTICE OF APPEAL from 936 Judgment,. Document filed by Central Bank of Nigeria. Filing fee $ 455.00, receipt number 0208−9003319. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Fromm, David) (Entered: 10/23/2013) |
| 10/31/2013 | 944 | JUDGMENT AND ORDER DIRECTING TURNOVER OF FUNDS AND DISCHARGE: The Motion is granted and Summary Judgment is entered in favor of Judgment Creditors against JPMorgan with respect to the subject assets. (Signed by Judge Robert P. Patterson on 10/31/2013) (Attachments: # 1 Notice of Right to Appeal)(dt) (Entered: 11/01/2013) |
| 11/04/2013 | 945 | SEALED DOCUMENT placed in vault.(nm) (Entered: 11/04/2013) |
| 11/25/2013 | 946 | TRANSCRIPT of Proceedings re: conference held on 11/13/2012 before Judge Robert P. Patterson. Court Reporter/Transcriber: Carol Ganley, (212) 805−0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/19/2013. Redacted Transcript Deadline set for 12/30/2013. Release of Transcript Restriction set for 2/27/2014.(McGuirk, Kelly) (Entered: 11/25/2013) |
| 11/25/2013 | 947 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a conference proceeding held on 11/13/12 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 11/25/2013) |

A-39

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | **FILED UNDER SEAL** |
| -against- | : | |
| BANK OF NEW YORK, JP MORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK, | : | |
| Defendants. | : | |

-------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,                    :

               Third-Party Plaintiffs,                    :

        -against-                    :

:

:

:

:

:

:                    **ADDITIONAL AMENDED**
**AND SUPPLEMENTAL**
:                    **THIRD-PARTY**
**COMPLAINT OF**
:                    **JPMORGAN CHASE**
**PARTIES AGAINST**
:                    **WIRE TRANSFER AND**
**ACCOUNT PARTIES____**

:



:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:



:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

:

|   | : |
|   | : |
|   | : |
|   | : |
|   | : |
|   | : |
|   | : |
|   | : |
|   | : |

ISLAMIC REPUBLIC OF IRAN, IRANIAN MINISTRY OF INFORMATION AND SECURITY, and IRANIAN ISLAMIC REVOLUTIONARY GUARD CORPS, ALSO KNOWN AS IRANIAN REVOLUTIONARY GUARD CORPS,

:

:

:

:

Third-Party Defendants.

-------------------------------------------------------x

Defendants and Third-Party Plaintiffs JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, as their additional amended and supplemental third-party complaint (the "Additional Third-Party Complaint"), allege as follows:

<u>Nature of the Proceedings</u>

1.      JPMorgan has filed this Additional Third-Party Complaint pursuant to section 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure (these Rules will be cited herein as "Rule __"), sections 1335 and 2361 of Title 28, United States Code, section 134 of the New

5

Case 13-4711, Document 50, 04/21/2014, 1206325, Page54 of 288

York Banking Law, CPLR § 1006 and an order of the United States District Court for the Southern District of New York (the "Court") dated September 16, 2011, in order to seek a determination from the Court as to the rights, if any, of plaintiffs Jeremy and Lucille Levin (the "Levins") and certain other persons named as third-party defendants herein in the funds held by JPMorgan that the Levins, and/or various other parties, including persons who have filed counterclaims to JPMorgan's previous third-party complaints in this proceeding, are seeking to have turned over to them in order to satisfy their judgments against the Islamic Republic of Iran, the Iranian Ministry of Information and Security and/or the Iranian Islamic Revolutionary Guard Corps (the term "Iran" will be used herein to refer to one or more or all of these parties, depending on the context). The funds in question are being held in blocked accounts, as required by regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury that apply to, inter alia, entities that may be agencies or instrumentalities of, or owned or controlled directly or indirectly by, Iran and that have been designated by OFAC as subject to such regulations. The persons named as third-party defendants in this Additional Third-Party Complaint who may have claims to or interests in these funds include (1) account holders of any blocked deposit accounts held by JPMorgan that have been blocked pursuant to OFAC Regulations applicable to persons or entities that are agencies or instrumentalities of, or owned or controlled directly or indirectly by, Iran, or other persons who may have an interest in or claim to the funds in any such account, (2) originators or beneficiaries of or bank parties to any blocked wire transfers that were blocked pursuant to such OFAC Regulations, or other

persons who may have an interest in or claim to the proceeds of any such wire transfer, and (3) Iran.

   2. JPMorgan has filed this Additional Third-Party Complaint in order to bring such persons before the Court as third-party defendants, so that they will have the opportunity to be heard and to assert any claims they may have to the funds at issue in this proceeding that are being held by JPMorgan and obtain a determination by the Court of their rights, if any, with respect to such funds.  This Additional Third-Party Complaint supersedes JPMorgan's amended and supplemental third-party complaint dated September 21, 2011 (the "September 21, 2011 Third-Party Complaint") as to the persons named as third-party defendants in this Additional Third-Party Complaint.  This Additional Third-Party Complaint does not supersede the September 21, 2011 Third-Party Complaint as to persons who are named as third-party defendants in that pleading but not this one, and they remain obligated to file timely answers to the September 21, 2011 Third-Party Complaint.

   3. This third-party proceeding may be the only chance for persons named as third-party defendants in this Additional Third-Party Complaint to assert any claim or interest they may have in the funds, property and assets that are involved in this proceeding.  Unless such persons file an answer to this Additional Third-Party Complaint within the time specified in the third-party summons and appear in this case to assert their rights or claims, they may lose any claim, right or interest they may have in the funds involved in this proceeding, and those funds may be turned over to the Levins or others who have appeared in this case and demanded that such funds be turned over to them.

<u>The Third-Party Plaintiffs</u>

4.     Defendant and Third-Party Plaintiff JPMorgan Chase & Co. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the County and State of New York.

5.     Defendant and Third-Party Plaintiff JPMorgan Chase Bank, N.A. ("JPMCB") is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the County and State of New York.

<u>The Third-Party Defendants</u>

6.     Upon information and belief, Third-Party Defendant [redacted] is a corporation or legal entity organized and existing under the laws of [redacted] with its principal place of business in [redacted].  Upon information and belief, [redacted] is or was a department or part of [redacted].

7.     Upon information and belief, Third-Party Defendant [redacted] is a corporation or legal entity organized and existing under the laws of [redacted] with its principal place of business in [redacted].  Upon information and belief, [redacted] may be the successor entity to [redacted] as the result of a merger in 2007 between [redacted] and [redacted].

8.     Upon information and belief, Third-Party Defendant [redacted] is a [redacted] organized and existing under the laws of the Islamic Republic of Iran (the "IRI") with its principal place of business in [redacted].

8

9.   Upon information and belief, Third-Party Defendant ▇▇▇▇▇▇ ▇▇▇▇▇▇ is a citizen of ▇▇▇▇

10.   Upon information and belief, Third-Party Defendant ▇▇▇▇▇▇ ▇▇▇▇▇▇ is a citizen of ▇▇▇▇▇ .

11.   Upon information and belief, Third-Party Defendant ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is a bank organized and existing under the laws of ▇▇▇▇ with its principal place of business in ▇▇▇▇ . Upon information and belief, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ is the successor entity to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ .

12.   Upon information and belief, Third-Party Defendant ▇▇▇▇▇▇ is a bank organized and existing under the laws of ▇▇▇ with its principal place of business in ▇▇▇

13.   Upon information and belief, Third-Party Defendant ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is either a branch of ▇▇▇▇▇▇ or a bank organized and existing under the laws of ▇▇▇▇ with its principal place of business in ▇▇▇▇ and a direct or indirect subsidiary of ▇▇▇▇▇▇

14.   Upon information and belief, Third-Party Defendant ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is a corporation or legal entity organized and existing under the laws of ▇▇▇ with its principal place of business in ▇▇▇

15.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮▮▮▮▮▮▮

16.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮

17.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮▮▮ is a bank organized and existing under the laws of ▮▮▮▮▮ with its principal place of business in ▮▮▮▮

18.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮▮ ▮▮▮▮ is a bank organized and existing under the laws of ▮▮▮▮ with its principal place of business in ▮▮▮▮

19.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮▮ ▮▮▮▮▮▮ is a branch of ▮▮▮▮▮▮▮ or a bank organized and existing under the laws of ▮▮▮▮▮▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮

20.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ is a branch of ▮▮▮▮▮▮▮▮ or a bank organized and existing under the laws of ▮▮▮▮▮▮▮▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮▮

21.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮▮ ▮▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮▮

22.     Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ with its principal place of business in ▓▓▓▓.

23.     Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓ with its principal place of business in ▓▓▓▓.

24.     Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓ with its principal place of business in ▓▓▓.

25.     Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓▓ with its principal place of business in ▓▓▓▓.

26.     Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓ is a national banking association organized and existing under the laws of ▓▓▓ ▓▓▓▓ with its principal place of business in ▓▓▓▓▓▓.

27.     Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓ with its principal place of business in ▓▓▓.

28.      Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮▮

29.      Upon information and belief, Third-Party Defendant ▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮ with its principal place of business in ▮▮

30.      Upon information and belief, Third-Party Defendant ▮▮▮▮▮▮▮ is a citizen of ▮▮▮▮

31.      Upon information and belief, Third-Party Defendant ▮▮▮▮▮▮ ▮▮▮▮ is a bank organized and existing under the laws of ▮▮▮▮ with its principal place of business in ▮▮▮

32.      Upon information and belief, Third-Party Defendant ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮ with its principal place of business in ▮▮

33.      Upon information and belief, third-party defendant ▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮▮ with its principal place of business in ▮▮▮▮▮

34.      Upon information and belief, third-party defendant ▮▮▮▮▮ is a regional office of ▮▮▮ or a corporation or legal entity organized and existing under the laws of ▮▮▮ with its principal place of business in ▮▮▮▮

35.      Upon information and belief, Third-Party Defendant ▮▮▮ is a citizen of ▮▮▮▮▮▮▮

12

36.    Upon information and belief, Third-Party Defendant ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ is a corporation organized and existing under the laws of ▮▮▮▮▮ with its

principal place of business in ▮▮▮▮▮▮

37.    Upon information and belief, Third-Party Defendant ▮▮▮▮

▮▮▮▮▮▮▮▮▮ is a bank organized and existing under the laws of ▮▮▮▮ with its principal

place of business in ▮▮▮▮

38.    Upon information and belief, Third-Party Defendant ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ is a branch of ▮▮▮▮▮▮▮▮▮▮ or a bank organized and

existing under the laws of ▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮

39.    Upon information and belief, Third-Party Defendant ▮▮▮▮

▮▮▮▮▮▮▮▮▮ is a bank organized and existing under the laws of ▮▮▮▮ with its

principal place of business in ▮▮▮▮▮

40.    Upon information and belief, Third-Party Defendant ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a corporation or legal

entity organized and existing under the laws of ▮▮▮▮▮ with its principal place of business

in ▮▮▮▮

41.    Upon information and belief, Third-Party Defendant ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a corporation or legal entity

organized and existing under the laws of ▮▮▮▮ with its principal place of business in

▮▮▮▮

42.    Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨▨ with its principal place of business in ▨▨▨. Upon information and belief, ▨▨▨▨▨▨▨ is the successor entity as the result of a merger in 2007 between ▨▨▨▨▨▨▨▨▨▨ and ▨▨▨▨▨▨▨▨▨▨▨▨.

43.    Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨.

44.    Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨ is a citizen of ▨▨▨.

45.    Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨.

46.    Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨.

47.    Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨.

48.    Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨.

49.    Upon information and belief, Third-Party Defendant ██████ is a bank organized and existing under the laws of ████ with its principal place of business in ████

50.    Upon information and belief, Third-Party Defendant ██████ is a branch of ██████████ or a bank organized and existing under the laws of ████ with its principal place of business in ██████

51.    Upon information and belief, Third-Party Defendant ██████████ is a corporation or legal entity organized and existing under the laws of ██████████ with its principal place of business in ██████ ██████████

52.    Upon information and belief, Third-Party Defendant ██████ ████████████████████ is a corporation or legal entity organized and existing under the laws of ████ with its principal place of business in ████

53.    Upon information and belief, Third-Party Defendant ██████ ██████ is a bank organized and existing under the laws of ████ with its principal place of business in ██████

54.    Upon information and belief, Third-Party Defendant ██████ ████████████████████ is a bank organized and existing under the laws of ████ with its principal place of business in ██████

55.    Upon information and belief, Third-Party Defendant ██████ ████████████████████ is a corporation or

legal entity organized and existing under the laws of ▓▓▓ with its principal place of business in ▓▓▓

56.   Upon information and belief, Third-Party Defendant ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a branch of ▓▓▓▓▓▓▓ or a bank organized and existing under the laws of ▓▓▓▓▓▓▓▓▓▓▓▓▓ with its principal place of business in ▓▓▓▓

57.   Upon information and belief, Third-Party Defendant ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓ with its principal place of business in ▓▓▓.

58.   Upon information and belief, Third-Party Defendant ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓▓ with its principal place of business in ▓▓▓▓

59.   Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓▓ with its principal place of business in ▓▓▓

60.   Upon information and belief, Third-Party Defendant ▓▓▓▓▓ ▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓ with its principal place of business in ▓▓▓

61.   Upon information and belief, Third-Party Defendant ▓▓▓▓▓ ▓▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓▓▓▓▓▓ with its principal place of business in ▓▓▓▓▓▓▓▓▓▓

62.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░░░░░░░░░░░░░░░ is a corporation or legal entity organized and existing under the laws of ░░░░░░ with its principal place of business in ░░░░░░░░

63.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░░░░░ is a bank organized and existing under the laws of ░░░░░░ with its principal place of business in ░░░░░░

64.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░░░░░░ is a branch of ░░░░░░░░░ or a bank organized and existing under the laws of ░░░░░░ with its principal place of business in ░░░░░░.

65.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░░░░░ is a bank organized and existing under the laws of ░░░░░ with its principal place of business in ░░░░░.  Upon information and belief, ░░░░░░░░ ░░░░░░ is the successor entity as the result of a merger in 2008 between ░░░░░░ and ░░░░░░░░░.

66.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░░░░ is a corporation or legal entity organized and existing under the laws of ░░░░░ with its principal place of business in ░░░░░.

67.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░░░░░░░░░ is a corporation or legal entity organized and existing under the laws of ░░░ with its principal place of business in ░░░░░

68.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░ is a bank organized and existing under the laws of ░░░░ with its principal place of business in ░░░░

69.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨▨▨▨▨ is a branch of ▨▨▨▨▨▨ or a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨▨

70.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨ is a national banking association organized and existing under the laws of ▨▨▨ ▨▨▨▨ with its principal place of business in ▨▨▨▨▨▨

71.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨ is a bank organized and existing under the laws of the ▨▨▨▨▨, with its principal place of business in ▨▨▨▨▨ ▨▨▨▨

72.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨ is a branch of ▨▨▨▨▨ or a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨

73.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨ ▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨▨

74.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨▨▨ with its principal place of business in ▨▨▨▨▨▨

75.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨

76.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨▨.

77.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨.

78.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨.

79.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨ with its principal place of business in ▨▨▨.

80.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨ with its principal place of business in ▨▨▨.

81.     Upon information and belief, Third-Party Defendant ▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨ and is a direct or indirect subsidiary of ▨▨▨▨▨▨▨▨ ▨▨▨▨▨.

82.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ is an enterprise owned by ▓▓▓▓▓▓▓

83.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓ with its principal place of business in ▓▓▓

84.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓▓ with its principal place of business in ▓▓▓

85.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓ ▓▓▓▓▓▓▓▓▓▓ with its principal place of business in ▓▓▓▓▓▓▓▓▓▓▓

86.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓▓▓ with its principal place of business in ▓▓▓▓▓

87.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓▓ ▓▓▓▓▓ is a citizen of ▓▓▓▓▓▓▓▓▓▓▓

88.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓▓▓ ▓▓▓▓▓ with its principal place of business in ▓▓▓▓▓▓

89.     Upon information and belief, Third-Party Defendant ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is a

corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨

 90. Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a bank organized and existing under the laws of ▨▨▨ ▨▨▨ with its principal place of business in ▨▨▨

 91. Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨

 92. Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a bank organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨

 93. Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨

 94. Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨

 95. Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨



96.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░ is a corporation or legal entity organized and existing under the laws of ░░░░░ ░░░░░░░░░░░░░░ with its principal place of business in ░░░░░░░░░░

97.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░ ░░░░░░░░░░░░░░░░░░░░░░░░░░ is a corporation or legal entity organized and existing under the laws of ░░░ with its principal place of business in ░░░░

98.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░ is a bank organized and existing under the laws of ░░░░░ with its principal place of business in ░░░░░.

99.     Upon information and belief, Third-Party Defendant ░░░░░ ░░░░░ is a corporation or legal entity organized and existing under the laws of ░░░░░ with its principal place of business in ░░░░░

100.    Upon information and belief, Third-Party Defendant ░░░ ░░░░░ is a corporation or legal entity organized and existing under the laws of ░░ ░░░░ with its principal place of business in ░░░

101.    Upon information and belief, Third-Party Defendant ░░░░ ░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░ is a bank organized and existing under the laws of ░░░░ with its principal place of business in ░░░░

102.    Upon information and belief, Third-Party Defendant ░░░░ ░░░░░░░░░░░░░░░░░░░░░░ is a corporation or legal entity organized and existing under the laws of ░░░ with its principal place of business in ░░░░

103.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨▨ with its principal place of business in ▨▨▨▨.

104.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨▨▨▨ is a national banking association organized and existing under the laws of ▨▨▨▨▨▨▨ with its principal place of business in ▨▨▨▨▨▨▨▨.

105.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ is either a branch of ▨▨▨▨▨ or a bank organized and existing under the laws of ▨▨▨▨▨▨ ▨▨▨▨▨▨▨▨ with its principal place of business in ▨▨▨▨▨ and a direct or indirect subsidiary of ▨▨▨▨▨▨▨▨▨▨.

106.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨ is a bank organized and existing under the laws of ▨▨▨▨ with its principal place of business in ▨▨▨▨.

107.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨▨ with its principal place of business in ▨▨▨▨.

108.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨▨ ▨▨ is a bank organized and existing under the laws of ▨▨▨▨▨ with its principal place of business in ▨▨▨▨.

109.     Upon information and belief, Third-Party Defendant ▨▨▨▨▨▨ ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ is a branch of ▨▨▨▨▨▨ or a



bank organized and existing under the laws of ▮▮▮▮▮ with its principal place of business in ▮▮▮▮▮

110.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮

111.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮ with its principal place of business in ▮▮.

112.   Upon information and belief, Third-Party Defendant ▮▮▮ is a citizen of ▮▮▮▮▮

113.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ is an individual.

114.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮ is a bank organized and existing under the laws of ▮▮▮▮ with its principal place of business in ▮▮▮▮

115.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮ is a corporation or legal entity organized and existing under the laws of ▮▮▮▮ with its principal place of business in ▮▮▮▮

116.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮ is a banking organization organized and existing under the laws of ▮▮▮ with its principal place of business in ▮▮▮▮

117.   Upon information and belief, Third-Party Defendant ▮▮▮▮▮ ▮▮▮▮▮ is a branch of ▮▮▮▮▮▮▮▮ or a bank organized

24

and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨ ▨▨▨ .

118.    Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a branch or regional office of ▨▨▨ or a bank organized and existing under the laws of ▨▨ with its principal place of business in ▨▨ .

119.    Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨▨ with its principal place of business in ▨▨▨ ▨▨▨ .

120.    Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨ with its principal place of business in ▨▨ .

121.    Upon information and belief, Third-Party Defendant ▨▨▨ ▨▨▨ is a corporation or legal entity organized and existing under the laws of ▨▨ with its principal place of business in ▨▨ .

122.    Upon information and belief, Third-Party Defendant ▨▨ ▨▨▨ is a citizen of ▨▨▨ .

123.    Upon information and belief, Third-Party Defendant ▨▨▨ is a corporation or legal entity.

124.   Upon information and belief, Third-Party Defendant ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓▓ with its principal place of business in ▓▓▓▓▓▓

125.   Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓ is a citizen of ▓▓▓▓▓▓

126.   Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓▓▓ is a bank organized and existing under the laws of ▓▓▓▓▓▓▓▓ ▓▓▓▓ with its principal place of business in ▓▓▓▓▓▓▓.

127.   Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓▓▓ with its principal place of business in ▓▓▓▓▓.

128.   Upon information and belief, Third-Party Defendant ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ is a corporation or legal entity organized and existing under the laws of ▓▓ with its principal place of business in ▓▓▓

129.   Third-Party Defendant IRI is a foreign state.

130.   Upon information and belief, Third-Party Defendant Iranian Ministry of Information and Security is a political subdivision or department of IRI, a foreign state.

131.   Upon information and belief, Third-Party Defendant Iranian Islamic Revolutionary Guard Corps, also known as Iranian Revolutionary Guard Corps, is a political subdivision or department of IRI, a foreign state.

132.   This Additional Third-Party Complaint supersedes the September 21, 2011 Third-Party Complaint as to all persons named as Third-Party Defendants in

paragraphs 6 to 131 above.  Such persons do not have to answer the September 21, 2011

Third-Party Complaint, but they do have to file and serve an answer to this Additional

Third-Party Complaint within the time specified in the third-party summons addressed to

them, or they will be in default in this proceeding.

Jurisdiction and Venue

133.    This Court has subject matter jurisdiction over this proceeding (i)

pursuant to 28 U.S.C § 1331, because it arises under the laws and treaties of the United

States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et

seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297,

116 Stat. 2322 (2002) ("TRIA"); (ii) pursuant to 12 U.S.C. § 632, because JPMCB is a

corporation organized under the laws of the United States and this proceeding arises out

of transactions involving international or foreign banking or other international or foreign

financial operations; (iii) pursuant to 28 U.S.C. § 1367, because the matters at issue in

this proceeding are so related to the Petitioners' turnover proceeding, which is within the

original jurisdiction of this Court, that they form part of the same case or controversy;

and (iv) pursuant to 28 U.S.C. §1330, with respect to third-party defendants that are a

foreign state or a subdivision of a foreign state, based on service upon such third-party

defendants under FSIA § 1608.

134.    Upon information and belief, venue of this proceeding is properly

set in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the

events or omissions giving rise to the claims, including the filing of the Levins' judgment

and the various third-party defendants' judgments against Iran with this Court, the

delivery of writs of execution by those judgment creditors to the United States Marshal's

27

Case 13-4711, Document 50, 04/21/2014, 1206325, Page76 of 288

Office for the Southern District of New York (the "SDNY Marshal") and the filing of the Levins' complaint and the counterclaims described below, occurred in this district, the property that is the subject of the action is situated here, certain Third-Party Defendants can be found here and many of the Third-Party Defendants are aliens.

<u>Factual Background</u>

135.    On or about June 26, 2009 the Levins filed the first of the above captioned proceedings (the "Levin Turnover Proceeding") in this Court in order to compel the defendants, including JPMorgan, to turn over to the Levins, in satisfaction of the Levins' judgment against Iran (the "Levin Judgment"), certain funds held by the defendants in blocked accounts.  The Levin Turnover Proceeding was brought pursuant to CPLR sections 5225(b) and 5227.  The funds that the Levin Judgment Creditors sought to seize in order to satisfy the Levin Judgment included the proceeds of wire transfers that were blocked by JPMorgan, and that are being held by it in one or more in blocked accounts, as required by OFAC Regulations set forth in 31 C.F.R. Parts 544, 594 and 595, and the balances in blocked deposit accounts being held by JPMorgan pursuant to those Regulations (all such blocked wire transfer proceeds and blocked account balances held by JPMorgan at any time will be referred to hereinafter as the "JPM Blocked Assets").  The Levins' complaint (Docket No. 70 in this proceeding), a copy of which (appropriately redacted) is being served herewith, alleges that the Levin Judgment is a judgment against a terrorist party based on an act of terrorism and that certain blocked funds held by the defendants, including certain of the JPM Blocked Assets, are assets of Iran or of an agency or instrumentality of Iran, or that Iran or its agencies and instrumentalities have a sufficient interest in such funds, direct or indirect, that the funds

are subject to execution to satisfy the Levin Judgment under the terms of FSIA § 1610(g) and TRIA § 201(a).  The Levins' complaint alleges that the Levins are entitled to execute on such blocked assets under a writ of execution that they delivered to the SDNY Marshal on June 19, 2009 for service on the defendants.  A list of the blocked assets that the Levins initially sought to seize in satisfaction of the Levin Judgment is attached to their complaint as Exhibit D.

136.    Upon information and belief, the Levins obtained a new writ of execution from this Court on August 23, 2011 (see the docket entry in this case following Docket No. 416) and delivered it to the SDNY Marshal for service on the defendants.  A copy of this new writ of execution was delivered to JPMCB on or about September 1, 2011.  The Levins can now be expected to file an amended complaint or other pleading that seeks an order directing the defendants, including JPMorgan, to turn over to them additional blocked assets not listed on Exhibit D of their complaint, including all of the blocked assets identified in Exhibit G to this Additional Third-Party Complaint.

137.    After filing their answers in this proceeding, JPMCB and other defendants commenced third-party proceedings in this proceeding in 2010 against various persons who had, upon information and belief, obtained judgments against Iran that appeared to be based on acts of terrorism or actions within the scope of FSIA § 1605A.  JPMCB and other defendants also commenced third-party proceedings against persons who had brought suit against Iran, based on what appeared to be acts of terrorism or actions within the scope of FSIA § 1605A, and who had delivered notices of lis pendens pursuant to FSIA § 1605A(g) to one or more of the defendants.  All of those parties appeared in these proceedings and filed answers, and in many cases, as set forth in detail

below, their answers contained counterclaims asserting that they, and not the Levins, were entitled to execute on the blocked assets held by the defendants, including the JPM Blocked Assets, to satisfy their judgments against Iran.

138.    The persons who were brought into this case by JPMorgan as Third-Party Defendants in 2010 included Steven M. Greenbaum (individually and as Administrator of the Estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (the "Greenbaum Judgment Creditors").  Upon information and belief, the Greenbaum Judgment Creditors were plaintiffs in an action entitled *Greenbaum, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 02-2148 (RCL) (D.D.C.), who recovered a judgment against Iran in that action in the amount of $19,879,023.

139.    The Greenbaum Judgment Creditors filed an answer with counterclaims in this proceeding on April 15, 2010 (Docket No. 142) and they filed an amended answer with amended counterclaims on March 7, 2011 (Docket No. 344) (Documents that are identified in this Additional Third-Party Complaint by docket number, such as "Docket No. 344," are on file in this proceeding and available to the public.  They can be examined by any attorney who has registered to use the PACER system.  They can also be examined by any person who goes to the courthouse of the United States District Court for the Southern District of New York, at 500 Pearl Street, New York, New York, by using computer terminals that are set up in the Clerk's Office at the courthouse for public use, at no cost to the user.  Copies of any these pleadings and documents will also be sent at no charge to any Third-Party Defendant who requests copies from the undersigned law firm.  Such a request can be made by e-mail, mail or otherwise)..  In their amended counterclaims, the Greenbaum Judgment Creditors alleged

that "[o]n February 9, 2011, [they] obtained a writ of execution from the Clerk of [this]

Court and delivered the writ that day to the [SDNY Marshal] for service on JPMCB," and

that such service was "completed by the [SDNY Marshal] on February 17, 2011."  Based

on these and other allegations, the Greenbaum Judgment Creditors' First Amended

Counterclaim asserted that

> By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605(a)(7), 1606 and 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Greenbaum Judgment Creditors are entitled to a turnover of personal and, if applicable, real property with a value of, or to otherwise receive payment of a sum of money not exceeding, $19,879,023.00, plus post-judgment interest, from Counterclaim Defendants . . . . JPMCB [et al.].

Their Second Amended Counterclaim repeated the allegations of their First Amended

Counterclaim, added certain allegations concerning the applicability of TRIA § 201 and

then asserted that

> The Greenbaum Judgment Creditors are therefore entitled to an order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, conveying, assigning and directing the turnover by the Counterclaim Defendants [including JPMCB] to the Greenbaum Judgment Creditors in satisfaction of their Judgment of all blocked assets in their possession, custody or control owed to or held for the benefit of Iran . . . .

The Greenbaum Judgment Creditors' amended answer then demanded the entry of

judgment in their favor in accordance with the claims asserted in their counterclaims.

140.    The persons who were brought into this case by JPMorgan as

Third-Party Defendants in 2010 also included Carlos Acosta, Maria Acosta, Tova

Ettinger, Irving Franklin (individually and as Administrator of the Estate of Irma

Franklin), Baruch Kahane, Libby Kahane (individually and as Administrator of the Estate

of Meir Kahane), Ethel J. Griffin (as Administrator of the Estate of Binyamin Kahane),

Norman Kahane (individually and as Executor of the Estate of Sonia Kahane) and

Ciporah Kaplan (the "Acosta Judgment Creditors").  Upon information and belief, the

Acosta Judgment Creditors were plaintiffs in an action entitled *Acosta, et al. v. Islamic*

*Republic of Iran, et al.*, Civil Action No. 06-745 (RCL) (D.D.C.), who recovered a

judgment against Iran in that action in the amount of $350,172,000.

   141. The Acosta Judgment Creditors filed an answer with counterclaims

in this proceeding on April 15, 2010 (Docket No. 140) and they filed an amended answer

with amended counterclaims on March 7, 2011 (Docket No. 345).  In their amended

counterclaims, the Acosta Judgment Creditors alleged that "[o]n April 5, 2010, [they]

obtained from the Clerk of [this] Court an amended writ of execution, " that the writ was

"delivered to the [SDNY Marshal] on April 6, 2010 for service on . . . JPMCB" and that

such service was "completed by the [SDNY Marshal] on April 15, 2010."  Based on

these and other allegations, the Acosta Judgment Creditors' First Amended Counterclaim

asserted that

> By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603,
> 1605A, 1606 and 1610, Fed. R. Civ. P. 69 and N.Y.C.P.L.R. §§ 5225(b)
> and 5227, the Acosta Judgment Creditors are entitled to a turnover of
> personal and, if applicable, real property with a value of, or to otherwise
> receive payment of a sum of money not exceeding, $350,172,000.00,
> plus post-judgment interest, from Counterclaim Defendants . . . .
> JPMCB [et al.].

Their Second Amended Counterclaim repeated the allegations of their First Amended

Counterclaim, added certain allegations concerning the applicability of TRIA § 201 and

then asserted that

> The Acosta Judgment Creditors are therefore entitled to an order
> and judgment, pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and
> 5227 and § 201 of TRIA, conveying, assigning and directing the turnover
> by the Counterclaim Defendants [including JPMCB] to the Acosta

> Judgment Creditors in satisfaction of their Judgment of all blocked assets
> in their possession, custody or control owed to or held for the benefit of
> Iran . . . .

The Acosta Judgment Creditors' amended answer then demanded the entry of judgment

in their favor in accordance with the claims asserted in their counterclaims.

142.    The persons brought into this case by JPMorgan as Third-Party

Defendants in 2010 also included the Estate of Michael Heiser, Gary Heiser, Francis

Heiser, the Estate of Leland Timothy Haun, Ibis S. Haun, Milagritos Perez-Dalis, Senator

Haun, the Estate of Justin R. Wood, Richard W. Wood, Kathleen M. Wood, Shawn M.

Wood, the Estate of Earl F. Cartrette, Jr., Denise M. Eichstaedt, Anthony W. Cartrette,

Lewis W. Cartrette, the Estate of Brian McVeigh, Sandra M. Wetmore, James V.

Wetmore, the Estate of Millard D. Campbell, Marie R. Campbell, Bessie A. Campbell,

the Estate of Kevin J. Johnson, Shyrl L. Johnson, Che G. Colson, Kevin Johnson, a

minor, by his legal guardian Shyrl L. Johnson, Nicholas A. Johnson, a minor, by his legal

guardian Shyrl L. Johnson, Laura E. Johnson, Bruce Johnson, the Estate of Joseph E.

Rimkus, Bridget Brooks, James R. Rimkus, Anne M. Rimkus, the Estate of Brent E.

Marthaler, Katie L. Marthaler, Sharon Marthaler, Herman C. Marthaler III, Matthew

Marthaler, Kirk Marthaler, the Estate of Thanh Van Nguyen, Christopher R. Nguyen, the

Estate of Joshua E. Woody, Dawn Woody, Bernadine R. Beekman, George M. Beekman,

Tracy M. Smith, Jonica L. Woody, Timothy Woody, the Estate of Peter J. Morgera,

Michael Morgera, Thomas Morgera, the Estate of Kendall Kitson, Jr., Nancy R. Kitson,

Kendall K. Kitson, Steve K. Kitson, Nancy A. Kitson, the Estate of Christopher Adams,

Catherine Adams, John E. Adams, Patrick D. Adams, Michael T. Adams, Daniel Adams,

Mary Young, Elizabeth Wolf, William Adams, the Estate of Christopher Lester, Cecil H.

Lester, Judy Lester, Cecil H. Lester, Jr., Jessica F. Lester, the Estate of Jeremy A. Taylor,

Lawrence E. Taylor, Vickie L. Taylor, Starlina D. Taylor, the Estate of Patrick P. Fennig,

Thaddeus C. Fennig, Catherine Fennig, Paul D. Fennig and Mark Fennig (the "Heiser

Judgment Creditors").  Upon information and belief, the Heiser Judgment Creditors were

plaintiffs in actions entitled *Estate of Heiser, et al. v. Islamic Republic of Iran, et al.*,

Civil Action No. 00-2329 (RCL) (D.D.C.) and *Estate of Campbell, et al. v. Islamic

Republic of Iran, et al.*, Civil Action No. 01-2104 (RCL) (D.D.C.), who recovered

judgments against Iran in those actions for amounts totaling $591,089,966.

       143.     The Heiser Judgment Creditors filed an answer with counterclaims

in this proceeding on June 15, 2010 (Docket No. 201) and they filed an amended answer

with amended counterclaims on July 6, 2010 (Docket No. 212).  In their amended

counterclaims, the Heiser Judgment Creditors alleged that they had "registered [their]

Judgment with [this] Court . . . on September 8, 2008" and "filed a Notice of Lis Pendens

in [this] Court" on November 19, 2009.  Based on these and other allegations, the Heiser

Judgment Creditors' First Amended Counterclaim asserted that

> Based on the foregoing and pursuant to 28 U.S.C. §§ 1605A,
> 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the
> Heiser [Judgment Creditors] are entitled to a turnover of personal and, if
> applicable, real property of the Judgment Debtors [i.e., Iran] in an
> amount not to exceed $591,089,966.00, plus post-judgment interest,
> from the Counterclaim Defendants [including JPMCB].

Their Second Amended Counterclaim repeated the allegations of their First Amended

Counterclaim, added certain allegations concerning the applicability of TRIA § 201 and

then asserted that

> The Heiser [Judgment Creditors] are therefore entitled to an order
> and judgment, pursuant to Fed. R. Civ. P. 69, N.Y. C.P.L.R. §§ 5225 and
> 5227 and § 201 of the TRIA, conveying, assigning, and directing the

> turnover by the Counterclaim Defendants [including JPMCB] to the
> Heiser [Judgment Creditors] in satisfaction of [their] Judgment of all
> blocked assets in their possession, custody or control owed to or held for
> the benefit of Iran.

The Heiser Judgment Creditors' amended answer then demanded the entry of judgment

in their favor in accordance with the claims asserted in their counterclaims.

144.    The persons brought into this case by JPMorgan as Third-Party

Defendants in 2010 also included Deborah D. Peterson, et al. (the "Peterson Judgment

Creditors").  Upon information and belief, the Peterson Judgment Creditors were

plaintiffs in an action entitled *Peterson, et al. v. Islamic Republic of Iran, et al.*, Civil

Action No. 01-2094 (RCL) (D.D.C.), who recovered a judgment against Iran in that

action in the amount of $2,656,944,877.  A complete list of all of the Peterson Judgment

Creditors is set forth in Exhibit A hereto, which is a copy of the judgment entered in that

action.

145.    The Peterson Judgment Creditors filed an answer with

counterclaims in this proceeding on June 18, 2010 (Docket No. 205), and they filed an

amended answer with amended counterclaims against the defendants and cross-claims

against various parties on July 8, 2010 (Docket No. 216).  In their amended

counterclaims, the Peterson Judgment Creditors alleged that they had "registered [their]

Judgment in the Southern District of New York on March 24, 2008," "obtained a Writ of

Execution from the Clerk" on June 12, 2008 and "delivered the writ that day to the

[SDNY Marshal]."  Based on these and other allegations, the Peterson Judgment

Creditors' First Amended Counterclaim asserted that

> By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603,
> 1605A, 1606 and 1610, Fed. R. Civ. P. 69 and NYCPLR §§ 5225(b) and
> 5227, [the] Peterson [Judgment Creditors] are entitled to a turnover of

> personal and, if applicable, real property with a value of, or to otherwise
> receive payment of a sum of money not exceeding the amount of the
> Peterson Judgment, plus post-judgment interest, from the Counterclaim
> Defendants . . . JPMCB [et al.].

Their Second Amended Counterclaim repeated the allegations of their First Amended

Counterclaim, added certain allegations concerning the applicability of TRIA § 201 and

then asserted that

> [The] Peterson Judgment Creditors are therefore entitled to an
> order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225
> and 5227 and § 201 of TRIA, conveying, assigning and directing the
> turnover by the Counterclaim Defendants [including JPMCB] to [the]
> Peterson [Judgment Creditors] in satisfaction of their Judgment of all
> blocked assets in their possession, custody or control owed to or held for
> the benefit of Iran.

The Peterson Judgment Creditors' amended answer then demanded the entry of judgment

in their favor in accordance with the claims asserted in their counterclaims.

146.    In July 2010 the Levins made a motion for partial summary

judgment in the Levin Turnover Proceeding.  Their motion asked the Court to order

JPMorgan and the other defendants to turn over certain blocked assets, including one of

the JPM Blocked Assets, to the Levins immediately.  In response, the Greenbaum

Judgment Creditors and the Acosta Judgment Creditors made cross-motions to compel

JPMorgan and another defendant to turn over certain blocked assets, including one of the

JPM Blocked Assets, to them.  The Heiser Judgment Creditors also made a cross-motion

for an order directing certain defendants (but not JPMorgan) to turn over certain blocked

assets to them.

147.    On January 20, 2011 this Court entered an order, later modified on

March 4, 2011 (the "Summary Judgment Order") (see Docket No. 342), that denied the

Levins' motion for partial summary judgment, on the ground that their writ of execution

was not valid.  The Summary Judgment Order also denied the Heiser Judgment

Creditors' motion for partial summary judgment, on the ground that the writ of execution

on which their motion was based was issued and served in the State of Maryland, not the

State of New York, and so could not be enforced against assets held in New York.  The

Summary Judgment Order granted the motions for partial summary judgment made by

the Greenbaum Judgment Creditors and the Acosta Judgment Creditors and ordered one

of the JPM Blocked Assets, and certain assets held by Citibank, N.A., to be turned over

to the Greenbaum Judgment Creditors and the Acosta Judgment Creditors.  The

Summary Judgment Order constituted a partial judgment in favor of those parties with

respect to the blocked assets that had been awarded to them.

148.    The Levins took an immediate appeal from the Summary

Judgment Order.  Upon information and belief, while the appeal was pending, the Levins

reached a settlement with the Greenbaum Judgment Creditors, the Acosta Judgment

Creditors and the Heiser Judgment Creditors.  Upon information and belief, this

settlement provides for the Levins, the Greenbaum Judgment Creditors, the Acosta

Judgment Creditors and the Heiser Judgment Creditors (the "Settling Parties") to divide

among themselves, according to a formula that is not known to JPMorgan, any funds,

property or assets that are turned over to any of the Settling Parties either in this

proceeding or in any other proceeding brought by any of them in an effort to satisfy a

judgment against Iran.

149.    On March 8, 2011, meanwhile, the Heiser Judgment Creditors filed

in this Court a separate turnover proceeding against JPMCB entitled *Estate of Michael

Heiser, et al. v. JPMorgan Chase Bank, N.A.*, Index No. 11 Civ. 1606 (LTS) (MHD)

(S.D.N.Y.).  The Heiser Judgment Creditors' Petition in this new proceeding (Docket No.

1 in that proceeding) alleged that "[o]n December 10, 2010 . . . Petitioners served writs of

execution . . . on the [SDNY] Marshal" and that "[o]n January 28, 2011, the [SDNY]

Marshal levied the Writs upon JPMorgan."  Based on these and other allegations, the

Heiser Judgment Creditors' Petition asserted that

> Petitioners, therefore, respectfully demand an order compelling
> [JPMCB] to convey, assign, and pay to Petitioners, in satisfaction of
> [their] Judgment, all right, title, interest and money in [JPMCB's]
> possession in which Iran, its agencies and/or instrumentalities and any
> separate juridical entity in which Iran has an interest, direct or indirect,
> including, but not limited to, the Iranian Assets [a term defined to mean
> "assets being held by [JPMCB] on behalf of Iran, its agencies or
> instrumentalities, and/or separate juridical entities in which Iran has an
> interest, direct or indirect . . . that have been blocked pursuant to, *inter
> alia*, regulations implemented by [OFAC], . . . due to a nexus with Iran"].

The Heiser Judgment Creditors' Petition cites FSIA § 1610(g) and TRIA § 201 as

authority for this demand and seeks the entry of judgment in their favor in accordance

with the claims asserted in their Petition.

        150.    On April 30, 2010, upon information and belief, the Heiser

Judgment Creditors also obtained a writ of garnishment from the United States District

Court for the District of Maryland (the "Maryland Court") addressed to JPMCB that was

served on JPMCB on or about May 3, 2010.  This gave rise to a proceeding in the

Maryland Court to enforce that writ of garnishment against JPMCB.  By order dated

March 31, 2011, that proceeding was transferred to the United States District Court for

the Southern District of New York with respect to JPMCB and two other banks that the

Heiser Judgment Creditors had been proceeding against in Maryland.  The transferred

proceeding was docketed in this Court as *Estate of Heiser, et al. v. JPMorgan Chase

Bank, N.A.*, Index No. 11 Civ. 2570 (LBS) (DCF) (S.D.N.Y.).  The Heiser Judgment

Creditors' Response to JPMCB's answer in the Maryland proceeding, which is now on file in this Court in the transferred proceeding (Docket No. 58), alleges that "[u]pon information and belief, . . . the [Heiser ] Judgment Creditors will be able to enforce their Judgment against the assets being held by [JPMCB]" and asks the Court to "permit this matter to proceed as if it were an original action between the [Heiser] Judgment Creditors as plaintiff and [JPMCB] as defendant, in accordance with [Maryland] Rule 2-645(g)."

151.    The persons brought into this case by JPMorgan as Third-Party Defendants in 2010 also included Jenny Rubin, Deborah Rubin, Daniel Miller, Abraham Mendelson, Stuart E. Hersh, Renay Frym, Noam Rozenman, Elena Rozenman and Tzvi Rosenman (the "Rubin Judgment Creditors").  Upon information and belief, the Rubin Judgment Creditors were plaintiffs in an action entitled *Rubin, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 01-1655 (RCL) (D.D.C.), who recovered a judgment against Iran in that action in the amount of approximately $71.5 million.  Upon information and belief, the Rubin Judgment Creditors have delivered one or more writs of execution relating to that judgment to the SDNY Marshal.  The Rubin Judgment Creditors filed an answer in this proceeding on April 19, 2010 (Docket No. 145), but it did not include counterclaims.

152.    The persons brought into this case by JPMorgan as Third-Party Defendants in 2010 also included Terance J. Valore and most of the other persons who were, upon information and belief, plaintiffs in four actions entitled *Valore et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 03-1959 (RCL) (D.D.C.), *Lolita M. Arnold, et al. v. Islamic Republic of Iran, et al*., Civil Action No. 06-516 (RCL) (D.D.C.), *Lynne Michol Spencer, et al. v. Islamic Republic of Iran, et al*., Civil Action No. 06-750

39

(RCL) (D.D.C.) and *Bonk et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-1273 (RCL) (D.D.C.), that were consolidated into the action entitled *Valore, et al. v. Islamic Republic of Iran, et al.* (the "Valore Judgment Creditors").  Upon information and belief, the Valore Judgment Creditors recovered a judgment against Iran in their consolidated action in the amount of $1,290,291,092.00.  A complete list of the Valore Judgment Creditors is set forth in paragraphs (1) to (4) on pages 2 through 6 of Exhibit B hereto, which is a copy of the Revised Order and Judgment entered in that consolidated action on September 20, 2010.  Upon information and belief, many of the Valore Judgment Creditors have filed Notices of Pending Action Pursuant to FSIA § 1605A(g) with the Clerk of this Court in an attempt to establish a lien on property within this judicial district that may be subject to execution under FSIA § 1610.  The Valore Judgment Creditors who were named as third-party defendants in third-party complaints filed by JPMCB and others in 2010 filed answers in this proceeding on April 20, 2010 (Docket Nos. 153 and 155), but they did not include counterclaims.  JPMorgan named all of the Valore Judgment Creditors as Third-Party Defendants in a Third-Party Complaint filed by it in this proceeding on September 21, 2011, but the Valore Judgment Creditors have not yet answered that Third-Party Complaint.

153.    Upon information and belief, Susan Weinstein (individually, as Co-Administrator of the Estate of Ira William Weinstein and as natural guardian of David Weinstein), Jeffrey A. Miller (as Co-Administrator of the Estate of Ira William Weinstein), Joseph Weinstein, Jennifer Weinstein Hazi and David Weinstein (the "Weinstein Judgment Creditors") were plaintiffs in an action entitled *Weinstein, et al., against Islamic Republic of Iran, et al*., Civil Action No. 00-2601 (RCL) (D.D.C.), who

Case 13-4711, Document 50, 04/21/2014, 1206325, Page89 of 288

recovered a judgment against Iran in that action in the amount of approximately $183.2 million.  Upon information and belief, the Weinstein Judgment Creditors have served restraining notices on one or more of the defendants in the Levin Turnover Proceeding. JPMorgan named the Weinstein Judgment Creditors as Third-Party Defendants in a Third-Party Complaint filed by it in this proceeding on September 21, 2011, but the Weinstein Judgment Creditors have not yet answered that Third-Party Complaint.

154.    The persons brought into this case by JPMorgan as Third-Party Defendants in 2010 also included the Estate of Anthony K. Brown, et al. (the "Brown Plaintiffs").  Upon information and belief, the Brown Plaintiffs are the plaintiffs in an action entitled *Estate of Anthony K. Brown, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-0531 (RCL) (D.D.C.) that seeks a judgment against Iran.  A complete list of all such Third-Party Defendants is set forth in Exhibit C hereto, which is a copy of the caption of the complaint in that action.  Upon information and belief, a default judgment has been entered against Iran in that action but no judgment awarding damages to particular plaintiffs has yet been entered.  Upon information and belief, the Brown Plaintiffs have filed a Notice of Pending Action Pursuant to FSIA § 1605A(g) with the Clerk of this Court in an attempt to establish a lien on property within this judicial district that may be subject to execution under FSIA § 1610.  The Brown Plaintiffs filed an answer in this proceeding on April 20, 2010 (Docket No. 153), but it did not include counterclaims.

155.    The persons brought into this case by JPMorgan as Third-Party Defendants in 2010 also included the Estate of Stephen B. Bland, by and through its Administrator Ruth Ann Bland, et al. (the "Bland Plaintiffs").  Upon information and

belief, the Bland Plaintiffs are the plaintiffs in an action entitled *Estate of Stephen B. Bland, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 05-2124 (RCL) (D.D.C.) that seeks a judgment against Iran.  A complete list of all such Third-Party Defendants is set forth in Exhibit D hereto, which is a copy of the caption of the complaint in that action.  Upon information and belief, a default judgment has been entered against Iran in that action but no judgment awarding damages to particular plaintiffs has yet been entered.  Upon information and belief, the Bland Plaintiffs have filed a Notice of Pending Action Pursuant to FSIA § 1605A(g) with the Clerk of this Court in an attempt to establish a lien on property within this judicial district that may be subject to execution under FSIA § 1610.  The Bland Plaintiffs filed an answer in this proceeding on April 20, 2010 (Docket No. 153), but it did not include counterclaims.

156.    Upon information and belief, Rizwan Khaliq and Jenny Christiana Lovblom (the "Khaliq Plaintiffs") are plaintiffs in an action entitled *Khaliq, et al. v. Republic of Sudan, et al.*, Case No 10 CV 356 (D.D.C.), that they have brought against Iran and others to recover damages based on FSIA § 1605A.

157.    Upon information and belief, James Owens et al. (the "Owens Plaintiffs") are plaintiffs in an action entitled *Owens, et al. v. Republic of Sudan, et al.*, Case No 01 CV 2244 (JDB) (D.D.C.), that they have brought against Iran and others to recover damages based on FSIA § 1605A.  A complete list of all such Third-Party Defendants is set forth in Exhibit E hereto, which is a copy of the caption of the Fourth Amended Complaint in that action.

158.    Upon information and belief, Third-Party Defendants Judith Absi Mwila, et al. (the "Mwila Plaintiffs") are plaintiffs in an action entitled *Mwila et al. v.*

*The Islamic Republic of Iran, et al.*, Case No 08 CV 1377 (JDB) (D.D.C.), brought against Iran and others to recover damages based on FSIA § 1605A.  A complete list of all such Third-Party Defendants is set forth in Exhibit F hereto, which is a copy of the caption of the Complaint in that action.

159.    Upon information and belief, the Khaliq Plaintiffs, the Owens Plaintiffs and the Mwila Plaintiffs have filed Notices of Pending Action Pursuant to FSIA § 1605A(g) with the Clerk of this Court in an attempt to establish a lien on property within this judicial district that may be subject to execution under FSIA § 1610.  Upon information and belief, on or about March 11, 2011, and again on or about May 11, 2011, the Khaliq Plaintiffs, the Owens Plaintiffs and the Mwila Plaintiffs sent purported Notices of Lis Pendens Pursuant to FSIA § 1605A(g) to JPMCB.  These notices purported to give notice to, among others, JPMCB that the Khaliq Plaintiffs, the Owens Plaintiffs and the Mwila Plaintiffs were asserting liens of lis pendens as to real property or tangible personal property located in the Southern District of New York, as specified therein (including any such property held by JP Morgan), that might be subject to execution under FSIA § 1610 to satisfy any judgment entered in their favor in their pending actions against Iran.

160.    In June 2011 the Settling Parties made a joint motion for summary judgment in the Levin Turnover Proceeding, seeking the immediate turnover of certain blocked funds held by the defendant banks (the "Phase 1 Assets").  The Court granted this motion and entered an order dated June 21, 2011 (see Docket No. 412), modified on July 11, 2011, that directed JPMorgan and the other defendants to turn over all of the Phase 1 Assets to the Settling Parties.  One of the Phase 1 Assets consisted of the

proceeds of a blocked wire transfer being held by JPMCB, and in July 2011 JPMCB turned those funds over to the SDNY Marshal for delivery to the Settling Parties.

161.   JPMorgan is still holding more than $2.5 million in blocked funds that were blocked pursuant to OFAC regulations, including 31 C.F.R. Part 544, 594 and 595, apparently because some entity that had some sort of nexus with or relationship to Iran was somehow involved in or referred to in documentation relating to the transaction or account that has been blocked.  The Settling Parties are now beginning to take steps to try to seize these blocked funds in order to satisfy their judgments against Iran.  They have designated 35 blocked accounts held by JPMorgan for inclusion in Phase 2 of this proceeding, and they have indicated that they are going to seek an order directing JPMorgan to turn the funds in those blocked accounts over to them in the near future, possibly in the next few months, as soon as the persons and entities named as third-party defendants in this Third-Party Complaint have been served with this Third-Party Complaint.

162.   Exhibit G to this Third-Party Complaint describes the JPM Blocked Assets that have been designated by the Settling Parties for inclusion in Phase 2 of this proceeding (the "JPM Phase 2 Assets").  Upon information and belief, the third-party defendants identified in paragraphs 6 to 131 of this Third-Party Complaint (the "Wire Transfer/Account Parties") were parties to, participants in or persons intended to benefit in some way from, or who may have an interest in, rights in or a claim to the proceeds of the blocked wire transfers or blocked deposit accounts that have resulted in JPMorgan's holding the JPM Phase 2 Assets.  Relevant portions of Exhibit G will be served on each of the Wire Transfer/Account Parties with this Third-Party Complaint.

163.     Upon information and belief, the Wire Transfer/Account Parties, or some of them, may have claims to or rights with respect to some or all of the JPM Phase 2 Assets that are superior to the rights of the Settling Parties to seize those funds, property or assets to satisfy their judgments against Iran, or to the rights of any of the Iran Claimants to execute on some or all of the JPM Phase 2 Assets, whether because (i) such Wire Transfer/Account Parties are not agencies or instrumentalities of Iran; (ii) none of the parties to a particular blocked wire transfer is an agency of instrumentality of Iran; (iii) some or all of the JPM Phase 2 Assets are not property of Iran or any juridical entity directly or indirectly owned by Iran; (iv) such Wire Transfer/Account Parties' rights in such JPM Phase 2 Assets are superior to the rights of any other person who may claim an interest in such funds, property or assets; or (v) for other reasons.

164.     Upon information and belief, the Wire Transfer/Account Parties, or some of them, may have a sufficient interest in the JPM Phase 2 Assets that they have standing to contend that some or all of the JPM Phase 2 Assets are not subject to execution to satisfy the judgments or claims of any of the Iran Claimants.

<u>First Claim for Relief</u>

165.     Repeats and realleges each and every allegation set forth in paragraphs 1 through 164 of this Third-Party Complaint to the same extent as if those allegations were set forth here in full.

166.     CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment," "any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the

45

Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

167.    In the circumstances set forth above, JPMorgan is entitled to an order determining the rights of the Settling Parties, the other third-party defendants in this proceeding and all interested parties in and to the JPM Phase 2 Assets.

<u>Second Claim for Relief</u>

168.    Repeats and realleges each and every allegation set forth in paragraphs 1 through 167 of this Third-Party Complaint to the same extent as if those allegations were set forth here in full.

169.    As set forth above, the Settling Parties are asserting that they are entitled to seize the JPM Phase 2 Assets to satisfy their judgments against Iran, but some or all of the other third-party defendants in this proceeding may have claims to or rights in some or all of the JPM Phase 2 Assets that may take priority over the Settling Parties' claims to or rights therein, or may be able to establish that the Settling Parties or others of the Iran Claimants are not entitled to execute on some or all of the JPM Phase 2 Assets.

170.    By reason of the foregoing, JPMorgan is exposed to the risk of multiple and inconsistent liability with respect to the JPM Phase 2 Assets.

171.    In these circumstances JPMorgan is entitled to interplead all other parties who may have claims to or rights in the JPM Phase 2 Assets and obtain a determination by the Court, pursuant to Banking Law § 134, Rule 22 of the FRCP, 28 U.S.C. §§ 1335 and 2361 and CPLR § 1006, of the rights of all interested parties with respect thereto.

<u>Third Claim for Relief</u>

172.     Repeats and realleges each and every allegation set forth in paragraphs 1 through 171 of this Third-Party Complaint to the same extent as if those allegations were set forth here in full.

173.     By reason of the foregoing, JPMorgan is entitled to a declaratory judgment determining its rights and the rights of the Settling Parties, the other third-party defendants and all interested parties with respect to the JPM Phase 2 Assets.

WHEREFORE Defendant and Third-Party Plaintiffs JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. respectfully request the entry of a judgment

(1)     determining their rights and the rights of the Settling Parties, the other third-party defendants and all interested parties in the JPM Phase 2 Assets;

(2)     determining whether any of the Wire Transfer/Account Parties is an agency or instrumentality of the Islamic Republic of Iran;

(3)     determining with respect to each of JPM Phase 2 Assets whether any of the Settling Parties or the other Iran Claimants have met their burden of proof with respect to the other requirements and conditions set forth in section 201 of TRIA or section 1610(g) of the FSIA for execution against such assets;

(4)     determining that the service of this Third-Party Complaint, the third-party summons and other relevant documents upon the Third-Party Defendants constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

Case 13-4711, Document 50, 04/21/2014, 1206325, Page96 of 288

(5)　　determining this Court's subject matter jurisdiction and its in personam and in rem jurisdiction over the third-party defendants and the JPM Phase 2 Assets to the extent necessary to determine the parties' rights with respect to such assets;

(6)　　determining whether JPMorgan Chase & Co. or JPMorgan Chase Bank, N.A. is a proper garnishee and has properly been subjected to execution of any judgment against Iran in favor of any of the Settling Parties or any of the other Iran Claimants with respect to any of the JPM Phase 2 Assets;

(7)　　determining whether and to what extent, if any, each of the JPM Phase 2 Assets is subject to execution to satisfy any judgment entered heretofore or hereafter in favor of any of the Settling Parties or any of the Iran Claimants against Iran, and the extent to which any person is entitled to the turnover of such assets;

(8)　　discharging JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. from any and all liability to the Settling Parties, the other third-party defendants and any and all other claimants and interested persons with respect to any portion of the JPM Phase 2 Assets that may be turned over to any of them in this proceeding in satisfaction of any judgment against Iran;

(9)　　awarding to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. their costs and expenses in this proceeding, including reasonable attorneys' fees; and

(10)   awarding to JPMorgan Chase & Co. and JPMorgan Chase Bank,

N.A. such other and further relief as may be just and proper.

Dated: New York, New York
         October 6, 2011

                              LEVI LUBARSKY & FEIGENBAUM LLP


                              By: _____
                                    Howard B. Levi
                                    Richard F. Lubarsky
                                    J. Kelley Nevling, Jr.
                              1185 Avenue of the Americas, 17th Floor
                              New York, NY  10036
                              Tel. No. (212) 308-6100
                              E-mail addresses: hlevi@llf-law.com or
                              knevling@llf-law.com

                              *Attorneys for Defendants and Third-Party
                              Plaintiffs JPMorgan Chase & Co. and
                              JPMorgan Chase Bank, N.A.*

A-88

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                        )
DEBORAH D. PETERSON,                    )
Personal Representative of the          )
Estate of James C. Knipple (Dec.), et al., )
                                        )
        Plaintiffs,                     )
                                        )        Consolidated Civil Actions:
        v.                              )              01-2094 (RCL)
                                        )              01-2684 (RCL)
                                        )
ISLAMIC REPUBLIC OF IRAN, et al.,       )
                                        )
        Defendants.                     )
_____ )
```

**JUDGMENT**

In accord with the Memorandum Opinion issued this date, it is hereby

ORDERED that Default Judgment be entered in favor of plaintiffs and against

defendants, jointly and severally, in the amount of $2,656,944,877.00, which shall be allocated

in the following manner:

      1.    *Wrongful Death Claims Brought by the Personal Representatives and Estates of*

           *Deceased Servicemen*

| | |
|---|---|
| Abbott, Terry | $1,485,243.00 |
| Allman, John Robert | $545,937.00 |
| Bates, Ronny Kent | $2,991,659.00 |
| Baynard, James | $626,517.00 |
| Beamon, Jess W. | $988,897.00 |
| Belmer, Alvin Burton | $8,384,746.00 |
| Blankenship, Richard D. | $1,421,889.00 |
| Blocker, John W. | $975,621.00 |
| Boccia, Joseph John Jr. | $1,276,641.00 |
| Bohannon, Leon | $706,549.00 |

-1-

| | |
|---|---|
| Bonk, John Jr. | $904,220.00 |
| Boulos, Jeffrey Joseph | $1,154,112.00 |
| Boyett, John Norman | $2,235,375.00 |
| Burley, William | $170,847.00 |
| Callahan, Paul | $974,546.00 |
| Camara, Mecot | $1,882,308.00 |
| Campus, Bradley | $433,959.00 |
| Ceasar, Johnnie | $313,593.00 |
| Conley, Robert Allen | $962,677.00 |
| Cook, Charles Dennis | $837,147.00 |
| Copeland, Johnny Len | $541,325.00 |
| Cosner, David | $1,105,668.00 |
| Coulman, Kevin | $1,287,092.00 |
| Crudale, Rick | $1,004,731.00 |
| Cyzick, Russell | $575,554.00 |
| Devlin, Michael | $939,887.00 |
| Dorsey, Nathaniel | $638,703.00 |
| Dunnigan, Timothy | $709,232.00 |
| Earle, Bryan | $1,286,372.00 |
| Estes, Danny R. | $1,000,157.00 |
| Fluegel, Richard Andrew | $1,089,811.00 |
| Fulcher, Michael D. | $1,257,150.00 |
| Gallagher, Sean | $674,382.00 |
| Gangur, George | $1,000,935.00 |
| Garcia, Randall | $1,127,694.00 |
| Ghumm, Harold | $1,260,508.00 |
| Giblin, Timothy | $1,301,526.00 |
| Gorchinski, Michael | $1,931,668.00 |
| Gordon, Richard | $965,609.00 |
| Green, Davin M. | $1,025,050.00 |
| Hairston, Thomas | $1,489,395.00 |
| Haskell, Michael | $2,871,058.00 |
| Helms, Mark Anthony | $1,028,509.00 |
| Hester, Stanley G. | $1,493,349.00 |
| Hildreth, Donald Wayne | $1,425,177.00 |
| Holberton, Richard | $1,818,176.00 |
| Hudson, Dr. John | $4,072,010.00 |
| Hukill, Maurice Edward | $3,038,258.00 |
| Iacovino, Edward Jr. | $407,196.00 |
| Innocenzi, Paul III | $1,715,253.00 |
| Jackowski, James | $463,355.00 |
| James, Jeffrey Wilbur | $251,607.00 |
| Jenkins, Nathaniel Walter | $7,599,314 |

| | |
|---|---|
| Johnston, Edward Anthony | $1,246,535.00 |
| Jones, Steven | $801,721.00 |
| Julian, Thomas Adrian | $415,311.00 |
| Keown, Thomas | $1,013,901.00 |
| Kluck, Daniel | $922,630.00 |
| Knipple, James C. | $1,018,665.00 |
| Kreischer, Freas H. III | $1,059,185.00 |
| Laise, Keith | $447,984.00 |
| Langon, James IV | $1,066,903.00 |
| LaRiviere, Michael Scott | $1,056,282.00 |
| LaRiviere, Steven | $986,622.00 |
| Lemnah, Richard | $1,842,869.00 |
| Livingston, Joseph R. ("Joel") III | $1,762,193.00 |
| Lyon, Paul D. Jr. | $1,034,459.00 |
| Macroglou, John | $2,183,935.00 |
| Maitland, Samuel Jr. | $970,700.00 |
| Martin, Charlie Robert | $1,316,085.00 |
| Massa, David | $674,558.00 |
| McCall, John | $853,420.00 |
| McDonough, James E. | $952,847.00 |
| McMahon, Timothy R. | $984,020.00 |
| Menkins, Richard II | $850,938.00 |
| Meurer, Ronald | $1,855,272.00 |
| Milano, Joseph Peter | $674,258.00 |
| Moore, Joseph | $980,150.00 |
| Myers, Harry Douglas | $891,144.00 |
| Nairn, David | $1,562,682.00 |
| Olson, John Arne | $1,010,497.00 |
| Owens, Joseph Albert | $502,237.00 |
| Page, Connie Ray | $1,012,211.00 |
| Parker, Ulysses Gregory | $641,523.00 |
| Pearson, John L. | $1,816,369.00 |
| Perron, Thomas S. | $424,110.00 |
| Phillips, John Arthur Jr. | $1,030,308.00 |
| Pollard, William Roy | $1,111,556.00 |
| Prevatt, Victor Mark | $862,635.00 |
| Price, James | $989,921.00 |
| Prindeville, Patrick Kerry | $305,675.00 |
| Quirante, Diomedes J. | $2,178,822.00 |
| Richardson, Warren | $796,673.00 |
| Rotondo, Louis J. | $2,276,348.00 |
| Sauls, Michael Caleb | $974,601.00 |
| Schnorf, Charles Jeffrey | $2,790,541.00 |

| | |
|---|---|
| Schultz, Scott Lee | $675,361.00 |
| Scialabba, Peter | $2,462,179.00 |
| Scott, Gary Randall | $432,024.00 |
| Shipp, Thomas Alan | $738,895.00 |
| Shropshire, Jerryl | $212,061.00 |
| Simpson, Larry H. Jr. | $5,995,660.00 |
| Smith, Kirk Hall | $710,042.00 |
| Smith, Thomas Gerard | $980,543.00 |
| Smith, Vincent | $1,285,915.00 |
| Sommerhof, William Scott | $1,361,062.00 |
| Spencer, Stephen Eugene | $974,298.00 |
| Stelpflug, William | $1,094,429.00 |
| Stephens, Horace Renardo Jr. ("Ricky") | $446,107.00 |
| Stockton, Craig | $1,007,526.00 |
| Stokes, Jeffrey | $1,599,994.00 |
| Sturghill, Eric D. | $725,378.00 |
| Sundar, Devon | $1,394,608.00 |
| Thorstad, Thomas Paul | $1,921,086.00 |
| Tingley, Stephen | $1,439,655.00 |
| Vallone, Donald H. Jr. | $462,193.00 |
| Washington, Eric Glenn | $1,069,270.00 |
| Wigglesworth, Dwayne | $1,001,122.00 |
| Williams, Rodney J. | $671,206.00 |
| Williams, Scipio Jr. | $1,635,994.00 |
| Williamson, Johnny Adam | $443,409.00 |
| Winter, William Ellis | $2,534,910.00 |
| Woollett, Donald Elberan | $2,021,565.00 |
| Wyche, Craig | $1,025,860.00 |
| Young, Jeffrey D. | $618,891.00 |

2.  *Battery Claims Brought by Injured Servicemen*

| | |
|---|---|
| Albright, Marvin | $5,000,000.00 |
| Arroyo, Pablo | $5,000,000.00 |
| Banks, Anthony | $7,500,000.00 |
| Burnette, Rodney Darrell | $8,000,000.00 |
| Comes, Frank Jr. | $1,500,000.00 |
| Dolphin, Glenn | $3,000,000.00 |
| Eaves, Frederick Daniel | $1,500,000.00 |
| Frye, Charles | $2,200,000.00 |
| Garner, Truman Dale | $7,500,000.00 |
| Gerlach, Larry | $12,000,000.00 |
| Hlywiak, John | $1,500,000.00 |

| | |
|---|---|
| Hunt, Orval | $8,000,000.00 |
| Jacobs, Joseph P. | $5,000,000.00 |
| Kirkpatrick, Brian | $8,000,000.00 |
| Matthews, Burnham | $7,000,000.00 |
| Mitchell, Timothy | $4,555,099.00 |
| Moore, Lovelle "Darrell" | $8,314,513.00 |
| Nashton, Jeffrey | $11,776,632.00 |
| Oliver, John | $3,277,542.00 |
| Rivers, Paul | $7,000,000.00 |
| Russell, Stephen | $9,252,749.00 |
| Spaulding, Dana | $9,559,609.00 |
| Swinson, Craig Joseph | $1,500,000.00 |
| Toma, Michael | $7,500,000.00 |
| Wheeler, Danny | $5,000,000.00 |
| Young, Thomas D. | $1,500,000.00 |

3. *Claims Brought by Family Members of Deceased Servicemen*

| | |
|---|---|
| Abbey, Lilla Woollett | $2,500,000.00 |
| Abbott, James | $5,000,000.00 |
| Abbott, Mary (Estate of) | $5,000,000.00 |
| Adams, Elizabeth | $2,500,000.00 |
| Ahlquist, Eileen Prindeville | $2,500,000.00 |
| Alarcon, Miralda (Judith Maitland) | $8,000,000.00 |
| Allman, Anne | $5,000,000.00 |
| Allman, Robert | $5,000,000.00 |
| Allman, Theodore (Estate of) | $2,500,000.00 |
| Allman, DiAnne Margaret ("Maggie") | $2,500,000.00 |
| Alvarez, Margaret E. | $2,500,000.00 |
| Angus, Kimberly F. | $2,500,000.00 |
| Bates, Donnie | $2,500,000.00 |
| Bates, Johnny | $2,500,000.00 |
| Bates, Laura | $5,000,000.00 |
| Bates, Margie | $5,000,000.00 |
| Bates, Monty | $2,500,000.00 |
| Bates, Thomas Jr. | $2,500,000.00 |
| Bates, Thomas C., Sr. | $5,000,000.00 |
| Baumgartner, Mary E. | $2,500,000.00 |
| Baynard, Anthony | $2,500,000.00 |
| Baynard, Barry | $2,500,000.00 |
| Baynard, Emerson | $2,500,000.00 |
| Baynard, Philip | $2,500,000.00 |
| Baynard, Thomasine | $8,000,000.00 |

| | |
|---|---|
| Baynard, Timothy | $2,500,000.00 |
| Baynard, Wayne | $2,500,000.00 |
| Baynard, Stephen | $5,000,000.00 |
| Beard, Anna | $2,500,000.00 |
| Beck, Mary Ann | $2,500,000.00 |
| Belmer, Alue | $5,000,000.00 |
| Belmer, Annette | $2,500,000.00 |
| Belmer, Clarence | $2,500,000.00 |
| Belmer, Colby Keith | $5,000,000.00 |
| Belmer, Denise | $2,500,000.00 |
| Belmer, Donna | $2,500,000.00 |
| Belmer, Faye | $8,000,000.00 |
| Belmer, Kenneth | $2,500,000.00 |
| Belmer, Luddie | $5,000,000.00 |
| Biellow, Shawn | $2,500,000.00 |
| Black, Mary Frances | $2,500,000.00 |
| Blankenship, Donald Jr. | $2,500,000.00 |
| Blankenship, Donald Sr. | $5,000,000.00 |
| Blankenship, Mary (Estate of) | $5,000,000.00 |
| Blocker, Alice | $5,000,000.00 |
| Blocker, Douglas | $2,500,000.00 |
| Blocker, John R. | $5,000,000.00 |
| Blocker, Robert | $2,500,000.00 |
| Boccia, James | $2,500,000.00 |
| Boccia, Joseph Sr. | $5,000,000.00 |
| Boccia, Patricia | $5,000,000.00 |
| Boccia, Raymond | $2,500,000.00 |
| Boccia, Richard | $2,500,000.00 |
| Boccia, Ronnie (Veronica) | $2,500,000.00 |
| Boddie, Leticia | $2,500,000.00 |
| Bohannon, Angela | $2,500,000.00 |
| Bohannon, Anthony | $2,500,000.00 |
| Bohannon, Carrie | $5,000,000.00 |
| Bohannon, David | $2,500,000.00 |
| Bohannon, Edna | $8,000,000.00 |
| Bohannon, Leon Sr. | $5,000,000.00 |
| Bohannon, Ricki | $2,500,000.00 |
| Bolinger, Billie Jean | $5,000,000.00 |
| Boulos, Joseph | $5,000,000.00 |
| Boulos, Lydia | $2,500,000.00 |
| Boulos, Marie | $5,000,000.00 |
| Bowler, Rebecca | $2,500,000.00 |
| Boyett, Lavon | $5,000,000.00 |
| Boyett, Norman E. Jr. (Estate of) | $5,000,000.00 |

| | |
|---|---|
| Boyett, Theresa U. Roth | $8,000,000.00 |
| Boyett, William A. | $2,500,000.00 |
| Breeden, Susan Schnorf | $2,500,000.00 |
| Briscoe, Damion | $2,500,000.00 |
| Brown, Christine | $5,000,000.00 |
| Brunette, Rosanne | $2,500,000.00 |
| Buckner, Mary Lynn | $8,000,000.00 |
| Burley, Claude (Estate of) | $5,000,000.00 |
| Burley, William Douglas (Estate of) | $2,500,000.00 |
| Burley, Myra | $2,500,000.00 |
| Calabro, Kathleen | $2,500,000.00 |
| Caldera, Rachel | $2,500,000.00 |
| Callahan, Avenell | $5,000,000.00 |
| Callahan, Michael | $2,500,000.00 |
| Calloway, Patricia (Patsy Ann) | $2,500,000.00 |
| Camara, Elisa Rock | $2,500,000.00 |
| Camara, Theresa Riggs | $2,500,000.00 |
| Campbell, Candace | $2,500,000.00 |
| Campus, Clare | $5,000,000.00 |
| Capobianco, Elaine | $2,500,000.00 |
| Carter, Florene Martin | $2,500,000.00 |
| Cash, Phyllis A. | $2,500,000.00 |
| Catano, Theresa | $2,500,000.00 |
| Ceasar, Bruce | $2,500,000.00 |
| Ceasar, Franklin | $2,500,000.00 |
| Ceasar, Fredrick | $2,500,000.00 |
| Ceasar, Robbie Nell | $5,000,000.00 |
| Ceasar, Sybil | $1,250,000.00 |
| Cecca, Christine Devlin | $2,500,000.00 |
| Chapman, Tammy | $2,500,000.00 |
| Cherry, James | $2,500,000.00 |
| Cherry, Sonia | $2,500,000.00 |
| Chios, Adele H. | $2,500,000.00 |
| Christian, Jana M. | $2,500,000.00 |
| Christian, Sharon Rose | $2,500,000.00 |
| Ciupaska, Susan | $2,500,000.00 |
| Clark, LeShune Stokes | $2,500,000.00 |
| Clark, Rosemary | $2,500,000.00 |
| Cobble, Mary Ann | $5,000,000.00 |
| Collard, Karen Shipp | $2,500,000.00 |
| Collier, Jennifer | $5,000,000.00 |
| Collier, Melia Winter | $8,000,000.00 |
| Coltrane, Deborah M. | $8,000,000.00 |
| Conley, James N. Jr. | $5,000,000.00 |

| | |
|---|---|
| Conley, Roberta Li | $5,000,000.00 |
| Cook, Charles F. | $5,000,000.00 |
| Cook, Elizabeth A. | $2,500,000.00 |
| Cook, Mary A. (Estate of) | $5,000,000.00 |
| Copeland, Alan Tracy | $2,500,000.00 |
| Copeland, Betty | $5,000,000.00 |
| Copeland, Donald | $5,000,000.00 |
| Corry, Blanche | $2,500,000.00 |
| Cosner, Harold | $5,000,000.00 |
| Cosner, Jeffrey | $2,500,000.00 |
| Cosner, Leanna | $5,000,000.00 |
| Cosner, Marva Lynn (Estate of) | $5,000,000.00 |
| Cossaboom, Cheryl | $2,500,000.00 |
| Coulman, Bryan Thomas | $2,500,000.00 |
| Coulman, Christopher J. | $2,500,000.00 |
| Coulman, Dennis P. | $2,500,000.00 |
| Coulman, Lorraine M. | $5,000,000.00 |
| Coulman, Robert D. | $2,500,000.00 |
| Coulman, Robert Louis | $5,000,000.00 |
| Covington, Charlita Martin | $5,000,000.00 |
| Crouch, Amanda | $5,000,000.00 |
| Crudale, Marie | $5,000,000.00 |
| Cyzick, Eugene | $2,500,000.00 |
| Dallachie, Lynn | $8,000,000.00 |
| Deal, Anne | $2,500,000.00 |
| Derbyshire, Lynn Smith | $2,500,000.00 |
| Desjardins, Theresa | $5,000,000.00 |
| Devlin, Christine | $5,000,000.00 |
| Devlin, Daniel | $2,500,000.00 |
| Devlin, Gabrielle | $2,500,000.00 |
| Devlin, Richard | $2,500,000.00 |
| Devlin, Sean | $2,500,000.00 |
| Donahue (Milano), Rosalie | $2,500,000.00 |
| Doray, Ashley | $5,000,000.00 |
| Doss, Rebecca | $2,500,000.00 |
| Dunnigan, Chester | $2,500,000.00 |
| Dunnigan, Elizabeth Ann | $2,500,000.00 |
| Dunnigan, Michael | $2,500,000.00 |
| Dunnigan, William | $2,500,000.00 |
| Dunnigan, Claudine | $5,000,000.00 |
| Edquist, Janice Thorstad | $2,500,000.00 |
| Ervin, Mary Ruth | $5,000,000.00 |
| Estes, Barbara | $5,000,000.00 |
| Estes, Charles | $5,000,000.00 |

| | |
|---|---|
| Estes, Frank | $2,500,000.00 |
| Fansler, Lori | $2,500,000.00 |
| Farthing, Angela Dawn | $2,500,000.00 |
| Ferguson, Arlington | $1,250,000.00 |
| Ferguson, Hilton | $1,250,000.00 |
| Fish, Linda Sandback | $8,000,000.00 |
| Fox, Nancy Brocksbank | $5,000,000.00 |
| Fox, Tia | $2,500,000.00 |
| Freshour, Tammy | $8,000,000.00 |
| Fulcher, Ruby | $5,000,000.00 |
| Gallagher, Barbara | $5,000,000.00 |
| Gallagher, Brian | $2,500,000.00 |
| Gallagher, James (Estate of) | $5,000,000.00 |
| Gallagher, James Jr. | $2,500,000.00 |
| Gallagher, Kevin | $2,500,000.00 |
| Gallagher, Michael | $2,500,000.00 |
| Gangur, Dimitri | $5,000,000.00 |
| Gangur, Mary | $5,000,000.00 |
| Garcia, Jess | $5,000,000.00 |
| Garcia, Ronald | $2,500,000.00 |
| Garcia, Roxanne | $2,500,000.00 |
| Garcia, Russell | $2,500,000.00 |
| Garcia, Violet | $5,000,000.00 |
| Garza, Suzanne Perron | $2,500,000.00 |
| Gattegno, Jeanne | $2,500,000.00 |
| Ghumm, Arlene | $8,000,000.00 |
| Ghumm, Ashley | $5,000,000.00 |
| Ghumm, Bill | $2,500,000.00 |
| Ghumm, Edward | $2,500,000.00 |
| Ghumm, Hildegard | $5,000,000.00 |
| Ghumm, Jedaiah (Estate of) | $5,000,000.00 |
| Ghumm, Jesse | $2,500,000.00 |
| Ghumm, Leroy | $5,000,000.00 |
| Ghumm, Moronica | $5,000,000.00 |
| Giblin, Donald | $2,500,000.00 |
| Giblin, Jeanne | $5,000,000.00 |
| Giblin, Michael | $2,500,000.00 |
| Giblin, Tiffany | $5,000,000.00 |
| Giblin, Valerie | $8,000,000.00 |
| Giblin, William | $2,500,000.00 |
| Gilford-Smith, Thad | $2,500,000.00 |
| Gintonio, Rebecca | $2,500,000.00 |
| Goff, Dawn | $2,500,000.00 |
| Gorchinski, Christina | $5,000,000.00 |

| | |
|---|---|
| Gorchinski, Judy | $8,000,000.00 |
| Gorchinski, Kevin | $5,000,000.00 |
| Gorchinski, Valerie | $5,000,000.00 |
| Gordon, Alice | $5,000,000.00 |
| Gordon, Joseph | $2,500,000.00 |
| Gordon, Linda | $2,500,000.00 |
| Gordon, Norris (Estate of) | $5,000,000.00 |
| Gordon, Paul | $2,500,000.00 |
| Grant, Andrea | $2,500,000.00 |
| Graves, Deborah | $2,500,000.00 |
| Green, Deborah | $8,000,000.00 |
| Gregg, Liberty Quirante | $2,500,000.00 |
| Griffin, Alex | $2,500,000.00 |
| Grimsley, Catherine E. | $2,500,000.00 |
| Gummer, Megan | $2,500,000.00 |
| Guz, Lyda Woollett | $2,500,000.00 |
| Hairston, Darlene | $8,000,000.00 |
| Hanrahan, Tara | $2,500,000.00 |
| Hart, Mary Clyde | $2,500,000.00 |
| Haskill, Brenda | $2,500,000.00 |
| Haskell, Jeffrey | $2,500,000.00 |
| Hedge, Kathleen S. | $8,000,000.00 |
| Helms, Christopher Todd | $2,500,000.00 |
| Helms, Marvin R. | $5,000,000.00 |
| Hester, Doris | $8,000,000.00 |
| Hildreth, Clifton | $5,000,000.00 |
| Hildreth, Julia | $5,000,000.00 |
| Hildreth, Mary Ann | $8,000,000.00 |
| Hildreth, Michael Wayne | $5,000,000.00 |
| Hilton, Sharon A. | $2,500,000.00 |
| Holberton, Donald | $2,500,000.00 |
| Holberton, Patricia Lee | $5,000,000.00 |
| Holberton, Thomas | $2,500,000.00 |
| Hollifield, Tangie | $2,500,000.00 |
| Horner, Debra | $8,000,000.00 |
| House, Elizabeth | $2,500,000.00 |
| Houston, Joyce A. | $5,000,000.00 |
| Howell, Tammy Camara | $8,000,000.00 |
| Hudson, Lisa H. | $8,000,000.00 |
| Hudson, Lorenzo | $2,500,000.00 |
| Hudson, Lucy | $5,000,000.00 |
| Hudson, Ruth | $2,500,000.00 |
| Hudson, Samuel (Estate of) | $5,000,000.00 |
| Hudson, William J. | $5,000,000.00 |

| | |
|---|---|
| Hugis, Susan Thorstad (Estate of) | $2,500,000.00 |
| Hurlburt, Nancy Tingley | $2,500,000.00 |
| Hurston, Cynthia Perron | $2,500,000.00 |
| Iacovino, Edward Sr. (Estate of) | $5,000,000.00 |
| Iacovino, Elizabeth | $5,000,000.00 |
| Innocenzi, Deborah | $8,000,000.00 |
| Innocenzi, Kristin | $5,000,000.00 |
| Innocenzi, Mark | $2,500,000.00 |
| Innocenzi, Paul IV | $5,000,000.00 |
| Jaccom, Bernadette | $2,500,000.00 |
| Jackowski, John Jr. | $2,500,000.00 |
| Jackowski, John Sr. | $5,000,000.00 |
| Jacobus, Victoria | $2,500,000.00 |
| James, Elaine | $5,000,000.00 |
| Jenkins, Nathalie C. | $5,000,000.00 |
| Jenkins, Stephen | $2,500,000.00 |
| Jewett, Rebecca | $2,500,000.00 |
| Johnson, Linda Martin | $2,500,000.00 |
| Johnson, Ray | $2,500,000.00 |
| Johnson, Rennitta Stokes | $2,500,000.00 |
| Johnson, Sherry | $5,000,000.00 |
| Johnston, Charles | $2,500,000.00 |
| Johnston, Edwin | $5,000,000.00 |
| Johnston, Mary Ann | $5,000,000.00 |
| Johnston, Zandra LaRiviere | $2,500,000.00 |
| Jones, Alicia | $2,500,000.00 |
| Jones, Corene Martin | $2,500,000.00 |
| Jones, Kia Briscoe | $2,500,000.00 |
| Jones, Mark | $2,500,000.00 |
| Jones, Ollie | $5,000,000.00 |
| Jones, Sandra D. | $5,000,000.00 |
| Jones, Synovure (Estate of) | $2,500,000.00 |
| Jordan, Robin Copeland | $2,500,000.00 |
| Jordan, Susan Scott | $2,500,000.00 |
| Julian, Joyce | $5,000,000.00 |
| Julian, Karl | $5,000,000.00 |
| Jurist, Nada | $2,500,000.00 |
| Keown, Adam | $2,500,000.00 |
| Keown, Bobby Jr. | $2,500,000.00 |
| Keown, Bobby Sr. | $5,000,000.00 |
| Keown, Darren | $2,500,000.00 |
| Keown, William | $2,500,000.00 |
| Kirker, Mary Joe | $2,500,000.00 |
| Kluck, Kelly | $2,500,000.00 |

A-100

| | |
|---|---|
| Kluck, Michael | $2,500,000.00 |
| Knipple, John D. (Estate of) | $5,000,000.00 |
| Knipple, John R. | $2,500,000.00 |
| Knipple, Pauline (Estate of) | $5,000,000.00 |
| Knox, Shirley L. | $2,500,000.00 |
| Kreischer, Doreen | $5,000,000.00 |
| Kreischer, Freas H. Jr. | $5,000,000.00 |
| Lake, Cynthia D. | $2,500,000.00 |
| Lange, Wendy L. | $2,500,000.00 |
| Langon, James III | $5,000,000.00 |
| LaRiviere, Eugene | $2,500,000.00 |
| LaRiviere, Janet | $5,000,000.00 |
| LaRiviere, John M. | $2,500,000.00 |
| LaRiviere, Lesley | $2,500,000.00 |
| LaRiviere, Michael | $2,500,000.00 |
| LaRiviere, Nancy | $2,500,000.00 |
| LaRiviere, Richard | $2,500,000.00 |
| LaRiviere, Richard G. (Estate of) | $5,000,000.00 |
| LaRiviere, Robert | $2,500,000.00 |
| LaRiviere, William | $2,500,000.00 |
| Lawton, Cathy L. | $2,500,000.00 |
| LeGault, Heidi Crudale | $8,000,000.00 |
| Lemnah, Clarence (Estate of) | $5,000,000.00 |
| Lemnah, Etta | $5,000,000.00 |
| Lemnah, Fay | $2,500,000.00 |
| Lemnah, Harold | $2,500,000.00 |
| Lemnah, Marlys | $8,000,000.00 |
| Lemnah, Robert | $2,500,000.00 |
| Lemnah, Ronald | $2,500,000.00 |
| Livingston, Annette R. | $8,000,000.00 |
| Livingston, Joseph R. IV | $5,000,000.00 |
| Livingston, Joseph R. Jr. (Estate of) | $5,000,000.00 |
| Lynch, Robin M. | $2,500,000.00 |
| Lyon, Earl | $2,500,000.00 |
| Lyon, Francisco | $2,500,000.00 |
| Lyon, June | $2,500,000.00 |
| Lyon, Maria | $5,000,000.00 |
| Lyon, Paul D. Sr. | $5,000,000.00 |
| Lyon, Valerie | $2,500,000.00 |
| Macroglou, Heather | $5,000,000.00 |
| Mahoney, Kathleen Devlin | $2,500,000.00 |
| Maitland, Kenty | $2,500,000.00 |
| Maitland, Leysnal | $5,000,000.00 |
| Maitland, Samuel Sr. | $5,000,000.00 |

| | |
|---|---|
| Maitland, Shirla | $2,500,000.00 |
| Marshall, Virginia Boccia | $2,500,000.00 |
| Martin, John | $2,500,000.00 |
| Martin, Pacita | $8,000,000.00 |
| Martin, Renerio | $5,000,000.00 |
| Martin, Ruby | $5,000,000.00 |
| Martin, Shirley | $5,000,000.00 |
| Mason, Mary | $5,000,000.00 |
| Massa, Cristina | $5,000,000.00 |
| Massa, Edmund | $2,500,000.00 |
| Massa, Joao ("John") | $2,500,000.00 |
| Massa, Jose ("Joe") | $2,500,000.00 |
| Massa, Manuel Jr. | $2,500,000.00 |
| Massa, Ramiro | $2,500,000.00 |
| McCall, Mary | $5,000,000.00 |
| McCall, Thomas (Estate of) | $5,000,000.00 |
| McCall, Valerie | $2,500,000.00 |
| McDermott, Gail | $2,500,000.00 |
| McFarlin, Julia A. | $2,500,000.00 |
| McMahon, George | $2,500,000.00 |
| McMahon, Michael | $2,500,000.00 |
| McPhee, Patty | $5,000,000.00 |
| Menkins, Darren | $2,500,000.00 |
| Menkins, Gregory | $2,500,000.00 |
| Menkins, Margaret | $5,000,000.00 |
| Menkins, Richard H. | $5,000,000.00 |
| Meurer, Jay T. | $2,500,000.00 |
| Meurer, John | $5,000,000.00 |
| Meurer, John Thomas | $2,500,000.00 |
| Meurer, Mary Lou | $5,000,000.00 |
| Meurer, Michael | $2,500,000.00 |
| Meyer, Penny | $2,500,000.00 |
| Milano, Angela | $5,000,000.00 |
| Milano, Peter Jr. | $5,000,000.00 |
| Miller, Earline | $5,000,000.00 |
| Miller, Henry | $2,500,000.00 |
| Miller, Patricia | $2,500,000.00 |
| Montgomery, Helen | $2,500,000.00 |
| Moore, Betty | $5,000,000.00 |
| Moore, Harry | $5,000,000.00 |
| Moore, Kimberly | $2,500,000.00 |
| Moore, Mary | $8,000,000.00 |
| Moore, Melissa Lea | $2,500,000.00 |
| Moore, Michael (Estate of) | $2,500,000.00 |

| | |
|---|---|
| Moy, Elizabeth Phillips | $2,500,000.00 |
| Myers, Debra | $2,500,000.00 |
| Myers, Geneva | $5,000,000.00 |
| Myers, Harry A. | $5,000,000.00 |
| Nairn, Billie Ann | $5,000,000.00 |
| Nairn, Campbell J. III | $2,500,000.00 |
| Nairn, Campbell J. Jr. (Estate of) | $5,000,000.00 |
| Nairn, William P. | $2,500,000.00 |
| Norfleet, Richard | $5,000,000.00 |
| O'Connor, Deborah | $2,500,000.00 |
| Olaniji, Pearl | $5,000,000.00 |
| Olson, Bertha (Estate of) | $5,000,000.00 |
| Olson, Karen L. | $2,500,000.00 |
| Olson, Randal D. | $2,500,000.00 |
| Olson, Roger S. | $2,500,000.00 |
| Olson, Ronald J. | $2,500,000.00 |
| Olson, Sigurd (Estate of) | $5,000,000.00 |
| Owens, David | $2,500,000.00 |
| Owens, Deanna | $2,500,000.00 |
| Owens, Frances | $5,000,000.00 |
| Owens, James (Estate of) | $5,000,000.00 |
| Owens, Steven | $2,500,000.00 |
| Page, Connie Mack | $5,000,000.00 |
| Page, Judith K. | $5,000,000.00 |
| Palmer, Lisa Menkins | $2,500,000.00 |
| Paolozzi, Geraldine | $2,500,000.00 |
| Pare, Maureen | $2,500,000.00 |
| Parker, Henry James | $2,500,000.00 |
| Parker, Sharon | $2,500,000.00 |
| Pearson, Helen M. | $5,000,000.00 |
| Pearson, John L. Jr. | $5,000,000.00 |
| Pearson, Sonia | $8,000,000.00 |
| Perron, Brett | $2,500,000.00 |
| Perron, Deborah Jean | $2,500,000.00 |
| Perron, Michelle | $2,500,000.00 |
| Perron, Ronald R. | $5,000,000.00 |
| Persky, Muriel | $5,000,000.00 |
| Peterson, Deborah D. | $2,500,000.00 |
| Petry, Sharon Conley | $2,500,000.00 |
| Petrick, Sandra | $2,500,000.00 |
| Phelps, Donna Vallone | $5,000,000.00 |
| Phillips, Harold | $2,500,000.00 |
| Phillips, John Arthur Sr. | $5,000,000.00 |
| Plickys, Donna Tingley | $2,500,000.00 |

| | |
|---|---|
| Pollard, Margaret Aileen | $8,000,000.00 |
| Pollard, Stacey Yvonne | $5,000,000.00 |
| Prevatt, Lee Hollan | $2,500,000.00 |
| Prevatt, Victor Thornton | $5,000,000.00 |
| Price, John | $5,000,000.00 |
| Price, Joseph | $2,500,000.00 |
| Prindeville, Barbara D. (Estate of) | $5,000,000.00 |
| Prindeville, Kathleen Tara | $2,500,000.00 |
| Prindeville, Michael | $2,500,000.00 |
| Prindeville, Paul | $5,000,000.00 |
| Prindeville, Sean | $2,500,000.00 |
| Quirante, Belinda J. | $5,000,000.00 |
| Quirante, Edgar | $2,500,000.00 |
| Quirante, Godofredo (Estate of) | $5,000,000.00 |
| Quirante, Milton | $2,500,000.00 |
| Quirante, Sabrina | $2,500,000.00 |
| Ray, Susan | $2,500,000.00 |
| Reininger, Laura M. | $2,500,000.00 |
| Richardson, Alan | $2,500,000.00 |
| Richardson, Beatrice | $5,000,000.00 |
| Richardson, Clarence | $5,000,000.00 |
| Richardson, Eric | $2,500,000.00 |
| Richardson, Lynette | $2,500,000.00 |
| Richardson, Vanessa | $2,500,000.00 |
| Richardson-Mills, Philiece | $5,000,000.00 |
| Ricks, Melrose | $5,000,000.00 |
| Riva, Belinda Quirante | $2,500,000.00 |
| Rockwell, Barbara | $5,000,000.00 |
| Rooney, Linda | $2,500,000.00 |
| Rose, Tara Smith | $2,500,000.00 |
| Ruark, Tammi | $2,500,000.00 |
| Rudkowski, Juliana | $2,500,000.00 |
| Russell, Marie McMahon | $2,500,000.00 |
| Sanchez, Alicia Lynn | $5,000,000.00 |
| Sauls, Andrew | $2,500,000.00 |
| Sauls, Henry Caleb | $2,500,000.00 |
| Sauls, Riley A. | $2,500,000.00 |
| Schnorf, Margaret Medler | $5,000,000.00 |
| Schnorf, Richard (brother) | $2,500,000.00 |
| Schnorf, Richard (father) | $5,000,000.00 |
| Schnorf, Robert | $2,500,000.00 |
| Schultz, Beverly | $5,000,000.00 |
| Schultz, Dennis James | $2,500,000.00 |
| Schultz, Dennis Ray | $5,000,000.00 |

| | |
|---|---|
| Scialabba, Frank | $5,000,000.00 |
| Scialabba, Jacqueline | $8,000,000.00 |
| Scialabba, Samuel Scott | $5,000,000.00 |
| Scott, Jon Christopher | $2,500,000.00 |
| Scott, Kevin James | $2,500,000.00 |
| Scott, Larry L. (Estate of) | $5,000,000.00 |
| Scott, Mary Ann | $5,000,000.00 |
| Scott, Sheria | $2,500,000.00 |
| Scott, Stephen Allen | $2,500,000.00 |
| Seguerra, Jacklyn | $2,500,000.00 |
| Shipp, Bryan Richard | $5,000,000.00 |
| Shipp, James David | $2,500,000.00 |
| Shipp, Janice | $2,500,000.00 |
| Shipp, Maurice | $2,500,000.00 |
| Shipp, Pauline | $8,000,000.00 |
| Shipp, Raymond Dennis | $2,500,000.00 |
| Shipp, Russell | $2,500,000.00 |
| Sinsioco, Susan J. | $2,500,000.00 |
| Smith-Ward, Ana | $8,000,000.00 |
| Smith, Angela Josephine (Estate of) | $5,000,000.00 |
| Smith, Bobbie Ann | $5,000,000.00 |
| Smith, Cynthia | $2,500,000.00 |
| Smith, Donna Marie | $2,500,000.00 |
| Smith, Erma | $2,500,000.00 |
| Smith, Holly | $2,500,000.00 |
| Smith, Ian | $5,000,000.00 |
| Smith, Janet | $2,500,000.00 |
| Smith, Joseph K. III | $2,500,000.00 |
| Smith, Joseph K. Jr. | $5,000,000.00 |
| Smith, Keith | $5,000,000.00 |
| Smith, Kelly B. | $2,500,000.00 |
| Smith, Shirley L. | $5,000,000.00 |
| Smith, Tadgh | $2,500,000.00 |
| Smith, Terrence | $2,500,000.00 |
| Smith, Timothy B. | $2,500,000.00 |
| Sommerhof, Jocelyn J. | $5,000,000.00 |
| Sommerhof, John | $2,500,000.00 |
| Sommerhof, William J. | $5,000,000.00 |
| Spencer, Douglas | $2,500,000.00 |
| Stelpflug, Christy Williford | $2,500,000.00 |
| Stelpflug, Joseph | $2,500,000.00 |
| Stelpflug, Kathy Nathan | $2,500,000.00 |
| Stelpflug, Laura Barfield | $2,500,000.00 |
| Stelpflug, Peggy | $5,000,000.00 |

| | |
|---|---|
| Stelpflug, William | $5,000,000.00 |
| Stephens, Horace Sr. | $5,000,000.00 |
| Stephens, Joyce | $5,000,000.00 |
| Stephens, Keith | $2,500,000.00 |
| Stockton, Dona | $5,000,000.00 |
| Stockton, Donald (Estate of) | $5,000,000.00 |
| Stockton, Richard | $2,500,000.00 |
| Stokes, Irene | $5,000,000.00 |
| Stokes, Nelson Jr. | $2,500,000.00 |
| Stokes, Nelson Sr. (Estate of) | $5,000,000.00 |
| Stokes, Robert | $2,500,000.00 |
| Stokes-Graham, Gwenn | $2,500,000.00 |
| Sturghill, Marcus D. | $2,500,000.00 |
| Sturghill, Marcus L. Jr. | $5,000,000.00 |
| Sturghill, NaKeisha Lynn | $2,500,000.00 |
| Sundar, Doreen | $8,000,000.00 |
| Tella, Margaret | $2,500,000.00 |
| Terlson, Susan L. | $2,500,000.00 |
| Thompson, Mary Ellen | $2,500,000.00 |
| Thorstad, Adam | $5,000,000.00 |
| Thorstad, Barbara | $5,000,000.00 |
| Thorstad, James Jr. | $2,500,000.00 |
| Thorstad, James Sr. | $5,000,000.00 |
| Thorstad, John | $2,500,000.00 |
| Thorstad, Ryan | $5,000,000.00 |
| Thurman, Betty Ann | $2,500,000.00 |
| Tingley, Barbara | $5,000,000.00 |
| Tingley, Richard L. | $5,000,000.00 |
| Tingley, Russell | $2,500,000.00 |
| Tolliver, Keysha | $5,000,000.00 |
| Turek, Mary Ann | $5,000,000.00 |
| Valenti, Karen | $5,000,000.00 |
| Vallone, Anthony | $2,500,000.00 |
| Vallone, Donald H. | $5,000,000.00 |
| Vallone, Timothy | $2,500,000.00 |
| Vargas, Leona Mae | $2,500,000.00 |
| Voyles, Denise | $2,500,000.00 |
| Wallace, Ila | $5,000,000.00 |
| Wallace, Kathryn Thorstad | $2,500,000.00 |
| Wallace, Richard J. | $2,500,000.00 |
| Warwick, Barbara Thorstad | $2,500,000.00 |
| Washington, Linda | $2,500,000.00 |
| Washington, Vancine | $2,500,000.00 |
| Watson, Kenneth | $2,500,000.00 |

A-106

| | |
|---|---|
| Whitener, Diane | $2,500,000.00 |
| Wigglesworth, Daryl | $2,500,000.00 |
| Wigglesworth, Darrin A. | $2,500,000.00 |
| Wigglesworth, Henry | $5,000,000.00 |
| Wigglesworth, Mark | $2,500,000.00 |
| Wigglesworth, Robyn | $2,500,000.00 |
| Wigglesworth, Sandra | $5,000,000.00 |
| Wigglesworth, Shawn | $2,500,000.00 |
| Williams, Dianne Stokes | $2,500,000.00 |
| Williams, Gussie Martin | $2,500,000.00 |
| Williams, Janet | $5,000,000.00 |
| Williams, Johnny | $2,500,000.00 |
| Williams, Rhonda | $2,500,000.00 |
| Williams, Ronald | $2,500,000.00 |
| Williams, Ruth | $5,000,000.00 |
| Williams, Scipio J. | $5,000,000.00 |
| Williams, Wesley | $5,000,000.00 |
| Williams-Edwards, Delma | $2,500,000.00 |
| Williamson, Tony | $2,500,000.00 |
| Williamson, Jewelene | $5,000,000.00 |
| Winter, Michael | $5,000,000.00 |
| Wiseman, Barbara | $8,000,000.00 |
| Woodford, Phyllis | $2,500,000.00 |
| Woodle, Joyce | $2,500,000.00 |
| Woollett, Beverly | $5,000,000.00 |
| Woollett, Paul | $5,000,000.00 |
| Wright, Melvina Stokes | $2,500,000.00 |
| Wright, Patricia | $5,000,000.00 |
| Wyche, Glenn | $2,500,000.00 |
| Wyche, John | $2,500,000.00 |
| Young, John F. | $5,000,000.00 |
| Young, John W. | $2,500,000.00 |
| Young, Judith Carol | $5,000,000.00 |
| Young, Sandra Rhodes | $5,000,000.00 |
| Zimmerman, Joanne | $2,500,000.00 |
| Zone, Stephen Thomas | $2,500,000.00 |
| Zosso, Patricia Thorstad | $2,500,000.00 |

4.  *Claims Brought by Family Members of Injured Servicemen*

| | |
|---|---|
| Ali, Jamaal Muata | $1,250,000.00 |
| Angeloni, Margaret | $1,250,000.00 |
| Arroyo, Jesus | $1,250,000.00 |
| Arroyo, Milagros | $1,250,000.00 |

| | |
|---|---|
| Carletta, Olympia | $2,500,000.00 |
| Carpenter, Kimberly | $4,000,000.00 |
| Comes, Joan | $2,500,000.00 |
| Comes, Patrick | $1,250,000.00 |
| Comes, Christopher | $1,250,000.00 |
| Comes, Frank Sr. | $2,500,000.00 |
| Crawford, Deborah | $1,250,000.00 |
| Davis, Barbara | $4,000,000.00 |
| Franklin, Alice Warren | $1,250,000.00 |
| Gerlach, Patricia | $4,000,000.00 |
| Gerlach, Travis | $2,500,000.00 |
| Gerlach, Megan | $2,500,000.00 |
| Hernandez, Arminda | $1,250,000.00 |
| Hlywiak, Margaret | $2,500,000.00 |
| Hlywiak, Peter Jr. | $1,250,000.00 |
| Hlywiak, Peter Sr. | $2,500,000.00 |
| Hlywiak, Paul | $1,250,000.00 |
| Hlywiak, Joseph | $1,250,000.00 |
| Hunt, Cynthia Lou | $4,000,000.00 |
| Ibarro, Rosa | $2,500,000.00 |
| Jacobs, Andrew Scott | $2,500,000.00 |
| Jacobs, Daniel Joseph | $2,500,000.00 |
| Jacobs, Danita | $4,000,000.00 |
| Kirkpatrick, Kathleen | $4,000,000.00 |
| Lewis, Grace | $2,500,000.00 |
| Magnotti, Lisa | $1,250,000.00 |
| Mitchell, Wendy | $4,000,000.00 |
| Moore, James Otis (Estate of) | $1,250,000.00 |
| Moore, Johnney S. (Estate of) | $2,500,000.00 |
| Moore, Marvin S. | $1,250,000.00 |
| Moore, Alie Mae | $2,500,000.00 |
| Moore-Jones, Jonnie Mae | $1,250,000.00 |
| Nashton, Alex W. (Estate of) | $2,500,000.00 |
| Oliver, Paul | $2,500,000.00 |
| Oliver, Riley | $2,500,000.00 |
| Oliver, Michael John | $2,500,000.00 |
| Oliver, Ashley E. | $2,500,000.00 |
| Oliver, Patrick S. | $2,500,000.00 |
| Oliver, Kayley | $2,500,000.00 |
| Russell, Tanya | $2,500,000.00 |
| Russell, Wanda | $4,000,000.00 |
| Russell, Jason | $2,500,000.00 |
| Shaver, Clydia | $1,250,000.00 |
| Spaulding, Scott | $1,250,000.00 |

| | |
|---|---|
| Stanley, Cecilia | $2,500,000.00 |
| Stilpen, Mary | $1,250,000.00 |
| Swank, Kelly | $1,250,000.00 |
| Swinson, Kenneth J. (Estate of) | $2,500,000.00 |
| Swinson, Ingrid M. (Estate of) | $2,500,000.00 |
| Swinson, Daniel | $1,250,000.00 |
| Swinson, William | $1,250,000.00 |
| Swinson, Dawn | $1,250,000.00 |
| Swinson, Teresa | $1,250,000.00 |
| Warren, Bronzell | $1,250,000.00 |
| Watson, Jessica | $1,250,000.00 |
| Webb, Audrey | $1,250,000.00 |
| Wheeler, Jonathan | $2,500,000.00 |
| Wheeler, Benjamin | $2,500,000.00 |
| Wheeler, Marlis "Molly" (Estate of) | $2,500,000.00 |
| Wheeler, Kerry | $1,250,000.00 |
| Wheeler, Andrew | $2,500,000.00 |
| Wheeler, Brenda June | $4,000,000.00 |
| Wold, Jill | $1,250,000.00 |
| Young, Nora (Estate of) | $2,500,000.00 |
| Young, James | $1,250,000.00 |
| Young, Robert (Estate of) | $2,500,000.00 |

IT IS FURTHER ORDERED that the claims brought by the following plaintiffs are

hereby DISMISSED WITHOUT PREJUDICE:

Albright, Marvin Jr.
Albright, Mirequrn
Albright, Shertara
Banks, Anthony (son)
Banks, Michael
Banks, Taiarra
Berry, Lori
Burnette, Christopher
Burnette, Gwen
Camara, Mecot Jr.
Comes, Dale
Comes, Tommy
Crop, Kimberly
Decker, Connie
Dolphin, Erin
Douglass, Frederick (Estate of)
Eaves, Christopher

A-109

Eaves, India
Eaves, Sylvia Jean
Foister, Gerald
Frye, Charles Jr.
Frye, Gina
Frye, Lialani
Frye, Lincoln
Frye, Randall
Garner, Joseph
Garner, Justina
Garner, Penny
Garner, Reva
Goodman, Karl
Haskell, Barbara
Haskell, Richard
Hlywiak, Jordan
Hlywiak, Taylor
Hunt, Jack Darrell
Hunt, Marcy Elizabeth
Hunt, Mendy Leigh
Hunt, Molly Faye
Livingston, Carol
Massa, Manuel Sr. (Estate of)
Matthews, Chadwick
Matthews, Debra
Matthews, Drew
Meurer, Deborah
Miller, Shirley D.
Mitchell, Elvera
Mitchell, Robert
Price, Betty Lou (Estate of)
Price, Timothy
Rivers, Jeremy
Rivers, Paul (son)
Rivers, Sandra
Schak, Carol
Schak, George
Spencer, Lynne M.
Washington, Patrice
Williams, Kevin Coker
Williams, George Robinson
Williams, Dorothy (Estate of)
Williamson, Bill
Wise, Debra

Woodcock, Gwen

IT IS FURTHER ORDERED that the claims brought by the following plaintiffs are

hereby DISMISSED WITH PREJUDICE:

Beamon, Ashley Tutwiler
Beresford, Michael
Beresford, Susan
Beresford, William
Bianco, Sandra Karen
Bianco, Sandra
Bonk, Catherine
Bonk, John Sr.
Bonk, Kevin
Bonk, Thomas
Calloway, Donald
Clark, Michael Jr.
Corry, Charles
DiGiovanni, Lisa
DiGiovanni, Marion
DiGiovanni, Robert
DiGiovanni, Danielle
Fiedler, Sherry Lynn
Fluegel, Robert
Fluegel, Thomas A.
Fluegel, Marilou
Green, Rebecca Iverson
Hairston, Evans
Hairston, Felicia
Hairston, Julia Bell
Hukill, Henry Durban
Hukill, Mark Andrew
Hukill, Matthew Scott
Hukill, Melissa
Hukill, Meredith Anne
Hukill, Mitchell Charles
Hukill, Monte
Hukill, Virginia Ellen
Jackowski, Mary
Jones, Storm
Joyce, Penni
Kirkwood, Carl Sr.
Kirkwood, Jeff

Kirkwood, Shirley
Kirkwood, Carl Arnold Jr.
Kronenbitter, Patricia
Laise, Kris
Laise, Bill
Laise, Betty
Lewis, Natalie
Macroglou, James
Macroglou, Lorraine
Macroglou, Bill
Mason, Richard
McDonald, Kathy
McDonough, Edward W.
McDonough, Sean
McDonough, Edward Joseph
Morgan, Geraldine
Nashton, Pamela J.
Persky, Herbert
Phelps, Charles Jr.
Phelps, Charles Sr.
Prevatt-Wood, Victoria
Rhosto, Deborah Spencer
Rochwell, Natalie
Rockwell, Donald
Rotondo, Rose (Estate of)
Rotondo, Luis (Estate of) (father)
Santoserre, Phyllis (Estate of)
Simpson, Robert
Simpson, Renee Eileen
Simpson, Larry H. Sr.
Simpson, Anna Marie
Vallone, Donna Beresford
Wallace, Bobby L.
Watkins, Lula Mae (Estate of)
Watkins, Simon
Wirick, Sally Jo

IT IS FURTHER ORDERED that plaintiffs, at their own cost and consistent with the

requirements of 28 U.S.C. § 1608(e), send a copy of this Judgment and the Findings of Fact and

Conclusions of Law issued this date to defendants.

IT IS FURTHER ORDERED that the Clerk of this Court shall terminate this case from

A-112

the dockets of this Court.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, September 7, 2007.

# EXHIBIT B

**A-114**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TERANCE J. VALORE, et al., | ) | |
| | ) | Consolidated Actions: |
| Plaintiffs, | ) | 03-cv-1959 (RCL) |
| | ) | 06-cv-516 (RCL) |
| v. | ) | 06-cv-750 (RCL) |
| | ) | 08-cv-1273 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REVISED ORDER AND JUDGMENT

In its Order and Judgment issued on March 31, 2010, the Court ordered that several plaintiffs provide the Court with evidence of their eligibility to recover under 28 U.S.C. § 1605A(c). Upon review of the affidavits of eligibility submitted by such plaintiffs, the Court is satisfied that all such plaintiffs are nationals of the United States and thus eligible to recover. Accordingly, it is hereby ORDERED that these plaintiffs have satisfied the requirements of the original Order and Judgment. The Court therefore now enters this Revised Order and Judgment, which is identical to the original Order and Judgment with respect to dismissals, amounts awarded, and language concerning apportionment upon recovery.

In accordance with the Memorandum Opinion issued March 31, 2010, it is hereby ORDERED that final judgment is entered in favor of plaintiffs and against defendants, jointly and severally, in the amount $1,290,291,092.00, of which $290,291,092.00 shall be awarded as compensatory damages and $1,000,000,000.00 shall be awarded as punitive damages.

It is hereby furthered ORDERED that:

(1)     all claims brought in *Valore* by Floyd Carpenter and Leonora Pontillo are DISMISSED without prejudice for want of prosecution;

(2)    claims brought as survival actions in *Valore* by Estate of David L. Battle, Estate Of Matilde Hernandez, Jr., Estate of John Muffler, Estate of John Jay Tishmack, Estate of Leonard Warren Walker, Estate of Walter Emerson Wint, Jr., and Estate of James Yarber; in *Arnold* by Estate of Moses Arnold, Jr.; and in *Spencer* by Estate of James Silvia are DISMISSED with prejudice;

(3)    claims brought for intentional infliction of emotional distress of beneficiaries in *Valore* by Estate of David L. Battle, Estate of Matilde Hernandez, Jr., Estate of John Muffler, Estate of John Jay Tishmack, Estate of Leonard Warren Walker, Estate of Walter Emerson Wint, Jr., and the Estate of James Yarber; and in *Arnold* by the Estate of Moses Arnold, Jr., are DISMISSED with prejudice; and

(4)    all claims brought in *Bonk* by Danielle DiGiovanni, Lisa DiGiovanni, and Robert DiGiovanni are DISMISSED with prejudice for lack of standing.

It is hereby further ORDERED that remaining plaintiffs are awarded compensatory damages in the amount of $290,291,092.00 as follows:

(1)    plaintiffs who survived the attack and brought claims of assault, battery, and intentional infliction of emotional distress under the FSIA-created cause of action are awarded damages for pain and suffering as follows:

(a)    plaintiffs from *Valore*:

| Plaintiff | Compensatory Damages |
|---|---|
| Pedro Alvarado, Jr. | $5,000,000.00 |
| Dennis Jack Anderson | $5,000,000.00 |
| Timothy Brooks | $5,000,000.00 |
| Michael Harris | $5,000,000.00 |
| Donald R. Pontillo | $1,500,000.00 |
| John E. Selbe | $5,000,000.00 |
| Willy G. Thompson | $5,000,000.00 |
| Terance J. Valore | $7,500,000.00 |

and

      (b)    plaintiffs from *Arnold*:

| Plaintiff | Compensatory Damages |
|---|---|
| Neale Scott Bolen | $5,000,000.00 |

      (2)    plaintiffs who survived the attack and brought claims of assault, battery, and intentional infliction of emotional distress under the FSIA-created cause of action and sought damages for economic loss, all in *Valore*, are awarded damages for economic loss as follows:

| Plaintiff | Compensatory Damages |
|---|---|
| Pedro Alvarado, Jr. | $2,036,459.00 |
| Terance J. Valore | $1,826,493.00 |

      (3)    plaintiffs that are estates that brought wrongful-death claims under the FSIA-created cause of action, or whose claims have been construed under such cause of action, are awarded compensatory damages as follows:

      (a)    plaintiffs from *Valore*:

| Plaintiff | Compensatory Damages |
|---|---|
| Estate of David L. Battle | $989,538.00 |
| Estate Of Matilde Hernandez, Jr. | $1,491,850.00 |
| Estate of John Muffler | $770,283.00 |
| Estate of John Jay Tishmack | $778,778.00 |
| Estate of Leonard Warren Walker | $741,275.00 |
| Estate of Walter Emerson Wint, Jr. | $1,332,617.00 |
| Estate of James Yarber | $1,046,775.00 |

      (b)    plaintiffs from *Arnold*:

| Plaintiff | Compensatory Damages |
|---|---|
| Estate of Moses Arnold, Jr. | $1,273,602.00 |

and

      (c)    plaintiffs from *Spencer*:

| Plaintiff | Compensatory Damages |
|---|---|
| Estate of James Silvia | $1,440,922.00 |

**A-117**

and

(4)    plaintiffs who are family members of victims of the attack and brought

claims of intentional infliction of emotional distress under the FSIA-created cause of

action are awarded compensatory damages as follows:

(a)    plaintiffs from *Valore*:

| Plaintiff | Relative | Relationship to Relative [1] | Compensatory Damages |
|---|---|---|---|
| Angel Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Geraldo Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Grisselle Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Luis Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Luisa Alvarado | Pedro Alvarado, Jr. | Sibling | $1,562,500.00 |
| Maria Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Marta Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Minerva Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Yolanda Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Zoraida Alvarado | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Andres Alvarado Tull | Pedro Alvarado, Jr. | Sibling | $1,250,000.00 |
| Cheryl Bass | Willy G. Thompson | Sibling | $1,250,000.00 |
| Edward J. Brooks | Timothy Brooks | Parent | $2,500,000.00 |
| Patricia A. Brooks | Timothy Brooks | Parent | $2,500,000.00 |
| Wanda Ford | Willy G. Thompson | Sibling | $1,250,000.00 |
| Bennie Harris | Michael Harris | Parent | $2,500,000.00 |
| Rose Harris | Michael Harris | Parent | $2,500,000.00 |
| Marcy Lynn Parson | Terance J. Valore | Sibling | $1,250,000.00 |
| Douglas Pontillo | Donald R. Pontillo | Sibling | $1,250,000.00 |
| Don Selbe | John E. Selbe | Sibling | $1,250,000.00 |
| Eloise F. Selbe | John E. Selbe | Parent | $2,500,000.00 |
| James Selbe | John E. Selbe | Sibling | $1,250,000.00 |
| Belinda Skarka | John E. Selbe | Sibling | $1,250,000.00 |
| Allison Thompson | Willy G. Thompson | Spouse | $4,000,000.00 |
| Isaline Thompson | Willy G. Thompson | Parent | $2,500,000.00 |
| Johnny Thompson | Willy G. Thompson | Sibling | $625,000.00 |
| Deborah True | Donald R. Pontillo | Sibling | $1,250,000.00 |
| Janice Valore | Terance J. Valore | Parent | $2,500,000.00 |
| Orlando M. Valore, Jr. | Terance J. Valore | Sibling | $1,250,000.00 |

[1] This column and similar columns in the tables below use the following umbrella terms: "Parent" means fathers, mothers, adoptive fathers and mothers, and non-adoptive stepfathers and stepmothers who are the functional equivalents of fathers and mothers, respectively. "Sibling" means brothers, sisters, half-brothers, half-sisters, and step-brothers and step-sisters who are the functional equivalents of brothers and sisters, respectively.

| Orlando Michael Valore, Sr. | Terance J. Valore | Parent | $2,500,000.00 |

(b)     plaintiffs from *Arnold*:

| Plaintiff | Relative | Relationship to Relative | Compensatory Damages |
| --- | --- | --- | --- |
| Lolita M. Arnold | Moses Arnold, Jr. | Spouse | $4,000,000.00 |
| Lisa Ann Beck | Neale Scott Bolen | Sibling | $1,250,000.00 |
| Betty J. Bolen | Neale Scott Bolen | Parent | $2,500,000.00 |
| Keith Edwin Bolen | Neale Scott Bolen | Sibling | $1,250,000.00 |
| Sheldon H. Bolen | Neale Scott Bolen | Parent | $2,500,000.00 |
| Sharla M. Korz | Neale Scott Bolen | Sibling | $1,250,000.00 |

(c)     plaintiffs from *Spencer*:

| Plaintiff | Relative | Relationship to Relative | Compensatory Damages |
| --- | --- | --- | --- |
| Lynne Michol Spencer | James Silvia | Brother | $3,125,000.00 |
| | Stephen Eugene Spencer | Spouse | $8,000,000.00 |

and

(d)     plaintiffs from *Bonk*:

| Plaintiff | Relative | Relationship to Relative | Compensatory Damages |
| --- | --- | --- | --- |
| Catherine Bonk | John J. Bonk | Parent | $5,000,000.00 |
| Kevin Bonk | John J. Bonk | Sibling | $2,500,000.00 |
| Thomas Bonk | John J. Bonk | Sibling | $2,500,000.00 |
| John Bonk, Sr. | John J. Bonk | Parent | $5,000,000.00 |
| Marion DiGiovanni | Luis J. Rotondo | Sibling | $2,500,000.00 |
| Sherry Lynn Fiedler | Larry H. Simpson, Jr. | Sibling | $2,500,000.00 |
| Marilou Fluegel | Richard Andrew Fluegel | Parent | $5,000,000.00 |
| Robert Fluegel | Richard Andrew Fluegel | Sibling | $2,500,000.00 |
| Thomas A. Fluegel | Richard Andrew Fluegel | Parent | $5,000,000.00 |
| Evans Hairston | Thomas Hairston | Sibling | $1,250,000.00 |
| Felicia Hairston | Thomas Hairston | Sibling | $2,500,000.00 |
| Julia Bell Hairston | Thomas Hairston | Parent | $5,000,000.00 |
| Henry Durban Hukill | Maurice Edward Hukill | Parent | $5,000,000.00 |
| Mark Andrew Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Matthew Scott Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Melissa Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Meredith Ann Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Mitchell Charles Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Monte Hukill | Maurice Edward Hukill | Sibling | $2,500,000.00 |
| Virginia Ellen Hukill | Maurice Edward Hukill | Parent | $5,000,000.00 |

| Catherine Bonk Hunt | John J. Bonk | Sibling | $2,500,000.00 |
| Storm Jones | James E. McDonough | Sibling | $2,500,000.00 |
| Penni Joyce | Richard Andrew Fluegel | Sibling | $2,500,000.00 |
| Jeff Kirkwood | James E. McDonough | Sibling | $2,500,000.00 |
| Shirley Kirkwood | James E. McDonough | Parent | $5,000,000.00 |
| Carl Arnold Kirkwood, Jr. | James E. McDonough | Sibling | $2,500,000.00 |
| Carl Kirkwood, Sr. | James E. McDonough | Parent | $5,000,000.00 |
| Patricia Kronenbitter | John J. Bonk | Sibling | $2,500,000.00 |
| Bill Laise | Keith Laise | Parent | $5,000,000.00 |
| Betty Laise | Keith Laise | Parent | $5,000,000.00 |
| Kris Laise | Keith Laise | Sibling | $2,500,000.00 |
| Bill Macroglou | John Macroglou | Parent | $5,000,000.00 |
| James Macroglou | John Macroglou | Sibling | $2,500,000.00 |
| Lorraine Macroglou | John Macroglou | Parent | $5,000,000.00 |
| Kathy McDonald | James E. McDonough | Sibling | $2,500,000.00 |
| Edward Joseph McDonough | James E. McDonough | Sibling | $2,500,000.00 |
| Edward W. McDonough | James E. McDonough | Sibling | $2,500,000.00 |
| Sean McDonough | James E. McDonough | Sibling | $2,500,000.00 |
| Deborah Spencer Rhosto | Stephen Eugene Spencer | Sibling | $2,500,000.00 |
| Estate of Luis Rotondo | Luis J. Rotondo | Parent | $5,000,000.00 |
| Estate of Rose Rotondo | Luis J. Rotondo | Parent | $5,000,000.00 |
| Estate of Phyllis Santoserre | Luis J. Rotondo | Sibling | $2,500,000.00 |
| Anna Marie Simpson | Larry H. Simpson, Jr. | Parent | $5,000,000.00 |
| Renee Eileen Simpson | Larry H. Simpson, Jr. | Sibling | $2,500,000.00 |
| Robert Simpson | Larry H. Simpson, Jr. | Sibling | $2,500,000.00 |
| Larry H. Simpson, Sr. | Larry H. Simpson, Jr. | Parent | $5,000,000.00 |
| Sally Jo Wirick | James E. McDonough | Sibling | $2,500,000.00 |

It is hereby further ORDERED that

(1)     all plaintiffs receiving awards herein are together awarded punitive damages in the amount of $1,000,000,000.00, to be apportioned among plaintiffs in proportion to their respective damages awards; and

(2)     if and when any recovery of punitive damages is made, if such recovery is less than the full amount awarded above, moneys recovered shall be apportioned immediately upon their receipt among plaintiffs in proportion to their respective damages awards.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on September 20, 2010.

A-120

# EXHIBIT C

(Page 6 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/30/10   Page 2 of 22

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF ANTHONY K. BROWN     :
By and through VARA BROWN     :
6201 Neff Street     :
Detroit, MI 48224     :
    :
and     :
    :
VARA BROWN     :
6201 Neff Street     :
Detroit, MI 48224     :
    :     **AMENDED COMPLAINT**
and     :     Civil Action No. 08-cv-00531-RCL
    :
JOHN BROWN     :
6201 Neff Street     :
Detroit, MI 48224     :
    :
and     :
    :
SULBA BROWN     :
6201 Neff Street     :
Detroit, MI 48224     :
    :
and     :
    :
ROWEL BROWN     :
6201 Neff Street     :
Detroit, MI 48224     :
    :
and     :
    :
MARVINE MCBRIDE     :
15065 Lincoln Avenue     :
East Point, MI 48021     :
    :
and     :
    :
LAJUANA SMITH     :
20284 Forrer Street     :
Detroit, MI 48235     :
    :
and     :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page132 of 288

A-122

(Page 7 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 12/30/10   Page 3 of 22

JOSEPH A. BARILE                          :
305 Lucas Park Drive                      :
Greensboro, NC 27455                      :
                                          :
and                                       :
                                          :
ANGELA E. BARILE                          :
6546 Date Palm Boulevard, #9              :
Port Richey, FL 34668                     :
                                          :
and                                       :
                                          :
MICHAEL BARILE                            :
223 Carterett Avenue                      :
Seaside Heights, NJ 08751                 :
                                          :
and                                       :
                                          :
ANDREA CIARLA                             :
7121-B Congress Street                    :
New Port Richey, FL 34653                 :
                                          :
and                                       :
                                          :
ANN MARIE MOORE                           :
7127 Congress Street, #201                :
New Port Richey, FL 34653                 :
                                          :
and                                       :
                                          :
ANGELA YOAK                               :
5405 Alton Parkway, #5A764                :
Irvine, CA 92604                          :
                                          :
and                                       :
                                          :
JOHN BECKER                               :
658 Glenmore Drive                        :
Evansville, IN 47715                      :
                                          :
and                                       :
                                          :
RODNEY E. BURNS                           :
34155 Monroe Road, #466                   :
Stoutsville, MO 65283                     :

2

Case 13-4711, Document 50, 04/21/2014, 1206325, Page133 of 288

A-123

(Page 8 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/30/10   Page 4 of 22

and                                                    :
                                                       :
DAVID BURNS                                            :
2566 Highway East                                     :
Silex, MO 63377                                       :
                                                       :
and                                                    :
                                                       :
EUGENE BURNS                                           :
23591 Monroe Road, #483                               :
Stoutsville, MO 65283                                 :
                                                       :
and                                                    :
                                                       :
JEANNIE SCAGGS                                         :
15098 Iva Court                                        :
Wright City, MO 63390                                 :
                                                       :
and                                                    :
                                                       :
DANIEL CUDDEBACK, JR.                                 :
414 Winchell Mountain Road                            :
Millerton, NY 12546                                   :
                                                       :
and                                                    :
                                                       :
BARBARA CUDDEBACK                                     :
46 Wakeman Road                                       :
Millerton, NY 12546                                   :
                                                       :
and                                                    :
                                                       :
DANIEL CUDDEBACK, SR.                                 :
46 Wakeman Road                                       :
Millerton, NY 12546                                   :
                                                       :
and                                                    :
                                                       :
JOHN R. CUDDEBACK                                     :
414 Winchell Mountain Road                            :
Millerton, NY 12546                                   :
                                                       :
and                                                    :
                                                       :
ROBERT DEAN                                            :

3

Case 13-4711, Document 50, 04/21/2014, 1206325, Page134 of 288

A-124

(Page 9 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 12/30/11   Page 5 of 22

2817 W. Sixth Street       :
Little Rock, AR 72205    :
    :
and    :
    :
MICHAEL EPISCOPO    :
107 Fleetwood Lane    :
Minoa, NY 13116    :
    :
and    :
    :
RANDY GADDO    :
191 McIntosh Trail    :
Peachtree City, GA 30269    :
    :
and    :
    :
LOUISE GADDO BLATTLER    :
2984 Jamestown Court, North    :
Mishawaka, IN 46545    :
    :
and    :
    :
PETER GADDO    :
P.O. Box 30    :
Pelham, NC 27311    :
    :
and    :
    :
TIMOTHY GADDO    :
5530 Sycamore Lane, North    :
Plymouth, MN 55442    :
    :
and    :
    :
THE ESTATE OF WILLIAM R. GAINES, JR.    :
By and through MICHAEL A. GAINES    :
14215 Puffin Court    :
Clearwater, FL 33762    :
    :
and    :
    :
MICHAEL A. GAINES    :
14215 Puffin Court    :
Clearwater, FL 33762    :
    :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page135 of 288

A-125

(Page 10 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/30/10   Page 6 of 22

and                                    :
                                       :
WILLIAM R. GAINES, SR.                 :
14215 Puffin Court                     :
Clearwater, FL 33762                   :
                                       :
and                                    :
                                       :
EVELYN SUE SPEARS ELLIOTT              :
3149 Trinity Road                      :
Lexington, KY 40503                    :
                                       :
and                                    :
                                       :
CAROLYN SPEARS                         :
1100 Parklawn Drive                    :
Lexington, KY 40517                    :
                                       :
and                                    :
                                       :
MARK SPEARS                            :
461 Stone Creek Drive                  :
Lexington, KY  40503                   :
                                       :
and                                    :
                                       :
JAMES S. SPEARS                        :
1100 Parklawn Drive                    :
Lexington, KY 40517                    :
                                       :
and                                    :
                                       :
CAROL WEAVER                           :
1108 Weaver Farms Lane                 :
Spring Hill, TN 37174                  :
                                       :
and                                    :
                                       :
THE ESTATE OF VIRGEL HAMILTON          :
By and through GLORIA HAMILTON         :
8 Ashgrove Court                       :
Franklin, OH 45005                     :
                                       :
and                                    :
                                       :
GLORIA HAMILTON                        :

5

(Page 11 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

8 Ashgrove Court                          :
Franklin, OH 45005                        :
                                          :
and                                       :
                                          :
BRUCE HASTINGS                            :
23633 Beech Lane                          :
Seaford, DE 19973                         :
                                          :
and                                       :
                                          :
MAYNARD HODGES                            :
230 Maple Avenue                          :
Rocky Mountain, VA 19973                  :
                                          :
and                                       :
                                          :
LORETTA BROWN                             :
107 Falcon Ridge Road                     :
Rocky Mountain, VA 24151                  :
                                          :
and                                       :
                                          :
KATHY HODGES                              :
230 Maple Avenue                          :
Rocky Mountain, VA 19973                  :
                                          :
and                                       :
                                          :
MARY JEAN HODGES                          :
10 Law Street                             :
Rocky Mountain, VA 24151                  :
                                          :
and                                       :
                                          :
CINDY HOLMES                              :
885 Monticello Drive                      :
Pinehurst, NC 28374                       :
                                          :
and                                       :
                                          :
SHANA SAUL                                :
1800 Wachovia Tower, Drawer 1200          :
Roanoke, VA 24006                         :
                                          :
and                                       :

6

Case 13-4711, Document 50, 04/21/2014, 1206325, Page137 of 288

A-127

(Page 12 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/30/10   Page 8 of 22

DANIEL JOY                                    :
P.O. Box 1553                                 :
Jacksonville, NC 28541                        :
                                              :
and                                           :
                                              :
SEAN KIRKPATRICK                              :
14845 99th Way, SE                            :
Yelm, WA 98597                                :
                                              :
and                                           :
                                              :
DANIEL KREMER                                 :
6633 North Canal Road                         :
Lockport, NY 14094                            :
                                              :
and                                           :
                                              :
THE ESTATE OF CHRISTINE KREMER                :
By and through JOSEPH KREMER                  :
16 Square Court                               :
Gettsville, NY 14068                          :
                                              :
and                                           :
                                              :
JOSEPH T. KREMER                              :
16 Square Court                               :
Gettsville, NY 14068                          :
                                              :
and                                           :
                                              :
THE ESTATE OF THOMAS KREMER                   :
By and through JOSEPH KREMER                  :
16 Square Court                               :
Gettsville, NY 14068                          :
                                              :
and                                           :
                                              :
JACQUELINE STAHRR                             :
106 Stutzman Road                             :
Bowmansville, NY 14026                        :
                                              :
and                                           :
                                              :
THE ESTATE OF DAVID A. LEWIS                  :

7

Case 13-4711, Document 50, 04/21/2014, 1206325, Page138 of 288

A-128

(Page 13 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD Document 597-3 Filed 12/30/11 Page 9 of 22

By and through BETTY LEWIS      :
13603 Alvin Avenue      :
Garfield Heights, OH 44105      :
     :
and      :
     :
BETTY LEWIS      :
13603 Alvin Avenue      :
Garfield Heights, OH 44105      :
     :
and      :
     :
JERRY L. LEWIS      :
4395 Glenmere Drive      :
Warrensville Heights, OH 44105      :
     :
and      :
     :
SCOTT M. LEWIS      :
4544 Merrygold Avenue      :
Warrensville Heights, OH 44128      :
     :
and      :
     :
PAUL MARTINEZ, SR.      :
19426 Highlite Drive      :
Clinton Township, MI 48035      :
     :
and      :
     :
TERESA GUNTHER      :
477 Labelle Street      :
Gross Point Farms, MI 48236      :
     :
and      :
     :
ALPHONSO MARTINEZ      :
30348 Cosino Street      :
Warren, MI 48092      :
     :
and      :
     :
DANIEL L. MARTINEZ      :
13803 Fairmount Drive      :
Detroit, MI 48205      :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page139 of 288

A-129

(Page 14 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/22/10   Page 10 of 26

and

MICHAEL MARTINEZ                                     :
7100 W. Samaria Road                                 :
Ottawa Lake, MI 49267                                :
                                                     :
and                                                  :
                                                     :
PAUL MARTINEZ, JR.                                   :
18560 Huntington Avenue                              :
Harper Woods, MI 48225                               :
                                                     :
and                                                  :
                                                     :
TOMASITA L. MARTINEZ                                 :
18960 Hamburg Street                                 :
Detroit, MI 48205                                    :
                                                     :
and                                                  :
                                                     :
ESTHER MARTINEZ PARKS                                :
18960 Hamburg Street                                 :
Detroit, MI 48205                                    :
                                                     :
and                                                  :
                                                     :
SUSANNE YEOMAN                                       :
8637 Sterling Street                                 :
Centerline, MI 48015                                 :
                                                     :
and                                                  :
                                                     :
JOHN OPATOVSKY                                       :
26 7th Street                                        :
Hillburn, NY 10931                                   :
                                                     :
And                                                  :
                                                     :
THE ESTATE OF JEFFREY B. OWEN                        :
By and through STEVEN OWEN                           :
2101 Parks Avenue, Suite 801                         :
Virginia Beach, VA 23451                             :
                                                     :
and                                                  :
                                                     :
JEAN G. OWENS                                        :

9

Case 13-4711, Document 50, 04/21/2014, 1206325, Page140 of 288

A-130

(Page 15 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/22/10   Page 11 of 26

509 Malibu Drive, #315                         :
Virginia Beach, VA 23452                       :
                                               :
and                                            :
                                               :
STEVEN OWEN                                     :
2101 Parks Avenue, Suite 801                    :
Virginia Beach, VA 23451                        :
                                               :
and                                            :
                                               :
THE ESTATE OF MICHAEL L. PAGE                   :
By and through MARY BETH PAGE                   :
4106 West 220th Street                          :
Fairview Park, OH 44126                         :
                                               :
and                                            :
                                               :
ALBERT PAGE                                     :
952 State Route 511 North                       :
Lot 23                                         :
Ashland, OH 44805                               :
                                               :
and                                            :
                                               :
JANET PAGE                                      :
952 State Route 511 North                       :
Lot 23                                         :
Ashland, OH 44805                               :
                                               :
and                                            :
                                               :
JOYCE CLIFFORD                                  :
190 Orchard Park Road                           :
Mansfield, OH 44904                             :
                                               :
and                                            :
                                               :
DAVID PENOSKY                                   :
850 Wescott Park Road                           :
Mantu, NC 27954                                 :
                                               :
and                                            :
                                               :
JOSEPH PENOSKY                                  :
5456-1 Hughes Street                            :

10

Case 13-4711, Document 50, 04/21/2014, 1206325, Page141 of 288

A-131

(Page 16 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/22/11   Page 12 of 26

Fort Hood, TX 76544                    :
                                       :
and                                    :
                                       :
CHRISTIAN R. RAUCH                     :
18 Gurnee Avenue                       :
Haverstraw, NY 10927                   :
                                       :
and                                    :
                                       :
LEONARD PAUL TICE                      :
720 Third Avenue, #513                 :
New Cumberland, WV 26047               :
                                       :
and                                    :
                                       :
THE ESTATE OF BURTON WHERLAND          :
By and through SARAH WHERLAND          :
206 NE 90th Terrace                    :
Kansas City, MO 64155                  :
                                       :
and                                    :
                                       :
GREGORY WHERLAND                       :
101 E. 69th Way                        :
Long Beach, CA 90805                   :
                                       :
and                                    :
                                       :
KIMMY WHERLAND                         :
1515 Capalina Road, #414               :
San Marcos, CA 92069                   :
                                       :
and                                    :
                                       :
SARAH WHERLAND                         :
206 NE 90th Terrace                    :
Kansa City, MO 64155                   :
                                       :
and                                    :
                                       :
SHARON DAVIS                           :
1298 Old State Route 78                :
Batavia, OH 45103                      :
                                       :
and                                    :

11

Case 13-4711, Document 50, 04/21/2014, 1206325, Page142 of 288

A-132

(Page 17 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD    Document 597-3    Filed 02/30/10    Page 13 of 26

CHARLES F. WEST            :
845 Washington Street      :
New Richmond, OH 45157     :
                           :
and                        :
                           :
CHARLES H. WEST            :
1211 Washington Street     :
Parkersburg, WV 26101      :
                           :
and                        :
                           :
RICK WEST                  :
1217 Pondview Drive        :
Manning, SC 29102          :
                           :
and                        :
                           :
ALAN C. ANDERSON           :
P.O. Box 556               :
Holden, WV 25625           :
                           :
and                        :
                           :
MICHAEL ANDERSON           :
1808 ½ Marcum Terrace      :
Huntington, WV 25705       :
                           :
and                        :
                           :
THELMA ANDERSON            :
P.O. Box 556               :
Holden, WV 25625           :
                           :
and                        :
                           :
THE ESTATE OF STEPHEN B. BLAND    :
By and through RUTH ANN BLAND     :
104 Barkwood Lane                 :
Greenwood, SC 28540               :
                                  :
and                               :
                                  :
THE ESTATE OF FRANK BLAND         :
By and through JAMES BLAND        :

12

A-133

3702 Briscoe Street                    :
Greenville, TX 74010                    :
                                        :
and                                     :
                                        :
JAMES BLAND                             :
3702 Briscoe Street                    :
Greenville, TX 74010                    :
                                        :
and                                     :
                                        :
RUTH ANN BLAND                          :
104 Barkwood Lane                       :
Greenwood, SC 28540                     :
                                        :
and                                     :
                                        :
THE ESTATE OF LAURA V. COPELAND         :
By and through STEVEN COPELAND          :
125 Prairie Creek                       :
Red Oak, TX 75154                       :
                                        :
and                                     :
                                        :
THE ESTATE OF SIDNEY DECKER             :
By and through IDA AND DUDLEY DECKER    :
1912 Rocky Hill Estates Road            :
Clarkson, KY 42726                      :
                                        :
and                                     :
                                        :
DUDLEY DECKER                           :
1912 Rocky Hill Estates Road            :
Clarkson, KY 42726                      :
                                        :
and                                     :
                                        :
IDA DECKER                              :
1912 Rocky Hill Estates Road            :
Clarkson, KY 42726                      :
                                        :
and                                     :
                                        :
JOHNNIE DECKER                          :
1912 Rocky Hill Estates Road            :
Clarkson, KY 42726                      :

13

Case 13-4711, Document 50, 04/21/2014, 1206325, Page144 of 288

A-134

(Page 19 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/32/10   Page 15 of 26

and                                                    :
                                                       :
CAROLYN MUDD                                           :
1215 Conoloway Road                                   :
Clarkson, KY 42726                                    :
                                                       :
and                                                    :
                                                       :
RONALD DUPLANTY                                        :
837 SW Sundown Trail                                  :
Burleson, TX 76028                                    :
                                                       :
and                                                    :
                                                       :
THE ESTATE OF SEAN F. ESTLER                           :
By and through LOUIS C.ESTLER, JR. AND                :
MARY ELLEN ESTLER                                      :
44 Strathmere Street                                  :
Waretown, NJ 08758                                    :
                                                       :
and                                                    :
                                                       :
KEITH ESTLER                                           :
133 Vermont Trail                                     :
Hopanteong, NJ 07843                                  :
                                                       :
and                                                    :
                                                       :
LOUIS C. ESTLER, JR.                                   :
44 Strathmere Street                                  :
Waretown, NJ 08758                                    :
                                                       :
and                                                    :
                                                       :
MARY ELLEN ESTLER                                      :
44 Strathmere Street                                  :
Waretown, NJ 08758                                    :
                                                       :
and                                                    :
                                                       :
THE ESTATE OF BENJAMIN E. FULLER                       :
By and through DAVID ALLEN                             :
336 Grist Mill Drive                                  :
Acworth, GA 30101-4772                                :
                                                       :

14

Case 13-4711, Document 50, 04/21/2014, 1206325, Page145 of 288

(Page 20 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/22/10   Page 16 of 26

and                                            :

ELAINE ALLEN                                   :
336 Grist Mill Drive                           :
Acworth, GA 30101-4772                         :

and                                            :

ERNEST C. FULLER                               :
c/o DAVID ALLEN                                :
336 Grist Mill Drive                           :
Acworth, GA 30101-4772                         :

and                                            :

JOHN GIBSON                                    :
P.O. Box 417                                   :
Fort McCoy, FL 32134                           :

and                                            :

HOLLY GIBSON                                   :
P.O. Box 417                                   :
Fort McCoy, FL 32134                           :

and                                            :

MAURICE GIBSON                                 :
2004 South Moore Road                          :
Springfield, MO 65807                          :

and                                            :

THE ESTATE OF MICHAEL HASTINGS                 :
By and through JOYCE HASTINGS                  :
300 Fifth Street                               :
Seaford, DE 19973                              :

and                                            :

JOYCE HASTINGS                                 :
300 Fifth Street                               :
Seaford, DE 19973                              :

and                                            :

15

Case 13-4711, Document 50, 04/21/2014, 1206325, Page146 of 288

A-136

(Page 21 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/22/10   Page 17 of 26

THE ESTATE OF PAUL HEIN                     :
By and through JO ANN HEIN                   :
51209 Brandychase West                       :
Granger, IL 46530                            :
                                             :
and                                          :
                                             :
                                             :
CHRISTOPHER HEIN                             :
51209 Brandychase West                       :
Granger, IL 46530                            :
                                             :
and                                          :
                                             :
                                             :
JO ANN HEIN                                  :
51209 Brandychase West                       :
Granger, IL 46530                            :
                                             :
and                                          :
                                             :
                                             :
KAREN HEIN                                   :
51209 Brandychase West                       :
Granger, IL 46530                            :
                                             :
and                                          :
                                             :
                                             :
VICTOR HEIN                                  :
12909 S. Escanaba                            :
Chicago, IL 60633                            :
                                             :
and                                          :
                                             :
                                             :
JACQUELINE M. KUNCYZ                         :
O No 734 Woodlawn Street                     :
Wheaton, IL 60187                            :
                                             :
and                                          :
                                             :
                                             :
THE ESTATE OF JOHN HENDRICKSON              :
By and through DEBORAH RYAN                  :
310 Wildwood Drive                           :
Jacksonville, NC 28546                       :
                                             :
and                                          :
                                             :
                                             :
JOHN HENDRICKSON, JR.                        :
310 Wildwood Drive                           :

16

Case 13-4711, Document 50, 04/21/2014, 1206325, Page147 of 288

A-137

(Page 22 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/22/11   Page 18 of 42

Jacksonville, NC 28546          :
                                :
and                             :
                                :
TYSON HENDRICKSON               :
310 Wildwood Drive              :
Jacksonville, NC 28546          :
                                :
and                             :
                                :
DEBORAH RYAN                    :
310 Wildwood Drive              :
Jacksonville, NC 28546          :
                                :
and                             :
                                :
THE ESTATE OF BRUCE HOLLINGSHEAD :
By and through MELINDA HOLLINGSHEAD :
115 Powell Avenue               :
Fairbourne, OH 45324            :
                                :
and                             :
                                :
MELINDA HOLLINGSHEAD            :
115 Powell Avenue               :
Fairbourne, OH 45324            :
                                :
and                             :
                                :
RENARD MANLEY                   :
920 Girard Drive                :
Orlando, FL 37824               :
                                :
and                             :
                                :
THE ESTATE OF MICHAEL R. MASSMAN :
By and through LYDIA MASSMAN    :
2520 W. Cobblestone Road        :
La Habra, CA 90631              :
                                :
and                             :
                                :
NICOLE GOMEZ                    :
7953 Nightingale Lane           :
San Diego, CA 92123             :
                                :

17

Case 13-4711, Document 50, 04/21/2014, 1206325, Page148 of 288

A-138

(Page 23 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD    Document 597-3    Filed 02/22/10    Page 19 of 26

and                                        :

ANGELA MASSMAN                             :
6910 Dale Street, Apt. A                   :
Buena Park, CA 90621                       :
                                           :
and                                        :
                                           :
KRISTOPHER MASSMAN                         :
14420 Dunnet Avenue                        :
La Mirada, CA 90638                        :
                                           :
and                                        :
                                           :
LYDIA MASSMAN                              :
2520 W. Cobblestone Road                   :
La Habra, CA 90631                         :
                                           :
and                                        :
                                           :
PATRICIA LOU SMITH                         :
1909 Military Street, #6                   :
Port Huron, MI 48060                       :
                                           :
and                                        :
                                           :
THE ESTATE OF LOUIS MELENDEZ               :
By and through ZAIDA MELENDEZ              :
P.O. Box 662                               :
Ceiba, Puerto Rico 00635                   :
                                           :
and                                        :
                                           :
DOUGLAS J. MELENDEZ                        :
P.O. Box 662                               :
Ceiba, Puerto Rico 00635                   :
                                           :
and                                        :
                                           :
JOHNNY MELENDEZ                            :
P.O. Box 662                               :
Ceiba, Puerto Rico 00635                   :
                                           :
and                                        :
                                           :
JOHNNY MELENDEZ, JR.                       :

18

Case 13-4711, Document 50, 04/21/2014, 1206325, Page149 of 288

A-139

(Page 24 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-3   Filed 02/22/10   Page 20 of 26

P.O. Box 662                      :
Ceiba, Puerto Rico 00635      :
                                       :
and                             :
  :
ZAIDA MELENDEZ         :
P.O. Box 662                    :
Ceiba, Puerto Rico 00635    :
  :
and  :
  :
THE ESTATE OF MICHAEL D. MERCER :
By and through SARAH MERCER BLACKMAN :
49 Harvey Place  :
Benson, NC 27504  :
  :
and  :
  :
SARAH MERCER BLACKMAN :
49 Harvey Place  :
Benson, NC 27504  :
  :
and  :
  :
SAMUEL PALMER  :
10710 Leonard Oak Road :
Morgantown, KY 42261 :
  :
and  :
  :
ROBIN NICELY  :
104 Iron Ore Lane  :
Clifton Forge, VA 24422 :
  :
and  :
  :
THE ESTATE OF JUAN RODRIGUEZ :
By and through LOUISA PUNTONET :
416 Campus Street  :
Celebration, FL 34747 :
  :
and  :
  :
LOUISA PUNTONET :
416 Campus Street  :
Celebration, FL 34747 :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page150 of 288

A-140

(Page 25 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD    Document 597-3    Filed 03/30/10    Page 21 of 26

and                                    :
                                       :
ROBERT RUCKER                          :
379 Orchard Drive                      :
Waynesville, NC 28786                  :
                                       :
and                                    :
                                       :
THE ESTATE OF BILLY SAN PEDRO          :
By and through SILA SAN PEDRO          :
374 West 12th Street              :
Hialeah, FL 33010                      :
                                       :
and                                    :
                                       :
CESAR SAN PEDRO                        :
374 West 12th Street              :
Hialeah, FL 33010                      :
                                       :
and                                    :
                                       :
GUILLERMO SAN PEDRO                    :
374 West 12th Street              :
Hialeah, FL 33010                      :
                                       :
and                                    :
                                       :
JAVIER SAN PEDRO                       :
374 West 12th Street              :
Hialeah, FL 33010                      :
                                       :
and                                    :
                                       :
SILA SAN PEDRO                         :
374 West 12th Street              :
Hialeah, FL 33010                      :
                                       :
and                                    :
                                       :
THURNELL SHIELDS                       :
5618 Foxtail                           :
Wesley Chapel, FL 33543                :
                                       :
and                                    :
                                       :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page151 of 288

A-141

(Page 26 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD    Document 597-3    Filed 02/30/10    Page 22 of 26

EMMANUEL SIMMONS                    :
319 Exmoor Drive                   :
Jacksonville, NC 28540             :
                                   :
and                                :
                                   :
THE ESTATE OF JAMES SURCH          :
By and through PATTY BARNETT       :
4109 Federman Lane                 :
San Diego, CA 92130                :
                                   :
and                                :
                                   :
PATTY BARNETT                      :
4109 Federman Lane                 :
San Diego, CA 92130                :
                                   :
and                                :
                                   :
WILL SURCH                         :
21 Archilla                        :
Rancho Santa Margarita, CA 92688   :
                                   :
and                                :
                                   :
BRADLEY ULICK                      :
P.O. Box 338                       :
Atkinson, IL 61235                 :
                                   :
and                                :
                                   :
JEANETTE DOUGHERTY                 :
701 Fischer Road, Lot 13           :
Creve Couer, IL 61610              :
                                   :
and                                :
                                   :
MARILYN PETERSON                   :
113 Buckeye                        :
Morton, IL 61550                   :
                                   :
and                                :
                                   :
THE ESTATE OF ERIC WALKER          :
By and through TENA WALKER-JONES   :
P.O. Box 4107                      :

21

Case 13-4711, Document 50, 04/21/2014, 1206325, Page152 of 288

A-142

(Page 27 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD    Document 597-3    Filed 02/22/10    Page 23 of 26

Gary, IN 46404

and

TENA WALKER-JONES
P.O. Box 4107
Gary, IN 46404

and

RONALD E. WALKER
413 Pine Valley Road
Jacksonville, NC 28546

and

RONNIE WALKER
117 Eastfield Road
Newark, DE 19713

and

GALEN WEBER
1551 Halltown Road
Jacksonville, NC 28546

and

THE ESTATE OF OBRIAN WEEKES
By and through IANTHE WEEKES
345 Fenimore Street
Brooklyn, NY 11225

and

ANSON EDMOND
345 Fenimore Street
Brooklyn, NY 11225

and

ARNOLD EDMOND
345 Fenimore Street
Brooklyn, NY 11225

and

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

22

(Page 28 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

HAZEL EDMOND                        :
4143 NW 19th Street                 :
Lauderhill, FL 33313                :
                                    :
and                                 :
                                    :
WENDY EDMOND                        :
345 Fenimore Street                 :
Brooklyn, NY 11225                  :
                                    :
                                    :
and                                 :
                                    :
FAITH WEEKES                        :
287 Clarkson Avenue, Apt. 4L        :
Brooklyn, NY 11226                  :
                                    :
and                                 :
                                    :
IANTHE WEEKES                       :
345 Fenimore Street                 :
Brooklyn, NY 11225                  :
                                    :
                                    :
and                                 :
                                    :
KEITH WEEKES                        :
345 Fenimore Street                 :
Brooklyn, NY 11225                  :
                                    :
                                    :
and                                 :
                                    :
META WEEKES                         :
623 Park Place, Apt. 3              :
Brooklyn, NY 11231                  :
                                    :
                                    :
and                                 :
                                    :
THE ESTATE OF DENNIS L. WEST        :
By and through KATHY WEST           :
171 Johnny Parker Road, Lot 5       :
Jacksonville, NC 28540              :
                                    :
                                    :
and                                 :
                                    :
KATHY WEST                          :
171 Johnny Parker Road, Lot 5       :

23

Case 13-4711, Document 50, 04/21/2014, 1206325, Page154 of 288

A-144

(Page 29 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD    Document 597-3    Filed 02/30/10    Page 25 of 26

Jacksonville, NC 28540          :
                               :
and                            :
                               :
THE ESTATE OF JOHN WEYL        :
By and through SHARON ROWAN    :
107 Glencroft Road             :
Hubert, NC 28539               :
                               :
and                            :
                               :
KELLY BACHLOR                  :
629 West Main Street           :
Newark, OH 43055               :
                               :
and                            :
                               :
ROBIN BROCK                    :
102 Plumtree Lane              :
Castle Hayne, NC 28429         :
                               :
and                            :
                               :
MORGAN W. ROWAN                :
107 Glencroft Road             :
Hubert, NC 28539               :
                               :
and                            :
                               :
SHARON ROWAN                   :
107 Glencroft Road             :
Hubert, NC 28539               :
                               :
and                            :
                               :
NELSON WEYL                    :
11456 132nd Avenue, North      :
Largo, FL 33778                :
                               :
and                            :
                               :
THE ESTATE OF JAMES SILVIA     :
By and through LYNNE MICHOL SPENCER :
111 Edmund Road                :
Jewett City, CT 06351          :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page155 of 288

A-145

(Page 30 of 87 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD Document 597-3 Filed 02/22/10 Page 26 of 42

| and | : |
| | : |
| LYNNE MICHOL SPENCER | : |
| 111 Edmund Road | : |
| Jewett City, CT 06351 | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| THE ISLAMIC REPUBLIC OF IRAN | : |
| Ministry of Foreign Affairs | : |
| Khomeini Avenue | : |
| United Nations Street | : |
| Tehran, Iran | : |
| | : |
| and | : |
| | : |
| THE IRANIAN MINISTRY | : |
| OF INFORMATION AND SECURITY | : |
| Pasdaran Avenue | : |
| Golestan Tekom | : |
| Tehran, Iran | : |
| | : |
| | : |
| Defendants. | : |

## AMENDED COMPLAINT

1. Plaintiffs amend their Complaint as a matter of course pursuant to Fed. R. of Civ. P. 15(a)(1). No responsive pleading has been served.

2. Plaintiffs bring this action as a related action pursuant to the provisions of the newly enacted Defense Authorization Act for Fiscal Year 2008, Section 1083(c), Pub. L. No. 110-181, §1083, 122 Stat. 3, 338-344 (2008) and 28 U.S.C. § 1602, *et seq.*

3. This action is brought by the Plaintiffs, by and through their counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for their own benefit, for the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to

25

A-146

# EXHIBIT D

Case 13-4711, Document 50, 04/21/2014, 1206325, Page157 of 288

A-147

(Page 6 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-5   Filed 02/30/10   Page 2 of 52

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF STEPHEN B. BLAND     :
By and through its Administrator,     :
RUTH ANN BLAND     :
    :
and     :
    :
THE ESTATE OF FRANK BLAND     :
By and through its Administrator,     :
JAMES BLAND     :
    :
and     :
    :
JAMES BLAND       CASE NUMBER  1:05CV02124
 
and       JUDGE: Royce C. Lamberth
 
RUTH ANN BLAND       DECK TYPE: Personal Injury/Malpractice
      /0 3b
and     :       DATE STAMP:  / /2005
    :
THE ESTATE OF LAURA V. COPELAND     :
By and through its Administrator,     :
STEVEN COPELAND     :
    :
and     :
    :
THE ESTATE OF SIDNEY DECKER     :
By and through its Administrator     :
IDA DECKER     :
    :
and     :
    :
DUDLEY DECKER     :
    :
and     :
    :
IDA DECKER     :
    :
and     :
    :
JOHNNIE DECKER     :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page158 of 288

(Page 7 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

and                                      :
                                         :
CAROLYN MUDD                             :
                                         :
and                                      :
                                         :
THE ESTATE OF SEAN F. ESTLER             :
By and through its Administrator,        :
LOUIS C.ESTLER, JR. AND                  :
MARY ELLEN ESTLER                        :
                                         :
and                                      :
                                         :
KEITH ESTLER                             :
                                         :
and                                      :
                                         :
LOUIS C. ESTLER, JR.                     :
                                         :
and                                      :
                                         :
MARY ELLEN ESTLER                        :
                                         :
and                                      :
                                         :
THE ESTATE OF BENJAMIN E. FULLER         :
By and through its Administrator,        :
ELAINE ALLEN                             :
                                         :
and                                      :
                                         :
ELAINE ALLEN                             :
                                         :
and                                      :
                                         :
ERNEST C. FULLER                         :
c/o DAVID ALLEN                          :
                                         :
and                                      :
                                         :
THE ESTATE OF MICHAEL HASTINGS           :
By and through its Administrator,        :
JOYCE HASTINGS                           :
                                         :
and                                      :

2

(Page 8 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD    Document 597-5    Filed 02/30/10    Page 4 of 52

JOYCE HASTINGS                                    :
                                                 :
and                                              :
                                                 :
THE ESTATE OF PAUL HEIN                           :
By and through its Administrator,                :
JO ANN HEIN                                       :
                                                 :
and                                              :
                                                 :
CHRISTOPHER HEIN                                  :
                                                 :
and                                              :
                                                 :
JO ANN HEIN                                       :
                                                 :
and                                              :
                                                 :
KAREN HEIN                                        :
                                                 :
and                                              :
                                                 :
VICTOR HEIN                                       :
                                                 :
and                                              :
                                                 :
JACQUELINE M. KUNCYZ                              :
                                                 :
and                                              :
                                                 :
THE ESTATE OF JOHN HENDRICKSON                    :
By and through its Administrator,                :
DEBORAH RYAN                                      :
                                                 :
and                                              :
                                                 :
JOHN HENDRICKSON                                  :
                                                 :
and                                              :
                                                 :
TYSON HENDRICKSON                                 :
                                                 :
and                                              :
                                                 :
DEBORAH RYAN                                      :
                                                 :

3

Case 13-4711, Document 50, 04/21/2014, 1206325, Page160 of 288

A-150

(Page 9 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-5   Filed 02/30/10   Page 5 of 52

and               :

THE ESTATE OF BRUCE HOLLINGSHEAD :
By and through its Administrator,   :
MELINDA HOLLINGSHEAD        :

and               :

MELINDA HOLLINGSHEAD        :

and               :

THE ESTATE OF MICHAEL R. MASSMAN :
By and through its Administrator,   :
LYDIA MASSMAN            :

and               :

NICOLE GOMEZ            :

and               :

ANGELA MASSMAN          :

and               :

KRISTOPHER MASSMAN       :

and               :

LYDIA MASSMAN           :

and               :

PATRICIA LOU SMITH        :

and               :

THE ESTATE OF LOUIS MELENDEZ   :
By and through its Administrator,   :
ZAIDA MELENDEZ           :

and               :

DOUGLAS J. MELENDEZ       :

Case 13-4711, Document 50, 04/21/2014, 1206325, Page161 of 288

A-151

(Page 10 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 597-5   Filed 02/22/10   Page 6 of 52

and                                              :
                                                 :
JOHNNY MELENDEZ                                  :
                                                 :
and                                              :
                                                 :
JOHNNY MELENDEZ, JR.                             :
                                                 :
and                                              :
                                                 :
ZAIDA MELENDEZ                                   :
                                                 :
and                                              :
                                                 :
THE ESTATE OF MICHAEL D. MERCER                  :
By and through its Administrator,                :
SARAH MERCER                                     :
                                                 :
and                                              :
                                                 :
SARAH MERCER                                     :
                                                 :
and                                              :
                                                 :
THE ESTATE OF JUAN RODRIGUEZ                     :
By and through it Administrator,                 :
LOUISA PUNTONET                                  :
                                                 :
and                                              :
                                                 :
LOUISA PUNTONET                                  :
                                                 :
and                                              :
                                                 :
THE ESTATE OF BILLY SAN PEDRO                    :
By and through it Administrator,                 :
SILA SAN PEDRO                                   :
                                                 :
and                                              :
                                                 :
CESAR SAN PEDRO                                  :
                                                 :
and                                              :
                                                 :
GUILLERMO SAN PEDRO                              :

5

(Page 11 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

and                                          :
                                             :
JAVIER SAN PEDRO                             :
                                             :
and                                          :
                                             :
SILA SAN PEDRO                               :
                                             :
and                                          :
                                             :
THE ESTATE OF JAMES SURCH                    :
By and through its Administrator,            :
PATTY BARNETT                                :
                                             :
and                                          :
                                             :
PATTY BARNETT                                :
                                             :
and                                          :
                                             :
WILL SURCH                                   :
                                             :
and                                          :
                                             :
THE ESTATE OF ERIC WALKER                    :
By and through its Administrator,            :
TENA WALKER-JONES                            :
                                             :
and                                          :
                                             :
TENA WALKER-JONES                            :
                                             :
and                                          :
                                             :
THE ESTATE OF OBRIAN WEEKES                  :
By and through its Administrator,            :
IANTHE EDMOND                                :
                                             :
and                                          :
                                             :
ANSON EDMOND                                 :
                                             :
and                                          :
                                             :
ARNOLD EDMOND                                :

6

(Page 12 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD Document 597-5 Filed 02/30/10 Page 8 of 52

and           :

HAZEL EDMOND   :

and           :

WENDY EDMOND   :

and           :

FAITH WEEKES   :

and           :

IANTHE WEEKES   :

and           :

KEITH WEEKES   :

and           :

META WEEKES   :

and           :

THE ESTATE OF DENNIS L. WEST   :
By and through its Administrator,   :
KATHY WEST   :

and           :

KATHY WEST   :

and           :

THE ESTATE OF JOHN WEYL   :
By and through its Administrator,   :
SHARON ROWAN   :

and           :

KELLY BACHLOR   :

and           :

7

(Page 13 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

ROBIN BROCK                          :
                                     :
and                                  :
                                     :
MORGAN W. ROWAN                      :
                                     :
and                                  :
                                     :
SHARON ROWAN                         :
                                     :
and                                  :
                                     :
NELSON WEYL                          :
                                     :
and                                  :
                                     :
ALAN C. ANDERSON                     :
                                     :
and                                  :
                                     :
MICHAEL ANDERSON                     :
                                     :
and                                  :
                                     :
THELMA ANDERSON                      :
                                     :
and                                  :
                                     :
RONALD DUPLANTY                      :
                                     :
and                                  :
                                     :
JOHN GIBSON                          :
                                     :
and                                  :
                                     :
HOLLY GIBSON                         :
                                     :
and                                  :
                                     :
MAURICE GIBSON                       :
                                     :
and                                  :
                                     :
RENARD MANLEY                        :

8

(Page 14 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD Document 597-5 Filed 02/22/10 Page 10 of 52

and                                           :

SAMUEL PALMER                                 :

and                                           :

ROBIN NICELY                                  :

and                                           :

ROBERT RUCKER                                 :

and                                           :

THURNELL SHIELDS                              :

and                                           :

EMMANUEL SIMMONS                              :

and                                           :

BRADLEY ULICH                                 :

and                                           :

JEANETTE DOUGHERTY                            :

and                                           :

MARILYN PETERSON                              :

and                                           :

RONALD E. WALKER                              :

and                                           :

RONNIE WALKER                                 :

and                                           :

GALEN WEBER                                   :

        Plaintiffs            :

9

Case 13-4711, Document 50, 04/21/2014, 1206325, Page166 of 288

A-156

(Page 15 of 110 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-RPP-MHD   Document 397-5   Filed 02/22/10   Page 11 of 52

v.                                    :

THE ISLAMIC REPUBLIC OF IRAN         :
Ministry of Foreign Affairs          :
Khomeini Avenue                      :
United Nations Street                :
Tehran, Iran                         :
                                     :
and                                  :
                                     :
THE IRANIAN MINISTRY                 :
OF INFORMATION AND SECURITY          :
Pasdaran Avenue                      :
Golestan Tekom                       :
Tehran, Iran                         :
                                     :
              Defendants.            :

## COMPLAINT

1.  This action is brought by the Plaintiffs, by and through their counsel, in the individual capacity of each Plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for their own benefit, for the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to assert a claim under the Foreign Sovereign Immunities Act 28 U.S.C. § 1602 et Seq., and state common law and statutory law. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. § 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises *in personam* jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 U.S.C. § 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391 (f)(4), which provides, in pertinent part, that a civil action against a foreign State may be brought in the United States District Court for the District of Columbia.

2.  The Plaintiffs in this action consist entirely of American Nationals who were members of the United States Marine Corps, United States Navy and United States Army, the

# EXHIBIT E

Case 13-4711, Document 50, 04/21/2014, 1206325, Page168 of 288

A-158

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES OWENS
GARY ROBERT OWENS
BARBARA GOFF
5424 Del Rey Drive
Colorado Springs, CO 80918
        and
FRANK B. PRESSLEY, Jr.
YASEMIN B. PRESSLEY
DAVID A. PRESSLEY
THOMAS C. PRESSLEY
MICHAEL F. PRESSLEY
BERK F. PRESSLEY
JON B. PRESSLEY
MARC Y. PRESSLEY
SUNDUS BUYUK
MONTINE BOWEN
FRANK PRESSLEY, Sr.
BAHAR BUYUK
SERPIL BUYUK
TULAY BUYUK
AHMET BUYUK
DOROTHY WILLARD
11197 NW 70 Court
Parkland, FL 33076
        and
ELLEN MARIE BOMER
DONALD  BOMER
MICHAEL JAMES CORMIER
ANDREW JOHN WILLIAM CORMIER
ALEXANDRA RAIN CORMIER
PATRICIA FEORE
4710 Rutledge Drive, NW
Huntsville, AL 35816
        and
CLYDE M. HIRN
ALICE M. HIRN
PATRICIA K. FAST
INEZ P. HIRN
2249 NW 139 Avenue
Sunrise, FL 33323
        and



RECEIVED
MAR 15 2011
THE BANK OF N.Y. MELLON
LEGAL DEPT.

JOYCE REED
WORLEY LEE REED
CHERYL L. BLOOD
BRET W. REED
RUTH ANN WHITESIDE
LORIE GULICK
PAM WILLIAMS
FLOSSIE VARNEY
LINDA JANE WHITESIDE LESLIE
2415 Promwood Loop
Apartment #2
Montgomery, AL 36106
    and
LYDIA SPARKS
HOWARD SPARKS
TABITHA CARTER
HOWARD SPARKS, Jr.
MICHAEL RAY SPARKS
7401 Eastmoreland Road, #919
Annandale, VA 22003
    and
GARY O. SPIERS
VICTORIA Q. SPIERS
VICTORIA J. SPIERS
JULITA A.  QUALICIO
United States Embassy
Beijing, China
           Plaintiffs


      v.                               Civil No.1:01CV02244
                                    Judge John D. Bates


REPUBLIC OF SUDAN
Ministry of External Affairs
People's Palace
Khartoum, Sudan
    and
MINISTRY OF THE INTERIOR
OF THE REPUBLIC OF THE SUDAN
People's Palace
Khartoum, Sudan
    and
THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs

Case 13-4711, Document 50, 04/21/2014, 1206325, Page170 of 288

A-160

Case 1:09-cv-05900-RPP-MHD   Document 597-5   Filed 12/30/11   Page 4 of 4
Case 1:01-cv-02244-JDB   Document 149   Filed 01/26/09   Page 3 of 40

Khomeini Avenue
United Nations Street
Tehran, Iran
            and
THE IRANIAN MINISTRY
OF INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran
                    Defendants

# FOURTH AMENDED COMPLAINT

(1) This action is brought by the Plaintiffs, James Owens, Gary Robert Owens, Barbara Goff, Frank B. Pressley, Jr.,Yasemin Pressley, David Pressley, Thomas Pressley, Michael Pressley, Berk Pressley, Jon Pressley, Marc Pressley, Sundus Buyuk, Montine Bowen, Frank Pressley, Sr., Bahar Buyuk, Serpil Buyuk, Tulay Buyuk, Ahmet Buyuk, Ellen Bomer, Donald Bomer, Clyde M. Hirn, Alice M. Hirn, Patricia K. Fast, Inez P. Hirn, Michael James Cormier, Patricia Feore, Joyce Ann Reed, Worley Lee Reed, Cheryl L. Blood, Bret W. Reed, Ruth Ann Whiteside, Lorie Gulick, Pam Williams, Flossie Varney, Linda Jane Whiteside Leslie, Lydia Sparks, Howard Sparks, Tabitha Carter, Howard Sparks, Jr., Michael Ray Sparks, Gary O. Spiers, Victoria Q. Spiers, Julita Qualicio and Victoria J. Spiers, by counsel, in their individual capacity pursuant to the Anti-Terrorism Amendments to the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.), and the laws of the jurisdiction of residence of those suffering physical injuries as hereinafter alleged. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605A or in the alternative 1605(a)(7). The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the

3

# EXHIBIT F

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JUDITH ABASI MWILA**
**Personal Representative**
**Of The Estate**
**Of Abbas William Mwila**
**William Abasi Mwila**
**Edina Abasi Mwila**
**Hapiness Abasi Mwila**
**P. O. Box 21231**
**Dar Es Salaam, Tanzania**
    **and**
**DONTE AKILI MWAIPAPE**
**Donti Akili Mwaipape**
**Victoria Donti Mwaipape**
**Elisha Donti Mwaipape**
**Joseph Donti Mwaipape**
**Debora Donti Mwaipape**
**Nko Donti Mwaipape**
**Monica Akili**
**Akili Musupape**
**c/o Pigangoma**
**P. O. Box 71711**
**Dar Es Salaam, Tanzania**
    **and**
**VALENTINE MATHEW KATUNDA**
**Abella Valentine Katunda**
**Venant Valentine Mathew Katunda**
**Desidery Valentine Mathew Katunda**
**Veidiana Valentine Katunda**
**Diana Valentine Katunda**
**Edwine Valentine Mathew Katunda**
**Angelina Mathew Felix**
**P. O. Box 111**
**Bukoba Bujugo**
**Kagera, Tanzania**
    **and**

Case 13-4711, Document 50, 04/21/2014, 1206325, Page173 of 288

2

EDWARD MATHEW RUTAHESHELWA
Elizabeth Mathew Rutaheshelwa
Angelina Mathew Rutaheshelwa
Happiness Mathew Rutaheshelwa
Eric Mathew Rutaheshelwa
Enoc Mathew Rutaheshelwa
Angelina Mathew --Ferix
Mathew Ferix
P. O. Box 9123
c/o American Embassy
Dar Es Salaam, Tanzania
            and
SAMUEL THOMAS MARCUS
Cecilia Samuel Marcus
Coronelia Samuel Marcus
P. O. Box 10296
Dar Es Salaam, Tanzania
            and
HANUNI RAMADHANI NDANGE
Personal Representative
Of The Estate
Of Yusuf Shamte Ndange
Abdu Yusuph Shamte Ndange
Juma Yusuph Shamte Ndange
Mwajabu Yusuph Shamte Ndange
P. O. Box 9123
c/o American Embassy
Dar Es Salaam, Tanzania
            and
ALLI KINDAMBA NG'OMBE
Paulina Mbwanilwa Ng'ombe
Mohamed Alli Ng'ombe
Kindamba Alli Ng'ombe
P. O. Box 9123
c/o American Embassy
Dar Es Salaam, Tanzania
            and
Mohamed

SHABANI SAIDI MTULYA
Personal Representative
Of The Estate
Of Mtendeje Rajabu Mtuyla
Abdul Shabani Mtuyla
Saidi Shabani Mtuyla
DSM.Closdv
Motco(T) Ltd.
Dar Es Salaam, Tanzania
    and
ADABETH SAID NANG'OKO
Personal Representative
Of The Estate
Of Rogath Saidi Saidi
Veronica Alois Saidi
John Rogath Saidi
Daniel Rogath Saidi
Selina Rogath Saidi
Idifonce Rogath Saidi
Aisha Mawazo
P. O. Box 62792
Dar Es Salaam, Tanzania
    and
KULWA RAMADHANI
Personal Representative
Of The Estate
Of Dotio Rmadhani
Kassim Ramadhani
Renema Ramadhani
Upemdo Ramadhani
Majaliwa Ramadhani
Wengo Ramadhani
P. O. Box 65187 Africare
Dar Es Salaam, Tanzania
        Plaintiffs


      v.                               Civil No._____

THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran
    and

THE IRANIAN MINISTRY
OF INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran
          and
THE REPUBLIC OF SUDAN
Ministry Of External Affairs
People's Palace
Khartoum, Sudan
          and
THE MINISTRY OF THE INTERIOR
OF THE REPUBLIC OF SUDAN
People's Palace
Khartoum, Sudan
          **Defendants**

# COMPLAINT

(1) This action is brought by the Plaintiffs, Judith Abasi Mwila, et al., by counsel, in the individual capacity of each Plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for the benefit and on behalf of all those legally entitled to assert a claim pursuant to 28 U.S.C. § 1605A(a) and (c). This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605A(a). The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code §1605 (a)(7) and §1605A. Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

A-166

# EXHIBIT G

A-167

EXHIBIT G HAS BEEN FILED UNDER SEAL

A-168

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------- x

JEREMY LEVIN and LUCILLE LEVIN,

                Plaintiffs,

    - against -

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE, AND
CITIBANK,

                Defendants.

---------------------------------------------------- x

Case No. 09 Civ. 5900 (RPP)

~~████████~~ ORDER

**ROBERT P. PATTERSON, JR., U.S.D.J.**

    WHEREAS, on December 29, 2009, the Court ordered the parties to submit letters by January 8, 2010, addressing "why as a matter of law this Court should not unseal the complaint in this case (or a redacted version thereof) and provide public notice of the pendency of this action," and invited the United States of America to provide comment regarding the same;

    WHEREAS, the Court endorsed the procedure outlined by defendants in their January 8, 2010 letter;

    **IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    Other than as set forth herein, all documents filed in this case shall be filed in the public record; *provided however*, that the information set forth in paragraphs 1(a) and (b) shall be redacted in all public filings.  The Clerk of Court shall maintain a separate file in this case where unredacted pleadings and other filings shall be filed and maintained under seal.

    a.    Exhibit D to the Complaint and all the information contained in said exhibit shall be redacted from the Complaint and from any papers or orders in which said exhibit or information has or will appear.

DWT 13838419v1 0067486-000015

b.      Information regarding

(i)      the identity or name of the account holders or parties to wire transfers where the accounts or wire transfers involve assets blocked pursuant to applicable blocking regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department, and which are the subject of this action;

(ii)      account numbers;

(iii)      the amount in or of each account or wire transfer;

(iv)      any other specific information that contains confidential client or business information and/or information, the disclosure of which may violate the privacy or bank secrecy laws of this or any other country.

**IT IS HEREBY FURTHER ORDERED** that within seven days hereof, each party shall electronically file any papers that were previously filed under seal.

**IT IS HEREBY FURTHER ORDERED** that this Order shall supersede or modify to the extent necessary the sealing order entered in the action on June 26, 2009, and Stipulated Confidentiality Order and the amendment thereto which were So-Ordered by the Court on October 26, 2009 and January 11, 2010, respectively.  To the extent necessary, this Order shall govern this action and supersede the protective order entered by Judge Kessler of the United States District Court for the District of Columbia on or about September 29, 2008.

**IT IS SO ORDERED.**

Dated: New York, New York
          January 20, 2010

_____
Robert P. Patterson, Jr.
U.S.D.J.

DWT 13838419v1 0067486-000015                    2

BROWN GAVALAS & FROMM LLP
Attorneys for Third-Party Defendant
█████████████████████████
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEREMY LEVIN and DR. LUCILLE LEVIN,

    *Plaintiffs,*

  -against-

BANK OF NEW YORK, JP MORGAN CHASE,
SOCIETE GENERALE and CITIBANK.

    *Defendants.*
-------------------------------------------------------------X
JPMORGAN CHASE & CO. and JPMORGAN
CHASE BANK, N.A.,

    *Third-Party Plaintiffs,*

  -against-

[REDACTED NAMES], ISLAMIC REPUBLIC OF
IRAN, IRANIAN MINISTRY OF INFORMATION
AND SECURITY, and IRANIAN ISLAMIC
REVOLUTIONARY GUARD CORPS, ALSO
KNOWN AS IRANIAN REVOLUTIONARY
GUARD CORPS,

    *Third-Party Defendants.*
-------------------------------------------------------------X

No. 09 Civ. 5900 (RPP)(MHD)

**FILED UNDER SEAL**

█████████ **ANSWER TO ADDITIONAL AMENDED AND SUPPLEMENTAL THIRD-PARTY COMPLAINT OF JPMORGAN CHASE PARTIES AGAINST WIRE TRANSFER AND ACCOUNT PARTIES WITH COUNTERCLAIMS AND CROSS-CLAIMS**

    Third-party defendant ███████████████████, by its attorneys,

Brown Gavalas & Fromm LLP, as and for its answer to the Additional Amended and

Supplemental Third-Party Complaint of JPMorgan Chase Parties ("JPMorgan") Against Wire

Transfer and Account Parties (the "Third-Party Complaint"), alleges, upon information and

belief, as follows:

Nature of the Proceedings

1.    █████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 1 of the Third-Party Complaint, except admits that ████ has a claim or interest in funds that are involved in this proceeding.

2.    █████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 2 of the Third-Party Complaint, except admits that ████ has a claim or interest in funds that are involved in this proceeding.

3.    █████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 3 of the Third-Party Complaint, except admits that ████ has a claim or interest in funds that are involved in this proceeding.

The Third-Party Plaintiffs

4.    █████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 4 of the Third-Party Complaint.

5.    █████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 5 of the Third-Party Complaint, except admits that JPMCB has an office and/or branch in the County and State of New York.

The Third-Party Defendants

6.    Paragraphs 6 through 76 of the Third-Party Complaint have been redacted and therefore no response is required. To the extent a response is required, ████ denies knowledge or information sufficient to form a belief about the allegations asserted therein.

7.    █████ denies the allegations set forth in paragraph 77 of the Third-Party Complaint, except admits that the ████ is a foreign central bank and an instrumentality of ████

2

████████████████ as defined by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. ("FSIA").

8.    Paragraphs 78 through 128 of the Third-Party Complaint have been redacted and therefore no response is required.  To the extent a response is required, ████ denies knowledge or information sufficient to form a belief about the allegations asserted therein.

9.    ████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 129 of the Third-Party Complaint.

10.    ████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 130 of the Third-Party Complaint.

11.    ████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 131 of the Third-Party Complaint.

12.    ████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 132 of the Third-Party Complaint.

<u>Jurisdiction and Venue</u>

13.    ████ denies the allegations contained in paragraph 133 of the Third-Party Complaint and specifically denies that the Court has subject matter jurisdiction over this action because ████ is an instrumentality of a foreign state under the FSIA.

14.    ████ denies the allegations contained in paragraph 134 of the Third-Party Complaint and specifically denies that venue is properly set in this judicial district because ████ is an instrumentality of a foreign state under the FSIA.

<u>Factual Background</u>

15.    ████ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 135 of the Third-Party Complaint.

16.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 136 of the Third-Party Complaint.

17.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 137 of the Third-Party Complaint.

18.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 138 of the Third-Party Complaint.

19.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 139 of the Third-Party Complaint.

20.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 140 of the Third-Party Complaint.

21.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 141 of the Third-Party Complaint.

22.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 142 of the Third-Party Complaint.

23.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 143 of the Third-Party Complaint.

24.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 144 of the Third-Party Complaint.

25.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 145 of the Third-Party Complaint.

26.    ██ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 146 of the Third-Party Complaint.

27.    ██ denies knowledge or information sufficient to form a belief about the

allegations set forth in paragraph 147 of the Third-Party Complaint.

28.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 148 of the Third-Party Complaint.

29.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 149 of the Third-Party Complaint.

30.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 150 of the Third-Party Complaint.

31.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 151 of the Third-Party Complaint.

32.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 152 of the Third-Party Complaint.

33.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 153 of the Third-Party Complaint.

34.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 154 of the Third-Party Complaint.

35.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 155 of the Third-Party Complaint.

36.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 156 of the Third-Party Complaint.

37.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 157 of the Third-Party Complaint.

38.    ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 158 of the Third-Party Complaint.

39. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 159 of the Third-Party Complaint.

40. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 160 of the Third-Party Complaint.

41. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 161 of the Third-Party Complaint, except admits that it has a claim or interest in funds that are involved in this proceeding.

42. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 162 of the Third-Party Complaint, except admits that it has a claim or interest in funds that are designated in Exhibit G to the Third-Party Complaint.

43. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 163 of the Third-Party Complaint, except admits that (i) ███ is not an agency or instrumentality of Iran; (ii) none of the parties to the wire transfer in which ███ has an interest is an agency or instrumentality of Iran; (iii) none of the assets in which ███ has an interest are property of Iran or any juridical entity directly or indirectly owned by Iran; (iv) any interest of ███ in assets are superior to the rights of any other person who may claim an interest in such assets; and/or (v) for other reasons, ███ has a claim or rights with respect to some of the JPM Phase 2 Assets that are superior to the rights of the Settling Parties to seize those assets to satisfy their judgments against Iran, or to the rights of any of the Iran Claimants to execute on the JPM Phase 2 Assets in which ███ has an interest.

44. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 164 of the Third-Party Complaint, except admits that ███ has a sufficient interest in some of the JPM Phase 2 Assets that it has standing to contend that some

of the JPM Phase 2 Assets are not subject to execution to satisfy the judgments or claims of any of the Iran Claimants.

<u>First Claim for Relief</u>

45.    With respect to paragraph 165 of the Third-Party Complaint, ▮▮▮ repeats and re-alleges each and every answer set forth in paragraphs 1 through 164 of this Answer to the same extent as if those answers were set forth here in full.

46.    Paragraph 166 of the Third-Party Complaint contains a statement of law as to which no response is required.  To the extent that a response is required, ▮▮▮ denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 166.

47.    ▮▮▮ denies the allegations set forth in paragraph 167 of the Third-Party Complaint.

<u>Second Claim for Relief</u>

48.    With respect to paragraph 168 of the Third-Party Complaint, ▮▮▮ repeats and re-alleges each and every answer set forth in paragraphs 1 through 167 of this Answer to the same extent as if those answers were set forth here in full.

49.    ▮▮▮ denies the allegations set forth in paragraph 169 of the Third-Party Complaint, except admits that ▮▮▮ has claims to or rights in some of the JPM Phase 2 Assets that take priority over the Settling Parties' claims to or rights therein, or that ▮▮▮ can establish that the Settling Parties or others of the Iran Claimants are not entitled to execute on some of the JPM Phase 2 Assets.

50.    ▮▮▮ denies the allegations set forth in paragraph 170 of the Third-Party Complaint.

51.    ▮▮▮ denies the allegations set forth in paragraph 171 of the Third-Party

Complaint.

<u>Third Claim for Relief</u>

52.    With respect to paragraph 172 of the Third-Party Complaint, ███ repeats and re-alleges each and every answer set forth in paragraphs 1 through 171 of this Answer to the same extent as if those answers were set forth here in full.

53.    ███ denies the allegations set forth in paragraph 173 of the Third-Party Complaint.

54.    ███ denies the allegations set forth in the "Wherefore" clauses of the Third-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

JPMorgan's claims are barred by the doctrines of waiver, estoppel, and laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

JPMorgan is not the real party in interest and, therefore, JPMorgan has no claim against ███.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

JPMorgan lacks standing to bring the present suit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

JPMorgan has failed to join necessary and indispensable parties to this suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

███, as an instrumentality of a foreign state, is entitled to immunity pursuant to the FSIA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

JPMorgan's claims are barred by the principles of sovereign immunity, international comity, and abstention.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

███ assets are not subject to execution or attachment because ███ is a foreign central bank within the meaning of the FSIA, and particularly 28 U.S.C. § 1611, and the subject funds were property of the ███ held for its own account.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

JPMorgan's claims should be dismissed because the subject funds are not property or interests in property of the Government of Iran or its agencies or instrumentalities.

### ADDITIONAL AFFIRMATIVE DEFENSES

███ intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and ███ reserves the right to amend this Answer to assert such defenses.

### COUNTERCLAIMS AND CROSSCLAIMS

███, as and for its counterclaims against JPMorgan Chase & Co. and JPMorgan Chase Bank N.A. (together, "JPMorgan") and its cross-claims against all parties to this action that are seeking turnover of funds in which ███ has an interest ("Claimants"), by and through undersigned counsel, incorporates by reference its Affirmative Defenses set forth above and further states as follows:

#### Parties

1.  ███ is an instrumentality of the Government of ████████. ███ is the central bank of ████ and is a foreign central bank within the meaning of 28 U.S.C.

§ 1611(b)(1).

2.       Upon information and belief, JPMorgan Chase & Co. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the County and State of New York.

3.       Upon information and belief, JPMorgan Chase Bank N.A. is a national banking association organized and existing under the laws of the United States of America, with its main office in the State of Ohio and offices and branches in the County and State of New York.

4.       Upon information and belief, Claimants are individuals who have asserted claims or counterclaims against JPMorgan in this action seeking turnover of funds in which ▮▮▮ has an interest. Claimants include, but are not necessarily limited to, those persons identified in the Third-Party Complaint as Jeremy and Lucille Levin, the Greenbaum Judgment Creditors, the Acosta Judgment Creditors, the Heiser Judgment Creditors, the Peterson Judgment Creditors, the Rubin Judgment Creditors, the Valore Judgment Creditors, the Weinstein Judgment Creditors, the Brown Plaintiffs, the Bland Plaintiffs, the Khaliq Plaintiffs, the Owens Plaintiffs, and the Mwila Plaintiffs.

<u>Jurisdiction</u>

5.       The Court has jurisdiction over these counterclaims and cross-claims pursuant to 28 U.S.C. § 1367(a).

<u>Background Facts</u>

6.       ▮▮▮ maintains a reserve of external assets in the form of a U.S. dollar account at JPMorgan (the "JPMorgan Account"). The money maintained in the JPMorgan Account is part of the reserves of ▮▮▮ and is used solely to perform central banking functions.

7.       The funds held in the JPMorgan Account are property of ▮▮▮ and are held for



██████ own account within the meaning of 28 U.S.C. § 1611(b)(1).

8.      One of the central banking functions performed by ██████ is to facilitate U.S. dollar fund transfers on behalf of the ██████ government and agencies and instrumentalities thereof.

9.      On or about August 31, 2009, ██████ was conducting a central bank function by facilitating a wire transfer for an agency or instrumentality of the ██████ government. Specifically, ██████ sent a wire transfer on behalf of ████████████ in the amount of ██████ from the JPMorgan Account to ████████████ account at the ████████████ (the "██ Wire Transfer").

10.     Upon information and belief, JPMorgan blocked the ██ Wire Transfer because the ████████████ or another bank or entity involved or referred to in the wire transfer was named on the List of Specially Designated Nationals (the "SDN List") promulgated by the U.S. Treasury Office of Foreign Assets Control ("OFAC").

11.     The relevant OFAC regulations, found at 31 C.F.R. Parts 544, 594, and 595, provide that "[e]xcept as authorized by statutes . . . or otherwise, . . . property and interests in property of [entities named on the SDN List] . . . are blocked and may not be transferred, paid, exported, withdrawn or otherwise dealt in . . . ."

12.     Upon information and belief, JPMorgan's practice is to block any wire transfer that involves or refers to an entity on the SDN List, and JPMorgan does not make any determination as to whether the wire transfer is, in fact, property or interests in property of an entity named on the SDN List.

13.     ████████████ is an agency or instrumentality of ██████ ████████████ and is not named on the SDN List and is not part of the Government of Iran.

14.     Upon information and belief, the intended beneficiary of the ██ Wire Transfer,

███████████████████████, is not named on the SDN List and is not part of the Government of Iran.

15.    Upon information and belief, ████████████████ was designated as the beneficiary bank in the ████ Wire Transfer and has no property interest in the ████ Wire Transfer or other interest that is subject to attachment or execution.

16.    ████ has not waived, explicitly or otherwise, any immunity from attachment or execution with respect to the ████ Wire Transfer.

17.    Upon information and belief, the Claimants have asserted claims against JPMorgan seeking turnover of the ████ Wire Transfer in order to satisfy various judgments against the Government of Iran.

18.    Upon information and belief, Claimants seek turnover of the ████ Wire transfer pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") and Sections 1610(f)(1)(A) and (g) of the FSIA, under which alleged victims of terrorism may attempt to satisfy a judgment against a terrorist state from funds that were (1) blocked under OFAC regulations and (2) are property or interests in property of the terrorist state.

## AS AND FOR A FIRST COUNTERCLAIM AND CROSSCLAIM
### (Declaratory Judgment)

19.    ████ repeats and re-alleges the allegations set forth in paragraphs 1 through 18 of the Counterclaims as if the same were set forth herein at length.

20.    ████ is a foreign central bank and the ████ Wire Transfer is ████ property held for its own account.  Therefore, under 28 U.S.C. § 1611, the ████ Wire Transfer is immune from attachment or execution.

21.    ████ has not waived the immunity provided by 28 U.S.C. § 1611.

22.    Upon information and belief, the Government of Iran and its agencies and

instrumentalities have no property interest in the ████ Wire Transfer or other interest that is subject to attachment or execution.

23.    Under the TRIA and the FSIA, alleged victims of terrorism may only attach or execute judgments against property in which the foreign terrorist government judgment debtor has a property interest or other interest subject to attachment or execution.

24.    Because the ████ Wire Transfer is immune from execution or attachment under 28 U.S.C. § 1611 and because the Government of Iran and its agencies and instrumentalities have no property interest in the ████ Wire Transfer or other interest that is subject to attachment or execution, Claimants cannot attach or execute their judgments against the ████ Wire Transfer.

25.    By reason of the foregoing, ████ is entitled to a declaration that JPMorgan is permanently enjoined from turning over the ████ Wire Transfer to Claimants or any other person or entity seeking turnover of the ████ Wire Transfer.

## AS AND FOR A SECOND COUNTERCLAIM AND CROSSCLAIM
### (Return of Attached Funds)

26.    ████ repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of the Counterclaims as if the same were set forth herein at length.

27.    ████ is a foreign central bank and the ████ Wire Transfer is ████ property held for its own account. Therefore, under 28 U.S.C. § 1611, the ████ Wire Transfer is immune from attachment or blocking by JPMorgan.

28.    ████ has not waived the immunity provided by 28 U.S.C. § 1611.

29.    The Government of Iran and its agencies and instrumentalities were not the originator or beneficiary of the ████ Wire Transfer and, therefore, the Government of Iran and its agencies and instrumentalities have no property or other interest in the ████ Wire Transfer that is subject to blocking under OFAC regulations.

30.     By reason of the foregoing, ███ is entitled to an Order directing JPMorgan to unblock the ███ Wire Transfer and return the funds to the JPMorgan Account.

**WHEREFORE**, ███ respectfully requests that the Court enter judgment:

(a) dismissing the Third-Party Complaint;

(b) declaring that the Claimants are not entitled to turnover of the ███ Wire Transfer;

(c) directing JPMorgan to return the ███ Wire Transfer funds to the JPMorgan Account;

(d) awarding ███ its costs, expenses, and attorneys' fees; and

(e) granting ███ such further and different relief as the Court deems just and proper.

Dated: New York, New York
         February 16, 2012

                                        Respectfully submitted,

                                        BROWN GAVALAS & FROMM LLP
                                        Attorneys for Third-Party Defendant
                                        ████████████████████

                              By:      _____s/ David H. Fromm_____
                                        David H. Fromm (DF-9334)
                                        Patrick R. O'Mea (PO-0424)
                                        355 Lexington Avenue
                                        New York, New York 10017
                                        (212) 983-8500

14

A-184

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>        Plaintiffs,<br><br>    -v-<br><br>BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,<br><br>        Defendants.<br>―――――――――――――――<br>THE BANK OF NEW YORK MELLON,<br><br>        Third-Party Plaintiff,<br><br>    -v-<br><br>████████████████, et al.<br><br>        Third-Party Defendant. | **(FILED UNDER SEAL DUE TO CONFIDENTIAL INFORMATION PER ORDER DATED JANUARY  21, 2010)**<br><br>Civ. No. 09 CV 5900 (RPP) (MHD)<br><br>**ANSWER BY PLAINTIFFS AND CROSSCLAIM DEFENDANTS JEREMY LEVIN AND DR. LUCILLE LEVIN TO THIRD-PARTY DEFENDANT ██████████ CROSSCLAIM AND COUNTERCLAIM** |

Plaintiffs Jeremy Levin and Dr. Lucille Levin (the "Levins") hereby answer to Third-Party Defendant ████████████████ Crossclaim.

<u>Parties</u>

1.      Paragraph 1 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

2.      The Levins admit, upon information and belief, the allegations contained in paragraph 2 of the Crossclaim.

/ / /

3.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 3 of the Crossclaim and on that basis deny each and every allegation.

4.      The Levins admit that they have asserted claims against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") in this action seeking turnover of funds.  To the extent any allegation in paragraph 4 of the Crossclaim is not specifically admitted or denied, it is hereby denied.

<u>Jurisdiction</u>

5.      Paragraph 5 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

<u>Background Facts</u>

6.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 6 of the Crossclaim and on that basis deny each and every allegation.

7.      Paragraph 7 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

8.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 8 of the Crossclaim and on that basis deny each and every allegation.

/ / /

/ / /

9.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 9 of the Crossclaim and on that basis deny each and every allegation.

10.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 10 of the Crossclaim and on that basis deny each and every allegation.

11.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 of the Crossclaim and on that basis deny each and every allegation.

12.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 12 of the Crossclaim and on that basis deny each and every allegation.

13.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 13 of the Crossclaim and on that basis deny each and every allegation.

14.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 14 of the Crossclaim and on that basis deny each and every allegation.

15.      The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 15 of the Crossclaim and on that basis deny each and every allegation.

/ / /

/ / /

16.     The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 16 of the Crossclaim and on that basis deny each and every allegation.

17.     The Levins admit that they have asserted claims against JPMorgan in this action seeking turnover of funds.  To the extent any allegation in paragraph 17 of the Crossclaim is not specifically admitted or denied, it is hereby denied.

18.     The Levins admit that they have asserted claims in this action seeking turnover of funds.  To the extent any allegation in paragraph 18 of the Crossclaim is not specifically admitted or denied, it is hereby denied.

<u>FIRST COUNTERCLAIM AND CROSSCLAIM</u>

19.     The Levins repeat and reallege each and every response contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Paragraph 20 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

21.     Paragraph 21 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

22.     The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 22 of the Crossclaim and on that basis deny each and every allegation.

/ / /

/ / /

23.     Paragraph 23 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

24.     Paragraph 24 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

25.     Paragraph 25 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

<u>SECOND COUNTERCLAIM AND CROSSCLAIM</u>

26.     The Levins repeat and reallege each and every response contained in paragraphs 1 through 25 as if fully set forth herein.

27.     Paragraph 27 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

28.     Paragraph 28 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

29.     The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 29 of the Crossclaim and on that basis deny each and every allegation.

/ / /

/ / /

30.     Paragraph 30 of the Crossclaim states conclusions of law as to which no response is required.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

31.     For a first separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ███ has suffered or will suffer any injury, damage, or loss whatsoever, allege that the Crossclaim fails to state facts sufficient to constitute a claim or cause of action against the Levins.  There is no basis in law or fact for any Crossclaim against the Levins by ███ and such Crossclaim is improper.

### Second Affirmative Defense

(Res Judicata and Collateral Estoppel)

32.     For a second separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ███ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ███ is barred from recovery on its claims by the doctrine of res judicata and/or collateral estoppel.

### Third Affirmative Defense

(Waiver)

33.     For a third separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ███ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ███ has waived any and all claims asserted in its Crossclaim.

**Fourth Affirmative Defense**

(Failure to Mitigate)

34.     For a fourth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ██ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ██ failed to mitigate its damages, if any, and any recovery or other relief is therefore barred or must be reduced accordingly.

**Fifth Affirmative Defense**

(Estoppel)

35.     For a fifth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ██ has suffered or will suffer any injury, damage, or loss whatsoever, allege that, based on ██ conduct, omissions, and/or representations, ██ is estopped from recovering upon the claims set forth in the Crossclaim.

**Sixth Affirmative Defense**

(Unclean Hands)

36.     For a sixth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ██ has suffered or will suffer any injury, damage, or loss whatsoever, allege that, to the extent ██ seeks equitable relief, ██ inequitable conduct constitutes unclean hands and therefore bars the granting of relief to ██ herein. ██ in its dealings with Iran and its agencies and instrumentalities, have unclean hands.

/ / /

/ / /

/ / /

**Seventh Affirmative Defense**

(Unjust Enrichment)

37.     For a seventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ██ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ██ is barred from recovery on its claims by the doctrine of unjust enrichment.

**Eight Affirmative Defense**

(Statute of Limitations)

38.     For an eight separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ██ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ██ claims are barred by all applicable statutes of limitations.

**Ninth Affirmative Defense**

(Laches)

39.     For a ninth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ██ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ██ waited an unreasonable period of time before asserting its claims, if any, against the Levins and is barred from asserting such claims under the doctrine of laches.

**Tenth Affirmative Defense**

(Lack of Damages)

40.     For a tenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ██ has suffered or will suffer any injury,

damage, or loss whatsoever, allege that ███ has not suffered and/or will not suffer any damages as a result of any actions taken by the Levins, and ███ is thus barred from asserting any claim against the Levins.

**Eleventh Affirmative Defense**

(Speculative Damages)

41.     For an eleventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ███ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ███ is barred from any recovery against the Levins because the alleged damages are speculative.

**Twelfth Affirmative Defense**

(Other Causes)

42.     For a twelfth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ███ has suffered or will suffer any injury, damage, or loss whatsoever, allege that any damages ███ did suffer were caused by independent, intervening, and/or superseding events beyond the control and unrelated to any conduct of the Levins.

**Thirteenth Affirmative Defense**

(In Pari Delicto)

43.     For a thirteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that ███ has suffered or will suffer any injury, damage, or loss whatsoever, allege that ███ claims are barred in whole or in part as a result of the fault or conduct of ███.

/ / /

Case 13-4711, Document 50, 04/21/2014, 1206325, Page203 of 288

### Fourteenth Affirmative Defense

#### (Assumption of Risk)

44.     For a fourteenth separate and additional defense, the Levins, without admitting

any liability whatsoever, and without admitting that ███ has suffered or will suffer any injury,

damage, or loss whatsoever, allege that ███ had full knowledge of all the risks associated with

the transactions in question, and nevertheless, voluntarily and with full appreciation of the risks

involved and the magnitude of those risks, assumed those risks of damage to itself.

### Fifteenth Affirmative Defense

#### (Offset)

45.     For a fifteenth separate and additional defense, the Levins, without admitting any

liability whatsoever, and without admitting that ███ has suffered or will suffer any injury,

damage, or loss whatsoever, allege that to the extent ███ has or will receive any monies from

any other person or entity relating to the subject matter of this action, any amount found owing

to ███ should be reduced or offset accordingly.

### Sixteenth Affirmative Defense

46.     For a sixteenth separate and additional defense, the Levins, without admitting any

liability whatsoever, and without admitting that ███ has suffered or will suffer any injury,

damage, or loss whatsoever, allege that no holder of any judgment against Iran or any other

entity other than the Levins has a priority or valid claim against the Blocked Assets and/or

Restrained Assets and/or Iranian Assets as no such judgment holder, if any, has complied with

the requirements of federal and state law, including TRIA, FSIA, or CPLR 5225(b), among

others, and any writs of execution, restraining notices, notices of pendency, liens, and/or process

or documents that purport to relate to the Blocked Assets and/or Restrained Assets claimed by

the Levins are void as a matter of law for failure to comply with the proper statutory

requirements.

### Seventeenth Affirmative Defense

47.     For a seventeenth separate and additional defense, the Levins, without admitting

any liability whatsoever, and without admitting that ▮▮▮ has suffered or will suffer any injury,

damage, or loss whatsoever, allege that neither ▮▮▮ nor any of the parties related to the Blocked

Assets and/or Restrained Assets and/or Iranian Assets have any legal claim of ownership to the

assets because the Blocked Assets and/or Restrained Assets and/or Iranian Assets of any agency

or instrumentality of Iran, including wire transfer funds or electronic fund transfers are

specifically subject to collection of judgment by victims of terrorism notwithstanding any other

law to the contrary.  *See*, e.g. TRIA, *Weinstein v. The Islamic Republic of Iran*, 624 F.Supp.2d

272 (2009).

### RESERVATION OF RIGHTS

48.     The Levins reserve their rights to supplement their answer and affirmative

defenses with additional information that becomes available or apparent during the course of

investigation, preparation, or discovery and to amend its pleadings accordingly.

### COUNTERCLAIM AGAINST CBN

49.     By and for their Counterclaim against ▮▮▮, the Levins allege as follows:

50.     The Levins repeat and reallege every allegation contained in their June 26, 2009

Complaint filed in this matter as if fully set forth herein.

51.     Based on acts of torture at the hands of the Islamic Republic of Iran and its

agencies and instrumentalities ("Iranian Defendants"), the Levins filed suit against the Iranian

Defendants under FSIA, including in particular 28 U.S.C. § 1605(a)(7).  After a trial in the

United States District Court for the District of Columbia, on February 6, 2008, the Levins

obtained a compensatory judgment in the amount of $28,807,719 based on findings made by the

Honorable Gladys Kessler.  The Levins' judgment is entirely compensatory.  Pursuant to 28

U.S.C. §1961, the Levins are entitled to post judgment interest at a rate equal to the weekly

average l-year constant maturity Treasury yield, as published by the Board of Governors of the

Federal Reserve System, for the calendar week preceding the date of the judgment, compounded

annually.  *See* Order of the Honorable Robert P. Patterson, Jr., Dated August 15, 2011, *Levin* v.

*Bank of New York,* No. 09-CV-5900(RPP) (S.D.N.Y. June 30, 2011).

52.     The Levins gave notice of the entry of judgment to Iranian Judgment Debtors

through court and diplomatic channels on October 14, 2008, pursuant to the Foreign Sovereign

Immunities Act ("FSIA"), 28 U.S.C. § 1608(e).  *See Levin* v. *Bank of New York,* No. 09-CV-

5900, 2011 WL 812032, at 2 (S.D.N.Y. Mar. 4, 2011) ("March 4, 2011 Order").

53.     The Levins obtained information from the Office of Foreign Asset Control

("OFAC") by subpoena that OFAC had blocked assets between January 1, 2007 and June 30,

2008 in accounts held and restrained by Societe Generale ("SG"), Citibank, N.A. ("Citibank"),

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan"), and the

Bank of New York Mellon ("Bank of New York," collectively, the "New York Banks") because

the Iranian Defendants had an interest in such assets ("Blocked Assets" or "Restrained Assets"

or" Iranian Assets").  Parties to this action have identified other Iranian Assets in the jurisdiction

of this Court and all of those Iranian Assets are claimed by the Levins and all are available for

the collection of their judgment.

54.     After obtaining the information on the Blocked Assets, the Levins followed 28

U.S.C. § 1610(f)(1)(A), TRIA § 201, and New York state law, specifically CPLR §§ 5225(b),

5323, 5230, and 5234(b).  They obtained court-issued writs on May 26, 2009 and delivered them to the U.S. Marshall for service on the New York Banks on June 19, 2009.  On June 26, 2009, they initiated this action in the United States District Court for the Southern District of New York to collect on their judgment under § 1610(f)(1)(A) and TRIA § 201.

55.     The New York Banks filed Interpleader Complaints against the Levins and various other Judgment Creditors of Iran and account holders.  The Greenbaum and Acosta Judgment Creditors, the Peterson Judgment Creditors, and the Heiser Judgment Creditors appeared in these proceedings and filed answers.

56.     On July 13, 2010, the Levins made a Motion for Partial Summary Judgment, seeking turnover of certain assets designated by this Court as Phase One Assets.  The Greenbaum and Acosta Judgment Creditors, and the Heiser Judgment Creditors also made Motions for Partial Summary Judgment seeking an order compelling the New York Banks to turn over the Phase One Assets.

57.     On January 20, 2011, this Court entered an order, later modified on March 4, 2011 that denied the Levins' Motion for Partial Summary Judgment on the grounds that their writs of execution were invalid.  The Order also denied the Heiser Judgment Creditors Motion for Partial Summary Judgment on the grounds that their writs of execution were invalid.  The Order granted the Greenbaum and Acosta Judgment Creditors Motion for Summary Judgment and ordered the Phase One Assets be turned over to the Greenbaum and Acosta Judgment Creditors.  *See* Order of the Honorable Robert P. Patterson, Jr., Dated March 4, 2011.

58.     The Levins took an immediate appeal from the Summary Judgment Order.  While the appeal was pending, the Levins entered into a Cooperation Agreement with the Greenbaum and Acosta Judgment Creditors and the Heiser Judgment Creditors, which was approved by this

Court.  The Cooperation Agreement governs the distribution of any assets, including the Blocked Assets and/or Restrained Assets and /or Iranian Assets within the jurisdiction of this Court and/or within the control of the New York Banks herein to the extent that they are assets in which Iranian Defendants have any nexus or interest whatsoever and are part of this action, and the distribution of any award made by this Court to any of the parties to the Agreement.

59.     On June 7, 2011, the Levins, the Greenbaum and Acosta Judgment Creditors, and the Heiser Judgment Creditors made a Joint Motion for Partial Summary Judgment seeking the immediate turnover of Phase One Assets.  The Court granted the motion on June 21, 2011, entering a Rule 54(b) Judgment and Order "Granting the Levin Plaintiffs And The Greenbaum, Acosta, and Heiser Judgment Creditors' Joint Motion for Partial Summary Judgment and Turnover of Phase One Assets and Entering Partial Final Judgment Directing Turnover of Funds and Discharging Garnishee Banks From Liability", which partially satisfied the Levins' judgment, in the amount of $3,304,071.55.  There remains an uncollected amount of $25,503,647.45, plus interest

60.     The Levins obtained court-ordered writs of execution on August 15, 2011.  The writs were served on the U.S. Marshal for the Southern District of New York on August 25, 2011 and were served on Citibank, Bank of New York, and JPMorgan on September 2, 2011 and SG on September 8, 2011.

61.     The New York Banks are still holding or have control of Blocked Assets and/or Restrained Assets and/or Iranian Assets and interest thereon because some entity that has some nexus with or relationship to Iran was involved in or referred to in documentation relating to the transaction or accounts that have been blocked.

62.     The Levins are judgment creditors of Iran.

63.     The assets the Levins seek in order to satisfy their 28 U.S.C. § 1605(a)(7) judgment are solely and exclusively assets held for the benefit of Iranian Defendants, which are governed by 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201.  The Levins do not seek to levy on any assets that are not Blocked Assets and/or Restrained Assets and/or Iranian Assets.

64.     Pursuant to 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201, as well as accepted principles of equity and United States common law, the Levins are entitled to enforce their judgment against all commercial assets located in the United States in which Iran and/or any agency, instrumentality, or alter ego of Iran possesses an interest, whether direct or indirect.

65.     The Levins are entitled to a judgment pursuant to C.P.L.R. § 5225 ordering the New York Banks to convey, assign, and pay to the Levins in satisfaction of their judgment against Iran all right, title, interest, and money held in all accounts that have been blocked or restrained or that they have control over  due to their nexus with Iran.  The assets held by the New York Banks are and include Iranian Assets, which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest.

66.     Plaintiffs are entitled to enforce their judgment against all assets in which Iran has an interest, direct or indirect, within the United States jurisdiction.

WHEREFORE, the Levins respectfully demand judgment against Third-Party Defendant ███



i)      dismissing ███ Crossclaim as to the Levins in its entirety with prejudice;

ii)     declaring that the Levins, under TRIA, FSIA, and applicable New York law, have an immediate right to the Blocked Assets and/or Restrained Assets and/or Iranian Assets held by the New York Banks;

/ / /

iii)    requiring the New York Banks to convey, assign, direct, and pay all the Blocked Assets and/or Restrained Assets and/or Iranian Assets, including accrued interest in the accounts, to the Levins;

iv)    adjudging and declaring that consistent with the terms of the Cooperation Agreement and only limited thereby, the Levins possess a priority interest in and claims and rights to the Blocked Assets and/or Restrained Assets and/or Iranian Assets that are superior to the claimed interest of all other parties;

v)    awarding the Levins costs and attorneys' fees herein incurred; and

vi)    granting further and other relief that the Court deems fair and just.

Dated:  March 8, 2012                          HOWARTH & SMITH

By:          /s/ Suzelle M. Smith
Suzelle M. Smith
Don Howarth
523 West Sixth Street, Suite 728
Los Angeles, California  90014
(213) 955-9400
ssmith@howarth-smith.com

*Attorneys for Plaintiffs and Counterclaim Defendants*
*Jeremy Levin and Dr. Lucille Levin*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
JEREMY LEVIN and DR. LUCILLE LEVIN,          :

                    Plaintiffs,          :          Case No. 09 Civ. 5900 (RPP) (MHD)

           -against-          :          **FILED PARTIALLY UNDER SEAL**
                                         :          **DUE TO CONFIDENTIAL**
BANK OF NEW YORK, JPMORGAN          :          **INFORMATION SUBJECT TO**
CHASE, SOCIETE GENERALE and          :          **PROTECTIVE ORDER**
CITIBANK,          :

              Defendants.          :
-------------------------------------------------------- x
JPMORGAN CHASE & CO. and          :
JPMORGAN CHASE BANK, N.A.,          :

         Third-Party Petitioner,          :

           -against-          :

                             █████████████ *et al.*          :

        Third-Party Defendants.          :
-------------------------------------------------------- x

**GREENBAUM AND ACOSTA JUDGMENT CREDITORS' JOINT ANSWER
TO THIRD-PARTY DEFENDANT █████████████████ CROSSCLAIMS**

      Third-Party Defendants Steven M. Greenbaum (sued individually and as administrator of

the estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (collectively, the

"Greenbaum Judgment Creditors"), Carlos Acosta, Maria Acosta, Tova Ettinger, Irving Franklin

(on his own behalf and as Administrator of the Estate of the late Irma Franklin), Baruch Kahane,

Libby Kahane (on her own behalf and as Administratrix of the Estate of the late Meir Kahane),

Ethel J. Griffin (as Administratrix of the Estate of the late Binyamin Kahane), Norman Kahane

(on his own behalf and as Executor of the Estate of the late Sonia Kahane), and Ciporah Kaplan

(collectively, the "Acosta Judgment Creditors", and together with the Greenbaum Judgment

Creditors, the "Greenbaum and Acosta Judgment Creditors"), by their undersigned attorneys, for

their joint answer to third-party defendant ████████████ ("████") crossclaims against all parties to the above-captioned action seeking turnover of certain funds in which ████ claims an interest (the "Crossclaims"), allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

2. Admit, upon information and belief, the allegations contained in paragraph 2 of the Crossclaims.

3. Admit, upon information and belief, the allegations contained in paragraph 3 of the Crossclaims.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Crossclaims, except admit that the Greenbaum and Acosta Judgment Creditors have asserted counterclaims in this action against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") seeking the turnover of certain assets that are being held by JPMorgan in this district and in which Iran and/or certain agencies or instrumentalities of Iran possess an ownership interest (the "JPM Blocked Assets").

5. Paragraph 5 of the Crossclaims states conclusions of law as to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Crossclaims, except aver, upon information and belief, that ███████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████ (the "Subject Blocked Wire Transfer") and █████████████ ███████████████████████████████ were parties to, or otherwise involved in, that transaction.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims, except aver, upon information and belief, that █████████████████████████████████████████████ have been, and remain to this day, designated by the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") as entities owned and/or controlled by the Islamic Republic of Iran ("Iran") and as proliferators of weapons of mass destruction and, as a result of such designations, as well as Executive Orders 13382 and 13559 and related OFAC regulations, all property and interests in property of █████████████████████████████ ██████████████████████████ that are in the United States and/or come within the possession or control of any United States person or entity, including JPMorgan, are blocked.

11.     Deny, upon information and belief, the allegations contained in paragraph 11 of the Crossclaims, aver, upon information and belief, that additional OFAC regulations not cited therein, including, but not limited to, 31 C.F.R. Parts 560 and 561, may also be relevant to a determination of the Crossclaims, and refer to the language of all such regulatory provisions for a true and complete recitation of the contents thereof.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required, and except to the extent it alleges tha ███████████████ has no property interest in the Subject Blocked Wire Transfer or other interest that is subject to attachment or execution, which allegation is, upon information and belief, denied.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Crossclaims, except admit that the Greenbaum and Acosta Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking turnover of the JPM Blocked Assets, including, but not limited to, the Subject Blocked Wire Transfer, in satisfaction of their respective judgments against Iran.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Crossclaims, except admit that the Greenbaum and

Acosta Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking turnover of the JPM Blocked Assets, including, but not limited to, the Subject Blocked Wire Transfer, pursuant to 28 U.S.C. § 1610 and § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified as a note thereto, and refer to the language of those statutory provisions for a true and complete recitation of the contents thereof.

### First Crossclaim
### (Declaratory Judgment)

19.     No response is required of paragraph 19, which repeats and realleges paragraphs 1 through 18 of the Crossclaims.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors deny, upon information and belief, that the Subject Blocked Wire Transfer constitutes property of ███ that is "held for its own account" and immune from attachment or execution pursuant to 28 U.S.C. § 1611.

21.     Paragraph 21 of the Crossclaims states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the Subject Blocked Wire Transfer.

22.     Deny, upon information and belief, the allegations contained in paragraph 22 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

23.     Paragraph 23 of the Crossclaims states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment

Creditors deny, upon information and belief, the allegations contained therein and refer to the language of the statutory provisions cited therein for a true and complete recitation of the contents thereof.

24.     Deny, upon information and belief, the allegations contained in paragraph 24 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

25.     Paragraph 25 of the Crossclaims states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors deny, upon information and belief, the allegations contained therein.

<b><u>Second Crossclaim</u></b><br/>
<b>(Return of Attached Funds)</b>

26.     No response is required of paragraph 26, which repeats and realleges paragraphs 1 through 25 of the Crossclaims.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required, and except to the extent it alleges that the Subject Blocked Wire Transfer is '███ property held for its own account," which allegation is, upon information and belief, denied.

28.     Paragraph 28 of the Crossclaims states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the Subject Blocked Wire Transfer.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Crossclaims, except to the extent such paragraph

states conclusions of law as to which no response is required, and except to the extent it alleges

that the Government of Iran and its agencies and instrumentalities have no property or other

interest in the Subject Blocked Wire Transfer that is subject to blocking under OFAC

regulations, which allegation is, upon information and belief, denied.

30.     Paragraph 30 of the Crossclaims states conclusions of law as to which no

response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment

Creditors deny, upon information and belief, the allegations contained therein.

## RESERVATION OF RIGHTS

31.     The Greenbaum and Acosta Judgment Creditors reserve the right to assert any

affirmative defenses, as well as any additional counterclaims and/or crossclaims, that may

become apparent after additional discovery or otherwise.

WHEREFORE, the Greenbaum and Acosta Judgment Creditors respectfully demand

judgment dismissing the Crossclaims against them and awarding the relief sought in their

respective answers to the JPMorgan Parties' Amended and Supplemental Third-Party Complaint

and counterclaims, dated October 6, 2011.

Dated: New York, New York
      March 12, 2012

STROOCK & STROOCK & LAVAN LLP

By: _____/s/_____
      Curtis C. Mechling
      James L. Bernard
      Benjamin Weathers-Lowin
      Judy Peacock Goodwin
      180 Maiden Lane
      New York, New York 10038
      (212) 806-5400

      *Attorneys for the Greenbaum and Acosta*
      *Judgment Creditors*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :

        Plaintiffs,    :

     -against-    :

BANK OF NEW YORK, JPMORGAN    :
CHASE, SOCIETE GENERALE and
CITIBANK,    :

       Defendants.    :

--------------------------------------------------------------x

THE BANK OF NEW YORK MELLON,    :

    Third-Party Plaintiff,    :

     -against-    :

STEVEN M. GREENBAUM, et al.,    :

    Third-Party Defendants.    :

--------------------------------------------------------------x

**FILED UNDER SEAL DUE TO CONFIDENTIALITY ORDER**

Case No. 09 Civ. 5900 (RPP) (MHD)

**ANSWER OF THE ESTATE OF MICHAEL HEISER, ET AL. TO COUNTERCLAIMS AND CROSSCLAIMS OF THE [REDACTED]**

The Estate of Michael Heiser, *et al.* (the "Heisers")[1], by their undersigned counsel, for

their answer to the Counterclaims and Crossclaims filed by the **[REDACTED]**

("**[REDACTED]**") (collectively, the "Crossclaims"), allege as follows:

---

[1] The Heisers are (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun, deceased; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51)

## CROSSCLAIMS AND COUNTERCLAIMS

Parties

1.       Paragraph 1 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.  To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaims; accordingly, such allegations are denied.

2.       The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Crossclaims; accordingly, such allegations are denied.

3.       The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Crossclaims; accordingly, such allegations are denied.

4.       The Heisers admit that they have asserted claims against JPMorgan in these proceedings, which claims speak for themselves.  Whether or not **[REDACTED]** has an interest in certain funds is a conclusion of law as to which no response is required; accordingly, such allegations are denied.  The Heisers further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Crossclaims; accordingly, such allegations are denied.

---

the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

<u>Jurisdiction</u>

5.      Paragraph 5 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.

<u>Background Facts</u>

6.      The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims; accordingly, such allegations are denied.

7.      Paragraph 7 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.  To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims; accordingly, such allegations are denied.

8.      The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims; accordingly, such allegations are denied.

9.      The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Crossclaims; accordingly, such allegations are denied.

10.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims; accordingly, such allegations are denied.

11.     The OFAC regulations cited in paragraph 11 speak for themselves and, therefore, no response is required; accordingly, such allegations are denied.

12.    The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims; accordingly, such allegations are denied.

13.    To the extent that the allegations in paragraph 13 of the Crossclaims concern the SDN List, that list speaks for itself and, therefore, no response is required; accordingly, such allegations are denied.  The remaining allegations in paragraph 13 of the Crossclaims state conclusions of law as to which no response is required; accordingly, such allegations are denied.  To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Crossclaims; accordingly, such allegations are denied.

14.    To the extent that the allegations in paragraph 14 of the Crossclaims concern the SDN List, that list speaks for itself and, therefore, no response is required; accordingly, such allegations are denied.  The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Crossclaims; accordingly, such allegations are denied.

15.    The Heisers lack knowledge or information sufficient to form a belief as to the truth of whether or not the Export Development Bank of Iran was designated as the beneficiary bank in the **[REDACTED]** Wire Transfer.  The Heisers deny the remaining allegations contained in paragraph 15 of the Crossclaims.

16.    Paragraph 16 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.  To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of

17.     The Heisers admit that they have asserted claims against JPMorgan seeking a turnover of, *inter alia*, the **[REDACTED]** Wire Transfer, which claims speak for themselves. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Crossclaims; accordingly, such allegations are denied.

18.     The Heisers admit that they have asserted claims against JPMorgan seeking a turnover of, *inter alia*, the **[REDACTED]** Wire Transfer, which claims speak for themselves. Moreover, the statutory references set forth in paragraph 18 of the Crossclaims speak for themselves and no response is required; accordingly, such allegations are denied. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Crossclaims; accordingly, such allegations are denied.

### AS AND FOR A FIRST COUNTERCLAIM AND CROSSCLAIM
**(Declaratory Judgment)**

19.     Paragraph 19 of the Crossclaims requires no responsive pleading. To the extent a response is required, the Heisers repeat and reallege their responses to paragraphs 1-18.

20.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 20 of the Crossclaims; accordingly, such allegations are denied. The second sentence of paragraph 20 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.

21.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Crossclaims; accordingly, such allegations are denied.

22.     The Heisers deny the allegations contained in paragraph 22 of the Crossclaims.

23.     Paragraph 23 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.

24.     The Heisers deny the allegations contained in paragraph 24 of the Crossclaims.

25.     The Heisers deny the allegations contained in paragraph 25 of the Crossclaims.

### AS AND FOR A SECOND COUNTERCLAIM AND CROSSCLAIM
**(Return of Attached Funds)**

26.     Paragraph 26 of the Crossclaims requires no responsive pleading.  To the extent a response is required, the Heisers repeat and reallege their responses to paragraphs 1-25.

27.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations that "**[REDACTED]**" accordingly, such allegation is denied.  The Heisers deny the remainder of paragraph 27 of the Crossclaims.

28.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Crossclaims; accordingly, such allegations are denied.

29.     The Heisers deny the allegations contained in paragraph 29 of the Crossclaims.

30.     The Heisers deny the allegations contained in paragraph 30 of the Crossclaims.

## DEFENSES

### First Defense

The Heisers' claims are superior to **[REDACTED]** and any other claimants as a matter of law by virtue of service of their writs of execution and the initiation of a turnover action in accordance with N.Y. C.P.L.R. §§ 5225 and 5227.

### Second Defense

**[REDACTED]**'s claims are barred by res judicata and/or collateral estoppel.

### Third Defense

**[REDACTED]**'s claims are barred by waiver.

### Fourth Defense

**[REDACTED]**'s claims of other parties to this action are barred by unjust enrichment.

### Fifth Defense

**[REDACTED]**'s claims are barred by laches.

The Heisers reserve the right to assert additional affirmative defenses and/or counterclaims or cross-claims that may become apparent after additional discovery or otherwise.

WHEREFORE, the Heisers respectfully demand judgment in their favor and against **[REDACTED]**:

(i)        dismissing the Crossclaims; and

(ii)       awarding such other and further relief as this Court deems to be necessary and just.

Dated: New York, New York
      March 12, 2012                        _____/s/ Barbara L. Seniawski_____
                                      Barbara L. Seniawski
                                      DLA Piper LLP (US)
                                      1251 Avenue of the Americas
                                      New York, New York  10020-1104

**A-214**

Telephone:  212-335-4500
Facsimile:  212-884-4501
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone:  410-580-3000
Facsimile:  410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for Third-Party Defendants Estate of
Michael Heiser, et al.*

EAST\48054132.3

8

**A-215**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :    09 Civ. 5900 (RPP) (MHD)

        Plaintiffs,    :

        -against-    :

BANK OF NEW YORK, et al.,    :

        Defendants.    :
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN    :
CHASE BANK, N.A.,                **ANSWER OF**
    :    **JPMORGAN CHASE &**
                **CO. AND JPMORGAN**
    Third-Party Plaintiffs,    **CHASE BANK, N.A., TO**
    :    **COUNTERCLAIMS**
    -against-    :    **OF THIRD-PARTY**
                **DEFENDANT** ████████
STEVEN M. GREENBAUM, et al.,    ████████████
    :

    Third-Party Defendants.
------------------------------------------------------------x

        Defendants, Third-Party Plaintiffs and Counterclaim Defendants

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively,

"JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, as their answer to

the Counterclaims and Cross-Claims (the "Counterclaims") asserted by Third-Party

Defendant ████████████ ("Party X") in its answer (the "Answer") dated

February 16, 2012 to JPMorgan's Additional Amended and Supplemental Third-Party

Complaint dated October 6, 2011 ("JPMorgan's October 6, Third-Party Complaint"),

state as follows:

        1.      To the extent that the Counterclaims incorporate by reference the

Affirmative Defenses set forth in Party X's Answer, and to the extent that JPMorgan is

required to respond to the allegations contained in the Affirmative Defenses, which purport to set forth conclusions of law, deny each and every allegation contained in the Affirmative Defenses.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Counterclaims.

3. Admit the allegations of paragraph 2 of the Counterclaims.

4. Admit the allegations of paragraph 3 of the Counterclaims except that it would be more accurate to allege that JPMorgan Chase Bank, N.A. has its main office (as set forth in its Articles of Association) in the State of Ohio.

5. Deny each and every allegation set forth in paragraph 4 of the Counterclaims except admit that many of the persons identified as Claimants in the second sentence of this paragraph have asserted claims or counterclaims against JPMorgan in this proceeding and deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations that Party X has an interest in the funds that certain of the Claimants are seeking to have turned over to them.

6. Do not dispute the allegations of paragraph 5 of the Counterclaims.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counterclaims except admit that Party X maintains a U.S. dollar account at JPMorgan Chase Bank, N.A.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Counterclaims.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Counterclaims.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Counterclaims.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Counterclaims except that admit that in or about September of 2009, JPMorgan blocked a wire transfer that appeared to involve or relate in some way to Party X, based on information suggesting that ████████ ████████ ("Party Y") was the beneficiary's bank in the wire transfer and JPMCB's understanding that Party Y was included in a list (the "SDN List") promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department of entities whose transactions are subject to blocking under OFAC regulations, specifically 31 C.F.R. Part 544.

12.     To the extent that JPMorgan is required to respond to paragraph 11 of the Counterclaims, which purports to set forth conclusions of law, deny each and every allegation of paragraph 11 except admit that paragraph 11 purports to quote selectively from 31 C.F.R. Parts 544, 594 and 595 and refer to those regulations for their complete terms and provisions.

13.     Deny each and every allegation of paragraph 12 of the Counterclaims except admit that JPMorgan is required by OFAC blocking regulations to block any wire transfer that involves or refers to an entity on the SDN List and that JPMorgan complies with OFAC blocking regulations.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Counterclaims except state that insofar as JPMorgan is aware, Party X is not on the SDN List.

3

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Counterclaims except admit that insofar as JPMorgan is aware, the entity named in paragraph 14 of the Counterclaims is not on the SDN List.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Counterclaims except admit that it is JPMorgan's understanding, based on information available to it, that Party Y had been designated as the beneficiary's bank in the wire transfer referred to in paragraph 11 above.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Counterclaims.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Counterclaims except admit that many of the persons identified as Claimants in the second sentence of paragraph 4 of the Counterclaims have asserted claims or counterclaims against JPMorgan in this proceeding.

19.     To the extent that JPMorgan is required to respond to paragraph 18 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admit that section 201(a) of the Terrorism Risk Insurance Act of 2002, reprinted following 28 U.S.C. § 1610 ("TRIA") and section 1610 of the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. § 1610, are federal statutes and refer to the statutes for their terms and provisions.

4

20.     In response to paragraph 19 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 19 of this Answer as if set forth here in full.

21.     To the extent that JPMorgan is required to respond to paragraph 20 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admit that FSIA § 1611 is a federal statute and refer to the statute for their terms and provisions.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Counterclaims.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Counterclaims.

24.     To the extent that JPMorgan is required to respond to paragraph 23 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

25.     To the extent that JPMorgan is required to respond to paragraph 24 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

26.     To the extent that JPMorgan is required to respond to paragraph 25 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

27.     In response to paragraph 26 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 25 of this Answer as if set forth here in full.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Counterclaims, except admit that FSIA § 1611 is a federal statute and refer to the statute for their terms and provisions.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Counterclaims.

30.     To the extent that JPMorgan is required to respond to paragraph 29 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

<u>AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW</u>

JPMorgan, without assuming the burden of proof for those matters upon which Party X bears such burden, for their affirmative defenses and objections in point of law, allege as follows:

<u>FIRST AFFIRMATIVE DEFENSE/OBJECTION</u>

31.     JPMorgan lacks sufficient information about the transaction alleged in the Counterclaims to make a determination as to whether FSIA § 1611(b)(1), which provides that "the property of a foreign central bank or monetary authority held for its own account" are in most circumstances immune from execution, would apply in this instance, and so takes no position on that issue.

6

SECOND AFFIRMATIVE DEFENSE/OBJECTION

32.     There is authority to the effect that the proceeds of a blocked wire transfer being held by an intermediary bank are not subject to execution under TRIA § 201 or FSIA § 1610 to satisfy a judgment against a foreign state.  *See Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 11 Civ. 3283 (DLC), 2011 WL 6155987, *8-*14 (S.D.N.Y. Dec. 7, 2011), appeal pending; *but see Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525 (S.D.N.Y. 2010); *Levin v. Bank of New York*, 09 CV 5900 (RPP), 2011 WL 812032, at *18 (S.D.N.Y. Mar. 4, 2011); *Hausler v. JPMorgan Chase Bank, N.A.*, 09 Civ. 10289 (VM), 2012 WL 601034, *8-*10 (S.D.N.Y. Feb. 22, 2012).

THIRD AFFIRMATIVE DEFENSE/OBJECTION

33.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, Party X, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201 or FSIA § 1610(g), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder.  *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a)").

WHEREFORE Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment in this proceeding

(1)     Determining the respective rights and obligations of JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Party X, all of the persons identified as Claimants in paragraph 4 of the Counterclaims and all other persons and entities in the proceeds of the blocked wire transfer that is referred to in the Counterclaims;

(2)     Awarding to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. their costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3)     Granting such other and further relief to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as may be just and proper.

Dated: New York, New York
       March 16, 2012

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
        Howard B. Levi
        Richard F. Lubarsky
        J. Kelley Nevling, Jr.
    1185 Avenue of the Americas, 17th Floor
    New York, NY 10036
    Tel. No. (212) 308-6100
    E-mail address hlevi@llf-law.com or
    knevling@llf-law.com

*Attorneys for Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | |
| *Plaintiffs*, | Case No. 09 CIV 5900 (RPP) |
| *v.* | |
| THE BANK OF NEW YORK MELLON, JP MORGAN CHASE, N.A., SOCIETE GENERALE and CITIBANK, N.A., | **FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER** |
| *Defendants*. | |
| JP MORGAN CHASE & CO. and JP MORGAN CHASE, N.A., | |
| *Third-Party Plaintiffs*, | |
| -v- | |
| ██████████████ et al., | |
| *Third-Party Defendants*. | |

**ANSWER BY THIRD-PARTY DEFENDANTS VALORE ET AL. TO THE
CROSSCLAIMS OF THIRD-PARTY DEFENDANT ████████████████**

Third-Party Defendants Terance J. Valore; Angel Alvarado; Geraldo Alvarado; Grisselle

Alvarado; Luis Alvarado; Luisa Alvarado; Maria Alvarado; Marta Alvarado; Minerva Alvarado;

Pedro Alvarado, Jr.; Yolanda Alvarado; Zoraida Alvarado; Dennis Jack Anderson; Lolita M.

Arnold; Estate of Moses Arnold, Jr.; Cheryl Bass; Estate Of David L. Battle; Lisa Ann Beck;

Betty J. Bolen; Keith Edwin Bolen; Neale Scott Bolen; Sheldon H. Bolen; Catherine Bonk; John

Bonk, Sr.; Kevin Bonk; Thomas Bonk; Edward J. Brooks; Patricia A. Brooks; Timothy Brooks;

Marion DiGiovanni; Sherry Lynn Fiedler; Marilou Fluegel; Robert Fluegel; Thomas A. Fluegel;

1

Wanda Ford; Evans Hairston; Felicia Hairston; Julia Bell Hairston; Bennie Harris; Michael

Harris; Rose Harris; Estate of Matilde Hernandez, Jr.; Henry Durban Hukill; Mark Andrew

Hukill; Matthew Scott Hukill; Melissa Hukill; Meredith Ann Hukill; Mitchell Charles Hukill;

Monte Hukill; Virginia Ellen Hukill; Catherine Bonk Hunt; Storm Jones; Penni Joyce; Carl

Arnold Kirkwood, Jr.; Carl Kirkwood, Sr.; Jeff Kirkwood; Shirley Kirkwood; Sharla M. Korz;

Patricia Kronenbitter; Betty Laise; Bill Laise; Kris Laise; Bill Macroglou; James Macroglou;

Lorraine Macroglou; Kathy McDonald; Edward Joseph McDonough; Edward W. McDonough;

Sean McDonough; Estate of John Muffler; Marcy Lynn Parson; Donald R. Pontillo; Douglas

Pontillo; Deborah Spencer Rhosto; Estate of Luis Rotondo; Estate of Rose Rotondo; Estate of

Phyllis Santoserre; Don Selbe; Eloise F. Selbe; James Selbe; John E. Selbe; Estate of James

Silvia; Anna Marie Simpson; Larry H. Simpson, Sr.; Renee Eileen Simpson; Robert Simpson;

Belinda Skarka; Lynne Michol Spencer; Allison Thompson; Isaline Thompson; Johnny

Thompson; Willy G. Thompson; Deborah True; Andres Alvarado Tull; Estate of John Jay

Tishmack; Janice Valore; Orlando M. Valore, Jr.; Orlando Michael Valore, Sr.; Estate of

Leonard Warren Walker; Estate of Walter Emerson Wint, Jr.; Sally Jo Wirick; Estate of James

Yarber (collectively, the "Valore Judgment Creditors"), by their undersigned attorneys, for their

answer to the Crossclaims against all parties in the above-captioned action that are seeking

turnover of certain funds (the "Crossclaims"), filed by Third-Party Defendant ███████

███ ("███"), allege as follows:

**Parties**

1.      The Valore Judgment Creditors lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaims,

except to the extent that it states conclusions of law as to which a response is not required.

2.      The Valore Judgment Creditors admit, upon information and belief, the allegations contained in paragraph 2 of the Crossclaims.

3.      The Valore Judgment Creditors admit, upon information and belief, the allegations contained in paragraph 3 of the Crossclaims.

4.      The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Crossclaims, except admit that the Valore Judgment Creditors have asserted counterclaims in this action against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") seeking the turnover of certain assets being held by JPMorgan in which the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security ("MOIS") and/or their agencies, instrumentalities or alter egos have an interest (the "Restrained Assets").

**Jurisdiction**

5.      Paragraph 5 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

**Background Facts**

6.      The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims.

7.      The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

8.      The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims.

9.    The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Crossclaims.

10.    The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims.

11.    Paragraph 11 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the regulations cited in paragraph 11 for a true recitation of their contents.

12.    The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims.

13.    The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

14.    The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

15.    The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required, and except to the extent that it alleges that ▮▮▮▮▮▮▮▮▮▮▮▮▮ has no property interest in the ▮▮▮▮▮▮▮▮▮ or other interest that is subject to attachment or execution, which allegation is, upon information and belief, denied.

16.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

17.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Crossclaims, except admit that the Valore Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking the turnover of the Restrained Assets, including, but not limited to, the ██████████████, in order to satisfy their judgment against Iran.

18.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Crossclaims, except admit that the Valore Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking the turnover of the Restrained Assets, including, but not limited to, the ██████████████, pursuant to 28 U.S.C. § 1610 and §201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), and further refer to the statutes cited in paragraph 18 for a true recitation of their contents.

**As and For a First Counterclaim and Crossclaim**

19.     The Valore Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 18 of this Answer to the same extent as if those allegations were set forth here in full.

20.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.  To the extent a response is required, the Valore Judgment Creditors deny, upon information and

belief, that the ████████████ constitutes property of ████ that is "held for its own account" and immune from attachment or execution pursuant to 28 U.S.C. § 1611.

21.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.  To the extent a response is required, the Valore Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the ███████ ██████.

22.     The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 22 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

23.     Paragraph 23 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the statutes cited in paragraph 23 for a true recitation of their contents.

24.     The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 24 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

25.     The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 25 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

**Second Crossclaim**

26.     The Valore Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 25 of this Answer to the same extent as if those allegations were set forth here in full.

27.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.  To the extent a response is required, the Valore Judgment Creditors deny, upon information and belief, that the ███████████ constitutes property of ████ that is "held for its own account" and immune from attachment or execution pursuant to 28 U.S.C. § 1611.

28.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.  To the extent a response is required, the Valore Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the ███████ ████.

29.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required, and except to the extent that it alleges that the Government of Iran and its agencies and instrumentalities have no property or other interest in the ████████████ that is subject to blocking under OFAC regulations, which allegation is, upon information and belief, denied.

30.     The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 30 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31.     The Valore Judgment Creditors assert that ██████ is barred from recovery on its claims under the doctrines of unclean hands, unjust enrichment, failure to mitigate, and/or assumption of risk.

### Second Affirmative Defense

32.     The Valore Judgment Creditors' claims to the Restrained Assets have equal or greater priority than the claims of all other parties to this action.

### Third Affirmative Defense

33.     The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action to the extent that these other parties have premised their claims upon writs of execution and other legal process that are faulty, defective and/or void as a matter of law.

### Fourth Affirmative Defense

34.     The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action under the doctrines of estoppel, equitable estoppel, and laches.

### Fifth Affirmative Defense

35.     The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to

8

this action to the extent that those other parties have waived any claims against the Valore Judgment Creditors or any right to the turnover of the Restrained Assets.

## Reservation of Rights

36.     The Valore Judgment Creditors reserve the right to assert additional affirmative defenses and/or counterclaims or crossclaims that may become apparent after additional discovery or otherwise.

**WHEREFORE**, the Valore Judgment Creditors respectfully demand judgment in their favor against Third-Party Defendant ███:

(i)     dismissing the Crossclaims against them; and

(ii)    awarding such other and further relief as the Court deems appropriate.

Dated: New York, New York                    Respectfully submitted,
       March 22, 2012


                      ___/s/ *Keith M. Fleischman*_____
                      Keith M. Fleischman
                      FLEISCHMAN LAW FIRM
                      565 Fifth Avenue, Seventh Floor
                      New York, New York 10017
                      Telephone: (212) 880-9571
                      Fax: (917) 591-5245
                      Email: keith@fleischmanlawfirm.com

                      *Attorneys for the Valore Judgment Creditors*

A-232

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

       Plaintiffs,

    -v-

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE and
CITIBANK,

      Defendants.

_____

THE BANK OF NEW YORK MELLON,

      Third-Party Plaintiff,

    -v-

STEVEN M. GREENBAUM, *et al.*

      Third-Party Defendants.

_____

JPMORGAN CHASE BANK, N.A.,

      Third-Party Plaintiff,

    -v-

STEVEN M. GREENBAUM, *et al.*

      Third-Party Defendants.

_____

CAPTION CONTINUED ON NEXT PAGE

(FILED PARTIALLY UNDER SEAL DUE
TO CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER)

Civ. No. 09 CV 5900 (RPP) (MHD)

**NOTICE OF MOTION**

A-233

SOCIETE GENERALE,

        Third-Party Plaintiff,

   -v-

████████, *et al.*,

        Third-Party Defendants.

Civ. No. 09 CV 5900 (RPP) (MHD)

CITIBANK, N.A.,

        Third-Party Plaintiff,

   -v-

LEVIN, *et al.*

        Third-Party Defendants.

      PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, Local Rule 56.1 Statement of Material Facts, Declaration of Curtis C. Mechling, dated August 29, 2012, and exhibits thereto, and Affidavit of Dr. Patrick Clawson, dated August 29, 2012, plaintiffs Jeremy and Dr. Lucille Levin (together, the "Levins"); third-party defendants and counterclaim plaintiffs Steven M. Greenbaum (on his own behalf and as Administrator of the Estate of Judith (Shoshana) Lillian Greenbaum), Alan D. Hayman, and Shirlee Hayman; Carlos Acosta, Maria Acosta, Tova Ettinger, the Estate of Irving Franklin, the Estate of Irma Franklin, Baruch Kahane, Libby Kahane (on her own behalf and as Administratrix of the Estate of Meir Kahane), Ethel J. Griffin (as Administratrix of the Estate of Binyamin Kahane), Norman Kahane (on his own behalf and as Executor of the Estate of Sonia Kahane), and Ciporah Kaplan (collectively, the "Greenbaum and Acosta Judgment Creditors"); and third-party defendants and counterclaim

-2-

plaintiffs the Estate of Michael Heiser, *et al.* (collectively, the "Heiser Judgment Creditors," and together with the Levins and Greenbaum and Acosta Judgment Creditors, the "Judgment Creditors") will move this Court, before the Honorable Robert P. Patterson, Jr., United States District Judge for the Southern District of New York, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, on October 26, 2012, at 3:00 p.m., or at a date and time to be determined by the Court, in Courtroom 24A, for an Order granting the Judgment Creditors partial summary judgment and turnover with respect to the Phase Two Blocked Assets (as that term is defined in the accompanying motion papers) in the above-captioned action, and granting such other and further relief as this Court deems just and proper.


Dated: New York, New York
      August 29, 2012

**STROOCK & STROOCK & LAVAN LLP**

/s/ Curtis C. Mechling
Curtis C. Mechling
James L. Bernard
Benjamin Weathers-Lowin
180 Maiden Lane
New York, New York 10038
(213) 806-5400

*Attorneys for the Greenbaum and Acosta*
*Judgment Creditors*

and

**DLA PIPER LLP (US)**
Barbara L. Seniawski
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
212-335-4659
Facsimile: 212-884-8459
Barbara.seniawski@dlapiper.com

and

-3-

A-235

Richard M. Kremen (*admitted pro hac vice*)
Dale K. Cathell (*admitted pro hac vice*)
David B. Misler (*admitted pro hac vice*)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
410-580-3000

*Attorneys for Heiser Judgment Creditors*

and

**HOWARTH & SMITH**
Suzelle M. Smith
Don Howarth
523 West Sixth Street, Suite 728
Los Angeles, California  90014
(213) 955-9400
ssmith@howarth-smith.com

*Attorney for the Levins*

A-236

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Plaintiffs,

        -v-

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE and
CITIBANK,

        Defendants.

---

THE BANK OF NEW YORK MELLON,

        Third-Party Plaintiff,

        -v-

STEVEN M. GREENBAUM, et al.

        Third-Party Defendants.

---

JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiff,

        -v-

STEVEN M. GREENBAUM, et al.

        Third-Party Defendants.

---

CAPTION CONTINUED ON NEXT PAGE

(FILED PARTIALLY UNDER SEAL DUE
TO CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER)

Civ. No. 09 CV 5900 (RPP) (MHD)

**DECLARATION OF
CURTIS C. MECHLING**

IN SUPPORT OF JUDGMENT
CREDITORS' JOINT MOTION FOR
PARTIAL SUMMARY JUDGMENT
ON CLAIMS FOR TURNOVER OF
PHASE TWO BLOCKED ASSETS

SOCIETE GENERALE,

          Third-Party Plaintiff,

    -v-

█████████, et al.,

          Third-Party Defendants.

_____

CITIBANK, N.A.,

          Third-Party Plaintiff,

    -v-

LEVIN, et al.

          Third-Party Defendants.

Civ. No. 09 CV 5900 (RPP) (MHD)

CURTIS C. MECHLING, under penalty of perjury, declares:

    1.    I am a member of the law firm of Stroock & Stroock & Lavan LLP, counsel for third-party defendants and counterclaim plaintiffs Steven M. Greenbaum (on his own behalf and as Administrator of the Estate of Judith (Shoshana) Lillian Greenbaum), Alan D. Hayman, and Shirlee Hayman (collectively, the "Greenbaum Judgment Creditors"); and third-party defendants and counterclaim plaintiffs Carlos Acosta, Maria Acosta, Tova Ettinger, the Estate of Irving Franklin, the Estate of Irma Franklin, Baruch Kahane, Libby Kahane (on her own behalf and as Administratrix of the Estate of Meir Kahane), Ethel J. Griffin (as Administratrix of the Estate of Binyamin Kahane), Norman Kahane (on his own behalf and as Executor of the Estate of Sonia Kahane), and Ciporah Kaplan (collectively, the "Acosta Judgment Creditors," and together with the Greenbaum Judgment Creditors, the "Greenbaum and Acosta Judgment Creditors"), in the

above-captioned action.  I submit this Declaration in support of a joint motion being made on behalf of the Greenbaum and Acosta Judgment Creditors, plaintiffs Jeremy and Dr. Lucille Levin (together, the "Levins"), and third-party defendants and counterclaim plaintiffs the Estate of Michael Heiser, *et al.* (the "Heiser Judgment Creditors") (collectively, "Movants" or the "Judgment Creditors") for an Order granting them partial summary judgment and turnover with respect to the Phase Two Blocked Assets (as that term is hereinafter defined) held by defendants and third-party plaintiffs Citibank, N.A. ("Citibank"), The Bank of New York Mellon ("BNYM"), JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (together, "JPMorgan") and Societe Generale ("SoGen," and collectively with Citibank, BNYM, and JPMorgan, the "New York Banks" or "Garnishees").  The facts stated below are based on my personal knowledge or my review of and/or familiarity with prior filings and proceedings in this action.

2.      Attached as **Exhibit 1** to my declaration is a true and correct copy of the September 16, 2011, Amended Scheduling Order (I) Authorizing Additional Pleadings and (II) Governing and Scheduling Further Proceedings in Connection with Phase Two (the "Phase Two Scheduling Order") entered by the Court in this proceeding, which is a public record.

3.      Attached as **Exhibit 2** to my declaration is a true and correct copy of the August 16, 2011, Order Directing the Clerk to Issue Writs of Execution in Satisfaction of 28 U.S.C. § 1610(c) entered by this Court in the matter styled *Levin v. Islamic Republic of Iran*, Case No. 11-mc-00283 (P1) (SDNY) (ECF Dkt. No. 5), which is a public record.

4.      Attached as **Exhibit 3** to my declaration is a true and correct copy of the writ of execution delivered by the Levins to the United States Marshals Service for the Southern District of New York (the "U.S. Marshal").

-3-

5.      Attached, collectively, as **Exhibit 4** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levy of the Levins' writ of execution (Exhibit 3 to my declaration) on the Garnishees.

6.      Attached as **Exhibit 5** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated December 14, 2009, permitting the Greenbaum Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by Citibank in this District.

7.      Attached as **Exhibit 6** to my declaration is a true and correct copy of a writ of execution obtained by the Greenbaum Judgment Creditors from the Clerk of the Court on December 21, 2009, and delivered to the U.S. Marshal that same day for levy upon Citibank.

8.      Attached as **Exhibit 7**  to my declaration is a true and correct copy of an amended writ of execution obtained by the Greenbaum Judgment Creditors from the Clerk of the Court on April 5, 2010, and delivered to the U.S. Marshal on April 6, 2010.  As the writ reflects, the U.S. Marshal levied by service of the amended writ of execution on Citibank on April 15, 2010.

9.      Attached as **Exhibit 8** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated February 8, 2011, permitting the Greenbaum Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by BNYM, JPMorgan, and SoGen in this District.

10.      Attached as **Exhibit 9**  to my declaration is a true and correct copy of a writ of execution obtained by the Greenbaum Judgment Creditors from the Clerk of the Court on February 9, 2011 and delivered to the U.S. Marshal that same day for levy upon BNYM, JPMorgan and SoGen.

11.     Attached, collectively, as **Exhibit 10** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Greenbaum Judgment Creditors' writ of execution (Exhibit 9 to my declaration) on BNYM, JPMorgan, and SoGen.

12.     Attached are **Exhibit 11** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated December 14, 2009, permitting the Acosta Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by Citibank and JPMorgan in this District.

13.     Attached as **Exhibit 12** to my declaration are true and correct copies of writs of execution obtained by the Acosta Judgment Creditors from the Clerk of the Court on December 21, 2009, and delivered to the U.S. Marshal that same day for levy upon Citibank and JPMorgan.

14.     Attached as **Exhibit 13** to my declaration are true and correct copies of amended writs of execution obtained by the Acosta Judgment Creditors from the Clerk of the Court on April 5, 2010, and delivered to the U.S. Marshal on April 6, 2010.  As the writs reflect, the U.S. Marshal levied by service of the amended writs of execution on Citibank and JPMorgan on April 15, 2010.

15.     Attached are **Exhibit 14** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated January 3, 2011, permitting the Acosta Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by BNYM and SoGen in this District.

16.     Attached as **Exhibit 15** to my declaration are true and correct copies of writs of execution obtained by the Acosta Judgment Creditors from the Clerk of the Court on January 4, 2011, and delivered to the U.S. Marshal on January 5, 2011, for levy upon BNYM and SoGen.

17.     Attached as **Exhibit 16** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Acosta Judgment Creditors' writs of execution  (Exhibit 15 to my declaration) on BNYM and SoGen.

18.     Attached as **Exhibit 17** to my declaration is a true and correct copy of the February 7, 2008, Order entered by the United States District Court for the District of Columbia in the matter styled, *Heiser v. Islamic Republic of Iran*, Case Nos. 00-2329 and 01-2104 (D.D.C.) (RCL), which is a public record.

19.     Attached as **Exhibit 18** to my declaration is a true and correct copy of the May 10, 2010, Order entered by the United States District Court for the District of Columbia in the matter styled, *Heiser v. Islamic Republic of Iran*, Case Nos. 00-2329 and 01-2104 (D.D.C.) (RCL), which is a public record.

20.     Attached as **Exhibit 19** to my declaration is a true and correct copy of the August 25, 2011, Order Granting *Ex Parte* Application Pursuant to 28 U.S.C. § 1610(c) for Issuance of Writs of Execution entered by this Court in the matter styled *Estate of Michael Heiser v. Islamic Republic of Iran*, Case No. 10-mc-00005-P1 (SDNY) (ECF Dkt. No. 7), which is a public record.

21.     Attached as **Exhibit 20** to my declaration are true and correct copies of the writs of execution, without exhibits, that the Heiser Judgment Creditors delivered to the U.S. Marshal on December 10, 2010, for service upon the Garnishees.

22.     Attached as **Exhibit 21** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Heiser Judgment Creditors' writs of execution (Exhibit 20 to my declaration) on the Garnishees.

23.     Attached as **Exhibit 22** to my declaration is a true and correct copy of the writ of execution, without exhibits, that the Heiser Judgment Creditors delivered to the U.S. Marshal on September 6, 2011, for service upon the Garnishees.

24.     Attached as **Exhibit 23** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Heiser Judgment Creditors' writ of execution (Exhibit 22 to my declaration) on the Garnishees.

25.     Attached as **Exhibit 24** to my declaration is a summary chart, prepared by Movants, identifying the Citibank Phase Two Blocked Assets and, for each of the Citibank Phase Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by Citibank as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

26.     Attached as **Exhibit 25** to my declaration is a summary chart, prepared by Movants, identifying the BNYM Phase Two Blocked Assets and, for each of the BNYM Phase Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by BNYM as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

27.     Attached as **Exhibit 26** to my declaration is a summary chart, prepared by Movants, identifying the JPMorgan Phase Two Blocked Assets and, for each of the JPMorgan Phase Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by JPMorgan as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

28.     Attached as **Exhibit 27** to my declaration is a summary chart, prepared by Movants, identifying the SoGen Phase Two Blocked Assets and, for each of the SoGen Phase

Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by SoGen as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

29.     Attached as **Exhibit 28** to my declaration is a true and correct copy of the July 6, 2012, letter from William P. Fritzlen, Attorney Adviser Overseas Citizens Services, Office of Legal Affairs for the United States Department of State, to the Clerk of the Court of the United States District Court for the Southern District of New York confirming that copies of the BNYM Third-Party Complaint, JPMorgan Third-Party Complaint, and Citibank Third-Party Complaint, summonses thereupon and notices of suit, along with copies of the foregoing translated into Farsi, were served upon defendants the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Revolutionary Guard Corps ("IRGC") by delivery of the same to the Iranian Ministry of Foreign Affairs with the assistance of the Foreign Interests Section of the Embassy of Switzerland in Tehran, under cover of diplomatic notes numbers 1020-IE, 1021-IE, and 1021-IE dated May 15, 2012, and delivered May 16, 2012. Pursuant to 28 U.S.C. § 1608(c), service of process upon Iran, MOIS, and IRGC was therefore effected on May 9, 2012, when the United States Department of State transmitted a diplomatic pouch containing, *inter alia*, the above-referenced summonses, third-party complaints and notices of suit to the Swiss Ministry of Foreign Affairs in Bern for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran, for service upon Iran, MOIS and IRGC.

30.     Attached as **Exhibit 29** to my declaration is a true and correct copy of the Second Amended Interpleader Complaint, dated March 28, 2012, and filed under seal in this proceeding by SoGen.

31.     Attached as **Exhibit 30** to my declaration is a true and correct copy of the Supplemental Phase Two Scheduling Order entered by the Court on October 5, 2011.

32.     In accordance with the Phase Two Scheduling Order, Orders of this Court dated January 25, 2010, June 2, 2010, and other relevant Orders of the Court, the Judgment Creditors served the Commercial-Third Party Defendants identified in Exhibits 24-27 to this declaration. Affidavits of such service have been filed with the Court under seal, and copies of the same were provided to counsel for JPMorgan, BNYM, Citibank, and SoGen, respectively

33.     The proceedings in this matter were previously divided by the Court into different phases.  "Phase One" of these proceedings resulted in the Court's entry of an Order awarding the turnover of a subset of blocked assets held by the Garnishees (the "Phase One Blocked Assets"), along with accrued interest on those assets, to the Judgment Creditors.  *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 412) (the "Phase One Turnover Order").

34.     On June 29, 2011, the Court entered its Order Governing Production of Supplemental Account Information in Connection with Turnover of Additional Assets (the "Supplemental Discovery Order").  In accordance with the Supplemental Discovery Order, the Garnishees produced to the Judgment Creditors lists identifying, *inter alia*, additional blocked assets held by the Garnishees, which include the Phase Two Blocked Assets.

35.     The Garnishees have affirmatively disclaimed any interest in, or right to, the Phase Two Blocked Assets, and instead claim to be disinterested stakeholders in this action.

36.     Based upon my review of the pleadings and other filings in this matter, there appears to be no evidence of any Commercial Third-Party Defendant having ever petitioned OFAC for the release of any of the Phase Two Blocked Assets, all of which remain blocked pursuant to, *inter alia*, OFAC regulations.

37.    Based upon my review of the pleadings and other filings in this matter, it appears the Rubin Judgment Creditors and Weinstein Judgment Creditors have failed to answer or otherwise respond to any of the third-party complaints filed by the New York Banks with regard to the Phase Two Blocked Assets.

38.    The Judgment Creditors have entered into a confidential settlement agreement resolving their dispute regarding priority of claims, as between them, to the Phase Two Blocked Assets at issue in this matter and providing for the distribution of such assets in accordance with applicable law.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       August 29, 2012

_____/s/ Curtis C. Mechling_____
       Curtis C. Mechling

-10-

# EXHIBIT 1

09/16/2011 15:32 FAX  212 805 7917        Hon. Robert P. Patterson                    ☒003/017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,       :       (FILED PARTIALLY UNDER
                                                  SEAL DUE TO CONFIDENTIAL
              Plaintiffs,                  :       INFORMATION PER ORDER
                                                  DATED JANUARY 21, 2010)
        -against-                          :

THE BANK OF NEW YORK MELLON,              :       Case No. 09 Civ. 5900 (RPP)
JPMORGAN CHASE, N.A., SOCIETE
GENERALE and CITIBANK, N.A.,              :

              Defendants.                 :
-------------------------------------------------------------x

**AMENDED SCHEDULING ORDER (I) AUTHORIZING
ADDITIONAL PLEADINGS AND (II) GOVERNING AND SCHEDULING
FURTHER PROCEEDINGS IN CONNECTION WITH PHASE TWO**

WHEREAS, these proceedings were commenced by Jeremy Levin and Dr. Lucille Levin

(the "Levin Plaintiffs") filing a summons and complaint in this Court on June 26, 2009;

WHEREAS, the Levin Plaintiffs' complaint seeks relief in the nature of an order

directing defendants Citibank, N.A. ("Citibank"), JPMorgan Chase & Co. and JPMorgan Chase

Bank, N.A. (collectively, "JPMorgan Chase Bank"), The Bank of New York Mellon ("BNYM"),

and Société Générale ("SoGen") (collectively, the "Defendant Banks") to turn over to the Levin

Plaintiffs property, including but not limited to, certain blocked assets within their possession,

custody or control that are subject to execution in satisfaction of the Levin Plaintiffs' judgment

against the Islamic Republic of Iran ("Iran") (the "Blocked Assets");

WHEREAS, the Defendant Banks answered the complaint and, pursuant to Orders of this

Court dated January 11, March 18, May 26 and December 10, 2010, commenced third-party

interpleader actions in order to bring before the Court as third-party defendants certain persons

who may possess an interest in certain of the Blocked Assets designated for inclusion in Phase

Case 13-4711, Document 50, 04/21/2014, 1206325, Page258 of 288

A-248

Case 1:09-cv-05900-RPP-MHD    Document 764-1    Filed 08/29/12    Page 3 of 14
09/16/2011 15:32 FAX  2±2 805 7917              Hon. Robert P. Patterson              ☒004/017

One of these proceedings and identified in the Levins' Motion for Partial Summary Judgment on Claims for Turnover Order Phase One Assets filed on July 13, 2010 (the "Phase One Blocked Assets"), or who may have been parties to the wire transfers or other transactions relating to the Phase One Blocked Assets;

WHEREAS, among other parties, the judgment creditors of Iran known in these proceedings as the Greenbaum, Acosta, and Heiser Judgment Creditors were interpled as third-party defendants by the Defendant Banks in connection with certain claims these parties had asserted with respect to the Blocked Assets, including, but not limited to, the Phase One Blocked Assets, and they each filed answers and counterclaims in this proceeding;

WHEREAS, the Court entered an order on January 25, 2010, and subsequent orders on April 12 and June 3, 2010 (the "Service Orders"), authorizing simplified or alternate means for the service of third-party complaints in this proceeding;

WHEREAS, the Court entered a Confidentiality Stipulation and Order among certain parties to this proceeding, which was so ordered on October 26, 2009, and entered orders modifying and expanding the scope of this order on January 11 and August 6, 2010 (collectively, the "Confidentiality Order"), and the Court entered an Order on January 21, 2010 (Docket No. 42) (the "Unsealing Order"), unsealing the file in this case, which requires that documents containing certain type of information nevertheless be filed under seal, with redacted versions filed electronically;

WHEREAS, upon the Levin Plaintiffs' and the Greenbaum, Acosta, and Heiser Judgment Creditors' respective motions for partial summary judgment and turnover of the Phase One Blocked Assets, the Court determined, by Opinion and Order dated January 20, 2011, and amended on March 4, 2011, that the Greenbaum and Acosta Judgment Creditors held a priority

A-249

09/16/2011 15:33 FAX  2_2 805 7917          Hon. Robert P. Patterson                    ℤ005/017

interest in and were entitled to turnover of the Phase One Blocked Assets held by defendant Citibank, and that the Acosta Judgment Creditors held a priority interest in and were entitled to turnover of the Phase One Blocked Asset held by defendant JPMorgan Chase;

WHEREAS, the Levin Plaintiffs filed an appeal of the January 20 and March 4, 2011 Orders;

WHEREAS, thereafter the Levin, Greenbaum, Acosta, and Heiser Judgment Creditors reached a settlement that was approved by the Court, and the Levins dismissed their appeal;

WHEREAS, upon the joint motion for partial summary judgment of the Levin Plaintiffs and the Greenbaum, Acosta, and Heiser Judgment Creditors (collectively, the "Judgment Creditors"), this Court determined, by Order and Judgment dated June 21, 2011, and corrected on July 11, 2011, that the Judgment Creditors collectively possessed a priority interest in, and were entitled to turnover of, the remainder of the Phase One Blocked Assets held by defendants BNYM and SoGen;

WHEREAS, to date, all of the Phase One Blocked Assets have been turned over to the Judgment Creditors by the Defendant Banks, other than interest due on the Phase One Blocked Assets held by SoGen;

WHEREAS, all claims to the Phase One Blocked Assets having been resolved other than payment of the interest due on the Phase One Blocked Assets held by SoGen, the Defendant Banks still have in their possession, custody or control additional funds, Blocked Assets and other blocked accounts and wire transfers to which the Judgment Creditors have asserted claims (the "Phase Two Blocked Assets"), which are more specifically identified in the annexed **Schedule A** to this Order;

-3-

09/16/2011 15:33 FAX   212 805 7917          Hon. Robert P. Patterson                    ☑006/017

WHEREAS, other persons or entities, including, but not limited to, other judgment creditors of Iran and/or parties associated with the blocked accounts and/or wire transfers that make up the Phase Two Blocked Assets, may have claims to the Phase Two Blocked Assets, which claims may be adverse to the Judgment Creditors' claims; and

WHEREAS, this Court has the authority under its inherent powers to manage its proceedings efficiently, including establishing procedures for the giving of notice and procedures by which third parties may participate in these proceedings;

NOW, THEREFORE, it is hereby ORDERED as follows:

1.      Each of the Defendant Banks is hereby authorized to file not more than two additional, amended and/or supplemental third-party complaints (the "Phase Two Interpleader Complaints") against the following third-party defendants:

    (a)      judgment creditors of Iran and other plaintiffs in actions against Iran who have served a writ of execution, writ of garnishment, restraining notice, notice of lis pendens or other legal process on any of the Defendant Banks with regard to, or affecting, the Phase Two Blocked Asset that are identified on Schedule A, hereto (the "Iran Plaintiff Parties");

    (b)      account holders of any blocked deposit accounts held by the Defendant Banks that are identified on **Schedule A,** hereto, and other persons who the Defendant Banks reasonably believe may have an interest in or claim to the funds in any such account (the "Phase Two Blocked Account Parties");

    (c)      originators, beneficiaries and bank parties to any blocked wire transfer identified on **Schedule A,** hereto, and other persons referred to in any wire transfer instructions and who the Defendant Banks reasonably believe may have an interest in or claim to the proceeds of any such wire transfer (the "Phase Two Blocked Wire Transfer Parties"); and

    (d)      the Islamic Republic of Iran, the Iranian Ministry of Information and Security, the Iranian Revolutionary Guard Corp and the Iranian Islamic Revolutionary Guard Corp (the "Iran Parties").

09/16/2011 15:34 FAX  212 805 7917        Hon. Robert P. Patterson                    @007/017

The Defendant Banks shall file the Phase Two Interpleader Complaints on or before September 21, 2011.

2.      The Defendant Banks are hereby authorized and directed to serve the Phase Two Interpleader Complaints, together with a copy of this order, on any third-party defendants or other parties to this proceeding who have previously appeared in this proceeding, by e-mail and regular mail upon the respective counsel of record who have appeared for such parties in this action, at their addresses and e-mail addresses listed on the docket in this action, on or before September 26, 2011. The Judgment Creditors and all other parties who have signed the Confidentiality Order shall be served with the Phase Two Interpleader Complaint in unredacted form, and other parties shall be served with the Phase Two Interpleader Complaint in redacted form to the extent necessary to protect the confidentiality of information covered by the Confidentiality Order.  Such service shall constitute good and sufficient service of process upon such parties, and the Defendant Banks shall not otherwise be required to serve third-party summonses or other legal process upon any such party.

3.      The Judgment Creditors and any other third-party defendants in this proceeding who have filed cross-claims or counterclaims herein are hereby authorized to file and serve amended complaints, or amended answers with amended cross-claims and counterclaims against the Defendant Banks, no later than 14 days after the date Defendant Banks serve them with the Third Party Complaint, and all parties to this action may use any method of service referred to in this Order for any purpose.

4.      The Defendant Banks are hereby authorized and directed to serve the Phase Two Interpleader Complaints, together with a third-party summons and a copy of this order, on any third-party defendants who are Iran Plaintiff Parties, but who have not appeared in this

-5-

09/16/2011 15:34 FAX  212 805 7917          Hon. Robert P. Patterson                    ☑008/017

proceeding, by regular mail and e-mail (if their e-mail addresses are known) upon the respective

counsel of record for such third-party defendants in their action against Iran, at their addresses

and e-mail addresses listed on the complaint in their action against Iran, on or before September

26, 2011. If the plaintiffs in *Khaliq v. Republic of Sudan*, 10 Civ. 0356 (JDB) (D.D.C.), *Owens*

*v. Republic of Sudan*, No. Civ.A. 01-2244 (JDB) (D.D.C.) and/or *Mwila v. Islamic Republic of*

*Iran*, 08 Civ. 1377 (JDB) (D.D.C.), are named as third-party defendants in the Phase Two

Interpleader Complaints, process may be served upon their counsel at the following mail and e-

mail addresses for the following attorneys, who signed the complaints in those actions and the

notices of lis pendens:

>     Annie P. Kaplan, Esq.
>     Fay Kaplan Law, P.A.
>     777 Sixth Street NW, Suite 410
>     Washington, DC 20001
>     E-mail address: annie.kaplan@gmail.com
>
>     Jane Carol Norman, Esq.
>     Broad & Norman PLLC
>     777 Sixth Street NW, Suite 410
>     Washington, DC 20001
>     E-mail address: jnorman425@aol.com
>
>     Thomas Fortune Fay, Esq.
>     Fay Kaplan Law, P.A.
>     777 Sixth Street NW, Suite 410
>     Washington, DC 20001
>     E-mail address: thomasfay@aol.com

If plaintiffs in *Weinstein v. Islamic Republic of Iran*, Civil Action No. 00-2601 (RCL)

(D.D.C.), are named as third-party defendants in the Phase Two Interpleader Complaints, process

may be served upon their counsel at the following mail and e-mail addresses for the following

attorneys, who have appeared for those plaintiffs in that case and/or related cases:

Jeffrey A. Miller, Esq.
Westerman Ball Ederer Miller & Sharfstein LLP
1201 RXR Plaza
Uniondale, NY 11556
E-mail: jmiller@westermanllp.com

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
E-mail address: rjt@tolchinlaw.com

Such service shall constitute good and sufficient service of process upon such parties, and the Defendant Banks shall not otherwise be required to serve summonses or other legal process upon any such party.

5.    All third-party defendants served pursuant to paragraph 2 of this Order shall file their answers or other responsive papers to the Phase Two Interpleader Complaints within the time specified to file an answer to an amended complaint by Rule 15 of the Federal Rules of Civil Procedure (hereinafter citations to "Rule _" shall refer to these Rules), and all third-party defendants served pursuant to paragraph 4 of this Order shall file their answers or other responsive papers to the Phase Two Interpleader Complaints within the time specified to file an answer to a complaint by Rule 12.  Extensions of time will not be granted except on the consent of one of the counsel for the Judgment Creditors or for good cause shown.

6.    By September 21, 2011 the Defendant Banks shall provide to the Judgment Creditors' counsel the best contact information available, including, to the extent possible, the full name, address, telephone number(s), facsimile number(s), name of suitable senior person for service by Federal Express or DHL, and appropriate email address(es) (collectively, the "Contact Information"), of any and all Phase Two Blocked Account Parties and Phase Two Blocked Wire Transfer Parties.  The address information may provide for the service of an originator or

09/16/2011 15:35 FAX  212 805 7917        Hon. Robert P. Patterson                    ☒010/017

beneficiary of a wire transfer, or any other non-bank person or entity involved in a wire transfer, in care of that person's or entity's bank, so as to permit service pursuant to paragraph 5 of the Service Order entered herein on January 25, 2010.

7.      The Judgment Creditors shall be responsible for (a) preparing third-party summonses to all third-party defendants who are either Phase Two Blocked Account Parties or Phase Two Blocked Wire Transfer Parties; (b) serving the Phase Two Interpleader Complaints, along with third-party summonses and copies of this Court's ECF Rules, the Honorable Judge Robert Patterson's Individual Practices, the order referring this case to Magistrate Judge Dolinger, this Order, the Unsealing Order entered in this case on January 21, 2010 and any of the Service Orders pursuant to which service is being made (collectively, the "Phase Two Service Documents") upon all Phase Two Blocked Account Parties and Phase Two Blocked Wire Transfer Parties named in such pleading and for which Contact Information sufficient for service according to this Order has been provided by the Defendant Banks; and (c) redacting such documents so as to disclose to the Phase Two Blocked Account Parties and the Phase Two Blocked Wire Transfer Parties only Confidential Information (using that term as it is defined in the Confidentiality Order) that relates to blocked deposit accounts and blocked wire transfers that involved or relate to that party.  Except as provided in paragraph 9 hereof, the Judgment Creditors are authorized to serve the Phase Two Service Documents in any manner previously authorized by this Court, including, but not limited to, any method of service authorized by any of the Service Orders, including, but not limited to, the Order entered herein on January 25, 2010.  The Judgment Creditors are further hereby authorized to serve the Phase Two Service Documents upon the Phase Two Blocked Account Holders and Phase Two Blocked Wire Transfer Parties based upon the Contact Information provided to the Judgment Creditors'

-8-

09/16/2011 15:35 FAX  2.2 805 7917      Hon. Robert P. Patterson                  ☑011/017

counsel in accordance with paragraph 5 of this Order. Service in accordance with the provisions of this paragraph shall be deemed to satisfy all of the requirements for service imposed by the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"), the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules and all requirements of due process of law and shall constitute valid, sufficient and binding service on the third-party defendants.

8.   The Judgment Creditors shall serve any Phase Two Blocked Account Parties and/or Phase Two Blocked Wire Transfer Parties named as third-party defendants in the Phase Two Interpleader Complaint and residing outside of the United States in nation states subscribing to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Service Convention") pursuant to such Hague Service Convention. In instances where a foreign state requires documents being served pursuant to the Hague Service Convention to be translated into a language other than English and served through a Central Authority, the Judgment Creditors shall only be required to serve the complaint, with exhibits, the third-party summons and the Phase Two Interpleader Complaint, with exhibits, and translations thereof, rather than all of the documents specified in paragraph 7 of this Order.

9.   Notwithstanding paragraph 7 of this Order, the Judgment Creditors shall serve any Iran Parties in accordance with the requirements of section 1608 of the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. § 1608.

10.   The Judgment Creditors shall attempt to serve third-party defendants via Federal Express, DHL or a form of mail offered by the U.S. Postal Service (other than registered or certified mail) that provides confirmation of delivery in cases where that is feasible, so long as it is consistent with the requirements of the Hague Service Convention and the FSIA. In cases

where service is being made in Iran, the Judgment Creditors shall serve the same party a second time outside of Iran or shall promptly notify the affected Defendant Banks that they are not going to make such service.

11.     The Judgment Creditors shall be responsible for arranging to have the complaint, the exhibits thereto, the third-party summons, the Phase Two Interpleader Complaint and the exhibits thereto translated into Farsi and any other languages into which such translations may be required by FSIA § 1608 or the Central Authority of any country where service is being made under the Hague Service Convention.  The Judgment Creditors shall bear all costs of such translations, and all costs of serving the third-party defendants that they are responsible for serving, except for the fee charged by the State Department for serving Iran (which shall be borne by those Defendant Banks who name the Iran Parties as third-party defendants and which amount will not be charged by such Defendant Banks as an expense against any recovery by the Judgment Creditors), but counsel for the Judgment Creditors shall be entitled to reimbursement for all such costs incurred by them out of any funds awarded in Phase Two or any subsequent phase of this proceeding.

12.     The parties shall make best efforts to effect service of process upon all third-party defendants named in the Phase Two Interpleader Complaints and all other parties that they are responsible for serving under this Order, in accordance with the terms of this Order, by November 7, 2011.

13.     The Judgment Creditors will provide copies to the Defendant Banks, as soon as they are available, of all translations of the documents specified in paragraph 10 of this Order, with certificates of translation.

Case 13-4711, Document 50, 04/21/2014, 1206325, Page267 of 288

A-257

Case 1:09-cv-05900-RPP-MHD    Document 764-1    Filed 08/29/12    Page 12 of 14
09/16/2011 15:36 FAX  2.2 805 7917          Hon. Robert P. Patterson                    ⓘ013/017

14.    Any third-party defendant who files an answer under seal shall file electronically a redacted copy of its answer, redacted in accordance with the Unsealing Order, and shall serve an unredacted copy of that answer upon the following persons by e-mail within two days of filing the answer under seal: Curtis C. Mechling, Esq. at cmechling@stroock.com, Ben Weathers-Lowin, Esq. at bweatherslowin@stroock.com, Richard Kremen, Esq. at richard.kremen@dlapiper.com, David Misler, Esq, at david.misler@dlapiper.com, Suzelle M. Smith, Esq, at ssmith@howarth-smith.com, Liviu Vogel, Esq. at lvogel@salonmarrow.com, Noel J. Nudelman, Esq. at njnudelman@hnklaw.com, and any other counsel entitled to have access to confidential information, at his or her e-mail address listed on the docket sheet. Such third-party defendant shall also serve an unredacted copy of its answer by mail or e-mail upon counsel of record for each Defendant Bank that is named as a third-party plaintiff in the third-party complaint being answered at the addresses and e-mail addresses set forth in the third-party complaint.

15.    Within fourteen days after completing service upon any third-party defendant in accordance with the provisions of this Order, the Judgment Creditors shall file with this Court and provide to counsel for the appropriate Defendant Bank a proof of service of such service in accordance with Rule 4(l). In order to comply with Rule 4(l), such proof of service shall be signed by the person who actually prepared the documents for service and delivered them to the U.S. Postal Service, Federal Express or DHL, or otherwise actually made service upon the third-party defendant, shall specify the documents served, the method of service used and the addresses where service was made, and shall, where appropriate, identify the U.S. Postal Service, Federal Express or DHL tracking number for the package and attach a copy of the confirmation

09/16/2011 15:36 FAX  212 805 7917          Hon. Robert P. Patterson                    ☒014/017

of service received from the U.S. Postal Service, Federal Express or DHL, unless no confirmation has been received after a reasonable period of time.

16.    The Unsealing Order, Confidentiality Order, and Protective Order entered in these proceedings on September 29, 2008, that is annexed as Exhibit C to the Levin Plaintiffs' complaint in this proceeding, are hereby further modified to authorize the Judgment Creditors and the Defendant Banks to serve copies of the Phase Two Service Documents upon the Phase Two Blocked Account Parties and the Phase Two Blocked Wire Transfer Parties, and to send copies of the Phase Two Service Documents or translations thereof to such parties in the course of giving them notice of the Phase Two Interpleader Complaint filed pursuant to this Order, provided, however, that the Judgment Creditors and the Defendant Banks shall make best efforts to redact such documents so as to disclose to the Phase Two Blocked Account Parties and the Phase Two Blocked Wire Transfer Parties only Confidential Information (using that term as it is defined in the Confidentiality Order) that relates to blocked deposit accounts and blocked wire transfers that involved or relate to that party.

17.    This Court shall hold a status conference in this proceeding at 4 P.M. on December 7, 2011 to determine the status of service of process on the third-party defendants and establish a schedule for further proceedings and motion practice herein.

18.    Nothing in this Order shall preclude the Defendant Banks from seeking the Court's permission to file additional third-party interpleader complaints or to amend the Phase Two Interpleader Complaints after September 21, 2011.

09/16/2011 15:36 FAX  2ı2 805 7917        Hon. Robert P. Patterson                @015/017

SO ORDERED.

Dated: New York, New York
     September _16_ , 2011

                                           Robert P. Patterson, Jr.
                                     United States District Judge

A-260

# EXHIBIT 2

A-261

Case 1:11-mc-00283-P1   Document 5   Filed 08/16/11   Page 1 of 4

DOC # 3

11 MISC 00283 ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MR. JEREMY LEVIN and DR. LUCILLE
LEVIN,

        Plaintiffs,

     -v-

ISLAMIC REPUBLIC OF Iran; IRANIAN
MINISTRY OF INFORMATION AND
SECURITY; and IRANIAN ISLAMIC
REVOLUTIONARY GUARD CORP.,

        Defendants.

Civ. No. M18-302

09 Civ 5900 RPP
09 Civ. 5900 (RPP)

[PROPOSED] ORDER DIRECTING
THE CLERK TO ISSUE WRITS OF
EXECUTION IN SATISFACTION
OF 28 U.S.C. § 1610(c)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/11

     Upon consideration of the Petitioners' Motion and Application pursuant to 28

U.S.C. §1610 for an Order finding that a reasonable period of time has elapsed and

directing the Clerk to issue Writs of Execution to enforce a Judgment entered in favor of

Petitioners in the underlying matter in United States District Court for the District of

Columbia and duly registered in this Court against property of the Islamic Republic of

Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic

Revolutionary Guard Corp (" Iranian Judgment Debtors") and their agencies and

instrumentalities, held in this District by Citibank, N.A., JPMorgan Chase, N.A., The

Bank of New York Mellon and Societe Generale ("Garnishees" or "New York Banks"),

the supporting Memorandum of Law dated August 9, 2011, and the accompanying

Declaration of Suzelle Smith dated August 9, 2011; the Court makes the following

findings:

11-P2460002.doc                1

1.   On February 6, 2008, the United States District Court for the District of

Columbia entered judgment in the amount of $28,807,719.00 against the

Islamic Republic of Iran, the Iranian Ministry of Information and Security, and

the Iranian Islamic Revolutionary Guard Corp (" Iranian Judgment Debtors")

in favor of Petitioners in an action brought under 28 U.S.C. § 1605(a)(7).

*Levin v. Islamic Republic of Iran*, 529 F. Supp. 2d 1, 5-13 (D.D.C. 2007).

Pursuant to 28 U.S.C. §1961, Petitioners are entitled to post judgment interest

on their judgment at a rate equal to the weekly average 1-year constant

maturity Treasury yield, as published by the Board of Governors of the Federal

Reserve System, for the calendar week preceding  the date of the judgment,

compounded annually.  According to the Federal Reserve the weekly average

1-year constant maturity Treasury yield for the week ending on February 1,

2008 is 2.23% per year.  *See,*

http://www.federalreserve.gov/releases/h15/data.htm.

2.   Judgment Creditors gave notice of the entry of judgment to Iranian Judgment

Debtors through court and diplomatic channels on October 14, 2008, pursuant

to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(e).  *See*

Ex. A to Smith Decl., Letter from William P. Fritzlen to Nancy Mayer-

Whittington, dated January 16, 2009; *see also,* Ex. B to Smith Decl., *Levin v.*

*Bank of New York*, No. 09-CV-5900, 2011 WL 812032, at 4 (S.D.N.Y. Mar. 4, 2011)("March 4, 2011 Order").

3.   On April 20, 2009, Judgment Creditors registered their judgment in this Court, Docket Number M18-302. *See* Ex. C to Smith Decl., Certification of Judgment For Registration in Another District, *Levin v. Islamic Republic of Iran*, No. M18-302 (S.D.N.Y. Apr. 20, 2009).  Petitioners have identified property of the Judgment Debtors, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp and their agencies and instrumentalities ("the Property"), including but not limited to assets blocked ("Blocked Assets") by the Office of Foreign Asset Control ("OFAC") held in this District by Citibank, N.A., JPMorgan Chase, N.A., The Bank of New York Mellon and Societe Generale ("Garnishees" or "New York Banks").

4.   More than 17 months passed between the entry of judgment against Iranian Judgment Debtors and the giving of notice to the Iranian  Judgment Debtors under 28 U.S.C. § 1608(e) and the registration of Petitioners' judgment in this District; which period the Court finds is a reasonable time period before the issuance of writs of execution under 28 U.S.C. § 1610(c) and satisfies 28 U.S.C. § 1610(c);  therefore;

   **IT IS ORDERED** that, in accordance with 28 U.S.C. § 1610(c), the Court directs the Clerk of the Court to issue Writs of Execution with respect to the Property for the Judgment registered by Petitioners in this Court; and it is further

**ORDERED** that the Clerk of this Court is authorized and directed to issue such

further writs in aid of execution as warranted under, and in accordance with Rule 69 of

the federal Rules of Civil Procedure consistent with this Order.

**IT IS SO ORDERED**.

Dated: New York, New York
        August ___15___, 2011

JUDGE OF THE UNITED STATES
DISTRICT COURT, SOUTHERN DISTRICT
OF NEW YORK

11.P2460002.doc                                4

A-265

# EXHIBIT 3

A-266

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO. 09,0732

*M18-302*

DOCKET NO. 11MISC00283

*09 cv 5900 (RPP)*

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York, GREETING:

YOU ARE COMMANDED, that of the goods and chattels of the Islamic Republic of Iran ("IRC"), its agencies and instrumentalities, including but not limited to, the Iranian Ministry of Information and Security ("MOIS"), the Iranian Islamic Revolutionary Guard Corp ("IRGC"), their agencies and instrumentalities, and entities owned or controlled, directly or indirectly by Iran (hereinafter referred to collectively as "Iran") – including but not limited to any and all assets, accounts, wire transfers or property blocked pursuant to any law, order or regulation of the Office of Foreign Asset Control ("OFAC"), including accounts, property, and wire transfers which are known or have ever been referred to as "Clearstream" accounts, and held by Citibank, N.A or any other financial institution, and excluding funds paid over pursuant to an "Order Granting the Levin Plaintiffs and the Greenbaum, Acosta and Heiser Judgment Creditors' Joint Motion for Partial Summary Judgment and Turnover of Phase One Assets and Entering Partial Final Judgment Directing Turnover of Funds and Discharging Garnishee Banks From Liability," issued by the Honorable Robert P. Patterson of the United States District Court for the Southern District of New York on June 21, 2011– in your district you cause to be made the sum of Twenty Five Million, Five Hundred and Three Thousand, Six Hundred Forty Seven dollars and Forty Five cents ($25,503,647.45), plus interest, which lately in the United States District Court for the District of Columbia, in the District of Columbia Circuit, Mr. Jeremy Levin and Dr. Lucille Levin recovered  against the said Iran, in the amount of Twenty Eight Million, Eight Hundred and Seven Thousand, Seven Hundred Nineteen dollars and No cents ($28,807,719) in compensatory damages, in an action between Mr. Jeremy Levin and Dr. Lucille Levin, PLAINTIFFS, and IRC, MOIS, and IRGC, DEFENDANTS, in favor of said Mr. Jeremy Levin and Dr. Lucille Levin, and which judgment the said PLAINTIFFS thereafter duly registered and docketed in the United States District Court for the Southern District of New York as appears by the record filed in the Clerk's Office of said District Court for the Southern District of New York on the 20th day of April, in the year of 2009, and on the 25th day of July, in the year of 2011, said PLAINTIFFS partially satisfied said judgment in the total amount of Three Million, Three Hundred and Four Thousand, Seventy One dollars and Fifty Five cents ($3,304,071.55), but the remainder is unsatisfied;

and if sufficient personal property of Iran cannot be found in your District, then you cause the same to be made out of the real property belonging to the said judgment debtor, Iran, on the above mentioned day, or at any time thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to the Clerk of said District Court.

WITNESS, the Honorable Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, at the City of New York, on the _23rd_ day of August in the year of our Lord two thousand and eleven, and of the Independence of the United States the two hundred and thirty-fifth year, HAS SO ORDERED.

BY _____

CLERK

United States District Court

SOUTHERN DISTRICT OF NEW YORK

MR. JEREMY LEVIN and DR. LUCILLE LEVIN,

-against-

THE ISLAMIC REPUBLIC OF IRAN, THE IRANIAN MINISTRY OF INFORMATION AND
SECURITY, and the IRANIAN ISLAMIC REVOLUTIONARY GUARD CORP, and THEIR
AGENCIES AND INSTRUMENTALITIES

EXECUTION AGAINST PROPERTY

Suzelle Smith, Esq.
Howarth & Smith
523 West Sixth Street, Suite 728, Los Angeles, California  90014

Attorney for

Mr. Jeremy Levin and Dr. Lucille Levin

Borough of Manhattan

City of New York

To the Marshal:

You will levy and collect

_____$25,503,647_____Dollars

and_____45_____cents,

with interest from the ___6th___
day of ___February___, 2008,
besides your fees, etc.

_____Attorney

A-268

# EXHIBIT 4

**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

U.S. Department of Justice
United States Marshals Service

## PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Jeremy Levin and Dr. Lucille Levin | ~~M18-302~~ 11-MISC-00283 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| The Islamic Republic of Iran, et al. | Writ of Execution |

SERVE AT { NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Citibank, N.A.

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

399 Park Avenue, New York, NY 10022

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Suzelle M. Smith, Esq.<br>HOWARTH & SMITH<br>523 West Sixth Street, Suite 728<br>Los Angeles, California 90014 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Fold                                                                                               Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(213) 955-9400 | DATE<br>8/24/11 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(Sign only for USM 285 if more than one USM 285 is submitted) | Total Process<br>P4 | District of Origin<br>No. 54 | District to Serve<br>No. 54 | Signature of Authorized USMS Deputy or Clerk<br>Joann Haadsan | Date<br>9/1/11 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above) | ☒ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Vivian Palacios (service officer) | |

| Address (complete only different than shown above) | Date<br>9/2/2011 | Time<br>4:00 | ☐ am<br>☒ pm |
|---|---|---|---|
| | Signature of U.S. Marshal or Deputy<br>3826 | | |

| Service Fee<br>55.00 | Total Mileage Charges including endeavors)<br>4.37 | Forwarding Fee | Total Charges<br>59.37 | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)<br>$0.00 |
|---|---|---|---|---|---|

REMARKS:

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

11-MISC-00283-1

Form USM-285
Rev. 12/80

**A-270**

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN<br>See "Instructions for Service of Process by U.S. Marshal" | | |
|---|---|---|---|
| PLAINTIFF<br>Jeremy Levin and Dr. Lucille Levin | COURT CASE NUMBER<br>M18-302  11-MISC-00283 | | |
| DEFENDANT<br>The Islamic Republic of Iran, et al. | TYPE OF PROCESS<br>Writ of Execution | | |

SERVE AT

| NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|
| Bank of New York Mellon |
| ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*<br>One Wall Street, New York, NY  10286 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Suzelle M. Smith, Esq.<br>HOWARTH & SMITH<br>523 West Sixth Street, Suite 728<br>Los Angeles, California  90014 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:
Fold                                                                        Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(213) 955-9400 | DATE<br>8/24/11 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process<br>P4 | District of Origin<br>No. 54 | District to Serve<br>No. 54 | Signature of Authorized USMS Deputy or Clerk<br>Joan Jaadson | Date<br>9/1/11 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)*<br>Joseph Hawry (Paralegal) | ☒ A person of suitable age and discretion then residing in defendant's usual place of abode | |
|---|---|---|
| Address *(complete only different than shown above)* | Date<br>9/2/2011 | Time  11:30  ☒ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy<br>3826 | |

| Service Fee<br>55.00 | Total Mileage Charges including *endeavors)*<br>.51 | Forwarding Fee | Total Charges<br>55.51 | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)<br>$0.00 |
|---|---|---|---|---|---|

REMARKS:

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

11-MISC-00283-2 ✓

Form USM-285
Rev. 12/80

A-271

**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

| U.S. Department of Justice<br>United States Marshals Service | **PROCESS RECEIPT AND RETURN**<br>See "Instructions for Service of Process by U.S. Marshal" |
|---|---|

| PLAINTIFF<br>Jeremy Levin and Dr. Lucille Levin | COURT CASE NUMBER<br>~~M18-302~~ 11-MISC-00283 |
|---|---|
| DEFENDANT<br>The Islamic Republic of Iran, et al. | TYPE OF PROCESS<br>Writ of Execution |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
JPMorgan Chase Bank, N.A.

ADDRESS (Street or RFD. Apartment No.. City, State and ZIP Code)
One Chase Manhattan Plaza, New York, NY  10081

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 | 1 |
|---|---|---|
| Suzelle M. Smith, Esq.<br>HOWARTH & SMITH<br>523 West Sixth Street, Suite 728<br>Los Angeles, California  90014 | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses,
All Telephone Numbers, and Estimated Times Available for Service):

Fold                                                                                                                          Fold

| Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER<br>(213) 955-9400 | DATE<br>8/24/11 |
|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(Sign only for USM 285 if more than one USM 285 is submitted) | Total Process<br>P4 | District of Origin<br>No. 54 | District to Serve<br>No. 54 | Signature of Authorized USMS Deputy or Clerk | Date<br>9/1/11 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. at the address inserted above.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served (if not shown above)<br>Carl Carlucci (Legal Specialist) | ☒ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address (complete only different than shown above) | Date<br>9/2/2011 | Time<br>11:05 ☒ am ☐ pm |
| | Signature of U.S. Marshal or Deputy<br>3826 |

| Service Fee<br>55.51 | Total Mileage Charges including endeavors)<br>.51 | Forwarding Fee | Total Charges<br>55.51 | Advance Deposits | Amount owed to U.S. Marshal or (Amount of Refund*)<br>$0.00 |
|---|---|---|---|---|---|

REMARKS:

| **PRINT 5 COPIES:** | 1. CLERK OF THE COURT<br>2. USMS RECORD<br>3. NOTICE OF SERVICE<br>4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.<br>5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED<br><br>11-MISC-00283-3<br><br>Form USM-285<br>Rev. 12/80 |
|---|---|---|

**A-272**

**USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.**

U.S. Department of Justice
United States Marshals Service

### PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF Jeremy Levin and Dr. Lucille Levin | COURT CASE NUMBER ~~M18-302~~ 11-MISC-00283 |
| --- | --- |
| DEFENDANT The Islamic Republic of Iran, et al. | TYPE OF PROCESS Writ of Execution |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Societe Generale

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
1221 Avenue of the Americas, New York, NY 10020

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Suzelle M. Smith, Esq.
HOWARTH & SMITH
523 West Sixth Street, Suite 728
Los Angeles, California 90014

| | |
| --- | --- |
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                    Fold

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (213) 955-9400 | DATE 8/24/11 |
| --- | --- | --- |

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process P4 | District of Origin No. 54 | District to Serve No. 54 | Signature of Authorized USMS Deputy or Clerk | Date 9/1/11 |
| --- | --- | --- | --- | --- | --- |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* John D. Bardakjy (Associate) | ☒ A person of suitable age and discretion then residing in defendant's usual place of abode |
| --- | --- |
| Address *(complete only different than shown above)* | Date 9/8/2011  Time 10:00 ☒ am ☐ pm |
| | Signature of U.S. Marshal or Deputy   3826 |

| Service Fee 55.00 | Total Mileage Charges including *endeavors* 4.02 | Forwarding Fee | Total Charges 59.02 | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) $0.00 |
| --- | --- | --- | --- | --- | --- |

REMARKS: 1st attempt — 9/2/11 No response

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT®: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

11-MISC-00283-4

Form USM-285
Rev. 12/80

# EXHIBIT 5

12/14/2009 15:59 FAX   212 805 8191        HONORABLE BARBARA JONES                    @003/004

Dec 14 2009 12:15PM   Sasson Blaivas LLP                                         p.4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STEVEN M. GREENBAUM, on behalf of himself
individually and as Administrator of the Estate of
JUDITH (SHOSHANA) LILLIAN GREENBAUM,
deceased, ALAN D. HAYMAN, and SHIRLEE
HAYMAN,                                                              Index No. M-

                              Petitioners,

              v.

THE ISLAMIC REPUBLIC OF IRAN and the
IRANIAN MINISTRY OF INFORMATION AND
SECURITY,
                              Respondents.

### ORDER PURSUANT TO 28 U.S.C. § 1610(c)

Upon consideration of the Petitioners' Application pursuant to 28 U.S.C. § 1610(c) for an

*ex parte* Order of Writ of Execution to enforce the Judgment entered in favor of the Petitioners in

the underlying matter in the United States District Court for the District of Columbia and duly

registered in this Court against property of the Respondent-Judgment Debtor The Islamic

Republic of Iran ("Iran") held in this District by Citibank, N.A. (the "Property"), the supporting

Declaration of Moshe Sasson dated December 11, 2009, and the accompanying Memorandum of

Law, dated December 11, 2009, and it appearing that: (1) a reasonable period of time has elapsed

since notice of judgment was provided to Iran pursuant to the Foreign Sovereign Immunities Act

("FSIA"), 28 US.C. § 1610(c); (2) the Petitioners seek execution of judgment against the

Property that is (a) property of Iran, (b) located in this District, and (c) being used for

commercial activity in the United States; and (3) Petitioners have demonstrated each of the

requirements under 28 US.C. § 1610(c), it is hereby:

12/14/2009 16:39 FAX   212 805 6191        HONORABLE BARBARA JONES                      ☑004/004
Dec 14 2009 12:15PM   Sasson Blaivas LLP                                                 p.5

ORDERED that the Petitioners' motion be and is hereby GRANTED with respect to the Property; and it is further

ORDERED that, pursuant to 28 U.S.C. §1610(c), a reasonable period of time has elapsed between the entry of judgment and the giving of any notice required under 28 U.S.C. § 1608(e), and the date of this Order; and it is further

ORDERED that, in accordance with 28 US.C. § 1610(c), the Court directs the Clerk of the Court to issue a Writ of Execution with respect to the Property for the Judgment registered by Petitioners-Judgment Creditors in this Court; and it is further

ORDERED that the Clerk of this Court is authorized and directed to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the federal Rules of Civil Procedure consistent with this Order.

Dated:  New York, New York
        December /4, 2009

_____
UNITED STATES DISTRICT JUDGE

-2-

A-276

# EXHIBIT 6

A-277

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGMENT NO. 08-2252                                DOCKET NO. 18 MS 0302

### THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of /New York, GREETING:

YOU ARE COMMANDED, that of the goods and chattels of the Islamic Republic of Iran, its agencies and instrumentalities, including, but not limited to, Iranian Ministry of Information and Security (entities owned or controlled, directly or indirectly by Iran) (hereinafter referred to collectively as "Iran") in your district you cause to be made in the sum of Nineteen Million Eight Hundred Seventy Nine Thousand and Twenty-Three dollars ($19,879,023) which lately in the United States District Court of the United States for the District of Columbia, in the District of Columbia Circuit, Steven M. Greenbaum, on behalf of himself individually and as administrator of the Estate Of Judith (Shoshana) Lillian Greenbaum, Deceased, Alan D. Hayman, and Shirlee Hayman, recovered against the said Iran, jointly and severally with its Iranian Ministry of Information and Security ("MOIS"), in the amount of Nineteen Million Eight Hundred Seventy Nine Thousand and Twenty-Three dollars ($19,879,023) in compensatory damages, in an action between Steven M. Greenbaum, on behalf of himself individually and as administrator of the Estate Of Judith (Shoshana) Lillian Greenbaum, Deceased, Alan D. Hayman, and Shirlee Hayman, PLAINTIFFS, and Iran and MOIS, DEFENDANTS, in favor of said Steven M. Greenbaum, on behalf of himself individually and as administrator of the Estate Of Judith (Shoshana) Lillian Greenbaum, Deceased, Alan D. Hayman, and Shirlee Hayman, and which judgments the said PLAINTIFFS thereafter duly registered and docketed in the United States District Court for the Southern District of New York as appears by the record filed in the Clerk's Office of said District Court for the Southern District of New York on the 10th day of December, in the year of 2008

and if sufficient personal property of the said Iran cannot be found in your District, then you Cause the same to be made out of the real property belonging to the said judgment debtor, Iran, on the above-mentioned day, or at any time thereafter, in whose hands soever the same may be, and return this execution within sixty days after its receipt by you, to the Clerk of said District Court.

WITNESS, the Honorable Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, at the City of New York, on the 2⁵ day of December in the year of our Lord two thousand and nine, and of the Independence of the United States the two hundred and thirty-third year.

### J. MICHAEL McMAHON

_____
CLERK

By: *Robert Miranda*

A-278

United States District Court

SOUTHERN DISTRICT OF NEW YORK

STEVEN M. GREENBAUM, on behalf of himself
individually and as Administrator of the Estate of
JUDITH (SHOSHANA) LILLIAN GREENBAUM,
deceased, ALAN D. HAYMAN, and SHIRLEE
HAYMAN,

-against-

THE ISLAMIC REPUBLIC OF IRAN and the
IRANIAN MINISTRY OF INFORMATION AND
SECURITY,

EXECUTION AGAINST PROPERTY

Muskie Sasson, Esq. Sasson Blaivas LLP

1350 Broadway, Suite 212, NY NY 10013

Attorney for

Plaintiffs

Borough of Manhattan

City of New York

To the Marshal:

You will levy and collect

$19,379,023 _____ Dollars

and _____ cents,

with interest from the tenth

day of December , 2008 ,

besides your fees, etc.

Attorney